IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | ) | Chapter 11 |
|---|---|---|
| POINT BLANK SOLUTIONS, INC. | ) | Case No. 10-11255 (___) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| POINT BLANK BODY ARMOR INC., | ) | Case No. 10-11257 (___) |
| Debtor, | ) | |
| In re: | ) | Chapter 11 |
| PBSS, LLC , | ) | Case No. 10-11258 (___) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| PROTECTIVE APPAREL CORPORATION OF AMERICA, | ) | Case No. 10-11259 (___) |
| Debtor, | ) | |

**MOTION OF THE DEBTORS FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support

1

of this Motion, the Debtors state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

### Background

4. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 the Bankruptcy Code.

5. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

7. Point Blank Solutions Inc. ("PBSI") is a leading manufacturer and provider of bullet, fragmentation and stab resistant apparel and related ballistic accessories, which are used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. Since 1998, PBSI has supplied over 80%

of U.S. military soft body armor vest requirements to protect soldiers and marines around the world. PBSI and its subsidiaries Point Blank Body Armor ("PBBA") and Protective Apparel Corporation of America ("PACA") are major players in the domestic law enforcement market with broad brand recognition and a best value reputation. The Debtors' products are sold through a variety of means, including direct sale contracts, a corporate sales force, sales agents and a network of distributors.

8. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, are set forth in detail in the *Declaration of T. Scott Avila in Support of First Day Motions* (the "Avila Declaration") filed concurrently herewith and fully incorporated herein by reference.[1]

### Requested Relief

9. By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Avila Declaration.

68700-001\DOCS_DE:157887.2

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., *et al.*[1] | ) | Case No. 10-11255 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; and Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757.

10. In addition, the Debtors request that the Court direct the Clerk to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in case no. 10-11255 (___) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:
>
> Point Blank Solutions, Inc., Case No. 10-11255; Point Blank Body Armor Inc., Case No. 10-11257; PBSS, LLC, Case No. 10-11258; and Protective Apparel Corporation of America, Case No. 10-11259.

11. Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

### **Basis for Relief**

12. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. *See* Fed. R. Bankr. P. 1015(b). Additionally, Rule 1015-1 of the Local Rules

68700-001\DOCS_DE:157887.2

permits entry of such an order without notice or a hearing so long as the Debtors demonstrate that such treatment is warranted.

13. Joint administration is warranted in these chapter 11 cases because (a) the Debtors' financial affairs and business operations are closely related, (b) such administration will ease the administrative burden on the Court and other parties, and (c) joint administration will protect creditors from lurking conflicts of interest.

14. With respect to the proximity of relations, the Debtors are under common ownership and management. They also share many creditors and parties in interest. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice. *See, e.g., In re Visteon Corp.*, 09-11786 (CSS) (Bankr. D. Del. 2009) (jointly administering the cases of 31 affiliated debtor entities); *In re Source Interlink Cos.*, 09-11424 (KG) (Bankr. D. Del. 2009) (jointly administering the cases of 18 affiliated debtor entities).

15. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With four affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

16. Joint administration will permit the Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by

5

68700-001\DOCS_DE:157887.2

ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

17. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 9 of this Motion.

18. The Debtors submit that use of the simplified caption, without reference in the caption to the additional Debtor and its state of incorporation, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

19. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

## Notice

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee and (ii) the Debtors' prepetition and postpetition secured lenders. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m).

6

68700-001\DOCS_DE:157887.2

The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

21. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only (b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and further relief is proper.

Dated: April 14, 2010

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
jfried@pszjlaw.com
tcairns@pszjlaw.com

[Proposed] Counsel to Debtors and
Debtors in Possession

7