IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' APPLICATION FOR APPROVAL OF EMPLOYMENT OF CARR & PALMER, LLP AND BERGER SINGERMAN, P.A. AS SPECIAL LITIGATION COUNSEL TO DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR"), the above-captioned debtors and debtors in possession (the "Debtors") move for entry of an Order (the "Application") approving the employment of Carr & Palmer LLP ("Carr & Palmer") and Berger Singerman, P.A. ("Berger Singerman") as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date.

In support of the Application, the Debtors rely on (i) the *Statements Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, (ii) the *Affidavit of W. Pitts Carr on Behalf of Carr & Palmer, LLP, as Proposed Special Litigation Counsel to the Debtors-in-Possession* (the "Carr Affidavit"), and (iii) the *Affidavit of Charles Lichtman on Behalf of Berger*

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

*Singerman, P.A., as Proposed Special Litigation Counsel to the Debtors-in-Possession* (the "Lichtman Affidavit") that are being submitted herewith. In further support of this Application, the Debtors respectfully state:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 327(e).

## Background

2. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of T. Scott Avila in Support of First Day Motions* (the "Avila Declaration") filed contemporaneously with this Motion and incorporated herein by reference.[2]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Avila Declaration.

## Relief Requested

6.     By this Application, the Debtors seek the entry of an order approving the employment of Carr & Palmer and Berger Singerman as special litigation counsel pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to the Petition Date pursuant to the terms of the Engagement Letter of February 11, 2009, attached hereto as **Exhibit A** (the "Engagement Letter"). Prior to the Petition Date, Carr & Palmer and Berger Singerman served as the Debtors' counsel in connection with the Debtors' claims for damages against Toyobo Co., Ltd. and Toyobo America, Inc., or any other party in the chain of distribution or that was involved in the development, sale or marketing of the defective and life-threatening fiber product commonly known as Zylon or fabric products constructed from that defective fiber, which claims are the subject of that certain cause of action pending before the Honorable Patricia Seitz in the United States District Court for the Southern District of Florida under the name and style, *Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. v. Toyobo America, Inc. and Toyobo Co., Ltd.*, Case No. 09-61166-CIV. ("Toyobo Litigation"). The Toyobo Litigation is a significant source of potential recovery for the Debtors. If this Application is granted, Carr & Palmer and Berger Singerman will continue to represent the Debtors postpetition with respect to the Toyobo Litigation. The services provided by this Engagement Letter will not overlap with those provided by the Debtors' bankruptcy counsel, Pachulski Stang Ziehl & Jones LLP.

7.     On February 11, 2009, the Debtors retained Carr & Palmer to represent the Debtors in connection with the Toyobo Litigation on the terms and conditions set forth in the Engagement Letter. Consistent with and pursuant to § 328(a) of the Bankruptcy Code, the

Debtors desire to employ Carr & Palmer and Berger Singerman upon the same terms and conditions set forth in the Engagement Letter, with respect to fees and reimbursement of costs.

8. More specifically, the Engagement Letter provides, *inter alia*, that the amount of the attorneys' fees to be paid to Carr & Palmer will depend on the total amount of any recovery. The fee will be calculated by using a percentage calculation against the amount recovered as a result of any settlement or judgment. The fees to be paid to Carr & Palmer will be twenty percent (20%) of any recovery up to $10 million, plus an additional twenty-five thousand dollars. In the event of a recovery in excess of $10 million, Carr & Palmer will in addition receive twenty-five percent (25%) of the recovery that is in excess of $10 million but less than $20 million. In the event of a recovery in excess of $20 million, Carr & Palmer will receive a further addition to its fee equal to thirty percent (30%) of the recovery in excess of $20 million.

