# Exhibit B

**(2016 Statement and Affidavit for Carr & Palmer LLP)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (____) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**STATEMENT UNDER RULE 2016 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Carr & Palmer LLP ("Carr & Palmer"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 329 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby makes this statement in support of *Debtors' Application for Approval, on an Interim and Final Basis, of Employment of Carr & Palmer, LLP and Berger Singerman, P.A. as Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application").

1. Debtors have retained Carr & Palmer for the legal services rendered or to be rendered by its various attorneys and paralegals, and to reimburse Carr & Palmer for its actual and necessary expenses of litigation in connection with that certain cause of action pending before the Honorable Patricia Seitz in the United States District Court for the Southern District of Florida under the name and style, *Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. v. Toyobo America, Inc. and Toyobo Co., Ltd.*, Case No. 09-61166-CIV ("Toyobo Litigation"). Attached as **Exhibit A** to the Debtors' Application to retain Carr & Palmer is the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

engagement letter entered between Debtors and Carr & Palmer (the "Engagement Letter"), which details the terms of the representation.

2. Carr & Palmer has received $16,849.88 for reimbursement of reasonably necessary expenses of litigation from the Debtors since February, 2009, and does not anticipate being owed any sums except as provided for by the terms of the Engagement Letter. No fees or reimbursement of expenses have been paid to the law firm Berger Singerman, P.A., which has been associated as local counsel in connection with the Toyobo Litigation.

3. Carr & Palmer will apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. § 328(a), the Local Rules of the United States Bankruptcy Court for the District of Delaware and orders of this Court on the terms and conditions set forth in the Engagement Letter and the Application, for services rendered and costs incurred on behalf of the Debtors.

4. Carr & Palmer further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with (i) the members, of counsel and associates of Carr & Palmer, and (ii) Berger Singerman, or (b) any compensation another person or party has received or may receive.

Dated: March 31, 2010            CARR & PALMER LLP

/s/ W. Pitts Carr
W. Pitts Carr
10 North Parkway Square
4200 Northside Parkway
Atlanta, Georgia 30327
Phone: (404) 442-9000
Facsimile: (404) 442-9700

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (___) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**AFFIDAVIT OF W. PITTS CARR ON BEHALF OF CARR & PALMER, LLP, AS PROPOSED SPECIAL LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION**

W. PITTS CARR, ESQUIRE, BEING DULY SWORN, DEPOSES AND SAYS

1. I am a member of the firm of Carr & Palmer, LLP ("Carr & Palmer" or the "Firm"), and maintain an office at 10 Northway Park Square, 4200 Northside Parkway, Atlanta, Georgia 30327. This Affidavit is submitted in support of the *Debtors' Application for Approval, on an Interim and Final Basis, of Employment of Carr & Palmer, LLP and Berger Singerman, P.A. as Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application").

2. Carr & Palmer has represented certain of the Debtors as litigation counsel in connection with the Debtors' claims for damages against Toyobo Co., Ltd. and Toyobo America, Inc., or any other party in the chain of distribution or that was involved in the development, sale or marketing of the defective and life-threatening fiber product commonly known as Zylon or fabric products constructed from that defective fiber, which are the subject of

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

that certain cause of action pending before the Honorable Patricia Seitz in the United States District Court for the Southern District of Florida under the name and style, *Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. v. Toyobo America, Inc. and Toyobo Co., Ltd.*, Case No. 09-61166-CIV. ("Toyobo Litigation"), and if the Application is granted, will continue to do so on the terms set forth in the engagement letter dated February 11, 2009 (the "Engagement Letter") and the Application. As of today, Carr & Palmer has received $16,849.88 in reimbursement for reasonably necessary expenses of litigation from the Debtors since February, 2009 to date, and, other than current work in process, is not owed anything at this time, and does not anticipate being owed any sums except as provided for by the terms of the Engagement Letter.

3. The Debtors have provided Carr & Palmer with the identities of its secured creditors, top 35 unsecured creditors, non-Debtor affiliates, directors and officers (collectively, the "Identified Parties"). Following a review by employees of Carr & Palmer of the Firm's conflicts database and the responses to conflict checks circulated throughout Carr & Palmer, I was able to determine that Carr & Palmer does not represent and has not represented any of the Identified Parties in matters unrelated to this case.

4. Consequently, Carr & Palmer qualifies for appointment as special counsel because it does not represent or hold any interest adverse to the Debtors in connection with the services it provides, specifically providing legal advice with respect to non-bankruptcy litigation matters on the terms set forth in the Engagement Letter.

5. That said, the Debtors have and will retain various professionals during the pendency of these chapter 11 cases. Carr & Palmer has previously worked and will continue to work with these professionals on various representations. Further, Carr & Palmer and certain of its members, of counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent stockholders and creditors of the Debtors and other parties of interest in connection with matters unrelated to the Debtors and this case. At this time, Carr & Palmer is not aware of any such representations. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

6. To my knowledge, neither Carr & Palmer nor any of its members have any connections with the United States Trustee or any person employed in the Office of the United States Trustee and/or the U.S. Bankruptcy Court for the District Of Delaware.

7. The Firm intends to apply for compensation for professional services rendered and associated costs in connection with this chapter 11 case pursuant to 11 U.S.C. § 328(a), on the terms and conditions set forth in the Engagement Letter and the Application.

8. No promises have been received by the Firm or by any member, of counsel, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as set forth in the Engagement Letter. The Firm has no agreement with any other entity, to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among the members, of counsel, and associates of the Firm and with Berger Singerman as set forth in the Application.

March 31, 2010

*W. Pitts Carr* (signature)

W. Pitts Carr

SWORN TO AND SUBSCRIBED before me
this 31st day of March, 2010

*(signature)*

Notary Public

My Commission Expires: _____

DAVID M COHEN
NOTARY PUBLIC
COBB COUNTY
STATE OF GEORGIA
MY COMMISSION EXPIRES MAY 19, 2013

4