# Exhibit C

**(2016 Statement and Affidavit for Berger Singerman, P.A.)**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (___) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**AFFIDAVIT OF CHARLES LICHTMAN IN SUPPORT OF DEBTORS'
APPLICATION TO RETAIN SPECIAL COUNSEL *NUNC PRO TUNC*
TO THE PETITION DATE PURSUANT TO SECTION
327(E) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014**

**CHARLES LICHTMAN, ESQUIRE, BEING DULY SWORN, DEPOSES AND SAYS:**

1. I am a shareholder of the law firm Berger Singerman, P.A. Our firm maintains offices for the practice of law at 200 South Biscayne Boulevard, 10th Floor, Miami, Florida 33131; 350 East Las Olas Boulevard, 10th Floor, Ft. Lauderdale, Florida 33301; 125 S. Gadsden Street, Suite 300, Tallahassee, FL 32301; and 2650 North Military Trail, Suite 240, Boca Raton, FL 33431.. This Affidavit is submitted in support of the *Debtors' Application for Approval, on an Interim and Final Basis, of Employment of Carr & Palmer, LLP and Berger Singerman, P.A. as Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application").

2. Berger Singerman has represented certain of the Debtors as local counsel in connection with that certain cause of action pending before the Honorable Patricia Seitz in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

United States District Court for the Southern District of Florida under the name and style, *Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. v. Toyobo America, Inc. and Toyobo Co., Ltd.*, Case No. 09-61166-CIV. ("Toyobo Litigation"), and if the Application is granted, will continue to do so on the terms set forth in that certain engagement letter between Carr & Palmer, LLP ("Carr & Palmer") and the Debtors dated February 11, 2009 (the "Engagement Letter"). As of today, Berger Singerman has not received any payments from Carr & Palmer as reimbursement of costs incurred by Berger Singerman connection with the Toyobo Litigation from February, 1999 to date, and, other than current work in process to be applied against the retainer, is not owed anything at this time, and does not anticipate being owed any sums except as provided for by the terms of the Engagement Letter.

3. The Debtors have provided Berger Singerman with the identities of its secured creditors, top 35 unsecured creditors, non-Debtor affiliates, directors and officers (collectively, the "Identified Parties"). Following a review by employees of Berger Singerman of the Firm's business records, including its conflicts database, and the responses to conflict checks circulated throughout Berger Singerman, I was able to determine that Berger Singerman represents, or has represented in the past, the Identified Parties (or affiliates of Identified Parties) listed on Schedule I to this Affidavit in matters unrelated to this case. None of these representations intersect with, or would be adverse to, the representation contemplated by the Application as informed by the Engagement Letter.

4. Consequently, Berger Singerman qualifies for appointment as special counsel because it does not represent or hold any interest adverse to the Debtors in connection

with the services it provides, specifically providing legal advice with respect to non-bankruptcy litigation matters on the terms set forth in the Engagement Letter.

5. That said, the Debtors have and will retain various professionals during the pendency of these chapter 11 cases. Berger Singerman has previously worked and will continue to work with these professionals on various representations. Further, Berger Singerman and certain of its members, of counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent stockholders and creditors of the Debtors and other parties of interest in connection with matters unrelated to the Debtors and this case. At this time, Berger Singerman is not aware of such representations except as noted in Schedule I. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

6. To my knowledge, neither Berger Singerman nor any of its members have any connections with the United States Trustee or any person employed in the Office of the United States Trustee and/or the U.S. Bankruptcy Court for the District Of Delaware.

7. The Firm intends to apply for compensation for professional services rendered and associated costs in connection with this chapter 11 case pursuant to 11 U.S.C. § 328(a), on the terms and conditions set forth in the Engagement Letter and the Application.

8. No promises have been received by the Firm or by any member, of counsel, or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as set forth in the Engagement Letter. The Firm has no agreement with any other entity to share with such entity any

compensation received by the Firm in connection with this chapter 11 case, except among the members, of counsel, and associates of the Firm and with the Carr & Palmer firm as set forth in the Application.

