IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., *et al.*[1] | ) | Case No. 10-11255 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR AUTHORITY TO (1) MAKE PAYMENTS PURSUANT TO EXISTING INSURANCE PREMIUM FINANCING AGREEMENTS, AND (2) ENTER INTO NEW PREMIUM FINANCING AGREEMENTS**

The above-captioned debtors and debtors in possession (the "Debtors") in the instant chapter 11 cases (the "Chapter 11 Cases") hereby move this Court (the "Motion") for the entry of an order (the "Order") pursuant to sections 105(a), 363 and 364(c) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to continue to finance certain of their insurance premiums pursuant to that certain *Premium Finance Agreement* by and between AFCO Credit Corporation and Point Blank Solutions, Inc., effective as of August 18, 2009 (the "PFA") and attached hereto as <u>Exhibit A</u>, and, in the Debtors business judgment, to enter into new insurance premium finance agreements in the ordinary course of business and to pay related brokerage fees. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

## Jurisdiction, Venue and Governing Law

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and venue pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought by this Motion are Bankruptcy Code sections 105(a), 363, and 364(c).

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

4. Point Blank Solutions Inc. ("PBSI") is a leading manufacturer and provider of bullet, fragmentation and stab resistant apparel and related ballistic accessories, which are used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. Since 1998, PBSI has supplied over 80% of U.S. military soft body armor vest requirements to protect soldiers and marines around the world. PBSI and its subsidiaries Point Blank Body Armor ("PBBA") and Protective Apparel Corporation of America ("PACA") are major players in the domestic law enforcement market with broad brand recognition and a best value reputation. The Debtors' products are sold

through a variety of means, including direct sale contracts, a corporate sales force, sales agents and a network of distributors.

5. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of T. Scott Avila in Support of First Day Motions* (the "Avila Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

### Relief Requested

6. The Debtors seek the authority to continue to make all payments due under the existing prepetition PFA, to enter into new premium financing agreements as the Debtors deem necessary or beneficial in the exercise of their business judgment, to pay the corresponding brokerage fees, and to grant a security interest in the unearned premiums paid on any current or future underlying policy to the lender supplying the premium financing.

7. In the ordinary course of business, the Debtors maintain a number of insurance policies with respect to, *inter alia*, property, general liability, umbrella, management liability, casualty, workers compensation (collectively, the "Insurance Policies").

8. Prepetition, the Debtors determined, in their business judgment, that entry into the PFA was in the best interest of their business because it allows them to finance their Insurance Policies by making monthly payments in lieu of a lump sum cash expenditure to cover the premium costs for the various Insurance Policies.

9. Currently, the Debtors are a party to one such agreement, the PFA, with the AFCO Credit Corporation ("AFCO") attached as <u>Exhibit A</u>. Pursuant to the PFA, the

Debtors owed a total premium on the underlying policies of $417.171.34, towards which the Debtors paid $341,540.60 prior to the Petition Date. The Debtors will pay the remaining $75,630.74 pursuant to the terms of the PFA, which calls for nine monthly payments of $37,815.37 each.

10. The Debtors believe that approval of this Motion is in the best interest of creditor and the Debtors' estates. Absent such relief, the Debtors do not believe that the PFA lenders would be willing to continue providing the credit necessary for these arrangements and would more than likely cancel the policies that are currently being financed.

11. Anything that precludes premium financing will undoubtedly harm the Debtors' prospects, both now and in the future. The Debtors would be left trying to obtain replacement insurance on an expedited basis, which is an extremely costly proposition, and would thereafter have to make a lump sum payment to secure it – assuming, of course, that they could afford to. The inability to continue to perform under the PFA would detrimentally harm the Debtors.

12. The Debtors have filed this Motion out of an abundance of caution solely to the extent that the monthly payments required under the prepetition PFA required Court approval pursuant to sections 363 and 364(c) of the Bankruptcy Code. Prepetition, the PFA lender was granted a security interest in the unearned premiums of the associated policies.

13. Because the relief sought is designed to facilitate the Debtors' continued core business operations, the Debtors believe that entry into the PFA or any similar arrangement falls squarely within the ordinary course of their business. Accordingly, to reduce the

administrative burden of these cases, as well as the expense of operating as debtors in possession and the risk associated with a loss of liquidity, the Debtors seek, out of an abundance of caution, authority to continue to honor the terms of the PFA and make the required payments thereunder and to enter into new premium financing agreements (and make the corresponding brokerage payments) in the Debtors' discretion.

14. Finally, by this Motion, the Debtors propose to pay any prepetition premiums related to the Insurance Policies or to the PFA to the extent that the Debtors determine in their discretion that such payment is necessary to avoid cancellation, default, alteration, assignment, attachment, lapse, or any form of impairment to the coverage, benefits or proceeds provided under any Insurance Policy.[2] For the reasons state above, the Debtors have concluded that such cancellation would be financially disadvantageous to the creditors and potentially disastrous to the business as a going concern. Under these circumstances, Courts have repeatedly condoned the payment of prepetition claims pursuant to the "doctrine of necessity." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989) (noting that use of equitable powers by a bankruptcy court to authorize the payment of pre-petition debts when such payment is needed for the debtor's restructuring is a commonplace concept); *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989); *accord In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981). Section 364(c) of the Bankruptcy Code provides that the Court, after notice

---

[2] Although the Debtors are not currently aware of any amount that is due and payable under the PFAs as of the Petition Date, it could be determined that some portion of the amount due at the next payment date accrued prior to the Petition Date. Therefore, the Debtors seek this authority out of an abundance of caution, in recognition of the critical necessity of keeping their insurance policies in current effect, and out of concern that if the necessity for such a payment arises in the future, the passage of time while the Debtors seek and obtain the Court's authority for such a payment may have irreversible adverse consequences for the Debtors' coverage under the Insurance Policies.

70934-001\DOCS_DE:158672.1

5

and a hearing, may authorize a debtor to obtain credit or incur debt with priority over any and all administrative expenses or secured by a lien on property of the estates that is not otherwise subject to a lien or secured by a junior lien on property of the state that is subject to a lien if the debtor is unable to obtain unsecured credit allowable as an administrative expense. *See* 11 U.S.C. §364 (c).

15. For the reasons stated above, and in light of the fact that such arrangement is in the best interest of the Debtors and their economic constituents, the Debtors believe that their request for this Court to approve their continued performance under the PFA and their entry into future insurance premium financing agreements in their discretion is in the best interests of all parties in interest and should be granted.

### Notice

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee and (ii) the Debtors' prepetition and postpetition secured lenders. Following the first day hearing in this case, this Motion will be served on (a) creditors holding the thirty-five largest unsecured claims against the Debtors on a consolidated basis as identified in the Debtors' petitions, or their legal counsel (if known); and (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Previous Request

17. No prior motion for relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto authorizing the Debtors, in their discretion, to honor the terms of their existing PFAs and renew or enter into new premium financing as set forth herein and granting such other and further relief as the Court deems appropriate.

Dated: April 14, 2010

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
tcairns@pszjlaw.com

[Proposed] Counsel to Debtors and
Debtors in Possession