IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Related Docket No. 10** |

**ORDER AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING BUSINESS FORMS, (III) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, AND (IV) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS AND PROVIDING ADMINISTRATIVE EXPENSE PRIORITY STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (V) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing (i) the maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions, (ii) the continued use of existing business forms, (iii) the continued use of the existing cash management system for the Debtors, (iv) the continued performance of intercompany transactions and provision of administrative priority to postpetition intercompany claims, and (v) a limited waiver of 11 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and their respective addresses, are: Point Blank Solutions Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

section 345(b) deposit and investment guidelines; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation, and cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion (the "Bank Accounts"); (ii) to use, in their present form, checks and other documents related to the Bank Accounts; and (iii) to treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and it is further

ORDERED that Bank of America and any other bank (collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be; *provided, however,* that any check that the Debtors advise any Bank to have been drawn or issued by the Debtors before the Petition Date may be honored by any

Bank only if specifically authorized by order of this Court and confirmed in writing by the Debtors; and it is further

ORDERED that (i) certain existing arrangements, between the Debtors and the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks; (ii) the Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the cash management system and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts with notice to the United States Trustee and counsel to any official committee appointed in this case; and (iii) in the course of providing cash management services to the Debtors, each Bank is authorized, without further Order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors and without limiting the foregoing, Bank of America is authorized to hold $32,000 as advance payment and security for all Bank of America fees, costs and charges in respect to the cash management services rendered by Bank of America to the Debtors for the monthly period ending March 31, 2010 and from and after the Petition Date and may apply such funds against the Debtors' payment obligations as and when they become due for such pre-Petition Date monthly period ending March 31, 2010 and such post-Petition Date period (with any unused portion of such advance payment, if any, to be returned to the Debtors upon satisfaction in full of all obligations of the Debtors to Bank of America in respect of their cash management arrangements) subject in

all respects to the Debtors' right to challenge and object to any amounts applied by BOFA against asserted payment obligations. To the extent any BOFA Bank Fee Claims are not satisfied form the amounts currently held by BOFA, the BOFA Bank Fee Claims shall be accorded administrative priority expense status pursuant to section 503(a) of the Bankruptcy Code; *provided, however*, that such BOFA Bank Fee Claims shall at all times be junior and subordinate to the Super-Priority Claims or to any other claims of the Lender as set forth in any order entered by this Court granting the Financing Motion or the DIP Credit Agreement; and is further

ORDERED that no later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall, to the extent not provided, provide the Banks with copies of any orders granting any "first day motions" via email, and a letter setting forth a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks") with details setting forth (a) the account numbers, check numbers and dollar amounts for each such Prepetition Check, designating whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court and (b) all account numbers for which the Debtors do not write checks on and state "no outstanding items - no stop payments needed," and that a Bank's reliance on the Prepetition Check List in connection with its honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order; and it is further

ORDERED that to the extent the balances in the accounts of the Debtors with BOFA are not sufficient to compensate BOFA for any returned checks, returned or reversed wire

or ACH transfers or other adjustments as a result of customary banking practices which occur on or after the Petition Date (including, without limitation, any such returns, reversals or adjustments that occur on or after the Petition Date that relate to checks, wire or ACH transfers or other amounts received in such accounts prior to the Petition Date), (a) Debtors are authorized to pay BOFA on demand such amounts due to BOFA as a result of such returns, reversals or adjustments and (b) to the extent Debtors fail to so pay BOFA upon demand, Lender shall pay BOFA, within five days after Lender's receipt of BOFA's demand to Lender, any amount received by Lender with respect to such items so returned, reversed or adjusted, and it is further

ORDERED that each Bank that maintains a disbursement account of any of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order; and it is further

ORDERED that the Debtors may continue to fund their businesses and operations through the Bank Accounts; and it is further

ORDERED that the Debtors shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' Cash Management System. In connection with the

ongoing utilization of their Cash Management System, the Debtors shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly on the applicable accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate, with notice to the United States Trustee, the Debtors' principal lenders, and to any official committee appointed in these cases; *provided, however*, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein and shall be captioned as a debtor-in-possession account; and it is further

ORDERED that the Debtors are authorized to continue to use their checks and existing business and correspondence forms until such time as they are reasonably able to effectuate the necessary changes required to add the words "debtor in possession" to such forms; and it is further

ORDERED that the Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practice; and it is further

ORDERED that, subject to the following paragraph of this Order, the Debtors are (i) authorized, on an interim basis, to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation, as requested in the Motion, all in accordance with the Debtors' customary prepetition Cash Management System, in addition to the investments and

deposits permitted by Bankruptcy Code § 345 and (ii) granted a 60 day extension of time to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which extension is without prejudice to the Debtors' ability to seek a final waiver of those requirements; and it is further

ORDERED, for banks at which the Debtors hold accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers, and (c) identify each of their accounts held at such banks as being held by a debtor in possession; and it is further

ORDERED, for banks that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall use their good-faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of entry of this Order; and it is further

ORDERED that, notwithstanding anything herein to the contrary, Bank of America shall have the right to provide three business days' written notice to the Debtors, at any time from and after May 21, 2010, to terminate providing all or any portion of the cash management and related services to the Debtors without violating the terms of this Order, the automatic stay or any pre-petition agreements with the Debtors governing such arrangements, *provided however*, that any such termination of the cash management and related services shall

not be effective until either May 25, 2010, or such later termination date as set forth in the written notice described in this paragraph; and it is further

ORDERED that the authority and approvals granted by the terms of this Order to the Debtors, including with respect to the opening and closing of bank accounts and continuation of their Cash Management System, shall be in all respects subject to any requirements imposed on the Debtors under any approved cash collateral order; and it is further

ORDERED that the Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED that pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, the Debtors are authorized to continue to consummate Intercompany Transactions in the ordinary course of business and all Intercompany Claims by and against the Debtors are accorded administrative priority expenses status; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that the notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply, and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 16, 2010

                                                              The Honorable Mary F. Walrath
United States Bankruptcy Judge