IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Related Docket No. 11** |

**ORDER PURSUANT TO SECTIONS 105(A) AND 363
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003
AND 6004 AUTHORIZING, BUT NOT REQUIRING THE PAYMENT OF
CERTAIN PREPETITION CLAIMS OF CRITICAL TRADE VENDOR,
E.I. DUPONT DE NEMOURS AND COMPANY**

This matter coming before the Court on the *Motion of the Debtors Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 for an Order Authorizing the Payment of Certain Prepetition Claims of Critical Trade Vendor, E.I. DuPont de Nemours and Company* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors");the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

§§1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, in their sole discretion to pay a portion of the prepetition claims of DuPont, up to an aggregate total of $700,000.

3. The Debtors are authorized to undertake appropriate efforts to cause DuPont to enter into an agreement with the Debtors pursuant to the terms set forth in the Motion and Exhibit A and Exhibit B to the Motion. This Order is intended to authorize, but shall not require the Debtors to enter into an agreement with DuPont (a "Critical Trade Agreement") only when the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so.

4. The Debtors are authorized, in their discretion to make payments on account of the prepetition claims of DuPont in the absence of a Critical Trade Agreement after the Debtors have undertaken diligent efforts to cause DuPont to execute a Critical Trade Agreement and to agree to the Required Trade Terms and if the Debtors determine in their business judgment that failure to pay DuPont's prepetition claims, at least in part, is likely to result in irreparable harm to the Debtors' business operations. The Debtors shall also have the

right to negotiate trade terms with DuPont in the exercise of their business judgment as a condition to payment of any portion of DuPont's prepetition claims.

5. If DuPont refuses to supply goods to the Debtors or to the weavers that supply the Debtors on the Required Trade Terms following receipt of payment of its prepetition claims, or fails to comply with any Trade Agreement entered into between DuPont and the Debtors, then the Debtors shall be authorized, without further order of the Court, to declare that provisional payments made to DuPont on account of its prepetition claims be deemed to have been in payment of then-outstanding postpetition claims of DuPont and require that DuPont shall then immediately repay to the Debtors any payment made to it on account of its prepetition claims to the extent that the aggregate amount of such payments exceeded the postpetition obligations when outstanding to such vendor without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6003, 6004(g), 7062, 9014, or other rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: April 16, 2010

*[signature]*
The Honorable Mary F. Walrath
United States Bankruptcy Judge