IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., *et al.*[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Related Docket No. 13** |

## BRIDGE ORDER UNDER SECTION 366 OF THE BANKRUPTCY CODE (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

This matter came before the Court on the *Motion of the Debtors for an Order Under Section 366 of the Bankruptcy Code (a) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Determining Adequate Assurance of Payment* (the "Motion").[2] The Motion was filed by the above-captioned debtors and debtors in possession (the "Debtors") and it shall be promptly served by the Debtors' counsel, together with a copy of this Bridge Order, no later than three (3) business days after entry of this Bridge Order by way of postage prepaid, first class regular mail upon each Utility Provider set forth on Exhibit A to the Motion and other interested parties. The Court finds that the relief requested in the Motion is in

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not defined herein shall have the meaning as defined in the Motion.

the best interest of the Debtors, their estates and creditors and other parties in interest and that, in light of the record of the hearing on the Motion, the proposed Utility Deposits and the Procedures provided for by the Motion constitute adequate assurance of payment to the Utility Providers for their postpetition services. After due deliberation thereon and sufficient cause appearing therefore; and due and adequate notice of the Motion having been given under the circumstances; and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED, as stated herein, on an interim basis pending a final hearing thereon, which is hereby scheduled for 2:00 P.M. on May 12, 2010, with any objection to be filed and served so as to be received on or before 4:00 P.M. on May 5, 2010.

2. Within ten (10) days after the date of entry of this Order, the Debtors shall furnish the Utility Providers adequate assurance of payment for postpetition services by making a deposit equal to 50% of the Debtors' estimated cost of postpetition monthly utility consumption (a "Utility Deposit") to each Utility Provider.

3. Except in accordance with the procedures set forth below, absent further order of the Court, each Utility Provider is prohibited from (a) altering, refusing or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the Petition Date and (b) requiring the payment of any additional deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of water and

2

sanitation, telephone, gas, electricity and mobile phone services, or any other utility service of like kind to the Debtors.

4. Nothing in this order shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 365 of the Bankruptcy Code or other applicable law. Nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtors or any other party of any rights with respect to the assumption or rejection of an executory contract.

Dated: April 16, 2010

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge