IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |
| Debtors. | ) | **Related Docket No. 14** |

ORDER (I) AUTHORIZING THE DEBTORS TO
PAY PREPETITION SALES AND USE AND SIMILAR
TAXES IN THE ORDINARY COURSE OF BUSINESS AND
(II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO

Upon consideration of the motion (the "Motion") filed by the above captioned Debtors and Debtors in possession (the "Debtors"), for an *Order (I) Authorizing the Debtors to Pay Prepetition Sales and Use and Similar Taxes in the Ordinary Course of Business and (II) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers Related Thereto*; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and due and adequate notice of the Motion having been given under the circumstances; and it appearing that

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,[2] it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are authorized, in their sole discretion, to pay, in the ordinary course of business, all prepetition Taxes to the applicable Taxing Authorities hereto, including, without limitation, all payments that remained un-cashed prior to the Petition Date or that are otherwise returned by a Taxing Authority, as well as all Taxes subsequently determined upon audit to be owed for periods prior to the Petition Date; and it is further

ORDERED that the Debtors' payment of prepetition Taxes owed to Taxing Authorities as authorized herein, (excluding amounts paid prepetition that may not have cleared on the Petition Date) shall not exceed $11,000 in the aggregate unless otherwise ordered by the Court; and it is further

ORDERED the Debtors are authorized in their discretion to pay Taxes that are currently under review or that may be subject to review in the future, but for which no formal assessment has been made, subject in all respects to the Debtors' rights to contest any such amounts. The Debtors are authorized in their discretion to negotiate, compromise and pay any Taxes subsequently determined to be owed for prepetition periods.

ORDERED that all applicable Banks shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all

---

[2] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

checks or electronic transfers drawn on the Debtors' accounts to pay the Taxes, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtors' rights to contest the validity, priority or amount of Taxes that may be due to any Taxing Authorities, as the case may be; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: April 16, 2010

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge