IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

Hearing Date: June 10, 2010 at 11:00 a.m.
Objection Deadline: June 3, 2010 at 4:00 p.m.

## DEBTORS' APPLICATION TO RETAIN PILLSBURY WINTHROP SHAW PITTMAN LLP AS SPECIAL COUNSEL TO THE DEBTORS' SPECIAL COMMITTEE *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014

Pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR"), the above-captioned debtors and debtors in possession (the "Debtors") seek the entry of an order (the "Application") authorizing the Debtors to retain and employ Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury" or the "Firm") as special counsel to the Debtors' special committee, *nunc pro tunc* to the Petition Date (defined below), pursuant to the terms set forth herein. In support of the Application, the Debtors rely on the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* and the *Declaration of Ronald A. Fleming in Support of Debtors'*

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

*Application to Retain Pillsbury Winthrop Shaw Pittman LLP as Special Counsel to the Debtors' Special Committee Nunc Pro Tunc to the Petition Date Pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014* (the "Fleming Declaration"), that are being submitted concurrently herewith. In further support of this Application, the Debtors respectfully state:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory bases for the relief sought herein are sections 327(e), 328 and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rules 2014 and 2016.

## Background

3. Debtor Point Blank Solutions, Inc. ("PBSI") is a leading manufacturer and provider of bullet, fragmentation and stab resistant apparel and related ballistic accessories, which are used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. Since 1998, PBSI has supplied over 80% of U.S. military soft body armor vest requirements to protect soldiers and marines around the world. PBSI and its subsidiaries Debtor Point Blank Body Armor ("PBBA") and Debtor Protective Apparel Corporation of America ("PACA") are major players in the domestic law enforcement market with broad brand recognition and a best value reputation. The Debtors'

2

products are sold through a variety of means, including direct sale contracts, a corporate sales force, sales agents and a network of distributors.

4. On December 28, 2009, the Debtors formed a special committee (the "Special Committee") comprised of independent directors to consider potential financing arrangements, asset sales, and other matters in situations where certain non-independent members of the board of directors have a perceived or actual interest.

5. On April 14, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of T. Scott Avila, Chief Restructuring Officer of the Debtors, in Support of First Day Motions* [Docket No. 3] (the "Avila Declaration") that was filed on the Petition Date, and is incorporated herein by reference.

6. Prior to the Petition Date, Pillsbury commenced representing the Special Committee. In connection therewith, Pillsbury advised the Special Committee regarding board processes generally and, in particular, of the Special Committee's rights and duties in connection with financing arrangements, the sale of assets, and other matters that may be considered by the Debtors.

## Relief Requested

7.     By this Application, the Debtors seek the entry of an order authorizing the retention of Pillsbury as special counsel to the Special Committee pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to the Petition Date.

## Terms of Pillsbury's Employment

8.     With respect to all matters, the Debtors have, subject to Court approval, agreed to compensate Pillsbury on an hourly basis at rates that do not (and will not) exceed the rates that Pillsbury customarily charges to its other clients for work of this type. As of the Petition Date, the applicable rates for timekeepers for the matters that Pillsbury is engaged to perform legal services were $535 to $990 per hour for partners and counsel, $430 to $725 per hour for associates and $40 to $365 per hour for paraprofessionals and staff.[2] The hourly rates for the two principal attorneys that will be staffed on this matter are as follows: for Mr. Ronald A. Fleming, $765, and for Nathaniel M. Cartmell III, $965.

9.     The Debtors have, subject to Court approval, agreed to reimburse Pillsbury for those reasonable costs and expenses incurred by Pillsbury during the course of its representation of the Debtors' Special Committee. It is Pillsbury's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, delivery services and other expenses incurred in providing professional service, and for other services actually provided, including word processing, secretarial and overtime charges.

---

[2] Pillsbury adjusts its rates periodically.

10.  Pillsbury has agreed to abide by any administrative fee order entered by the Court in these cases, and to be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court, with respect to all requests for hourly compensation and the reimbursement of costs and expenses.

### Pillsbury Holds No Interests Materially Adverse to the Debtors or Their Estates

11.  Based on the Fleming Declaration, and except as otherwise disclosed therein, the Debtors submit that Pillsbury does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters upon which Pillsbury is to be employed. Additionally, Pillsbury has agreed to conduct an ongoing review of its files to ensure that no disqualifying circumstances exist. If any new relevant facts or relationships are discovered, Pillsbury will supplement its disclosure to the Court.

