IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

## STATEMENT UNDER RULE 2016 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby makes this statement in support of the *Debtors' Application to Retain Pillsbury Winthrop Shaw Pittman LLP as Special Counsel to the Debtors' Special Committee Nunc Pro Tunc to the Petition Date Pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014* (the "Application").[2]

1. The Debtors have agreed to pay Pillsbury for the legal services rendered or to be rendered by its various attorneys and paralegals, and to reimburse Pillsbury for its actual and necessary expenses in connection with the matters described in the Application.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2. Pillsbury has received $69,310.25 in payments from the Debtors during the year prior to the Petition Date, which amount includes the payment of a $30,000 retainer for the Special Committee representation.

3. Pillsbury will seek approval of the payment of compensation for its hourly services and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

4. Pillsbury further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, of counsel and associates of Pillsbury, or (b) any compensation another person or party has received or may receive.

Dated: May 14, 2010

_____
Ronald A. Fleming