**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re: PBSS, LLC                                                                                                             Case No. 10-11258 (PJW)

**Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Statement and Schedules**

PBSS, LLC (the "Debtor") submits its Statement of Financial Affairs (the "Statement") and Schedules of Assets and Liabilities (the "Schedules"), pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The following notes regarding the Statement and Schedules are fully incorporated into and made part of the Statement and Schedules. These notes comprise an integral part of the Statement and Schedules and should be referred to and considered in connection with any review of the Statement and Schedules. Unless otherwise noted, the financial and other information contained in the Statement and Schedules is derived from the Debtor in accordance with the Debtor's financial reporting and accounting policies and procedures.

The Debtor's bankruptcy petition was filed on April 14, 2010, along with the bankruptcy petitions of 3 of its affiliates (collectively, the "Debtors"). The Debtors' bankruptcy cases are jointly administered by order of the Bankruptcy Court under the caption In re Point Blank Solutions, Inc., Case No. 10-11255 (PJW).

The Debtor reserves all rights to amend the Statement and Schedules in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of chapter 11 of title 11 of the United States Code or other applicable non-bankruptcy laws.

Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtor prepared in accordance with Generally Accepted Accounting Principles.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtor's assets. Accordingly, unless otherwise indicated, net book values rather than current market values are reflected on the Statement and Schedules. Assets that have been fully depreciated or expensed for accounting purposes have no net book value. The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtor's bankruptcy. The reader therefore should not place undue reliance upon the book values associated with the assets listed.

The Debtor has not listed estimated values of its real estate leases.

**General Notes Regarding the Debtor's Statement and Schedules**

**1. Financial Information.**
The information provided for herein, except as otherwise noted, represents the assets and liability data of the Debtor as of April 14, 2010, (the "Petition Date") unless otherwise noted.

**2. Unaudited Financial Information.**
The Statement and Schedules prepared by the Debtor's management and professionals are unaudited. While the Debtor has tried to ensure that the Statement and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statement and Schedules.

**3. Claim Description.**
Any failure to designate a claim on the Statement and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtor reserves all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of Chapter 11 of title 11 of the United States Code or other relevant non-bankruptcy laws.

**4. Accuracy.**
While the Debtor has sought to file complete and accurate Statement and Schedules, inadvertent errors and omissions may exist. The Debtor reserves the right to amend its Statement and Schedules as necessary or appropriate.

**5. Liabilities.**
The Debtor has sought to allocate liabilities between the pre-petition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Statement and Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

**6. Insiders.**
For the purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) as (a) directors, (b) officers, (c) those in control of the Debtors, (d) relatives of directors, officers, or persons in control of the Debtors and (e) non-debtor affiliates. Payments to

2

DOCS_SF:72052.2

insiders listed in (a) through (d) above are set forth in response to Question 3.c of the Statements. The Debtors note that, although partnerships in which a debtor is a general partner may be considered insiders under section 101(31)(B) of the Bankruptcy Code, the Debtors do not admit that the joint ventures in which a non-debtor affiliate serves as a general partner should be considered insiders in these cases. These joint ventures are with unrelated third parties and are governed by detailed operating agreements. Consequently, the Debtors do not believe that these joint ventures are insiders.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

The Debtors have included all payments and awards made over the twelve months preceding the filing to any individual deemed an insider. Included in the value reflected are cash payments to or for the benefit of the insider; restricted stock grants valued at the closing price of the stock at the grant date; and stock options valued at the Black-Scholes value on the date of the grant.

**7. Transfers Made Within 90 Days of Petition Date.**
The response to Question 3.b of the Statements lists all transfers made to any party within 90 days immediately preceding the Petition Date, whether or not the transferee is a creditor of any of the Debtors. Accordingly, the listing of any transfer in response to Question 3.b of the Statements does not constitute an admission that the transferee of such transfer is a creditor of any of the Debtors. Furthermore, the majority of payments made to creditors of Protective Apparel Corporation of America ("PACA") and PBSS, LLC ("PBSS") were made by Point Blank Solutions, Inc. and Point Blank Body Armor, Inc., while some payments were made by PACA and PBSS directly.

