IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re Docket No. 17 |

## SUPPLEMENTAL DISCLOSURE OF VENABLE LLP PURSUANT TO RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Venable LLP ("Venable"), pursuant to Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Sections 327 and 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby makes this supplemental disclosure in support of the *Debtors' Application to Retain Venable LLP as Special Government Contracting, Litigation and Government Investigation Counsel Nunc Pro Tunc to the Petition Date Pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014* (the "Application").[2]

1. On April 14, 2010, the Debtors filed the Application [Docket No. 17] seeking authority to retain Venable LLP as special counsel.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2.      As discussed in the Application, Venable has provided prepetition services to the Debtor in connection with Point Blank Solutions, Inc., et al., vs. Toyobo America, Inc., and Toyobo Co., Ltd, Case No. 09-61166-Seitz/O'Sullivan (the "Toyobo Litigation") pending in the United States District Court for the Southern District of Florida. For these services and for its services on other matters described in the Application, Venable has been compensated on an hourly basis, and reimbursed for costs and expenses incurred. In connection with such compensation and reimbursement, the Debtors and Venable agreed that $1 million worth of fees earned by Venable would be payable from the proceeds of any settlement that the Debtors might reach in the Toyobo Litigation. These fees were earned prepetition and do not represent a contingency fee. Venable has agreed to provide ongoing assistance and representation to the Debtors post-petition with respect to the Toyobo Litigation and will seek to be compensated on an hourly basis and reimbursed for costs and expenses incurred in connection with the Toyobo Litigation.

3.      With respect to Venable's representation of entities in which Steel Partners, an equity holder of the Debtors, also owns or previously owned an interest, Venable further states that Steel Partners has or had an interest in the following companies for which Venable provides legal services:

      a.     Aerojet-General Corporation & GenCorp
             Building 2019/MS 5558/Dept 0101
             P.O. Box 1322
             Sacramento, CA  95813-6000

      b.     Del Global Technologies Corporation

        100 Pine Aire Drive
        Lake Shore, L.I., New York 11706

c.    United Industrial Corporation and wholly-owned subsidiary AAI Corporation
        AAI Corporation
        P.O. Box 126
        Hunt Valley, MD 21030-0126

As to the latter of these, it is Venable's understanding that Steel Partners has not held any interest in United Industrial Corporation or AAI Corporation since December 2007.

4.    During the ninety days prior to the Debtors' filing of their bankruptcy petitions, Venable received payments from the Debtors in the ordinary course of business in the amounts of $349,041.00 on March 5, 2010 and $76,214.13 on April 8, 2010. In addition, Venable applied retainers of $96,715.00 and $20,000.00 prepetition to amounts owed for legal services provided and expenses advanced on behalf of the Debtors.

5.    Venable will continue to supplement its disclosures in the future as may be required pursuant to Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

Dated: May 17, 2010

                                VENABLE LLP

                                By: */s/ Nancy R. Grunberg*
                                      Nancy R. Grunberg