UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :
                                                           :   Chapter 11
POINT BLANK SOLUTIONS, INC., *et al.*[1]                   :
                                                           :   Case No. 10-11255 (PJW)
                              Debtors.                     :
                                                           :   Jointly Administered
                                                           :
---------------------------------------------------------- x

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ARENT FOX LLP AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO APRIL 26, 2010

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Point Blank Solutions, Inc. ("Point Blank") and certain direct or indirect subsidiaries, as debtors and debtors-in possession (collectively, the "Debtors"), for entry of an order authorizing the employment and retention of Arent Fox LLP ("Arent Fox") as counsel to the Committee, *nunc pro tunc* to April 26, 2010, pursuant to Sections 504 and 1103(a) of Title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"); and upon the Declaration of Andrew I. Silfen (the "Silfen Declaration") in support of the Application; and it appearing that Arent Fox represents no interest adverse to the Committee, the Debtors, the Debtors' estates, or their creditors with respect to the matters for which Arent Fox is to be engaged, that Arent Fox is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code, and that the employment and retention of Arent Fox is necessary and in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

NYC/483305.1

best interests of the estates; and good and adequate notice of the Application having been given, and after due deliberation and sufficient cause appearing; therefor, it is hereby

ORDERED, that the Application is APPROVED and GRANTED; and it is further

ORDERED, Arent Fox's employment is necessary and in the best interests of the Debtors' estates, and creditors; and Arent Fox's hourly rates for its paralegals and attorneys set forth in the Silfen Declaration are reasonable; and it is further

ORDERED, that pursuant to Section 1103 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 5002 and Local Bankruptcy Rule 2014-1, the Committee is hereby authorized and empowered to employ and retain Arent Fox as its counsel, effective *nunc pro tunc* to April 26, 2010, on the terms and conditions set forth in the Application and the Silfen Declaration, and the retention of Arent Fox as counsel in accordance with Arent Fox's normal hourly rates and disbursement policies as set forth in the Silfen Declaration is hereby approved, except as expressly provided herein; and it is further

ORDERED, that compensation and reimbursement of expenses to be paid to Arent Fox shall be paid as an administrative expense of the Debtors' estates in such amounts as shall be allowed and determined upon appropriate applications to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines for fees, and all orders and such other procedures as may be fixed by the Court; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2010

_____<br>UNITED STATES BANKRUPTCY JUDGE