IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
                                                   :
*In re*                                            :   Chapter 11
                                                   :
POINT BLANK SOLUTIONS INC., *et al.*,              :   Case No. 10-11255 (PJW)
                                                   :   (Jointly Administered)
                    Debtors.[1]                    :
                                                   :   **Obj. Deadline: June 3, 2010 at 4:00 p.m. (EDT)**
---------------------------------------------------x   **Hearing Date: June 10, 2010 at 11:00 a.m. (EDT)**

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF THE ROSNER LAW GROUP LLC AS CO-COUNSEL TO CREDITORS' COMMITTEE *NUNC PRO TUNC*

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ The Rosner Law Group LLC ("RLG") as its co-counsel *nunc pro tunc* to April 26, 2010, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: (i) Point Blank Solutions, Inc. (9361), (ii) Point Blank Body Armor, Inc. (4044); (iii) Protective Apparel Corporation of America (9051); and (iv) PBSS, LLC (8203).

{00003516.}

statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

2. The Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") on April 14, 2010 (the "Petition Date"). The Debtors remain in possession of their assets and continue to manage their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. These Chapter 11 Cases are being jointly administered for procedural purposes only and no trustee or examiner has been appointed.

3. The Committee was appointed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") by notice dated April 26, 2010 [D.I. 71]. At the conclusion of the Committee formation meeting held April 26, 2010, the Committee selected Arent Fox LLP ("Arent Fox") and RLG as its co-counsel in these Chapter 11 Cases subject to Court approval under Bankruptcy Code section 1103(a).

## RETENTION OF RLG

4. Subject to approval by this Court, the Committee wishes to employ RLG as its co-counsel to represent it and perform services for the Committee in connection with carrying out its duties and responsibilities under the Bankruptcy Code during the Chapter 11 Cases.

5. Pursuant to section 1103(a) of the Bankruptcy Code, a committee appointed under section 1102 of the Bankruptcy Code may, with the Court's approval, select one or more attorneys, accountants, or other agents to perform services for such committee. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that the Court approve the employment of RLG as its co-counsel in these Chapter 11 Cases *nunc pro tunc* to

April 26, 2010, because of the need for RLG to begin work immediately to effectively represent the Committee.

6. By separate application, the Committee is seeking to retain and employ, pursuant to section 1103(a) of the Bankruptcy Code, Arent Fox as lead counsel in these Chapter 11 Cases. Pursuant to Local Rule 9010-1(c), the Committee is required to retain Delaware counsel. Arent Fox and RLG have discussed a division of responsibilities regarding representation of the Committee and will make every effort to avoid and/or minimize duplication of services in these Chapter 11 Cases.

7. The Committee has selected RLG as its Delaware counsel because of the firm's extensive experience and knowledge in the field of creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court. The Committee believes that RLG is both well qualified and able to represent it in these Chapter 11 Cases in a most efficient and timely manner.

8. The Committee believes that the services of RLG are necessary to enable it to execute faithfully its statutory duties. Subject to further order of this Court, RLG will render the following professional services:

>  (a) advise the Committee of its rights, powers and duties in these Chapter 11 Cases;
>
>  (b) assist and advise the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 Cases;
>
>  (c) assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

(d) assist with the Committee's investigation of the acts, conduct, assets liabilities and financial condition of the Debtors and of the operation of the Debtors' businesses;

(e) assist the Committee in its analysis of, and negotiations with, the Debtors or their creditors concerning matters related to, among other things, the terms of any plan or plans of reorganization or liquidation or any section 363 sale;

(f) prepare on behalf of the Committee any necessary motions, applications, objections, answers, orders, reports and papers in furtherance of the Committee's interests and objectives; and

(g) perform all other necessary legal services as may be required and are deemed to be in the interests of the Committee in connection with the Chapter 11 Cases.

9. RLG has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as co-counsel to the Committee. Furthermore, to the best of the Committee's knowledge, the principal and associates of RLG do not have any connection with or any interest adverse to that of the Committee, its creditors, or any other party in interest, or their respective attorneys, except as set forth in the affidavit of Frederick B. Rosner (the "Rosner Declaration"), a copy of which is attached hereto as Exhibit B.

10. RLG intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes that RLG be paid its customary hourly rates in effect from time to time as set forth in the Rosner Declaration. The Committee submits that these rates are reasonable.

## DISINTERESTEDNESS OF RLG

11. To the best of the Committee's knowledge, information and belief, and except as set forth in the Rosner Declaration, RLG does not hold any interest adverse to the Committee or the Debtors' estates and, while employed by the Committee, will not represent any person having an adverse interest in connection with these cases, and RLG is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

## NO PRIOR REQUEST

12. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) granting this Application, (ii) authorizing the Committee to retain and employ RLG as its co-counsel, *nunc pro tunc* to April 26, 2010, and (iii) granting such other and further relief the Court deems just and proper.

Dated: May 17, 2010
Wilmington, Delaware

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: _____
An Authorized Representative

LARRY R. ELLIS