# **EXHIBIT B**

**[Rosner Declaration]**

{00003516.}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :   Chapter 11
                                                               :
POINT BLANK SOLUTIONS INC., *et al.*,                          :   Case No. 10-11255 (PJW)
                                                               :
            Debtors.[1]                                        :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## DECLARATION OF FREDERICK B. ROSNER

FREDERICK B. ROSNER, hereby declares as follows:

1. I am an attorney admitted to practice in the State of Delaware and before this Court, and am a principal of The Rosner Law Group LLC ("RLG"). RLG is a Delaware law firm with offices at 1000 N. West Street, Suite 1200, Wilmington, Delaware 19801.

2. I submit this affidavit in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (the "Debtors") for an order approving the retention and employment of RLG as its Delaware counsel in the Chapter 11 Cases, in compliance with and to provide disclosure pursuant to sections 1102 and 504 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: (i) Point Blank Solutions, Inc. (9361), (ii) Point Blank Body Armor, Inc. (4044); (iii) Protective Apparel Corporation of America (9051); and (iv) PBSS, LLC (8203).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

{00003516.}

disclosed herein requires amendment or modification upon RLG's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, RLG intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by RLG during the case. The principal professionals and paraprofessionals designated to represent the Committee and the hourly rates they will charge on this matter are as follows:

    (a) Frederick B. Rosner    $450 per hour

    (b) Brian Arban    $300 per hour

    (c) Fred Sassler    $150 per hour

3. The hourly rates set forth above are RLG's standard hourly rates for work of this nature. RLG's standard rates are set at a level designed to compensate RLG fairly for the work of their attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals within RLG may from time to time serve the Committee in connection with the matters described herein.

4. It is RLG's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. RLG will charge the Committee for these expenses in a manner and at rates consistent with charges

made generally to RLG's other clients or as previously fixed by this Court. RLG believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

5. Neither I, RLG, nor any director or associate of RLG, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any Potential Party in Interest (as defined below), except as hereinafter set forth.

6. In preparing this affidavit, we used a set of procedures established by RLG to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by an official committee under the Bankruptcy Code. In that regard, RLG reviewed the lists of entities, attached hereto as <u>Exhibit 1</u>, disclosed by the Debtors who may be parties in interest in the Chapter 11 Cases, including, <u>inter alia</u>, the Debtors and their affiliates, Debtors' secured and/or allegedly secured creditors, the Debtors' largest unsecured creditors, the officers and directors and parties holding equity interest warrants in the Debtors (the "<u>Potential Parties in Interest</u>").

7. RLG maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of RLG to make and maintain these records. The conflict system maintained by RLG is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the attorney at RLG that is knowledgeable about the matter. It is the policy of RLG that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts,

including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by RLG. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

8. RLG may have in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or the Chapter 11 Cases, certain Potential Parties in Interest. However, RLG will not represent any of the foregoing potential parties in interest in any facet of the Debtors' Chapter 11 Cases.

9. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between RLG and (i) the U.S. Trustee or any person employed by the Office of the U.S. Trustee or (ii) any counsel, accountants, financial consultants and investment bankers who represent or may represent claimants or other parties in interest in these Chapter 11 Cases. In addition, as part of its practice, RLG appears in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. RLG has not and will not represent any such entities in relation to the Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Committee or its interests in the matters upon which RLG is to be employed.

10. Except as set forth herein, and based upon the information available to me, neither I, RLG nor any principal or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Committee in the matters upon which RLG is to be

employed. Based upon the information available to me, I believe that RLG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11. The proposed engagement of RLG is not prohibited by or improper under Bankruptcy Rule 5002(a).

12. No promises have been received by RLG, or by any principal or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. RLG has no agreement with any other entity to share with such entity any compensation received by RLG.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 7, 2010
Wilmington, Delaware

/s/ Frederick B. Rosner
Frederick B. Rosner (No. 3995)

# Exhibit 1 – Conflict Checklist

{00003516. }

**Debtors**

Point Blank Solutions Inc,
Point Blank Body Armor, Inc.
PBSS, LLC
Protective Apparel Corporation of America
DHB Industries, Inc.

**Debtor Affiliates**

Life Wear Technologies, Inc.
NDL Products, Inc.
LIFE STONE MATERIALS, LLC

**Directors and Officers**

James R. Henderson
Terry R. Gibson
Merrill A. McPeak
Robert Chefitz
Michelle Doery
Sam White
John Salerno
Frederick Jorgensen
Michael Foreman
Kenneth Edwards
Pat Stallings

**Secured Creditors/Lienholders**

Bank of America
DuPont
CIT Communications Finance

**Equity/Warrant Holders**

Hightower Capital Management
Steel Partners
David H. Brooks
Terry S. Brooks
Prescott Group Capital Management

**Top 35**

LINCOLN FABRICS INC
MINTZ LEVIN COHN FERRIS Glovsky & Popeo PC
BAKER BOTTS LLP
DUPONT ADVANCED FIBER
DURO TEXTILES LLC 1
MCDERMOTT, WILL & EMERY
COVINGTON & BURLING LLP
BRYAN CAVE LLP
CROWE HORWATH LLP
RICHARD KIBBE & ORBE LLP
CRAMER LLC
BETHEL INDUSTRIES INC
KOBRE & KIM LLP
DSM DYNEEMA B.V.
JL KAYA INC.
SMX SERVICES & CONSULTING
SCOVILL FASTENERS
LOOS AND CO INC
WACHOVIA SECURITIES
ASCENDO RESOURCES LLC
SERVICE BY AIR
INTERNATIONAL TEXTILE GRP
DALLCO INDUSTRIES INC.
LEADING TECH. COMPOSITES, INC.
GOODWIN PROCTOR LLP
ARMOR DESIGNS, INC.
MARCUM RACHLIN
PTI Machine
Margolin, Winer & Evens LLP
Morris, Nichols, Arsht & Tunnell LLP
ITW Waterbury Buckle Co.
Sergeant Major Associates, Inc.
Holland & Knight LLP

**Professionals**

Crowe, Rachlin
Brogan BPM
Deloitte
Mind the GAAP
SB-CFO Services
Trinity Business
GW Communications
American Stock Transfer
CRG Partners
RR Donnelly

Standard & Poors
Dunn & Bradstreet
Thompson Financial
Sergeant Major
GS Consulting
EPIQ
ERP
Ovation
ADT
Kgbherna, Inc.
Global Compliance
Venable
Bryan Cave
Olshan
Holland & Knight
Deloitte & Touche
Mintz Levin
Sercarz & Riopelle
Venable
MORRIS NICHOLS
COVINGTON & BURLING
RICHARDS, KIBBE & ORBE
KOBRE & KIM

**Landlords/Lessors**

TGI Office Automation
Dell
SAN Data Storage
Avaya Financial Services
Phone System
Microsoft Financing
ORACLE
Hyperion

**Utilities**

ADT Security
City of Deerfield
ATECH
FPL
ISN Telecom
Accesspoint
Southern Waste Sys
City of Oakland Pk
LaFollette Utilities Board

Powell-Clinch Utilities Dist.
Birch Communications
Scott Solid Waste
Caryville-Jacksboro Utility
Comcast
Sprint
Premiere Global Svcs
MAR-TEC
Direct TV
AT & T
Paetec
Accesspoint
Waste Management
Southern Waste System
Time Warner
Verizon
Terremark
All Service Refuse
T-Mobile