

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DECLARATION OF RONALD J. COLE IN SUPPORT OF DEBTORS'
APPLICATION TO RETAIN COLE, WARREN & LONG, INC. PURSUANT
TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED.R.BANKR.P. 2014(a), AND 2016**

Ronald J. Cole, being duly sworn, deposes and says:

1. I am the President and CEO of Cole, Warren & Long, Inc. ("Cole Warren"). I am authorized to execute and submit this Declaration on behalf of Cole Warren pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the *Debtors' Application to Retain Executive Search Firms Cole, Warren & Long, Inc., and the Mergis Group Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed.R.Bankr.P. 2014(a) and 2016* (the "Application").[2]

2. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Application.

70934-001\DOCS_DE:159433.2

3. Other than as described below, neither I, nor any, principal or employee of Cole Warren, insofar as I have been able to ascertain, has any connection with the Debtors or any of their creditors, equity holders, and/or professionals, with respect to the matters for which Cole Warren is to be employed, except as otherwise set forth herein.

4. Cole Warren did provide executive search services to the Debtors prior to the Petition Date. However, the Debtors do not owe Cole Warren any money in connection with such services, and Cole Warren does not have a claim against the Debtors. Cole Warren received $30,000 in payments from the Debtors during the year prior to the Petition Date.

5. In connection with the preparation of this Declaration, I have reviewed the list of parties provided by the Debtors which identities the Debtors' secured creditors, top 35 unsecured creditors, non-Debtor affiliates, and the Debtors' directors, officers and equity holders (collectively, the "Searched Parties") in order to ascertain whether any conflicts may exist with respect to Cole Warren's retention by the Debtors. The only connection that Cole Warren has with any of the Searched Parties is that Cole Warren has previously provided executive search services to Steel Partners in matters unrelated to these Chapter 11 Cases. That engagement concluded prior to the Petition Date.

6. Cole Warren a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Cole Warren, its principals, paraprofessionals and employees:

    a. are not creditors, equity security holders or insiders of the Debtors;

    b. are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

c. do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

7. Cole Warren and certain of its employees on its behalf may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. At this time, Cole Warren is not aware of such representations, except as otherwise disclosed above.

8. As set forth in the Application, Cole Warren seeks approval of its proposed contingency fee in the amount of (i) 25% of the annual salary of each senior executive that is retained by the Debtors as a result of Cole Warren's services, and (ii) 15% of the annual salary of each midlevel executive that is retained by the Debtors as a result of Cole Warren's services. Thee are the standard contingency fees that Cole Warren charges for work of the type being performed for the Debtors.

9. No promises have been received by Cole Warren as to payment of compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, and as disclosed in the Application and herein. Cole Warren has no agreement with any other entity to share with such entity any compensation received by Cole Warren.

10. Neither I, nor any partners, professionals, paraprofessionals, or any other employees of Cole Warren is an officer or employee of the Judicial Branch of the Untied States or the United States Department of Justice.

11. The foregoing constitutes the statement of Cole Warren pursuant to section 504 of the Bankruptcy Code, Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 24, 2010

*Ronald J. Cole*
Ronald J. Cole
President & CEO of Cole, Warren & Long, Inc.

70934-001\DOCS_DE:159433.2