**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DECLARATION OF IVONNE SIMON IN SUPPORT OF DEBTORS' APPLICATION TO RETAIN THE MERGIS GROUP, A DIVISION OF SFN PROFESSIONAL SERVICES LLC PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED.R.BANKR.P. 2014(a), AND 2016**

Ivonne Simon, being duly sworn, deposes and says:

1. I am the Practice Director of The Mergis Group ("Mergis"), a division of SFN Professional Services LLC. I am authorized to execute and submit this Declaration on behalf of Mergis pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the *Debtors' Application to Retain Executive Search Firms Cole, Warren & Long, Inc., and the Mergis Group, a division of SFN Professional Services LLC Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed.R.Bankr.P. 2014(a) and 2016* (the "Application").[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Application.

2. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

3. Other than as described below in paragraph 4, neither I, nor any, principal or employee of Mergis, insofar as I have been able to ascertain, has any connection with the Debtors or any of their creditors, equity holders, and/or professionals, with respect to the matters for which Mergis is to be employed. As set forth in the Application, Mergis did provide executive search services to the Debtors prior to the Petition Date. As of the Petition Date, the Debtors owed Mergis $7,641.00 in connection with placement services. Mergis acknowledges that it must waive any right to file a proof of claim for the $7,641.00, it was owed as of the Petition Date as a condition of its employment by the Debtor. Mergis received $53,927.96 in payments from the Debtors during the year prior to the Petition Date.

4. In connection with the preparation of this Declaration, I have reviewed the list of parties provided by the Debtors which identities the Debtors' secured creditors, top 35 unsecured creditors, non-Debtor affiliates, and the Debtors' directors, officers and equity holders (collectively, the "Searched Parties") in order to ascertain whether any conflicts may exist with respect to the retention of Mergis by the Debtors. The only connection that Mergis has with any of the Searched Parties is that Mergis has provided placement services and/or temporary staffing to the following entities:

    a. Dupont
    b. Covington & Burling LLP.
    c. Ranstad
    d. Dell
    e. Comcast
    f. AT&T

2

g. Time Warner
h. Verizon

5. Mergis is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Mergis, its principals, paraprofessionals and employees:

a. are not creditors, equity security holders or insiders of the Debtors;

b. are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

c. do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6. Mergis and certain of its employees on its behalf may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. At this time, Mergis is not aware of such representations, except as otherwise disclosed above.

7. As set forth in the Application, Mergis seeks approval of its proposed contingency fee in the amount of 15% of the annual salary of each lower level supervisor and/or manager that is retained by the Debtors as a result of the services provided by Mergis.

8. No promises have been received by Mergis as to payment of compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, and as disclosed in the Application and herein. Mergis has

3

no agreement with any other entity to share with such entity any compensation received by Mergis.

9. Neither I, nor any partners, professionals, paraprofessionals, or any other employees of Mergis is an officer or employee of the Judicial Branch of the Untied States or the United States Department of Justice.

10. The foregoing constitutes the statement of Mergis pursuant to section 504 of the Bankruptcy Code, Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 26th, 2010

*Ivonne Simon*
Ivonne Simon
Practice Director
The Mergis Group, a division of SFN Professional Services, LLC