IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
*In re* : Chapter 11
:
POINT BLANK SOLUTIONS INC., *et al.*, : Case No. 10-11255 (PJW)
: (Jointly Administered)
Debtors.[1] :
: **Obj. Deadline: Extended Until 6-9-10 on Consent**
---------------------------------------------------------x **Hearing Date: 6-10-10 at 11:00 a.m. (EDT)**

## STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE MOTION OF D. DAVID COHEN FOR RELIEF FROM THE AUTOMATIC STAY

The Official Committee of Unsecured Creditors (the "Committee") of Point Blank Solutions, Inc., *et al.* (the "Debtors"), by and through its proposed counsel, Arent Fox LLP and Messana Rosner & Stern, LLP, hereby files this statement (the "Statement") in response to the *Motion of D. David Cohen for Relief from the Automatic Stay* (the "Lift Stay Motion" and "Movant") [Docket No. 162] and respectfully states as follows:

### STATEMENT

1. The Committee believes the interests of the Debtors, the Movant and the Committee are aligned in terms of the desired end result – maximizing the value of these estates. D. David Cohen ("Cohen") sought the Committee's input and approval regarding the Lift Stay Motion. The Committee, in consultation with the Debtors, has discussed the many issues that might arise in connection with seeking relief of this type, including the effect it could have on creditors and their claims.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: (i) Point Blank Solutions, Inc. (9361), (ii) Point Blank Body Armor, Inc. (4044); (iii) Protective Apparel Corporation of America (9051); and (iv) PBSS, LLC (8203).

NYC/488691.3

2. The Committee believes that it is not yet definitively clear whether the ultimate approval of the settlement (the "Settlement") of the class and derivative actions against the Debtor Point Blank Solutions, Inc. will be a benefit or detriment to the Debtors' estates and creditors. The Committee would support the unwinding of the Settlement should the provision in the Settlement providing an indemnification from any liability under section 304 of the Sarbanes Oxley Act of 2002 ("SOX 304") be stricken, with the sole outcome being direct liability of Mr. Brooks under SOX 304 and the recovery of those funds by the Debtors' estates. Such a result would fulfill the statutory purpose of SOX 304 and provide a direct and tangible benefit to these estates. However, there are other possible consequences of unwinding the Settlement which may be less desirous from the Committee's perspective.

3. At this time, the Committee supports the relief sought by Cohen in the Lift Stay Motion solely to permit the United States Court of Appeals for the Second Circuit to rule as to the legality of the provisions indemnifying Mr. Brooks from any personal liability under SOX 304. The Committee, however, does not support the lifting of the automatic stay for any consequences that stem from the unwinding of the Settlement, including but not limited to the return of funds to the various third parties to the Settlement pursuant to the related escrow agreement. Therefore, any relief from stay order would necessarily be narrow and provide extensive protections for the estates. Such an order should be the product of consensual discussions between the Committee, the Debtors and the Movant.

4. Therefore, the Committee believes that consideration of the Lift Stay Motion should be adjourned for a period of 30 days in order to allow the Committee, the Debtors and the Movant to work out a consensual order that addresses the concerns of the Committee, the

Debtors and the Movant. If the Court denies the Motion, the Committee believes such denial should be without prejudice.

### **RESERVATION OF RIGHTS**

5. The Committee reserves the right to further address the Lift Stay Motion, the Debtors' Response to the Motion of D. David Cohen for Relief from the Automatic Stay, and any other ancillary issues and to respond to any reply of any party, either by further submission to this Court, at oral argument or by testimony to be presented at any hearing. The Committee expressly reserves the right to supplement this Statement at any time prior to or during the hearings on the Lift Stay Motion.

Dated: Wilmington, Delaware
        June 9, 2010

Proposed Counsel for the Official Committee of Unsecured Creditors for Point Blank Solutions, Inc., *et al.*

By: /s/ Frederick B. Rosner
Frederick B. Rosner
MESSANA ROSNER & STERN, LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 777-1111

- and -

Robert M. Hirsh
George P. Angelich
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900 (Tel.)
(212) 484-3990 (Fax)