IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., *et al.*[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 197** |

### ORDER (1) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM, (2) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (3) FIXING BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF BANKRUPTCY CODE § 503(b)(9) ADMINISTRATIVE EXPENSE CLAIMS, (4) FIXING BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF WARN ACT CLAIMS, (5) DESIGNATING FORM AND MANNER OF NOTICE THEREOF, AND (6) GRANTING RELATED RELIEF

Upon the Motion[2] of the above-captioned debtors and debtors in possession (the "Debtors"), seeking the issuance and entry of an order, pursuant to sections 501, 502(b)(9) and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 (a)(7) and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 2002-1(e) (the "Local Rules") (i) fixing a bar date for the filing of proofs of claim, (ii) fixing a bar date for the filing of proofs of claim by governmental units, as defined in section 101(27) of the Bankruptcy Code, (iii) fixing bar date for the filing of requests for allowance of

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

administrative expense claims under Bankruptcy Code § 503(b)(9), (iv) fixing bar date for the filing of requests for allowance of claims under the WARN Act (or any other similar state law worker notification statute), (v) designating the form and manner of notice thereof, and (vi) granting related relief; and it appearing that the relief sought in the Motion and the entry of this Order is appropriate and necessary in order for the Debtors to determine the nature, scope and classification of all claims; and it appearing that the relief sought in the Motion is reasonable and in the best interests of the Debtors and their estates; and no adverse interest being represented, and sufficient cause appearing therefore, and upon due deliberation given, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that all claims, as defined in section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"), **arising prior to the Petition Date**, including any claims against the Debtors' estates based on the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal or equitable liability, or otherwise (each a "Claim"), except as otherwise provided for or specifically excepted herein, shall be filed with Epiq Bankruptcy Solutions, LLC (the "Claims Agent"), in writing, together with supporting documentation, substantially conforming with Official Bankruptcy Form 10, or as otherwise prescribed or authorized under the Bankruptcy Rules on or before **August 13, 2010, at 4:00 p.m. prevailing Eastern time** (the "Claims Bar Date"), at the office of the Claims Agent as set forth in the Bar Date notice; and it is further

ORDERED, that all governmental units (which shall include all entities defined as such in section 101(27) of the Bankruptcy Code, including any such entities that hold a Claim arising from prepetition tax years or periods or prepetition transactions to which a Debtors was a party) holding or wishing to assert Claims against the Debtors arising before the Petition Date, are required to file a proof of Claim on account of any claims such governmental unit holds or wishes to assert against the Debtors, so that the proof of Claim is **actually received** by the Claims Agent on or before **4:00 p.m. prevailing Eastern Time on October 12, 2010** (the "Governmental Unit Bar Date"); and it is further

ORDERED, that all parties asserting certain administrative expenses against the Debtors' estates arising under Bankruptcy Code § 503(b)(9), **whenever arising**, shall file a request for payment of such administrative expense with the Claims Agent (the "503(b)(9) Administrative Expense Request"), so that the Administrative Expense Request is **actually received** by the Claims Agent on or before **4:00 p.m. prevailing Eastern Time on August 13, 2010** (the "503(b)(9) Administrative Bar Date"); and it is further

ORDERED, that all parties asserting administrative expenses against the Debtors' estates arising under the WARN Act (or any other similar state law worker notification statute) as of July 31, 2010, shall file a request for payment of such administrative expense with the Claims Agent (the "WARN Act Administrative Expense Request"), so that the Administrative Expense Request is **actually received** by the Claims Agent on or before **4:00 p.m. prevailing Eastern Time on August 13, 2010** (the "WARN Act Claims Bar Date"); and it is further

ORDERED, that the following claims are *excepted* from the provisions of this Order and are not required to be filed on or before the Claims Bar Date, the Governmental Unit

Bar Date, 503(b)(9) Administrative Bar Date or WARN Act Claims Bar Date, unless otherwise ordered by the Court:

    a.    claims already duly filed in the chapter 11 cases with the Claims Agent or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801;

    b.    claims listed in the Debtors' schedules of assets and liabilities and statement of financial affairs (the "Schedules"), if the claimant does not dispute the (i) amount or manner in which its claim is listed on the Schedules or (ii) the nature and status of the claim and if such claim is not designated in the Schedules as "contingent", "unliquidated", "subject to adjustment", "disputed", or "unknown" (or assigned a zero amount); and

    c.    claims arising on or after the Petition Date, except as provided pursuant to the 503(b)(9) Administrative Bar Date or WARN Act Claims Bar Date.

ORDERED, that any proof of Claim required to be filed pursuant to the provisions of this Order and not filed on or before the Claims Bar Date, the Governmental Unit Bar Date, the 503(b)(9) Administrative Bar Date or the WARN Act Claims Bar Date, as applicable, shall be forever barred from assertion against the Debtors and the Debtors' estates in these chapter 11 cases, and the holder of such Claim shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

ORDERED, that in accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized to cause notice of the Claims Bar Date, the Governmental Unit Bar Date, the 503(b)(9) Administrative Bar Date and the WARN Act Claims Bar Date, in a form substantially of that annexed to the Motion as <u>Exhibit A</u> and incorporated herein, which form is hereby

approved, to be given by first class mail, postage prepaid, on or before **June 11, 2010**, upon (i) all known creditors, (ii) all parties listed on the Debtors' master mailing matrix; (iii) all entities having filed a notice of appearance and demand for papers, and (iv) the Office of the United States Trustee.

ORDERED that the Debtor is hereby authorized to cause notice of Claims Bar Date, the Governmental Unit Bar Date, the 503(b)(9) Administrative Bar Date and the WARN Act Claims Bar Date, in a form substantially of that annexed to the Motion as Exhibit B, to be published by no later than **June 18, 2010** in the national edition of the USA Today; and it is further

ORDERED that this Court shall retain jurisdiction to interpret, implement and enforce the terms and provisions of this Order.

Dated: June 10, 2010

_____
Honorable Peter J. Walsh
United States Bankruptcy Court