IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., *et al.*[1] | ) | Case No. 10-11255 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: July 7, 2010 at 4:00 p.m.**
**Hearing Date: July 14, 2010 at 11:00 a.m.**

## APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF JOHNSON ASSOCIATES, INC. AS COMPENSATION ADVISOR TO THE DEBTORS NUNC PRO TUNC TO MAY 27, 2010

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this application (this "Application") for an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a), 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Johnson Associates, Inc., *nunc pro tunc* to May 27, 2010, as the Debtors' compensation advisor in these chapter 11 cases. The facts and circumstances supporting this Application are set forth in the *Affidavit of Jeff Visithpanich in Support of Application of Debtors for Entry of an Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Johnson Associates, Inc. as Compensation Advisor Nunc Pro Tunc to May 27, 2010* (the "Visithpanich Affidavit") filed concurrently herewith. In support of this Application, the Debtors state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

## Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## Background

4. Debtor Point Blank Solutions, Inc. ("PBSI") is a leading manufacturer and provider of bullet, fragmentation and stab resistant apparel and related ballistic accessories, which are used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. Since 1998, PBSI has supplied over 80% of U.S. military soft body armor vest requirements to protect soldiers and marines around the world. PBSI and its subsidiaries Debtor Point Blank Body Armor ("PBBA") and Debtor Protective Apparel Corporation of America ("PACA") are major players in the domestic law enforcement market with broad brand recognition and a best value reputation. The Debtors' products are sold through a variety of means, including direct sale contracts, a corporate sales force, sales agents and a network of distributors.

5. On April 14, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The

Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

6. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of T. Scott Avila, Chief Restructuring Officer of the Debtors, in Support of First Day Motions* [Docket No. 3].

## Relief Requested

7. By this Application, the Debtors seek to employ and retain the firm of Johnson Associates, Inc. ("JAI" or the "Firm") as their compensation advisor to review, analyze and testify (to the extent necessary) about compensation issues that may arise during the course of these chapter 11 cases. Accordingly, the Debtors respectfully request the entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing them to employ and retain JAI, *nunc pro tunc* to May 27, 2010, as their compensation advisor, and authorize JAI to perform the advisory services that may be required in these cases with respect to employee compensation.

8. The Debtors seek to retain JAI as their compensation advisor because of JAI's extensive experience and knowledge in the field of executive compensation and because of JAI's expertise, experience and knowledge with executive compensation programs for troubled companies, particularly debtors and debtors in possession.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to JAI on an hourly basis, plus reimbursement

of actual, necessary expenses and other charges incurred by JAI. The current standard hourly rates are as follows:

| | | |
|---|---|---|
| a. | Alan Johnson | $635.00 per hour |
| b. | Jeff Visithpanich | $365.00 per hour |
| c. | Staff and Associates | $200.00 to $300.00 per hour |

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Either Jeff Visithpanich or Alan Johnson will render the primary services pursuant to the proposed engagement. A copy of their respective biographies are attached hereto as Exhibit A. In addition, various additional staff and associates may from time to time serve the Debtors in connection with the matters herein described.

11. The hourly rates set forth above are JAI's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate JAI for the work of its professionals and staff and to cover fixed and routine overhead expenses. It is JAI's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. JAI will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to JAI's other clients. JAI believes

4

that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. The professional services that JAI will render to the Debtors include, but shall not be limited to, the following:

    a. perform compensation analyses as necessary;

    b. provide expert testimony, at one or more depositions and/or hearings related to these chapter 11 cases, regarding compensation analyses, and

    c. such other advisory services as determined necessary by the Debtors.

13. JAI has advised the Debtors that it does not hold any interest or represent any other entity having an adverse interest in connection with Debtors' cases, as set forth in the Visithpanich Affidavit. Except as disclosed in the Visithpanich Affidavit, to the best of the Debtors' knowledge, information and belief, other than in connection with these cases, JAI has no connection with the Debtors, their creditors, the Office of the United States Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except that from time to time, JAI has represented, and likely will continue to represent, certain creditors of Debtors and various other parties adverse to Debtors or creditors in these cases in matters unrelated to these chapter 11 cases.

14. To the best of the Debtors' knowledge, information and belief, JAI represents no interest adverse to the Debtors in the matters for which the Debtors propose to retain JAI. The Debtors believe that JAI is a "disinterested person," as defined in Section

101(14) of the Bankruptcy Code. The Debtors submit that their proposed employment of JAI is in the best interests of the Debtors and their estates. The Debtors' knowledge, information and belief regarding the matters set forth herein are based, and made in reliance, upon the Visithpanich Affidavit.

### Notice

15. A copy of the Application has been served upon the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; (iii) counsel for the Official Committee of Unsecured Creditors; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

16. No prior Application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

THEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the employment and retention of JAI as their compensation advisor in these chapter 11 cases, *nunc pro tunc* to May 27, 2010, pursuant to section 327(a) of the Bankruptcy Code and Rules 2014(a), 2016 and 5002 of the Bankruptcy Rules, and grant such further relief as is just and proper.

Dated: June 22, 2010

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Curtis A. Hehn*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Curtis A. Hehn (Bar No. 4264)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
  dbertenthal@pszjlaw.com
  chehn@pszjlaw.com
  jfried@pszjlaw.com
  tcairns@pszjlaw.com

Counsel to Debtors and Debtors in Possession