# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Point Blank Solutions, Inc., et al.[1] | : | Case No. 10-11255-PJW |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : |  |

## FIRST MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 28, 2010 THROUGH MAY 31, 2010

| | |
|---|---|
| Name of Applicant: | CBIZ Accounting, Tax & Advisory of New York, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | June 10, 2010 *Nunc Pro Tunc* as of April 28, 2010 |
| Period for which compensation and reimbursement is sought: | April 28, 2010 through May 31, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $146,508.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $7,455.62 |
| This is a: | Monthly Fee Application |

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor, Inc. Protective Apparel Corporation of America and PBSS LLC

# CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM APRIL 28, 2010 THROUGH MAY 31, 2010

## EMPLOYEE TIME SUMMARY

| Initial | Name | Title | Rate | Time | Amount |
|---------|------|-------|------|------|--------|
| JS | Jeff Sutton | Managing Director | $ 645.00 | 33.7 | $ 21,736.50 |
| BR | Brian Ryniker | Director | $ 420.00 | 96.7 | 40,614.00 |
| AP | A J Patel | Senior Manager | $ 360.00 | 149.4 | 53,784.00 |
| KK | Karl Knechtel | Senior Manager | $ 360.00 | 22.6 | 8,136.00 |
| GS | Gennady Spivak | Associate | $ 260.00 | 62.0 | 16,120.00 |
| BC | Brian Conroy | Associate | $ 160.00 | 77.0 | 12,320.00 |
| RH | Robert Hung | Associate | $ 175.00 | 2.0 | 350.00 |
| JR | Jennifer Roncoroni | Associate | $ 155.00 | 3.4 | 527.00 |
| BJ | Brian Jordan | Associate | $ 130.00 | 2.7 | 351.00 |
| RC | Robert Cikos | Associate | $ 125.00 | 14.0 | 1,750.00 |
| | | | | 463.5 | 155,688.50 |
| **Less: Voluntary Reduction** | | | | | 9,180.00 |
| **Total** | | | | 463.5 | $ 146,508.50 |

## OUT-OF-POCKET EXPENSES INCURRED

| Expense Type | Work Date | Initial | Total |
|--------------|-----------|---------|-------|
| Computer Technology | 5/26/2010 | BR | $ 7.99 |
| **Computer Technology Total** | | | **7.99** |
| | | | |
| Travel | 5/26/2010 | BR | 1,807.15 |
| | 5/31/2010 | GS | 1,038.87 |
| | | AP | 1,891.87 |
| | | AP | 1,350.64 |
| **Travel Total** | | | **6,088.53** |
| | | | |
| Meals | 5/26/2010 | BR | 144.60 |
| | 5/31/2010 | GS | 517.66 |
| | | AP | 432.65 |
| | | BC | 264.19 |
| **Meals Total** | | | **1,359.10** |
| | | | |
| **Grand Total** | | | **$ 7,455.62** |

# COMPENSATION BY PROJECT CATEGORY

| Project Code | Time | | Fees |
|---|---|---|---|
| Case Administration -- General | 11.6 | $ | 3,852.00 |
| Business Analysis – DIP Operations | 139.4 | | 46,075.50 |
| Business Analysis – DIP Financing | 88.8 | | 37,309.00 |
| Business Analysis – Historical Financial Statements | 62.8 | | 12,682.50 |
| Asset Analysis and Recovery – Insider Analysis | 16.5 | | 3,850.00 |
| Asset Analysis and Recovery – Lender Analysis | 9.7 | | 2,490.00 |
| Teleconferences/Meetings – Debtor/Counsel | 30.8 | | 11,658.00 |
| Teleconferences/Meetings – UCC/Counsel | 26.5 | | 12,103.50 |
| Attendance at Hearings | 17.4 | | 7,308.00 |
| Travel Time | 60.0 | | 18,360.00 |
| | **463.5** | | **155,688.50** |
| **Less: Voluntary Reduction** | | | 9,180.00 |
| **Total** | **463.5** | $ | **146,508.50** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| Point Blank Solutions, Inc., et al.[1], | Case No. 10-11255-PJW |
| | Jointly Administered |
| Debtors. | |

