IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :
                                                           :    Chapter 11
POINT BLANK SOLUTIONS, INC., *et al.*[1]                   :
                                                           :    Case No. 10-11255 (PJW)
                                       Debtors.            :
                                                           :    Jointly Administered
                                                           :
                                                           :    **Related Dkt. No. 148**
---------------------------------------------------------- X

## OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' APPLICATION TO RETAIN PILLSBURY WINTHROP SHAW PITTMAN AS SPECIAL COUNSEL TO THE DEBTORS' SPECIAL COMMITTEE *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014

The Official Committee of Unsecured Creditors (the "Committee")[2] of Point Blank Solutions, Inc., *et al.* (the "Debtors"), by and through its co-counsel, Arent Fox LLP and The Rosner Law Group LLC, hereby file this objection (the "Objection") to the *Debtors' Application to Retain Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") as Special Counsel to the Debtors' Special Committee Nunc Pro Tunc to the Petition Date Pursuant to Section 327(E) of the Bankruptcy Code and Bankruptcy Rule 2014* (the "Pillsbury Retention Application") [Docket No. 148]. In support hereof, the Committee states as follows:

    1.    The relief requested in the Pillsbury Retention Application provides clear evidence that the Debtors' board of directors (the "Board") is unable to function effectively

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] All capitalized terms that are not expressly defined in this Objection shall have the meaning ascribed to them in the Pillsbury Retention Application.

NYC/492101.3

and without domination and control by Steel Partners LLC ("Steel"). Although the Committee has general issues and concerns with the retention of Pillsbury, the fact that Debtors require the retention of three sets of professionals to advise four individual Board members (two of whom are supposedly "independent") raises serious questions about the Debtors' management and the Board's ability to conduct itself in accordance with its fiduciary obligations. Rather than retain yet another set of estate professionals to accommodate the problems associated with the Board, the Debtors should be exploring ways to address the Board composition.

2. The dominance of Steel over the Board has placed control of the Debtors in Steel's hands. Two of the four current Board members are Steel employees, and the other two Board members were proposed by Steel, making Steel the party with complete control over the company.[3] Steel also is the DIP Lender and has direct ties to a major creditor of the Debtors. In addition, Steel has an equity position in the Debtors.[4] Over the past few years, Steel systematically has taken greater and greater control of the Debtors while reducing its stake in the company.

3. The Debtors seek to utilize the services of Pillsbury as special counsel to a special committee of the Board. This special committee of two (2) members makes up half of the total four (4) member board. The Debtors already employ Pachulski Stang Ziehl & Jones LLP ("Pachulski") as general bankruptcy counsel to the Debtors. In addition, the Debtors retained Olshan Grundman Frome Rosenzweig & Wolosky LLP ("Olshan") as outside general

---

[3] In 2008, Steel, at the time a 9.6% shareholder, bid $5.50 per share for all of Point Blank Solutions, Inc. That bid was rejected by the Board and a proxy fight ensued, resulting in the appointment of five Steel representatives to the Board, and then ultimately a management agreement with James Henderson, then an employee of SP Corporate Services LLC, a management service affiliate of Steel.

[4] Steel holds a significant equity stake in the parent company of JPS Composite Materials Corporation ("JPS"), one of the Debtors' critical vendors and the Debtors' second largest unsecured creditor, which is owed approximately $4.5 million.

corporate counsel, which caused concerns in and of itself.[5] Now, in addition to the services of Pachulski and Olshan, the Debtors seek to add yet another layer of oversight and expense to these cases through the retention of Pillsbury to represent the Special Committee comprised of "independent" directors to consider potential financing arrangements, asset sales, and other matters in situations where certain non-independent members of the Board have a perceived or actual interest.

4. Retaining yet a third law firm to analyze issues that should be easily addressed by Debtors' counsel – possibly with the assistance of Debtors' outside general counsel - demonstrates an entirely inefficient use of estate resources. The fact that Debtors' counsel believes that adding an additional layer of professionals to oversee the Board makes it clear that the Board is unable to function as it should, and strongly indicates that the appointment of an independent fiduciary may be necessary and appropriate in these cases.

5. Further, the Committee believes that Henderson's role as CEO of the Debtors is influenced by his significant Steel connections. Henderson is a Steel insider. Henderson has several significant direct and indirect contacts with Steel: (i) he is a Managing Director and operating partner of Steel; (ii) he was appointed to his position by the Board at the request of Steel; and (iii) he is the chairman of the board of directors of Del Global Technologies, in which Steel is a significant shareholder.

6. The Committee has additional, more general issues and concerns regarding the Pillsbury Retention Application. The Committee's issues and concerns include the following: the Debtors' failure to articulate the need to retain Pillsbury and any specific benefit the estates

---

[5] The retention of Olshan was so problematic for two of the Debtors' Board members that they resigned when James Henderson ("Henderson"), the Debtors' Chief Executive Officer, selected Olshan to represent the Debtors, citing concerns about Henderson's unilateral waiver of conflicts of interests.

will derive from Pillsbury's services; the nature and scope of Pillsbury's services; and the source of payment of Pillsbury's fees.

7. In the Pillsbury Retention Application, which generally is vague and incomplete, the Debtors do not explain why they need to retain Pillsbury, other than providing a general statement in support of their application. The Debtors have failed to allege any specific benefit to be obtained by the estates as a result of Pillsbury's retention, other than a general statement that such retention is in the best interests of the Debtors' estates.

8. However, should the Court grant the relief requested in the Pillsbury Retention Application – which, as discussed in detail above, it should not – the order authorizing Pillsbury's retention should clarify the extent of Pillsbury's services. Specifically, any entered order should provide that Pillsbury's services will only be used for issues relating to Steel, which are the issues the Debtors argue will create a potential conflict of interest for certain members of the Board, in order to ensure the most efficient use of these estate's resources relating to Pillsbury's retention. In summary, the Pillsbury Retention Application underscores the need to address the Board composition and the Debtors' management, rather than the creation of an unnecessary additional layer of expense in these cases.

9. The Committee reserves the right to further address the Pillsbury Retention Application and any other ancillary issues and to respond to any reply of the Debtors or any party, either by further submission to this Court, at oral argument or by testimony to be presented at any hearing. The Committee expressly reserves the right to supplement this Objection at any time prior to or during the hearings on the Pillsbury Retention Application.

WHEREFORE, the Committee respectfully requests that the Court deny the relief requested in the Pillsbury Retention Application, and grant and further relief as is just and proper.

Dated: Wilmington, Delaware
June 29, 2010

Counsel for the Official Committee of Unsecured Creditors for Point Blank Solutions, Inc., *et al.*

By: /s/ Scott J. Leonhardt
Frederick B. Rosner (DE #
Scott J. Leonhardt (DE #4885)
THE ROSNER LAW GROUP LLC
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 295-5093
sleonhardt@mrs-law.com

- and-

Robert M. Hirsh
George P. Angelich
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900 (Tel.)
(212) 484-3990 (Fax)