IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| POINT BLANK SOLUTIONS, INC., et al. | : | Case No. 10-11255 (PJW) |
| | : | |
| Debtors. | : | **Objection Deadline: July 9, 2010[1]** |
| | : | **Hearing Date: July 14, 2010 at 11:00 a.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a), 2015 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF JOHNSON ASSOCIATES, INC. AS COMPENSATION ADVISOR TO THE DEBTORS NUNC PRO TUNC TO MAY 27, 2010**

In support of her objection (the "Objection") to the Debtors' Application for Entry of an Order Pursuant to 11 U.S.C. § 327(a) and Fed.R. Bankr. P. 2014(a), 2015 and 5002 Authorizing the Employment and Retention of Johnson Associates, Inc. as Compensation Advisor to the Debtors Nunc Pro Tunc to May 27, 2010 (the "Application"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500

---

[1] The objection deadline was extended by agreement of the parties.

(6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.     Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

## Background

4.     On April 14, 2010 (the "Petition Date"), each of the Debtors[2] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.     A statutory committee of unsecured creditors was appointed on April 26, 2010 (the "Committee").

6.     The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     The Debtors filed the Application on June 22, 2010.

## Preliminary Statement

8.     The U.S. Trustee objects to the Application on the grounds that the retention of Johnson Associates ("JAI") is inappropriate as such retention provides no benefit to the Debtors' estates and is unnecessary to the administration of this case. Accordingly, the U.S. Trustee can discern no benefit which will enure to the Debtors' estates from the retention and thus, believes that their retention and future compensation by these estates is inappropriate.

## Argument

9.     The Application states that the Debtors seek to retain JAI "as their compensation advisor to review, analyze and testify (to the extent necessary) about compensation issues that may arise during the course of these chapter 11 cases." (Application, ¶ 7). Other than this vague

---

[2]    All capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

and conclusory statement, the Debtors have not identified any concrete need for the services of JAI in this case. The Debtors have already implemented a key employee incentive plan (the "KEIP") and it does not appear from the Application that JAI was involved with the formulation of the KEIP.[3]

10. The Bankruptcy Code only authorizes Courts to award fees to professional persons retained by a debtor for "necessary services" rendered by such professional which are "necessary to the administration of the case."

11. Sections 330(a)(1)&(3) of the Bankruptcy Code provide:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 -
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person . . .
>
> (3) In determining the amount of reasonable compensation to be awarded. . . ., the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
>> (C) whether the services were necessary to the administration of, . . . a case under this title;"

11 U.S.C. § 330(a)(1)&(3).

12. The Bankruptcy Code is clear that a professional may only be awarded reasonable compensation for services that are necessary to the administration of the case.

13. As noted above, the services to be performed by JAI do not appear to be necessary to the administration of this case. The Debtors' KEIP was approved by the Court approximately one month ago. The Application does not specify any services that JAI has or is

---

[3] The KEIP was approved by order of the Court dated June 10, 2010.

actually expected to perform, except for issues that "may" arise during the course of the case.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Application as written and/or granting such other relief as this Court deems appropriate, fair and just.

    Respectfully submitted,

    **ROBERTA A. DeANGELIS**
    **UNITED STATES TRUSTEE**

    **By:**   /s/ Jane M. Leamy
        Jane M. Leamy (#4113)
        Trial Attorney
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207, Lockbox 35
        Wilmington, DE 19801
        (302) 573-6491

Dated: July 9, 2010         (302) 573-6497 (Fax)