IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., et al.[1] | ) | Case No. 10-11255 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related to Docket No. 271** |

**ORDER PURSUANT TO 11 U.S.C. § 327(A)
AND FED. R. BANKR. P. 2014(A), 2016 AND 5002
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
JOHNSON ASSOCIATES, INC. AS COMPENSATION ADVISOR
TO THE DEBTORS NUNC PRO TUNC TO MAY 27, 2010**

Upon consideration of the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to employ and retain Johnson Associates, Inc. ("JAI") as compensation advisor in these chapter 11 cases, *nunc pro tunc* to May 27, 2010, and upon the affidavit of Jeff Visithpanich (the "Visithpanich Affidavit"); and the Court being satisfied, based on the representations made in the Application and Visithpanich Affidavit, that JAI represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, that JAI is a "disinterested person" as that term is defined under section 104(14) of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not defined herein shall have the same meaning as in the Application.

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of JAI is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is GRANTED; and it is further

ORDERED that the Debtors are authorized to employ and retain JAI as their compensation advisor in these chapter 11 cases, *nunc pro tunc* to May 27, 2010, on the terms set forth in the Application and the Visithpanich Affidavit; and it is further

ORDERED that JAI shall apply to the Court for allowances of compensation and reimbursement for expenses incurred in accordance with the Application and procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 14 2010

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge

2

DOCS_DE:160330.1