IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Re Docket No. 148** |

## SUPPLEMENTAL REPLY TO THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' APPLICATION TO RETAIN PILLSBURY WINTHROP SHAW PITTMAN AS SPECIAL COUNSEL TO THE DEBTORS' SPECIAL COMMITTEE *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014

Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), the proposed special counsel to the special committee (the "Special Committee") of the board of directors of Point Blank Solutions, Inc. (together with its affiliated debtors, the "Debtors") hereby files this supplemental reply (the "Supplemental Reply") to the Objection (the "Objection") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to the Application (the "Application")[2] of the debtors seeking authority to retain Pillsbury as Special Counsel to the Special Committee in these cases *nunc pro tunc* to the Petition Date. Pillsbury submits this Supplemental Reply in further support of the Debtors' Application and hereby states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Unless defined specifically herein, capitalized terms bear the meanings given to them in the Application.

500575081v4

DOCS_DE:161949.1

## Supplemental Reply

The Creditors' Committee's opposition to the Debtors' Motion is an ill-conceived, sidewise attempt to wrest control of a functioning company in the process of a successful reorganization. Despite the Creditors' Committee's baseless assertion at the July 14th hearing, these Debtors are well on their way to a successful restructuring, and their continued success will depend in large measure on their ability to rely on the Special Committee to assist the Debtors' board of directors to fulfill their fiduciary duties. Opposition to the Debtors' Motion threatens to capsize successful restructuring efforts; as such, this Court should grant the Application and overrule the Objection.

At the hearing held before this Court on July 14th—and in their Motion for the Appointment of an Examiner or Chapter 11 Trustee (ECF No. 334) (the "Trustee Motion"), the Creditors' Committee raised the specter of interested Debtors riding roughshod over the rights of stockholders and creditors. Not only are these assertions baseless, but the Debtors have already undertaken efforts to ensure that their restructuring efforts—including any transaction with an affiliated entity—are entirely fair. At the heart of these efforts is the Special Committee and its role as an oversight authority.

Absent the Special Committee's involvement, the Debtors' organized restructuring process will be placed in jeopardy. As indicated at the hearing held on July 14, 2010, the Debtors are in the process of arranging for a sale of the company. In assessing any sale or other transaction, the Debtors will rely on the Special Committee and its retained professionals to ensure that any transaction is entirely fair and not subject to successful challenge on those grounds. *See, e.g., Kahn v. Lynch Commc'n Sys., Inc.*, 638 A.2d 1110, 1120-21 (Del. 1994)

500575081v4

DOCS_DE:161949.1

(outlining the impact of an independent committee of directors on entire fairness analysis); *In re Trans World Airlines, Inc. S'holders Litig.*, No. Civ. A. 9844, 1988 WL 111271 at *7 (Del. Ch. Oct. 21, 1988) (same). Concomitantly, and not unimportantly, ensuring that such transaction is entirely fair by means of a properly functioning Special Committee provides the board the comfort that it has fulfilled its fiduciary duties.

Independent committees, such as the Special Committee, are important for complex transactions because the committee's processes serve as "powerful evidence of fair dealing." *In re Gesoff v. IIC Indus., Inc.*, 902 A.2d 1130, 1145 (Del. Ch. 2006). This in turn gives a company assurance that the transactions it negotiates will withstand scrutiny if a creditor or shareholder later asserts that the transaction was not entirely fair. *See id.* ("[P]arties have relied increasingly on such committees to prove entire fairness, seeking to assure themselves that important transactions will withstand scrutiny.") However, an important part of the independence that forms the *sine qua non* of a special committee is access to independent professionals that help the committee to render its decisions. Without advisors to assist an independent committee to assess transactions and fulfill their corporate responsibilities, the company's transactions and negotiations may be vulnerable to challenge. For the Debtors, where a transaction with an affiliate could be the key to successful restructuring, this means that any such transaction would be open to subsequent attack, which at the very least would raise transaction costs, if it in fact does not dissuade the affiliate from entering the transaction altogether for fear the transaction would later be set aside.

Realistically, then, the Special Committee cannot properly perform its function, and thus cannot help the Debtors to achieve their objectives noted above, without proper advisors. *See*

3

*Gesoff*, 902 A.2d at 1146 ("As has been repeatedly held, special committee members should have access to knowledgeable and independent advisors, including legal and financial advisors."); *see also* Del. L. of Corp. & Bus. Org. § 9.35 (2010) ("In conducting its work, a special committee composed of independent directors must maintain true independence. The maintenance of independence often is assisted through the retention of independent legal and financial advisors who report solely to the special committee.") (citing *Strassburger v. Earley*, 752 A.2d 557, 567 (Del. Ch. 2000)). Waiting until the court has determined the Creditors Committee's Trustee Motion before permitting Pillsbury's retention will deny the company's stockholders and board of directors the protections that a properly functioning special committee are intended to advance. The proper course of action is for this Court to appoint Pillsbury to represent the Special Committee.

As the Delaware case law makes clear, the relief the Debtors have requested is not at all unusual. Ironically, the Creditors' Committee's Trustee Motion itself creates the need for independent representation of the Special Committee, both through that motion's disposition and *nunc pro tunc* to the Petition Date. The Creditors' Committee raises substantial issues that assault the independence of the Special Committee and threaten the propriety of its actions taken to date. In light of the Creditors' Committee's allegations, it will be necessary for the Special Committee to prepare its own response to the Trustee Motion, which will require the assistance of independent advisors. Indeed, given the substantial efforts that the Special Committee has had to undertake to date both in assisting the Debtors and defending its existence and independence, it is particularly appropriate for this Court to grant the retention *nunc pro tunc* to the Petition Date.

500575081v4

DOCS_DE:161949.1

Given that the requested relief is entirely reasonable and in line with standard corporate governance, the threat to the Debtors' restructuring process is entirely unreasonable. Each of the harms the Creditors' Committee has identified can properly be addressed by empowering the Special Committee to review and assess transactions. They merely require the retention of Pillsbury to assist them. Based on the fact that the Application is fair, meets all standards under the Bankruptcy Code, and helps to avoid the Creditors' Committee's attempts to capsize the Debtors' restructuring, Pillsbury submits that its retention is proper.

## Conclusion

WHEREFORE, based on the foregoing and on the points and authorities set forth in the Application, Pillsbury requests that the Court overrule the Objection and Grant the Debtors' Motion.

Dated: July 20, 2010
New York, New York

/s/ *Karen B. Dine*
PILLSBURY WINTHROP SHAW PITTMAN LLP
Richard L. Epling (*admitted pro hac vice*)
Karen B. Dine (*pro hac vice application pending*)
1540 Broadway
New York, New York 10036
Tel.: (212) 858-1000
Fax: (212) 858-1500

500575081v4

DOCS_DE:161949.1