IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re:                                                :   Chapter 11
                                                      :
POINT BLANK SOLUTIONS, INC., et al.[1]                :   Case No. 10-11255 (PJW)
                                                      :
                                           Debtors.   :   Jointly Administered
                                                      :
                                                      :
                                                      :
------------------------------------------------------x

SETTLEMENT STIPULATION BY AND BETWEEN
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE
DEBTORS REGARDING MOTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER APPOINTING A
CHAPTER 11 TRUSTEE, OR IN THE ALTERNATIVE, APPOINTING AN
EXAMINER PURSUANT TO 11 U.S.C. §§ 1104(A) & (C) & 105(A)
AND BANKRUPTCY RULES 2007.1 AND 9014

The Official Committee of Unsecured Creditors (the "Committee") appointed in these cases and the captioned debtors and debtors in possession (together, the "Debtors") hereby stipulate and agree to the entry of this Settlement (as defined below) as follows:

Recitals

A.    On April 14, 2010, each of the Debtors filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. ("PBSI") (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

70934-001\DOCS_DE:163132.3

their businesses and manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases to date.

B. On April 26, 2010, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") and appointed five (5) members thereto. The Committee subsequently met and voted to retain Arent Fox LLP and The Rosner Group LLC as counsel to the Committee, which retention the Court approved by entering an order on June 10, 2010 [Docket No. 234]. On April 28, 2010, the Committee selected and voted to retain CBIZ MHM LLC as its financial advisors, which retention the Court approved by entering an order on June 10, 2010 [Docket No. 235].

C. On July 13, 2010, the Committee filed the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Appointing a Chapter 11 Trustee, or in the Alternative, Appointing an Examiner Pursuant to 11 U.S.C. §§ 1104(A) & (C) & 105(A) and Bankruptcy Rules 2007.1 and 9014* (the "Motion") [Docket No. 334].

D. On July 19, 2010, the Debtors filed the *Debtors' Preliminary Response to the Motion of the Official Committee of Unsecured Creditors to Appoint a Chapter 11 Trustee or Examiner* (the "Preliminary Response") [Docket No. 362].

E. On July 26, 2010, the United States Trustee filed the *First Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 398].

F.  On July 30, 2010, the United States Trustee filed the *United States Trustee's Motion for an Order Directing the Appointment of an Examiner* (the "UST Examiner Motion") [Docket No. 423].

G.  On August 24, 2010, the Debtors filed the *Debtors' Opposition to the United States Trustee's Motion for an Order Directing Appointment of an Examiner* [Docket No. 510].

H.  On August 25, 2010, the Debtors filed the *Debtors' Opposition to the Motion of the Official Committee of Unsecured Creditors to Appoint a Chapter 11 Trustee or Examiner* [Docket 513] (the "Opposition").

I.  The Committee and the Debtors have engaged in good-faith negotiations to resolve the issues raised in the Motion, and have agreed that it is in the best interests of the Debtors' estates that the Motion be withdrawn, and that the Debtors and the Committee stipulate and agree to the terms of this settlement, pursuant to the terms provided below ("Settlement").

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:

1.  <u>Withdrawal of the Motion</u>. The Committee agrees to withdraw the Motion without prejudice. Based on the Committee's investigation and discovery to date, and the Debtors' consent to the matters set forth in this Settlement, together with the ongoing, good faith negotiations in connection with: (i) replacement, extension and modification of the DIP Loan (as defined below) and (ii) establishment of plan and sale milestones consistent with the new, modified and/or extended DIP loan, the Committee has concluded that appointment of a trustee or examiner is not only unnecessary at this time but potentially harmful to the sale process

(which, to date, has been transparent, fair and robust) without any offsetting benefit to be achieved through an investigation of facts and circumstances that are not otherwise directly relevant to the current status of the case and, to the extent appropriate, may be addressed at a later time.

2. <u>Opposition to the UST Examiner Motion</u>. The Committee agrees to oppose the UST Examiner Motion.

3. <u>No Admission as to the Propriety of the Motion</u>. The Debtors agree that the withdrawal of the Motion is in the best interests of their estates. The Debtors dispute the merits of the Motion, but accept the Committee's determination that, given the Debtors' commitments herein, which the Debtors contend could and would have been achieved without filing of the Motion, moving forward with the Motion at this juncture is not in the best interests of the estates.

4. <u>Sharing of Information</u>. The Committee and Debtors agree that the Debtors' professionals and Committee's professionals are cooperating and working constructively in all aspects of the bankruptcy case, and agree to continue to do so, including but not limited to providing the Committee's professionals with pertinent financial information and minutes from Board meetings. The Committee reserves the right to seek emergency relief from the Court should the Debtors fail to cooperate and work constructively with the Committee in all aspects of this bankruptcy case, including but not limited to timely providing the Committee's professionals with pertinent financial information and minutes from Board meetings. The Debtors reserve the right to oppose any such relief.

5. <u>Board Observer</u>. A board observer (the "Board Observer") will be appointed by the Committee from a list of three individuals that will be proposed by the Debtors' Chief Restructuring Officer, T. Scott Avila, to the Committee within five days of execution of this Stipulation. The Observer will be an independent party and report to both the Committee and the Official Committee of Equity Security Holders (the "Equity Committee"). The Board Observer's role shall be to "observe and report." The Board Observer shall not speak at board meetings or participate in board deliberations. The Board Observer shall be recused from board meetings upon the commencement of deliberations or discussions regarding motions brought by the Committee or the Equity Committee, objections by the Committee or the Equity Committee to pleadings filed in these cases, and/or discussions regarding the Debtors' strategy with respect to treatment of creditors and/or equity. The Board Observer will be retained by the Debtors' estates and compensated as an estate professional. The Board Observer shall be entitled to attend all Board and Subcommittee (as that term is defined in the Opposition) meetings and deliberations, and to receive all packages, communications and other information provided to the Board from the date of the Committee's designation until otherwise agreed or ordered by the court, provided however that appropriate confidentiality provisions shall be agreed by the parties or, failing such agreement, ordered by the Court. The Board Observer will report to the Committee and Equity Committee concerning matters observed on a bi-weekly basis or more often, as required in the Board Observer's reasonable discretion. The Board Observer shall provide copies of all of its written reports to the Debtors.

