# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Point Blank Solutions, Inc., et al.[1] | Case No. 10-11255-PJW<br>Jointly Administered |
| Debtors. |  |

## THIRD MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2010 THROUGH JULY 31, 2010

| | |
|---|---|
| Name of Applicant: | CBIZ Accounting, Tax & Advisory of New York, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | June 10, 2010 *Nunc Pro Tunc* as of April 28, 2010 |
| Period for which compensation and reimbursement is sought: | July 1, 2010 through July 31, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $185,578.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,453.58 |
| This is a: | Monthly Fee Application |

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor, Inc. Protective Apparel Corporation of America and PBSS LLC

## CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM JULY 1, 2010 THROUGH JULY 31, 2010

### EMPLOYEE TIME SUMMARY

| Initial | Name | Title | Rate | Time | Amount |
|---|---|---|---|---|---|
| JS | Jeff Sutton | Managing Director | $ 675.00 | 15.5 | $ 10,462.50 |
| SG | Steven Golden | Tax Managing Director | $ 625.00 | 1.3 | 812.50 |
| BR | Brian Ryniker | Director | $ 455.00 | 93.2 | 42,406.00 |
| MTS | Mary Sheridan | Tax Director | $ 395.00 | 10.7 | 4,226.50 |
| AP | A J Patel | Senior Manager | $ 385.00 | 140.3 | 54,015.50 |
| KK | Karl Knechtel | Senior Manager | $ 385.00 | 101.0 | 38,885.00 |
| GS | Gennady Spivak | Associate | $ 285.00 | 98.8 | 28,158.00 |
| BJ | Brian Jordan | Associate | $ 140.00 | 54.8 | 7,672.00 |
| | | | | 515.6 | 186,638.00 |
| **Less: Voluntary Reduction** | | | | | (1,060.00) |
| **Total** | | | | 515.6 | $ 185,578.00 |

### OUT-OF-POCKET EXPENSES INCURRED

| Expense Type | Work Date | Initial | Total |
|---|---|---|---|
| Travel | 7/31/2010 | BR | $ 804.80 |
| | | JS | 182.00 |
| | | AP | 190.00 |
| **Travel Total** | | | 1,176.80 |
| | | | |
| Meals and Entertainment | 7/31/2010 | BR | 116.00 |
| | | AP | 47.50 |
| | | MTS | 83.68 |
| **Meals and Entertainment Total** | | | 247.18 |
| | | | |
| Messenger | 7/27/2010 | | 7.50 |
| **Messenger Total** | | | 7.50 |
| | | | |
| Postage | 7/29/2010 | | 22.10 |
| **Postage Total** | | | 22.10 |
| | | | |
| **Grand Total** | | | $ 1,453.58 |

## COMPENSATION BY PROJECT CATEGORY

| Project Code | Time | Fees |
|---|---:|---:|
| Case Administration - General | 3.0 | $ 1,025.00 |
| Business Analysis - DIP Financing | 4.0 | 1,820.00 |
| Business Analysis - DIP Operations | 62.4 | 24,250.00 |
| Business Analysis - Historical Financial Statements | 175.9 | 61,643.50 |
| Asset Analysis and Recovery - Preference Analysis | 13.7 | 2,425.50 |
| Asset Analysis and Recovery - Lender Analysis | 96.1 | 26,253.50 |
| Teleconferences/Meetings - Debtor/Counsel | 26.2 | 11,042.00 |
| Teleconferences/Meetings - UCC/Counsel | 45.9 | 20,274.50 |
| Tax Issues | 20.1 | 8,724.50 |
| Fee Application Preparation | 5.9 | 1,975.50 |
| Litigation Support - Analysis | 58.4 | 25,084.00 |
| Travel Time | 4.0 | 2,120.00 |
| | 515.6 | 186,638.00 |
| **Less: Voluntary Reduction** | | (1,060.00) |
| **Total** | **515.6** | **$185,578.00** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Point Blank Solutions, Inc., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11255-PJW<br>Jointly Administered |

