IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> POINT BLANK SOLUTIONS, INC., *et al.*[1] <br><br> Debtors. | Chapter 11 <br> Case No. 10-11255 (PJW) <br><br> Jointly Administered <br><br> **Related to Docket Nos. 558, 559, and 560** <br> **Hearing Date: October 25, 2010 at 11:00 am** <br> **Objection Deadline: October 18, 2010 at 4:00 pm** |

## FIRST INTERIM FEE APPLICATION OF OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP AS SPECIAL CORPORATE COUNSEL FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 15, 2010 TO JUNE 30, 2010

Pursuant to Sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "Bankruptcy Rules"), and this Court's administrative order establishing procedures for interim compensation pursuant to section 331 of the Bankruptcy Code, dated May 12, 2010 [Docket No. 114] (the "Administrative Order"), Olshan Grundman Frome Rosenzweig & Wolosky, LLP ("Olshan") hereby files this First Interim Fee Application of Olshan Grundman Frome Rosenzweig & Wolosky, LLP for the Services Rendered and Reimbursement of Expenses for the Period of April 15, 2010 through June 30, 2010 (the "Interim Application"). In support of this Interim Application, Olshan respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBBS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

1051000-2
DOCS_DE:164053.1

## Introduction

1.  By this Application, Olshan seeks quarterly allowance and approval of $143,252.74 (the "Interim Amount") for fees and expenses for the period of April 15, 2010 through June 30, 2010 (the "First Interim Period"). The Interim Amount consists of (i) 80% of the compensation that Olshan earned during the First Interim Period in the amount of $170,701.25, and (ii) 100% of the expenses that Olshan incurred in the course of its representation as Special Corporate Counsel to the Debtors and Debtors in Possession (the "Debtors") during the First Interim Period in the amount $6,691.74.

2.  On September 8, 2010, Olshan submitted its First Monthly Application for the Period April 15, 2010 through April 31, 2010 (the "April Fee Application") for approval of reimbursement compensation in the amount of $33,466.00 for fees and $638.52 with respect to expenses incurred in the first monthly period. The deadline for objections is due September 28, 2010.

3.  On September 8, 2010, Olshan filed its Second Monthly Application for the Period May 1, 2010 through May 31, 2010 (the "May Fee Application") for approval of reimbursement compensation in the amount of $73,664.75 for fees and $2,572.31 with respect to expenses incurred in the second monthly period. The deadline for objections is September 28, 2010.

4.  On September 8, 2010, Olshan filed its Third Monthly Application for the Period June 1, 2010 through June 30, 2010 (the "June Fee Application") for approval of

reimbursement compensation in the amount of $63,570.50 for fees and $3,722.91 with respect to expenses incurred in the third monthly. The deadline to file objections is September 28, 2010.

### Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Statutory predicate for relief is § 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

### Background

6. On April 14, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

7. Point Blank Solutions, Inc. ("PBSI") is a leading manufacturer and provider of bullet, fragmentation and stab resistant apparel and related ballistic accessories, which are used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. Since 1998, PBSI has supplied over 80% of U.S. military soft body armor vest requirements to protect soldiers and marines around the world. PBSI and its subsidiaries Point Blank Body Armor ("PBBA") and Protective Apparel Corporation of America ("PACA") are major players in the domestic law enforcement market

with broad brand recognition and a best value reputation. The Debtors' products are sold through a variety of means, including direct sale contracts, a corporate sales force, sales agents and a network of distributors.

8. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of James R. Henderson in Support of First Day Motions* (the "Henderson Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

9. On May 12, 2010, the Court approved the retention of Olshan as Special Corporate counsel to the Debtors and the Debtors in Possession (the "Debtors") *nunc pro tunc* to April 14, 2010 [Docket No. 113].

## Monthly Applications Covered Herein

10. Olshan has mailed and electronically served monthly fee applications for the periods of (i) April 15, 2010 through April 30, 2010; (ii) May 1, 2010 through May 31, 2010; and (iii) June 1, 2010 through June 30, 2010. The following table summarizes the monthly fee applications that Olshan submitted with respect to the First Interim Period.

| Fee Application Covered Dates, Date Submitted | Total Fee Application | Total Expense Application | Certificate of No Objection/Certificate of Counsel Filing Date Doc. No. | Total Amount of Fees Approved to Date via Certificate of No. Objection (80%) | Total Amount of Expenses Approved to Date via Certificate of No Objection (100%) | Amount of Holdback |
|---|---|---|---|---|---|---|
| April 15, 2010 - April 30, 2010 | $33,466.00 | $638.52 | Pending | Pending | Pending | $26,772.80 |

| Period | Fees | Expenses | Col3 | Col4 | Col5 | Amount |
|---|---|---|---|---|---|---|
| May 1, 2010 – May 31, 2010 | $73,664.75 | $2,572.31 | Pending | Pending | Pending | $58,931.80 |
| June 1, 2010 – June 30, 2010 | $63,570.50 | $3,722.91 | Pending | Pending | Pending | $50,856.40 |
| **Total** | **$170,701.25** | **$6,933.74** | | | | **$136,561.00** |

11. Twenty percent (20%) of such fees are to be withheld on a quarterly basis (the "Holdback Fee"). Beginning with the period ending June 30, 2010, and at three month intervals, each professional must file and serve a quarterly application for such period. *See* Fee Procedures Order at p.3, sub-paragraph d. All fees and costs paid to a professional pursuant to monthly and quarterly fee applications are subject to this Court's approval of the final fee application of such professional.