9. The Engagement Letter further provides that, in the event Carr & Palmer determines that the assistance of other counsel (collectively, the "Other Counsel") is reasonably necessary in the Toyobo Litigation, it may arrange for the retention and compensation of such Other Counsel without further authorization by the Court. Pursuant to the terms of the Engagement Letter, any Other Counsel with which Carr & Palmer associates to represent the Debtors in connection with the Toyobo Litigation shall provide representation on a contingent fee basis and be compensated as determined between Carr & Palmer and such Other Counsel, solely from Carr & Palmer's recovery as set forth above. At this time the only Other Counsel retained by Carr & Palmer is the law firm of Berger Singerman. Berger Singerman has offices in

Ft. Lauderdale and Miami, Florida and thus serves as local counsel for Carr & Palmer in the Toyobo Litigation.

10. Pursuant to the Engagement Letter, Carr & Palmer, Berger Singerman, and any Other Counsel retained by Carr & Palmer, shall be reimbursed for all costs and expenses reasonably necessary to the engagement, to be paid on an interim basis by the Debtors, with itemization remitted monthly.

11. The Debtors believe that the terms of the Engagement Letter are fair, reasonable, and that the contingency fees charged for these services are in keeping with the fees typically charged by firms providing similar services.

**Carr & Palmer Holds No Interests Materially Adverse to the Debtors or Their Estates**

12. Based on the Carr Affidavit and the Lichtman Affidavit, and except as otherwise disclosed therein, neither of Carr & Palmer or Berger Singerman holds or represents any interest adverse to the Debtors or their estates with respect to the matters as to which they are to be employed, and Carr & Palmer and Berger Singerman each has agreed to conduct an ongoing review of their files to ensure that no disqualifying circumstances exist. If any new relevant facts or relationships are discovered, Carr & Palmer or Berger Singerman (as applicable) will supplement its disclosure to the Court.

**Applicable Authority**

13. The Debtors submit that the Bankruptcy Code permits the retention of Carr & Palmer and Berger Singerman on the terms set forth in the Engagement Letter. Specifically, Section 327(e) provides for the appointment of counsel for a specific purpose if the

proposed counsel does not possess interests materially adverse to the debtor with regard to the matter(s) that they are advising on. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Clarifying the statute, Bankruptcy Rule 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

14. Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention, and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994). *See also In re AroChem*, 176 B.R. at 622 (noting that "where the interest of the special counsel and the interest of the estate are identical <u>with respect to the matter for which special counsel is retained</u>, there is no conflict and the representation can stand") (emphasis in original).

15. Here, the employment and retention of Carr & Palmer and Berger Singerman is in the best interest of the Debtors' estates. Among other things, Carr & Palmer and Berger Singerman have been working with the Debtors on various Zylon related matters since October, 2007 and have been retained in connection with their claims that are the subject of the

Toyobo Litigation since February of 2009. Thus, they are extremely familiar with all facets of the Toyobo Litigation and related matters. Additionally, Carr & Palmer and Berger Singerman have extensive experience and knowledge from other prior and ongoing litigation involving the defective and life-threatening Zylon that forms the core of the claims in the Toyobo Litigation. Furthermore, neither Carr & Palmer or Berger Singerman holds or represents any interest adverse to the Debtors or their estates with respect to the particular matters for which it is to be employed. Lastly, the specified special purpose of litigation counsel for which Carr & Palmer and Berger Singerman are to be employed in no way rises to the level of "conducting the [bankruptcy] case" for the Debtors.

16. Therefore, the Debtors' proposed employment and retention of Carr & Palmer and Berger Singerman as special counsel falls squarely within the scope of and purpose for which Congress enacted section 327(e) of the Bankruptcy Code.

### Notice

17. Notice of this Motion has been given to (i) the Office of the United States Trustee and (ii) the Debtors' prepetition and postpetition secured lenders or, in lieu thereof, to their counsel, if known. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the thirty-five largest unsecured claims against the Debtors on a consolidated basis, or their legal counsel (if known), (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, (c) Carr & Palmer and (d) Berger Singerman. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request the entry of the Orders approving the employment of Carr & Palmer and Berger Singerman *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter, as special counsel to the Debtors as set forth herein, and granting the Debtors such other and further relief as this Court deems just and proper.

Dated: April 14, 2010

**Point Blank Solutions Inc., et al.**

By: T. Scott Avila
Title: Chief Restructuring Officer