March 30, 2010


Charles Lichtman

SWORN TO AND SUBSCRIBED before me
this 31st day of March, 2010

_____
Notary Public  Lisa O. Webster

My Commission Expires: _____

LISA O. WEBSTER
MY COMMISSION # DD 627774
EXPIRES: January 8, 2011
Bonded Thru Notary Public Underwriters

4

## SCHEDULE I TO AFFIDAVIT
### Identified Parties or Affiliates Currently or Previously Represented

a. Individuals by the names of *Will & Emery McDermott, Kenneth Edwards, and Samantha White* (collectively, the "Individuals") are listed as creditors of one or more of the Debtors. Berger Singerman, P.A. ("BSPA") has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals. It is impossible for our firm to confirm with certainty that the other individuals associated with the third party representations, are the same Individuals listed as creditors of one or more of the Debtors; and

b. There are numerous creditors listed by the Debtors in the creditor matrices filed with the Court that have been creditors of, or adverse to, entities represented by BSPA in cases and matters wholly unrelated to the instant bankruptcy cases. These creditors include: *Waste Management, Florida Power & Light, Comcast, Dell Financial Services, Directv, Verizon Wireless, ADT Security, TGI Office Automation, Southern Waste Systems, City of Deerfield Beach, Time Warner, All Service Refuse, Paetec Communication, Terremark, Oracle, American Stock Transfer, Hyperion Consulting, Inc., Dunn & Bradstreet, Standard & Poors Rating Group, Avaya Financial Services, Deloitte & Touche, Barrday Corp., Texcel, Inc., Lincoln Fabrics, LTD, JPS Composite Materials, Wachovia Securities, LLC, Honeywell, Bryan Cave, Randstad, JL Kaya, Savannah Luggage Works, DWM Dyneema, LLC, Venable, Carter Enterprises, CIT Communications Finance, Dupont, T-Mobile,* and *Bank of America*; and

c.  BSPA has formerly represented, but has no present representation of *AT&T Latin America, AT&T, Sprint, Florida Power & Light, and Venable, Batjer, Howard & Civelletti* each of which is listed as a creditor of one or more of the Debtors in these cases, in wholly unrelated matters; and

d.  BSPA represents, from time to time, privately held as well as public companies in out of court and restructuring matters (the "Non-Debtor Clients"). Several creditors of the instant Debtors may be creditors of the Non-Debtor Clients. BSPA's representation of the Non-Debtor Clients does not impair BSPA's disinterestedness or its ability to represent the Committee as counsel in these cases; and

e.  BSPA represents, from time to time, privately held as well as public companies in out of court and restructuring matters (the "Non-Debtor Clients"). Several creditors of the instant Debtors may be creditors of the Non-Debtor Clients. BSPA's representation of the Non-Debtor Clients does not impair BSPA's disinterestedness or its ability to represent the Committee as counsel in these cases; and

f.  *Waste Management, Inc. of Florida* is listed as a creditor of one or more of the Debtors. BSPA currently represents *Waste Management, Inc. of Florida* in matters wholly unrelated to the instant bankruptcy cases. BSPA has also represented a number of clients who are adverse to *Waste Management, Inc. of Florida* in that they have incurred a debt to *Waste Management, Inc. of Florida* in matters wholly unrelated to these bankruptcy cases; and

g. *ADT Security Services, Inc.* and/or its affiliates is listed as a creditor of one or more of the Debtors. BSPA currently represents *ADT Security Services, Inc.* and/or its affiliates in matters wholly unrelated to the instant bankruptcy cases. BSPA has also represented a number of clients who are adverse to *ADT Security Services, Inc.* and/or its affiliates in that they have incurred a debt to *ADT Security Services, Inc.* and/or its affiliates in matters wholly unrelated to these bankruptcy cases; and