### Applicable Authority

12.  The Bankruptcy Code authorizes the retention of Pillsbury on the terms set forth herein. Specifically, Section 327(e) provides for the appointment of counsel for a specific purpose if the proposed counsel does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such counsel is to be employed. The text of the statute states:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). As stated in its legislative history, section 327(e) is "most likely to be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." *House Report No. 95-595*, 95th Cong., 1st Sess. 328 (1977); *Senate Report No. 95-989*, 95th Cong., 2d Sess. 38 (1978). Bankruptcy Rule 1107(b) makes clear that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." *Bankruptcy Rule 1107(b)*.

13. The Debtors submit that the Application should be approved by the Court because (a) the appointment of Pillsbury as special counsel to the Debtors' Special Committee is in the best interest of the Debtors' estates, (b) Pillsbury does not hold an interest adverse to the Debtors and their estates with respect to the subject matter of Pillsbury's retention, and (c) none of the services to be provided by Pillsbury rise to the level of conducting the bankruptcy cases for the Debtors. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994). *See also In re AroChem*, 176 B.R. at 622 (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand") (emphasis in original).

14. <u>Pillsbury's Retention is in the Best Interests of the Debtors and Their Estates</u>. Here, the employment and retention of Pillsbury is in the best interest of the Debtors' estates. The Special Committee needs separate representation in these cases in order to adequately address any conflicts that may arise in connection with financing, proposed sales, or

DOCS_DE:159335.1

other matters that may affect the ability of the Debtors' to maximize their value for all creditor constituencies.

15. <u>No Adverse Interests on the Matters of Employment</u>. As set forth in the Fleming Declaration, Pillsbury does not hold or represent any interest adverse to the Special Committee, the Debtors, or their estates with respect to the particular matters for which it is to be employed. Section 327(e) contains less restrictive requirements than section 327(a), which governs the employment of general bankruptcy counsel. *Film Ventures Int'l, Inc. v. Asher*, 75 B.R. 250, 252 (9th Cir. BAP 1987). In particular, there is no requirement of disinterestedness, *Id.*; *In re Roberts*, 46 B.R. 815, 824 (Bankr. D. Utah 1985), and a conflict of interest does not exist by virtue of the fact that special counsel holds a claim against the debtor. *In re Elias*, 2005 WL 4705220 (Bankr. D. Idaho) ("Counsel is a creditor, but his interest as a creditor, as well as in accepting employment on a contingent fee basis to sue SIF, are the same: maximizing any potential recovery.") Accordingly, the Court should approve the Debtors' retention of Pillsbury as special counsel, since Pillsbury does not have any adverse interests with respect to representing the Debtors' Special Committee in connection with the above-noted matters for which Pillsbury is to be employed.

16. <u>Pillsbury Will Not be Conducting the Debtors' Bankruptcy Cases</u>. Finally, the Debtors note that Pillsbury will have no involvement with respect to actually conducting the Debtors' chapter 11 bankruptcy cases. The Debtors have filed an application to retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel to the Debtors. The Debtors are specifically retaining PSZJ, subject to court approval, to conduct their

7

chapter 11 cases. Although PSZJ and Pillsbury may coordinate on matters that generally concern the Debtors, Pillsbury will not conduct the Debtors' bankruptcy cases.

17.     Accordingly, the Debtors submit that their proposed employment and retention of Pillsbury as special counsel to the Debtors' Special Committee falls squarely within the scope of and purpose for which Congress enacted section 327(e) of the Bankruptcy Code, and should be approved by the Court pursuant to the terms set forth herein.

## Notice

18.     Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; (iii) counsel for the official committee of unsecured creditors; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the Application, authorize the Debtors' retention of Pillsbury as special counsel to the Debtors' Special Committee under section 327(e) of the Bankruptcy Code pursuant to the terms set forth in the Application, and grant such other and further relief as it deems just and proper.

Dated: May 14, 2010

**Point Blank Solutions Inc., et al.**

/s/ T. Scott Avila
By: T. Scott Avila
Title: Chief Restructuring Officer

9

DOCS_DE:159335.1