**8. Setoffs.**
The Debtors routinely incur setoffs from third parties during the ordinary course of business. Setoffs in the ordinary course can result from various routine transactions, including intercompany transactions, counterparty settlements (in particular, interline ticketing setoffs with other carriers), pricing discrepancies, and other disputes between the Debtors and third parties. Certain of these constitute normal setoffs consistent with the ordinary course of business in the Debtors' industry. In such instances, such ordinary course setoffs are excluded from the Debtors' responses to Question 13 of the Statements. The Debtors reserve all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

**9. Specific Notes.**
These general notes are in addition to the specific notes set forth in the related Statement and Schedules hereinafter.

**Note to Schedule "B"**

**Schedule B Disclaimer**

Unless otherwise noted, all of the amounts listed on Schedule B represent the value of the Debtor's assets as reflected in the Debtor's books and records (net of depreciation or amortization where applicable). The Debtor has performed no independent review of the value

of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in the Debtor's books and records.

Certain items of equipment are or may be listed herein pursuant to a capital lease. Such designation is not an admission or recognition that such lease is a security agreement, and not a true lease. The Debtor expressly reserves all rights to challenge, on any basis, the nature of such equipment as owned or leased, as the case may be.

### Note to Schedule "D"

Schedule D lists a term debt to Bank of America that was paid by the Debtors in accordance with the Bankruptcy Court's *Interim Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2002-1 and 4001-2: (1) Authorizing Incurrence by the Debtors of Post-Petition Secured Indebtedness with Priority Over All Over Secured Indebtedness and with Administrative Superpriority, (2) Authorizing Repayment in Full of Pre-Petition Secured Debt Upon Entry of Interim Order, (3) Granting Liens, (4) Authorizing Use of Cash Collateral and Providing Adequate Protection, (5) Modifying the Automatic Stay and (5) Scheduling A Final Hearing*, entered April 16, 2010.

### Note to Schedule "E"

### Taxes

Schedule "E" contains the Debtor's best estimate of all of the potential priority claims against the Debtor's estate held by governmental and quasi-governmental entities. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under Section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

### Accrued Commissions, Vacation and PTO

On April 16, 2010, the Court entered its *Order (1) Authorizing the Debtors to (A) Pay Wages, Salaries, and Other Compensation, (B) Maintain Employee Medical and Similar Benefits, And (C) Reimbursable Employee Expense; and (II) Authorizing And Directing Banks and Other Financial Institutions to Pay All Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing* (the "Wage Order"). The Wage Order authorizes, inter alia, the Debtors to honor their existing prepetition vacation and sick obligations to their employees accrued prior to the Petition Date and to pay commissions earned prior to the Petition Date.

Pursuant to the Wage Order, the Debtors have authority to pay commissions to their independent contractors for services rendered prior to the Petition Date pursuant to the Debtors' agreements with such independent contractors. In addition, the Wage Order authorizes payment of prepetition wages and commissions owed to Employees in accordance with the statutory limit provided under 11 U.S.C. § 507(a)(4). Payment of commissions pursuant to the Wage Order in the ordinary

4

course of the Debtors' business will reduce the aggregate total of prepetition commissions owed to the Debtors' employees. The Debtors' continued honoring of prepetition vacation and sick obligations to their employees in the ordinary course of business and in accordance with the terms of the Wage Order will reduce the aggregate amount of accrued vacation owed to such employees

## Note to Schedule "G"

## Executory Contracts and Unexpired Leases

The businesses of the Debtors are complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Schedule G generally does not include standalone equipment purchase orders. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Such contracts, agreements and leases are listed on Schedule G of each such Debtor.

## General Disclaimer

The Debtor has prepared the Schedules and the Statements based on the information reflected in the Debtor's books and records. However, inasmuch as the Debtor's books and records have not been audited, the Debtor cannot warrant the absolute accuracy of these documents. The Debtor has made a diligent effort to complete these documents accurately and completely. To the extent additional information becomes available, the Debtor will amend and supplement the Schedules and Statements.