**FIRST MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>APRIL 28, 2010 THROUGH MAY 31, 2010</u>**

CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. (collectively "CBIZ") hereby submits this First Monthly Fee Application as Financial Advisors to the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), for Compensation and Reimbursement of Expenses for the period from April 28, 2010 through May 31, 2010 (the "<u>Application</u>"). By this Application, CBIZ, as Financial Advisors to the Committee in this proceeding, seeks interim approval and payment of compensation for financial and accounting services performed and expenses incurred during the period commencing April 28, 2010 through May 31, 2010 (the "<u>Compensation Period</u>"). In support hereof, CBIZ respectfully represents the following:

## I. FACTUAL BACKGROUND

1. On April 14, 2010 (the "<u>Petition Date</u>"), Point Blank Solutions, Inc. and its affiliate debtors (hereinafter collectively "<u>Point Blank Solutions, Inc.</u>" or the "<u>Debtors</u>") filed separate, voluntary petitions for relief under Chapter 11, title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor, Inc. Protective Apparel Corporation of America and PBSS LLC

"Bankruptcy Court"). The Debtors' bankruptcy cases are jointly administered pursuant to Fed.R.Bankr.P. 1015.

2.     The Debtors are continuing in possession of their respective properties and are operating and managing their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.     On April 26, 2010, the United States Trustee for Region 3 (the "U.S. Trustee") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Formational Meeting"). At the Formational Meeting, the U.S. Trustee appointed the following five (5) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) Lincoln Fabrics Inc.; (ii) Bethel Industries, Inc.; (iii) SMX Services and Consulting, Inc.; (iv) Ascendo Resources, LLC; and (v) Mr. Larry R. Ellis. Upon formation, the Committee selected CBIZ as its financial advisors.

4.     The Committee selected CBIZ because its professionals have a great deal of experience representing creditors' committees in cases and proceedings under the Bankruptcy Code, and the Committee has confidence in CBIZ's ability to provide superior financial and accounting services during these bankruptcy cases.

5.     On June 9, 2010, the Bankruptcy Court approved the Committee's retention of CBIZ as Financial Advisors. A copy of the Order Authorizing Employment of CBIZ, *Nunc Pro Tunc* as of April 28, 2010, as financial advisors for the Official Committee of Unsecured Creditors is attached as Exhibit C.

## II.    COMPENSATION AND REIMBURSEMENT OF EXPENSES

6.     CBIZ submits this Application to the Bankruptcy Court for the allowance of reasonable compensation for actual and necessary professional services provided to the Committee as its financial advisors in these cases and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee during the Compensation Period.

All included services and costs for which CBIZ seeks compensation were performed for, or on behalf of, the Committee during the Compensation Period.

7.     CBIZ billed a total of $146,508.50 in fees and disbursed $7,455.62 in expenses in its efforts performed on behalf of the Committee during the Compensation Period.

8.     By this Application, CBIZ thus seeks: (a) allowance of compensation in the amount of $146,508.50 for financial and accounting services rendered during the Compensation Period, and reimbursement in the amount of $7,455.62 for expenses incurred and disbursed during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $117,206.80 (80% of the compensation requested) and reimbursement of expenses incurred by CBIZ during the Compensation Period in the amount of $7,455.62 (100% of the expenses incurred) is permitted at this time.

9.     For the Bankruptcy Court's review, a summary containing the names of each CBIZ professional and paraprofessional rendering services to the Committee during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit A-1.

10.     In addition, Exhibit A-2 contains the detail for time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

11.     Exhibit B and Exhibit B-1 contain a breakdown of expenses incurred and disbursed by CBIZ during the Compensation Period. CBIZ has incurred out-of-pocket expenses during the Compensation Period in the amount of $7,455.62.

### III.     ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

12.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered

by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." See 11 U.S.C. § 330(a)(1)(A). The professionals requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

13.    In determining the amount of reasonable compensation to be awarded, the Bankruptcy Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

14.    With respect to the time and labor expended by CBIZ in this case, as set forth in Exhibit B, during the Compensation Period, CBIZ rendered professional services in the aggregate amount of $146,508.50. CBIZ believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of, the Committee and the time expended, organized by project task categories, as follows:

## A. CASE ADMINISTRATION

During the Compensation Period, CBIZ reviewed case status, motions, docket filings, and various litigations. Prepared retention affidavit, conflict check, various information requests, and other correspondences. Planned and discussed procedures to be performed with staff in order to effectively service the requests of Counsel and the Committee.