6. <u>Appointment of an Examiner</u>. In the event that an examiner is appointed pursuant to the UST Examiner Motion, there shall not be a Board Observer. In the event that the Court appoints an examiner, the Committee and the Debtors reserve their rights to be heard with respect to the scope of the examiner's duties.

7. <u>Communications Among the Parties</u>. The Debtors and the Committee confirm that all parties in interest in these cases, including, without limitation, the Debtors, the Committee, the DIP Lender, and their respective principals and professionals, shall abide by the well established rules of conduct and assure that their communications, whether written, oral, or electronic, respect and abide by appropriate standards of confidentiality.[2] Further, it is confirmed that (a) all parties may continue to represent their own respective interests in these cases, and (b) all parties serving in a representative capacity shall conduct themselves in a manner consistent with the performance of their representative and fiduciary duties, taking all reasonable and appropriate measures to avoid potential conflicts of interest. Further, all parties in interest will take all necessary steps to ensure the confidentiality and security of electronic communications and data, pursuant to the terms of this paragraph.

---

[2] The parties and their professionals include the Debtors (Point Blank Solutions, Inc., Point Blank Body Armor Inc., Protective Apparel Corporation of America and PBSS LLC); the Debtors' Bankruptcy Counsel (Pachulski, Stang, Ziehl and Jones), the Debtors' Corporate Counsel (Olshan Grundman From Rosenweig & Wolosky LLP); counsel to the Special Committee of the Debtors' Board of Directors (Pillsbury, Winthrop Shaw Pitman LLP); the Debtors Financial Advisor (CRG Partners), the Debtors' retained ordinary course professionals, the Official Committee of Unsecured Creditors' counsel (Arent Fox LLP and Messana Rosner & Stern, LLP), the Official Committee of Unsecured Creditors' members (Larry R. Ellis, Lincoln Fabrics, Inc., Bethel Industries, and SMX Services and Consulting, Inc.); the Official Committee of Unsecured Creditors' Financial Advisors (CBIZ, Inc.), and the DIP Lender (Steel Partners II, L.P.) Nothing herein shall preclude any entity and MHM LLC or person that proposes or contemplates a transaction with the Debtors from receiving confidential information as long as any such entity has executed an appropriate confidentiality agreement with the Debtors. Nor shall any party to the bankruptcy case, e.g., the Equity Committee, its counsel (Morrison Cohen LLP and Bayard, P.A.) and its financial advisor (Goldin Associates, LLC) be precluded from receiving confidential information as long as any such party has executed an appropriate confidentiality agreement.

8.  **Joint Prosecution.** The Debtors and the Committee agree to a joint prosecution agreement (the "Joint Prosecution Agreement"), that provides in material part for the sharing of information, including privileged information, with the Committee regarding issues pertaining to ongoing investigations and litigation relating to the Debtors' former officers and their actions, as well as negotiating with various governmental agencies who have brought and/or are investigating various actions related to the Debtors and their estates. The Joint Prosecution Agreement does not grant the Committee derivative standing or "co-standing" with the Debtors, but the Debtors agree that the Committee has the right to intervene in any such litigation. Further, the Committee reserves all rights to seek standing (and the Debtors reserve the right to oppose any such standing motion), and, in the event that the Debtors refuse to pursue litigation in connection with the Joint Prosecution Agreement, then the Committee shall be granted derivative standing.

9.  **DIP Amendment.** The Debtors and the Committee agree that proposed sale and confirmation deadlines should be consistent with the terms of an extended, modified or new DIP Loan.

10. **Dispute Resolution.** The Debtors and the Committee shall make good-faith attempts to consensually resolve any dispute concerning the interpretation and/or implementation of this Settlement. In the event that the Debtors and the Committee cannot consensually resolve any such dispute, the Debtors and the Committee each reserve the right to bring such dispute to the Court's attention on an emergency basis.

11. <u>Effective Date</u>. The terms of this Stipulation shall be effective upon execution of this Stipulation by the parties hereto. All terms and agreements described in this Settlement must be fully executed and implemented by August 31, 2010.

Dated: __8/31__, 2010
Wilmington, Delaware

| Counsel to the Debtors | Counsel to the Official Committee of Unsecured Creditors |
|---|---|
| By: /s/ Laura Davis Jones<br>Laura Davis Jones, Esq.<br>Alan Kornfeld, Esq.<br>Timothy P. Cairns, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>2000 Market Street, 10th Floor<br>Philadelphia, PA 19103<br>Tel: (302) 652-4100<br>Fax: (302) 652-4400 | By: /s/ Scott J. Leonhardt<br>Frederick B. Rosner, Esq.<br>Scott J. Leonhardt, Esq.<br>THE ROSNER LAW GROUP LLC<br>1000 N. West Street, Suite 1200<br>Wilmington, DE 19801<br>Tel: (302) 777-1111<br><br>- and-<br><br>Robert M. Hirsh<br>George P. Angelich<br>ARENT FOX LLP<br>1675 Broadway<br>New York, NY 10019<br>Tel: (212) 484-3900<br>Fax: (212) 484-3990 |