**THIRD MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2010 THROUGH JULY 31, 2010**

CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. (collectively "CBIZ") hereby submits this Third Monthly Fee Application as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee"), for Compensation and Reimbursement of Expenses for the period from July 1, 2010 through July 31, 2010 (the "Application"). By this Application, CBIZ, as Financial Advisors to the Committee in this proceeding, seeks interim approval and payment of compensation for financial and accounting services performed and expenses incurred during the period commencing July 1, 2010 through July 31, 2010 (the "Compensation Period"). In support hereof, CBIZ respectfully represents the following:

## I. FACTUAL BACKGROUND

1. On April 14, 2010 (the "Petition Date"), Point Blank Solutions, Inc. and its affiliate debtors (hereinafter collectively "Point Blank Solutions, Inc." or the "Debtors") filed separate, voluntary petitions for relief under Chapter 11, title 11 of the United States Code (the

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor, Inc. Protective Apparel Corporation of America and PBSS LLC

4

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' bankruptcy cases are jointly administered pursuant to Fed.R.Bankr.P. 1015.

2. The Debtors are continuing in possession of their respective properties and are operating and managing their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On April 26, 2010, the United States Trustee for Region 3 (the "U.S. Trustee") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Formational Meeting"). At the Formational Meeting, the U.S. Trustee appointed the following five (5) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) Lincoln Fabrics Inc.; (ii) Bethel Industries, Inc.; (iii) SMX Services and Consulting, Inc.; (iv) Ascendo Resources, LLC; and (v) Mr. Larry R. Ellis. Upon formation, the Committee selected CBIZ as its financial advisors.

4. The Committee selected CBIZ because its professionals have a great deal of experience representing creditors' committees in cases and proceedings under the Bankruptcy Code, and the Committee has confidence in CBIZ's ability to provide superior financial and accounting services during these bankruptcy cases.

5. On June 9, 2010, the Bankruptcy Court approved the Committee's retention of CBIZ as Financial Advisors. A copy of the Order Authorizing Employment of CBIZ, *Nunc Pro Tunc* as of April 28, 2010, as financial advisors for the Official Committee of Unsecured Creditors is attached as Exhibit C.

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

6. CBIZ submits this Application to the Bankruptcy Court for the allowance of reasonable compensation for actual and necessary professional services provided to the

Committee as its financial advisors in these cases and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee during the Compensation Period. All included services and costs for which CBIZ seeks compensation were performed for, or on behalf of, the Committee during the Compensation Period.

7. CBIZ billed a total of $185,578.00 in fees and disbursed $1,453.58 in expenses in its efforts performed on behalf of the Committee during the Compensation Period.

8. By this Application, CBIZ thus seeks: (a) allowance of compensation in the amount of $185,578.00 for financial and accounting services rendered during the Compensation Period, and reimbursement in the amount of $1,453.58 for expenses incurred and disbursed during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $148,462.40 (80% of the compensation requested) and reimbursement of expenses incurred by CBIZ during the Compensation Period in the amount of $1,453.58 (100% of the expenses incurred) is permitted at this time.

9. For the Bankruptcy Court's review, a summary containing the names of each CBIZ professional and paraprofessional rendering services to the Committee during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit A-1.

10. In addition, Exhibit A-2 contains the detail for time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

11. Exhibit B and Exhibit B-1 contain a breakdown of expenses incurred and disbursed by CBIZ during the Compensation Period. CBIZ has incurred out-of-pocket expenses during the Compensation Period in the amount of $1,453.58.