12. The April Application. On September 8, 2010, Olshan served its First Monthly Fee Application for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period of April 15, 2010 through April 30, 2010 requesting, *inter alia*, allowance of $33,466.00 in fees and reimbursement of $638.52 in expenses. The deadline to object to the April Fee Application was September 28, 2010. A true and correct copy of the April Fee Application is attached hereto as Exhibit A.

13. The May Application. On September 8, 2010, Olshan served its Second Monthly Fee Application for Services Rendered and Reimbursement of Expenses as Special Corporate Counsel to the Debtors for the Period of May 1, 2010 through May 31, 2010 requesting, *inter alia*, allowance of $73,664.75 in fees and reimbursement of $2,572.31 in expenses. The deadline to object to the May Fee Application was September 28, 2010. A true and correct copy of the May Fee Application is attached hereto as Exhibit B.

14. The June Application. On September 8, 2010, Olshan served its Third Monthly Fee Application for Services Rendered and Reimbursement of Expenses as Special

Corporate Counsel to the Debtors for the Period of June 1, 2010 through June 30, 2010 requesting, *inter alia*, allowance of $63,570.50 in fees and reimbursement of $3,722.91 in expenses. The deadline to object to the June Fee Application was September 28, 2010. A true and correct copy of the June Fee Application is attached hereto as <u>Exhibit C</u>.

15. The Monthly Fee Applications covered by this First Interim Application contain detailed daily time logs describing the actual and necessary services provided by Olshan during the First Interim Period as well as other detailed information required to be included in its fee applications.

16. By this First Interim Application, Olshan requests that the Court approve the First Interim Amount of one-hundred percent (100%) of the fees earned and expenses incurred by Olshan during the First Interim Period and evidenced in the Monthly Fee Applications.

17. At all relevant times, Olshan has been a disinterested person, as that term is defined at § 101(14) of the Bankruptcy Code, as modified by § 1103(b) of the Bankruptcy Code, and has not represented or held any interest adverse to any interest of the Committee.

18. Olshan has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Olshan or any other person other than the partners of Olshan for the sharing of compensation to be received for services rendered in these cases.

19. All services for which Olshan request compensation were performed at the direction or instruction of the Debtors and for or on behalf of the Debtors. The professional services and related expenses for which Olshan requests quarterly allowance of compensation

and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Olshan's professional responsibilities as Special Corporate Counsel to the Debtors and Debtors-in-Possession in the Chapter 11 cases. Olshan's services have been reasonable, necessary and beneficial to the Debtors, the Debtor's estates, creditors and other parties in interest, and in furtherance of the administration of these proceedings.

20. In accordance with the factors enumerated at § 330 of the Bankruptcy Code, Olshan respectfully submits that the amount requested by Olshan as compensation for its services is fair and reasonable.

## Notice

21. Notice of this Motion has been given to (i) counsel to the Debtors: Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esquire, Fax: (302) 652-4400; (ii) counsel for DIP Lender: Riemer & Braunstein, LLP, Three Center Plaza, Boston, Massachusetts 02108, Attn: Donald E. Rothman, Esquire, Fax: (617) 880-3456; and Potter, Anderson & Corroon, LLP, 1313 North Market Street, Wilmington, Delaware 19899, Attn: Steven M. Yoder, Esquire, Fax: (302) 778-6107, (iii) counsel to the Official Committee of Unsecured Creditors in these cases: Arent Fox LLP, 1675 Broadway, New York, NY 10019, Attn: Robert M. Hirsh, Esquire, Fax: (212) 484-3990; and The Rosner Law Group LLC, 1000 N. West Street, Suite 1200, Wilmington, DE 19801, Attn: Frederick B. Rosner, Esquire, Email: rosner@teamrosner.com;; (iv) counsel to the Official Committee of Equity Security Holders in these cases: The Bayard Firm, 222 Delaware Avenue, Suite 900, Wilmington, DE 19801, Attn: Neil Glassman, Esquire, Fax: (302) 658-6395; and Morrison Cohen LLP, 909 Third Avenue, New York, NY 10022, Attn: Joseph T. Moldovan, Esquire, Fax: 212-735-8708; and (v) counsel to the U.S. Trustee: Jane Leamy, Esquire, Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware

19801. The Olshan submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Olshan respectfully requests that the Court (i) approve and allow the Interim Amount of 143,252.74 for the First Interim Period, consisting of fees in the sum of 136,561.00, as compensation for necessary professional services rendered and for reimbursement of actual and necessary costs and expenses in the amount of $6,691.74 for the First Interim Period; and (i) for such other and further relief as may be just and proper.

Dated: New York, New York
      September 29, 2010

OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP

By: /s/ Michael Fox

Jeffrey S. Spindler, Esq.
Michael S. Fox, Esq.
*Special Corporate Counsel to the Debtors and Debtors in Possession*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1051000-2
DOCS_DE:164053.1

# CERTIFICATION

I, Michael S. Fox, hereby certify under the penalty of perjury under the laws of the State of Delaware that the following is true to the best of my knowledge, information and belief;

1. I am a partner of the firm Olshan Grundman Frome Rosenzweig & Wolosky, LLP ("Olshan") with offices located at Park Avenue Tower, 65 East 55th Street, 2nd Floor, New York, New York 10022.

2. This certification is submitted in support of the attached application (the "Application") and all capitalized terms used herein but not otherwise defined shall have the meaning set forth in the Application.

3. I am familiar with the legal services rendered by Olshan on behalf of the Debtors and Debtors-in-Possession during the Application Period and I am familiar with the compensation and reimbursement sought by the Application.

4. I have reviewed the forgoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and the Compensation Order and submit that the Application substantially complies with such Local Rule and Order.

Date: September 29, 2010
New York, New York

/s/ Michael Fox
Michael S. Fox