h. *Dell Financial Services* and/or its affiliates is listed as a creditor of one or more of the Debtors. BSPA currently represents *Dell Financial Services* and/or its affiliates in matters wholly unrelated to the instant bankruptcy cases. BSPA has also represented a number of clients who are adverse to *Dell Financial Services* and/or its affiliates in that they have incurred a debt to *Dell Financial Services* and/or its affiliates in matters wholly unrelated to these bankruptcy cases; and

i. *Oracle Fund I, LLC* and/or its affiliates is listed as a creditor of one or more of the Debtors. BSPA currently represents *Oracle Fund I, LLC* and/or its affiliates in matters wholly unrelated to the instant bankruptcy cases. BSPA has also represented a number of clients who are adverse to *Oracle Fund I, LLC* and/or its affiliates in that they have incurred a debt to *Oracle Fund I, LLC* and/or its affiliates in matters wholly unrelated to these bankruptcy cases; and

j. *Honeywell International, Inc.* and/or its affiliates is listed as a creditor of one or more of the Debtors. BSPA currently represents *Honeywell International, Inc.* and/or its affiliates in matters wholly unrelated to the instant bankruptcy cases. BSPA has also represented a number of clients who are adverse to *Honeywell International, Inc.* and/or its affiliates in that they have incurred a debt to *Honeywell International, Inc.* and/or its affiliates in matters wholly unrelated to these bankruptcy cases; and

k.  *Deloitte & Touche USA, LLP* and/or its affiliates is listed as a creditor of one or more of the Debtors. BSPA currently represents *Deloitte & Touche USA, LLP* and/or its affiliates in matters wholly unrelated to the instant bankruptcy cases. BSPA has also represented a number of clients who are adverse to *Deloitte & Touche USA, LLP* and/or its affiliates in that they have incurred a debt to *Deloitte & Touche USA, LLP* and/or its affiliates in matters wholly unrelated to these bankruptcy cases.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (___) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## STATEMENT UNDER RULE 2016 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE

Berger Singerman, P.A. ("Berger Singerman"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 329 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby makes this statement in support of *Debtors' Application for Approval, on an Interim and Final Basis, of Employment of Carr & Palmer, LLP and Berger Singerman, P.A. as Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application").

1. Berger Singerman has been retained by Carr & Palmer, LLP to serve as local counsel to the Debtors in connection with that certain cause of action pending before the Honorable Patricia Seitz in the United States District Court for the Southern District of Florida under the name and style, *Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. v. Toyobo America, Inc. and Toyobo Co., Ltd.*, Case No. 09-61166-CIV. (the "Toyobo Litigation") pursuant to the engagement letter between the Debtors and Carr & Palmer attached as **Exhibit A** to the Debtors' Application.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

2. Pursuant to the Engagement Letter, Berger Singerman is entitled to the reimbursement of its reasonably necessary costs incurred in connection with the representation of the Debtors in the Toyobo Litigation. Berger Singerman has not received any payments from Carr & Palmer in connection with Berger Singerman's representation of the Debtors since being retained in February, 2009 to date. Berger Singerman is not owed anything at this time, and does not anticipate being owed any sums except as provided for by the terms of the Engagement Letter.

3. Berger Singerman will apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. § 328(a), the Local Rules of the United States Bankruptcy Court for the District of Delaware and orders of this Court on the terms and conditions set forth in the Engagement Letter and the Application, for services rendered and costs incurred on behalf of the Debtors.

4. Berger Singerman further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with (i) the members, of counsel and associates of Berger Singerman, and (ii) Carr & Palmer, LLP, or (b) any compensation another person or party has received or may receive.

Dated: March 31, 2010                BERGER SINGERMAN, P.A.

_____
Charles Lichtman, Esq.
350 East Las Olas Boulevard, Suite 1000
Ft. Lauderdale, Florida 33301
Phone: (954) 525-9500
Facsimile: (954) 523-2872