# United States Bankruptcy Court
### District of Delaware

In re    **PBSS, LLC** ,    Case No. **10-11258**
Debtor

Chapter    **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 3,631,474.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 9,684,969.43 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 3,200,000.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 10 | | | |
| Total Assets | | | 3,631,474.00 | | |
| Total Liabilities | | | | 12,884,969.43 | |

**B6A (Official Form 6A) (12/07)**

In re **PBSS, LLC** , Case No. **10-11258**
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | Sub-Total > | **0.00** | (Total of this page) |
|---|---|---|---|
| | Total > | **0.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

In re   **PBSS, LLC**                                        ,    Case No.  **10-11258**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                          Sub-Total >    **0.00**
(Total of this page)

  **2**  continuation sheets attached to the Schedule of Personal Property

In re **PBSS, LLC**, Case No. **10-11258**
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | **Life Stone Materials, LLC - 50% Membership Interest** | - | 681,474.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Note Receivable - Lifestone Materials, LLC** | - | 2,950,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| | | | Sub-Total > (Total of this page) | **3,631,474.00** |

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re  **PBSS, LLC**                                                                 ,                Case No.   **10-11258**
                                                                   Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > (Total of this page) | **0.00** |
|---|---|---|
|  | Total > | **3,631,474.00** |

Sheet   **2**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re **PBSS, LLC**, Case No. **10-11258**
　　　　　　　　　　　　　Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community / H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br>**Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** | X | - | **Term Debt**<br>**The above-referenced term debt was paid by the Debtors to BOFA in accordance with the Bankruptcy Court's Order entered April 16, 2010**<br>Value $　　**Unknown** | | | X | **9,684,969.43** | **0.00** |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| **0** continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | **9,684,969.43** | **0.00** |
| | | | Total<br>(Report on Summary of Schedules) | | | | **9,684,969.43** | **0.00** |

In re **PBSS, LLC**, Case No. **10-11258**
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                            **0**    continuation sheets attached

In re **PBSS, LLC**, Case No. **10-11258**
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Jerry Haleva and<br>Sergeant Major Associates<br>c/o Girardi Keese<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017** | | - | **Pending Litigation** | X | X | X | **Unknown** |
| Account No.<br><br>**Lifestone Materials, LLC<br>Temple Building<br>99 Roush Street<br>Anderson, SC 29625-3113** | | - | **Pending Litigation** | X | X | X | **Unknown** |
| Account No.<br><br>**Point Blank Solutions, Inc.<br>2102 S.W. 2nd Street<br>Pompano Beach, FL 33069** | | - | **Loan Payable** | | | | **3,200,000.00** |
| Account No.<br><br>**Securities and Exchange Commission<br>Miami Regional Office<br>Chedley C. Dumornay<br>801 Brick Avenue, Suite 1800<br>Miami, FL 33131** | | - | **Pending Litigation** | X | X | X | **Unknown** |

___1___ continuation sheets attached

Subtotal (Total of this page) **3,200,000.00**

In re **PBSS, LLC**, Case No. **10-11258**
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community — H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Securities Class Action and Shareholder Derivative Action Carter Ledyard & Millburn c/o Gary Sesser, 2 Wall Street New York, NY 10005** | | - | **Pending Litigation** | X | X | X | **Unknown** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. **1** of **1** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **0.00**

Total (Report on Summary of Schedules) **3,200,000.00**

In re **PBSS, LLC**, Case No. **10-11258**
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **FMS Enterprises Migun Ltd.**<br>**27 Imber Street**<br>**Kiryat Arye, Petach Tikva**<br>**ISRAEL** | **Joint Venture Agreement** |
| **Lifestone Materials, LLC**<br>**Temple Building**<br>**99 Roush Road**<br>**Anderson, SC 29625** | **Supply Agreement** |
| **PAMAS U.S., Inc.**<br>**99 Roush Street**<br>**Anderson, SC 29625-3113** | **Asset Purchase Agreement between Lifestone Materials, LLC and PAMAS U.S., Inc.** |

**0**
\_\_\_\_ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re   **PBSS, LLC**  ,   Case No.   **10-11258**

Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **E.I. du Pont de Nemours**<br>**c/o Ballard Spahr**<br>**1735 Market Street, 51st Floor**<br>**Philadelphia, PA 19103-7599** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |
| **Point Blank Body Armor, Inc.**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |
| **Point Blank Solutions, Inc.**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |
| **Protective Apparel Corp of America**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |

   **0**   continuation sheets attached to Schedule of Codebtors

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## District of Delaware

In re **PBSS, LLC**  
Debtor(s)

Case No. **10-11258**  
Chapter **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __12__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **May 14, 2010**  

Signature **/s/ T. Scott Avila**  
**T. Scott Avila**  
**Chief Restructuring Officer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.