CBIZ seeks compensation for 11.6 hours of reasonable and necessary expenses incurred for Case Administration during the Compensation Period in the total amount of $3,852.00.

## B. BUSINESS ANALYSIS – DIP OPERATIONS

During the Compensation Period, CBIZ reviewed and analyzed the Debtors' various DIP projections and weekly actual versus budget comparisons as well as the continued roll-forward of the net cash flow. Reviewed and commented on various revised budgets prepared by the Debtor's financial advisors, including related bridge analyses. CBIZ reviewed and analyzed the Debtor's weekly and cumulative actual results versus the original and revised budgets. Identify and reported back to the Debtors' financial advisers numerous discrepancies within the weekly comparisons, including the roll-forward of cash, DIP balance and the cumulative columns. In addition, CBIZ reviewed and reported back on certain issues raised by the Committee and Counsel, inclusive of but not limited to the Debtors' key employee incentive plan, salary increase for the chief executive office, and switch in product lines. Preparation of weekly financial updates to the Committee on the status of potential new contracts, net cash flow, April monthly operating report and response to specific analyses requested by Committee. CBIZ seeks compensation for 139.4 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Operations during the Compensation Period in the total amount of $46,075.50.

## C. BUSINESS ANALYSIS – DIP FINANCING

During the Compensation Period, CBIZ reviewed the DIP financing motions, related loan documents with Bank of America, the corporate guarantor and Steel Partners II, interim financing order, and cash flow projections. Reviewed and commented on the limited number of financing term sheets received prior to the bankruptcy filing and questioned

the process for obtaining the related party DIP financing loan. Prepared detailed memo to the Committee regarding loan background and key DIP financing terms. CBIZ seeks compensation for 88.8 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Financing during the Compensation Period in the total amount of $37,309.00.

## D. BUSINESS ANALYSIS – HISTORICAL FINANCIAL STATEMENTS

During the Compensation Period, CBIZ reviewed monthly and yearly financial statements as well as the current trial balance and related support for all the Debtor entities. Preparation of detailed analyses of the available assets and potential liabilities as of the Filing Date. Analysis and report on potential off balance sheet recoveries related to full reserved assets, including but not limited to Zylon inventory, Toyoba litigation and federal income tax refunds. CBIZ seeks compensation for 62.8 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Historical Financial Statements during the Compensation Period in the total amount of $12,682.50.

## E. ASSET ANALYSIS AND RECOVERY – INSIDER ANALYSIS

During the Compensation Period, CBIZ compiled a list of insiders and potential related parties identified through a review of the Debtors' motions, SEC filings and other sources. Research and review of legal documents and pending litigations related to David Brooks, Dawn Schlegel and Sandra Hatfield. Preparation of lists of assets frozen by the Department of Justice, transfers from the Debtors and managed by David Brooks. Preliminary review of disbursements for the two-year period prior to filing for payments issued to insiders and related parties. CBIZ seeks compensation for 16.5 hours of reasonable and necessary expenses incurred for Asset Analysis and Recovery – Insider Analysis during the Compensation Period in the total amount of $3,850.00.

### F. AVOIDANCE ACTIONS – LENDER ANALYSIS

During the Compensation Period, CBIZ reviewed documents related to the Bank of America loan and the Corporate Guarantor, including the loan agreement and amendments. Analyzed the loan balance, availability and collateral values using the available borrowing base certificates and financial statements for the 90-day period prior to the Filing Date as well as the Filing Date. In addition, reviewed the previously discussed loan documents and internal trial balances for the periods ending March 31, 2010 and December 31, 2009 for fees and expenses paid to the pre-petition lenders. CBIZ seeks compensation for 9.7 hours of reasonable and necessary expenses incurred for Avoidance Actions – Lender Analysis during the Compensation Period in the total amount of $2,490.00.