6

### III. ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

12. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." See 11 U.S.C. § 330(a)(1)(A). The professionals requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

13. In determining the amount of reasonable compensation to be awarded, the Bankruptcy Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

14. With respect to the time and labor expended by CBIZ in this case, as set forth in Exhibit B, during the Compensation Period, CBIZ rendered professional services in the aggregate amount of $185,578.00. CBIZ believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of, the Committee and the time expended, organized by project task categories, as follows:

### A. CASE ADMINISTRATION

During the Compensation Period, CBIZ reviewed case status, motions, objections and responses for financial issues and concerns. Planned and discussed procedures to be performed with staff in order to effectively service the requests of Counsel and the Committee. CBIZ prepared various follow up e-mails related to information requests and outstanding questions inclusive of tax refunds, sale process goals and off balance sheet assets and liabilities. CBIZ seeks compensation for 3.0 hours of reasonable and necessary expenses incurred for Case Administration during the Compensation Period in the total amount of $1,025.00.

### B. BUSINESS ANALYSIS – DIP FINANCING

During the Compensation Period, CBIZ responded to questions from Counsel regarding amendment to DIP financing and covenant issues. Assisted in the process of identifying potential alternative DIP lenders. CBIZ seeks compensation for 4.0 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Financing during the Compensation Period in the total amount of $1,820.00.

### C. BUSINESS ANALYSIS – DIP OPERATIONS

During the Compensation Period, CBIZ reviewed and analyzed the Debtors' various approved DIP projections, proposed revised budgets, and continued roll-forward of the net cash flow. Reviewed and commented on the noted budgets, including related bridge analyses, additional support and various changes. CBIZ reviewed and analyzed the Debtors' weekly and cumulative actual results versus the original and revised budgets. Identify and reported back to the Debtors' financial advisers numerous issues with the weekly comparisons, including the roll-forward of cash, DIP balance and the cumulative columns. CBIZ also assisted in reviewing documents and responding to questions related

to the ad hoc equity committee. In addition, CBIZ reviewed and reported back on certain issues raised by the Committee and Counsel, inclusive of but not limited to the Debtors' recently filed motions, discrepancies and issues identified in the DIP budgets, sale process, inventory roll-forwards, and switch in product lines. Preparation of weekly financial updates to the Committee on the status of potential new contracts, net cash flow, June monthly operating report and response to specific analyses requested by Committee. CBIZ reviewed and commented on the sale process and DIP financing to the Committee. CBIZ also researched competitors for the Debtor per various online sources and prepared comprehensive list of competitors to include in the strategic listing of potential buyers. CBIZ seeks compensation for 62.4 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Operations during the Compensation Period in the total amount of $24,250.00.

### D. BUSINESS ANALYSIS – HISTORICAL FINANCIAL STATEMENTS

During the Compensation Period, CBIZ reviewed monthly and yearly financial statements as well as the Filing Date trial balance and related support for all the Debtor entities. CBIZ finalized detailed analyses of the available assets and potential liabilities as of the Filing Date. Finalized draft report that included analysis and reporting on potential off balance sheet recoveries related to full reserved assets, including but not limited to Zylon inventory, Toyoba litigation, federal income tax refunds as well as potential avoidance actions. Issued draft report for the Committee providing a comprehensive breakdown of the estate's potential assets and potential claims, as well as rollforwards for certain significant balance sheet items from March 31, 2010 to the Filing Date. CBIZ reporting included historical financial statements, Filing Date financial statements, potential accumulated deficit, potential avoidance actions, as well as the

Debtor operations and various financial difficulties prior to the Filing Date. The report was presented to the Committee to assist in responding to Committee questions and concerns, including significant cash build up in a payroll account, prepayment of certain insurance policies, as well as prepayments to Debtor's professionals prior to the Filing Date. The report was also used as a consolidated resource for the preparation of a draft waterfall analysis requested by the Committee. The preliminary preparation of an estimated distribution analysis to creditors requested by the Committee included laying out significant line items for potential recoveries and claims. CBIZ seeks compensation for 175.9 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Historical Financial Statements during the Compensation Period in the total amount of $61,643.50.