### G. TELECONFERENCES/MEETINGS - DEBTOR/COUNSEL

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Debtor's Management, Debtor's Financial Advisors (CRG Partners), and Counsel. Issues discussed included various DIP projections, actual versus budget operational results, status of information requests, DIP financing, and boards of director independence among other matters. CBIZ seeks compensation for 30.8 hours of reasonable and necessary expenses incurred for Teleconferences/Meetings - Debtor/Counsel during the Compensation Period in the total amount of $11,658.00.

### H. TELECONFERENCES/MEETINGS - UCC/COUNSEL

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Committee and Counsel. Issues discussed included status of information requests from the Debtors, DIP financing concerns, various DIP projections, DIP operations, actual versus budget results, and board of director independence, among other matters. CBIZ seeks compensation for 26.5 hours of reasonable and necessary

expenses incurred for Teleconferences/Meetings - UCC/Counsel during the Compensation Period in the total amount of $12,103.50.

## I. ATTENDANCE AT HEARINGS

During the Compensation Period, CBIZ prepared for and attended a hearing for DIP financing. Included discussions and negotiations with Steel Partners, Bank or America and the Debtors' professionals regarding certain terms outlined in the proposed DIP Financing Final Order. CBIZ seeks compensation for 17.4 hours of reasonable and necessary expenses incurred for Attendance at Hearings during the Compensation Period in the total amount of $7,308.00.

## J. TRAVEL TIME

During the Compensation Period, CBIZ traveled to and from the Debtors' headquarters in Pompano Beach, Florida. The purpose of conducting field visits was requested by Committee to expedite the information request process and interview management. CBIZ has included a voluntary reduction related to 50% of the hourly billing rate during Travel Time. CBIZ seeks compensation for 60.0 hours of reasonable and necessary expenses, net of the voluntary reduction, during the Compensation Period in the total amount of $9,180.00.

15. CBIZ charged and now requests those fees that are customary and charged by most financial advisors in this marketplace for similar Chapter 11 cases. Billing rates set forth in CBIZ's Summary of Professionals and Paraprofessionals Rendering Services from April 28, 2010 through May 31, 2010 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, CBIZ stated in the Application of the Official Committee of Unsecured Creditors to Employ CBIZ, *Nunc Pro Tunc*, as of April 28, 2010, as Financial Advisors to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 331(a) and Fed.R.Bankr.P. 2014 (D.I. 184) ("Retention Application") and the accompanying

11

Declarations in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. CBIZ's standard hourly rates for work of this nature are set at a level designed to fairly compensate CBIZ for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses.

16.     In addition, as set forth in its Retention Application, the Committee believed that the retention of CBIZ, as its financial advisors would be cost-effective and efficient.

17.     Further, the Committee sought to retain CBIZ as its financial advisors due to its extensive experience and knowledge in the field of creditors' rights, and because of its expertise, experience and knowledge practicing before the Bankruptcy Court in matters that were likely to arise in this case before this court. The Committee also believed that the retention of CBIZ was necessary for the Committee to properly and adequately discharge its fiduciary duties to creditors in these cases, and that CBIZ would provide distinct benefits to the Committee and enhance the administration of the bankruptcy case.

18.     This Application covers the period from April 28, 2010 through May 31, 2010. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for prepared the instant application subsequent to the Compensation Period. Accordingly, CBIZ reserves the right to make further applications to the Bankruptcy Court for allowance of fees and expenses not included herein.

19.     CBIZ has voluntarily reduced their billing rates by 50% for all travel time totaling $9,180.00. In the event an objection is filed to this or other fee applications, we reserve the right to subsequently bill this time.

20.   CBIZ believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.LR.2016-2, the Administrative Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

WHEREFORE, CBIZ respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $146,508.50 and reimbursement of expenses in the amount of $7,455.62 for the period from April 28, 2010 through May 31, 2010 and payment according to the procedures set forth in the Administrative Compensation Order.

Dated: June 28, 2010
      New York, New York

Respectfully submitted,

CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK LLC AND CBIZ, INC.

By: _____
Charles M. Berk
1065 Avenue of the Americas
New York, NY 10018
Telephone: (212) 790-5883
Facsimile: (212) 790-5909
E-mail: cberk@cbiz.com

Sworn to before me this
25th day of June, 2010

TONIA SHERROD
Notary Public, State of New York
No. 02-SH6025238
Qualified in New York County
Commission Expires May 24, 20___