### E. ASSET ANALYSIS AND RECOVERY – PREFERENCE ANALYSIS

During the Compensation Period, CBIZ reconciled a disbursement register to various bank accounts. Prepared analysis of 90-day disbursements prior to Filing based on review of two-year disbursement schedules, with vendor subtotals. CBIZ also reconciled the disbursements reported on the payroll register to the bank statements. CBIZ compiled bank statement disbursements with bank names, location, account numbers, and descriptions to all transactions. CBIZ reviewed of status of history and invoice support file to be used in preference analysis. CBIZ reviewed the Debtor's payment history and supporting invoice file and reconciled amounts. Review of changes made to the payment history and invoice file for purposes of combining and reconciling amounts. CBIZ seeks compensation for 13.7 hours of reasonable and necessary expenses incurred for Asset Analysis and Recovery – Preference Analysis during the Compensation Period in the total amount of $2,425.50.

### F. AVOIDANCE ACTIONS – LENDER ANALYSIS

During the Compensation Period, CBIZ reviewed, at the request of Committee Counsel, documents related to the Bank of America loan and the Corporate Guarantor (DuPount), including the loan agreement and amendments. Reviewed Debtors' board minutes provided for information relating to Steel Partners, Bank of America and Corporate Guarantor and the relationship of each. In addition, CBIZ reviewed of over 60,000 documents from the Bank of America document production and discussed loan history and transactions with Bank of America senior loan officer. CBIZ reviewed the history of the Bank of America loan from inception in 2007 through the Filing Date. The detailed review included an analysis of outstanding loans (revolver and term), analysis of various amendments (twenty-one in total) and related fees, availability during the loan period, covenant defaults, as well as the borrowing base analyses. CBIZ review of the Bank of America loan and Corporate Guarantor included identifying information that could potential be used in any lender liability actions. Workproduct prepared and included the report to the Committee included a detailed timeline of the activity between the Debtor, Bank of America, DuPont, and Steel. The detailed timeline was also used in preparing for potential litigation with the Debtor. CBIZ seeks compensation for 96.1 hours of reasonable and necessary expenses incurred for Avoidance Actions – Lender Analysis during the Compensation Period in the total amount of $26,253.50.

### G. TELECONFERENCES/MEETINGS - DEBTOR/COUNSEL

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Debtors' Management, Debtors' Financial Advisors (CRG Partners), and Counsel. Issues discussed included various DIP projections, actual versus budget operational results, status of information requests, DIP financing, and boards of

11

director independence, and the trustee motion among other matters. CBIZ seeks compensation for 26.2 hours of reasonable and necessary expenses incurred for Teleconferences/Meetings - Debtor/Counsel during the Compensation Period in the total amount of $11,042.00.

**H. TELECONFERENCES/MEETINGS - UCC/COUNSEL**

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Committee and Counsel. Issues discussed included status of information requests from the Debtors, DIP financing concerns, various DIP projections, DIP operations, actual versus budget results, and board of director independence, among other matters. CBIZ seeks compensation for 45.9 hours of reasonable and necessary expenses incurred for Teleconferences/Meetings - UCC/Counsel during the Compensation Period in the total amount of $20,274.50.

**I. TAX ISSUES**

During the Compensation Period, CBIZ finalized an analysis of Net Operating Losses ("NOLs") and potential tax refunds. Review of the Debtors prepared 10K for 2007 and 2008 and each quarterly 10Q for March 2008 through September 2009 to determine tax NOLs available, tax liabilities and potential outstanding refunds. Other documents reviewed included 2006 and 2007 forms, 1139, IRS forms for restatements and tax accountant tax provision workpapers. CBIZ also participated on teleconferences with Deloitte and Touche (Debtor's former tax accountant) as well as other Debtor's professionals for purposes of evaluating the NOLs and potential tax refunds. CBIZ seeks compensation for 20.1 hours of reasonable and necessary expenses incurred for Tax Issues during the Compensation Period in the total amount of $8,724.50.

### J. TRAVEL TIME

During the Compensation Period, CBIZ traveled to and from Wilmington, Delaware for purposes of attending a meeting with the Debtor and interviewing the Committee members. CBIZ has included a voluntary reduction related to 50% of the hourly billing rate during Travel Time. CBIZ seeks compensation for 4.0 hours of reasonable and necessary expenses, net of the voluntary reduction, during the Compensation Period in the total amount of $1,060.00.

### K. LITIGATION SUPPORT

During the Compensation Period, CBIZ planned for and coordinated for litigation with the Debtor. Work performed included discussion with staff regarding responding to interrogatories and document requests and also included review and comment on the interrogatories received from the Debtors. CBIZ began its review of emails in response to the Debtor's discovery request. Reviewed and provided to counsel various liabilities and other potential damages related to the request for a trustee. Discussions with counsel and Committee regarding the strategy for requesting the appointment of a trustee or examiner. CBIZ researched various source for relationships and affiliations of the various Steel Partners entities. CBIZ also reviewed and commented on the Board of Director minutes, document request list and key personnel at Steel and the Debtor, as well as proposed deposition and discovery requests. CBIZ seeks compensation for 58.4 hours of reasonable and necessary expenses incurred for Fee Application during the Compensation Period in the total amount of $25,084.00.

### L. FEE APPLICATION

During the Compensation Period, CBIZ prepared and reviewed time detail and project category descriptions and assignments in anticipation of completing the second interim

13

fee application through June 30, 2009. CBIZ seeks compensation for 5.9 hours of reasonable and necessary expenses incurred for Fee Application during the Compensation Period in the total amount of $1,975.50.

15. CBIZ charged and now requests those fees that are customary and charged by most financial advisors in this marketplace for similar Chapter 11 cases. Billing rates set forth in CBIZ's Summary of Professionals and Paraprofessionals Rendering Services from July 1, 2010 through July 31, 2010 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, CBIZ stated in the Application of the Official Committee of Unsecured Creditors to Employ CBIZ, *Nunc Pro Tunc*, as of April 28, 2010, as Financial Advisors to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 331(a) and Fed.R.Bankr.P. 2014 (D.I. 184) ("Retention Application") and the accompanying Declarations in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. CBIZ's standard hourly rates for work of this nature are set at a level designed to fairly compensate CBIZ for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses.

16. In addition, as set forth in its Retention Application, the Committee believed that the retention of CBIZ, as its financial advisors would be cost-effective and efficient.

17. Further, the Committee sought to retain CBIZ as its financial advisors due to its extensive experience and knowledge in the field of creditors' rights, and because of its expertise, experience and knowledge practicing before the Bankruptcy Court in matters that were likely to arise in this case before this court. The Committee also believed that the retention of CBIZ was

necessary for the Committee to properly and adequately discharge its fiduciary duties to creditors in these cases, and that CBIZ would provide distinct benefits to the Committee and enhance the administration of the bankruptcy case.

18. This Application covers the period from July 1, 2010 through July 31, 2010. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for prepared the instant application subsequent to the Compensation Period. Accordingly, CBIZ reserves the right to make further applications to the Bankruptcy Court for allowance of fees and expenses not included herein.

19. CBIZ has voluntarily reduced their billing rates by 50% for all travel time totaling $1,060.00. In the event an objection is filed to this or other fee applications, we reserve the right to subsequently bill this time.

20. CBIZ believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.LR.2016-2, the Administrative Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

WHEREFORE, CBIZ respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $185,578.00, net of voluntary reductions, and reimbursement of expenses in the amount of $1,453.58 for the period from July 1, 2010 through July 31, 2010 and payment according to the procedures set forth in the Administrative Compensation Order.

Dated: August 31, 2010  
       New York, New York

Respectfully submitted,

CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK LLC AND CBIZ, INC.

By: _____
Jeffrey T. Sutton
1065 Avenue of the Americas
New York, NY 10018
Telephone: (212) 790-5883
Facsimile: (212) 790-5909
E-mail: jsutton@cbiz.com