## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:  Protective Apparel Corporation of America                    Case No. 10-11259 (PJW)

**Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Statement and Schedules**

Protective Apparel Corporation of America (the "Debtor") submits its Amended Statement of Financial Affairs (the "Statement") and Amended Schedules of Assets and Liabilities (the "Schedules"), pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007, which amend the Schedules and Statements filed on May 14, 2010.  The following notes regarding the Statement and Schedules are fully incorporated into and made part of the Statement and Schedules.  These notes comprise an integral part of the Statement and Schedules and should be referred to and considered in connection with any review of the Statement and Schedules. Unless otherwise noted, the financial and other information contained in the Statement and Schedules is derived from the Debtor in accordance with the Debtor's financial reporting and accounting policies and procedures.

The Debtor's bankruptcy petition was filed on April 14, 2010, along with the bankruptcy petitions of 3 of its affiliates (collectively, the "Debtors").  The Debtors' bankruptcy cases are jointly administered by order of the Bankruptcy Court under the caption In re Point Blank Solutions, Inc., Case No. 10-11255 (PJW).

The Debtor reserves all rights to further amend the Statement and Schedules in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of chapter 11 of title 11 of the United States Code or other applicable non-bankruptcy laws.

Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtor prepared in accordance with Generally Accepted Accounting Principles on a consolidated basis.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtor's assets.  Accordingly, unless otherwise indicated, net book values rather than current market values are reflected on the Statement and Schedules. Assets that have been fully depreciated or expensed for accounting purposes have no net book value.  The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtor's bankruptcy.  The reader therefore should not place undue reliance upon the book values associated with the assets listed.

1

The Debtor has not listed estimated values of its real estate leases.


**General Notes Regarding the Debtor's Statement and Schedules**

**1.  Financial Information.**
The information provided for herein, except as otherwise noted, represents the assets and liability data of the Debtor as of April 14, 2010, (the "Petition Date") unless otherwise noted.

**2.  Unaudited Financial Information.**
The Statement and Schedules prepared by the Debtor's management and professionals are unaudited.  While the Debtor has tried to ensure that the Statement and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statement and Schedules.

**3.  Claim Description.**
Any failure to designate a claim on the Statement and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed."  The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtor reserves all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of Chapter 11 of title 11 of the United States Code or other relevant non-bankruptcy laws.

**4.  Accuracy.**
While the Debtor has sought to file complete and accurate Statement and Schedules, inadvertent errors and omissions may exist.  The Debtor reserves the right to amend its Statement and Schedules as necessary or appropriate.

**5.  Liabilities.**
The Debtor has sought to allocate liabilities between the pre-petition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Statement and Schedules.  As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

**6.  Insiders.**

For the purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) as (a) directors, (b) officers, (c) those in control of the Debtors, (d) relatives of directors, officers, or persons in control of the Debtors and (e) non-debtor affiliates.  Payments to insiders listed in (a) through (d) above are set forth in response to Question 3.c of the Statements.  The Debtors note that, although partnerships in which a debtor is a general partner may be considered insiders under section 101(31)(B) of the Bankruptcy Code, the Debtors do not admit that the joint ventures in which a non-debtor affiliate serves as a general partner should be considered insiders in these cases.  These joint ventures are with unrelated third parties and are governed by detailed operating agreements.  Consequently, the Debtors do not believe that these joint ventures are insiders., with the exception of Life Stone Materials, which is disclosed in the Statement.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

The Debtors have included all payments and awards made over the twelve months preceding the filing to any individual deemed an insider.  Included in the value reflected are cash payments to or for the benefit of the insider; restricted stock grants valued at the closing price of the stock at the grant date; and stock options valued at the Black-Scholes value on the date of the grant.

**7.  Transfers Made Within 90 Days of Petition Date.**

These payments do not include payroll, payroll related expenses or commissions paid to employees due to the voluminous nature of such payments.  The response to Question 3.b of the Statements lists all transfers made to any party within 90 days immediately preceding the Petition Date, whether or not the transferee is a creditor of any of the Debtors.  Accordingly, the listing of any transfer in response to Question 3.b of the Statements does not constitute an admission that the transferee of such transfer is a creditor of any of the Debtors.  Point Blank Solutions, Inc. ("PBSI") also maintains a lockbox account for collections from their former affiliate, LifeWear/NDL Products, Inc. ("LifeWear")  LifeWear was sold in 2009, but PBSI still receives de minimis collections from receivables owed to them pursuant to the terms of the sale, and then in turn passes those payments onto LifeWear, acting soley as a pass-thru for payments.  Furthermore, PBSI makes all payments to creditors of PBSS, LLC and makes other administrative payments to creditors of Point Blank Body Armor, Inc. ("PBBA") and Protective Apparel Corporation of America ("PACA"), while PBBA makes the majority of vendor payments to creditors of PACA and itself.

**8.  Setoffs.**

The Debtors routinely incur setoffs from third parties during the ordinary course of business.  Setoffs in the ordinary course can result from various routine transactions, including intercompany transactions, counterparty settlements (in particular, interline ticketing setoffs with other carriers), pricing discrepancies, rebates, and other disputes between the Debtors and third parties.  Certain of these constitute normal setoffs consistent with the ordinary course of business in the Debtors' industry.  In such instances, such ordinary course setoffs are excluded from the Debtors' responses to Question 13 of the Statements.  The Debtors reserve all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

3

**9.  Specific Notes.**
These general notes are in addition to the specific notes set forth in the related Statement and
Schedules hereinafter.

## Note to Schedule "A"

None of the Debtors own any real property.

## Note to Schedule "B"

### Schedule B Disclaimer

Unless otherwise noted, all of the amounts listed on Schedule B represent the value of the
Debtor's assets as reflected in the Debtor's books and records (net of depreciation or
amortization where applicable).  For the bank accounts, the values are as of the Petition Date.
In some instances, the assets are also net of reserves.  The Debtor has performed no independent
review of the value of these assets.  The actual value of the assets listed may differ significantly
from the amounts reflected in the Debtor's books and records.

Certain items of equipment are or may be listed herein pursuant to a capital lease.  Such
designation is not an admission or recognition that such lease is a security agreement, and not a
true lease.  The Debtor expressly reserves all rights to challenge, on any basis, the nature of such
equipment as owned or leased, as the case may be.

## Note to Schedule "D"

Schedule D lists a term debt to Bank of America that was paid by the Debtors in accordance with
the Bankruptcy Court's *Interim Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and
364, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure and Local
Bankruptcy Rules 2002-1 and 4001-2: (1) Authorizing Incurrence by the Debtors of Post-Petition
Secured Indebtedness with Priority Over All Over Secured Indebtedness and with Administrative
Superpriority, (2) Authorizing Repayment in Full of Pre-Petition Secured Debt Upon Entry of
Interim Order, (3) Granting Liens, (4) Authorizing Use of Cash Collateral and Providing
Adequate Protection, (5) Modifying the Automatic Stay and (5) Scheduling A Final Hearing*,
entered April 16, 2010.

E.I. duPont de Nemours and Company ("DuPont") is the payee under that certain Subordinated
Note dated October 29, 2009 (as amended, restated, supplemented or otherwise modified from
time to time, the "DuPont Note").  The DuPont Note was made by PACA, Point Blank and PBSI
to DuPont in connection with that certain Amended and Restated Corporate Guarantee dated
October 29, 2009 (as amended, restated, supplemented or otherwise modified from time to time,
the "Prepetition Guaranty").  Under the Prepetition Guaranty, DuPont guaranteed certain of the
Debtors' obligations to the Prepetition Agent under the Prepetition Loan Agreement.  The DuPont
Note, and the liens and security interests granted by the Debtors to DuPont under such note (the
"DuPont Prepetition Liens"), are contractually subordinated to the Debtors' obligations and liens
under the Prepetition Loan Agreement.

**Note to Schedule "E"**

**Taxes**

Schedule "E" contains the Debtor's best estimate of all of the potential priority claims against the Debtor's estate held by governmental and quasi-governmental entities. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under Section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

**Accrued Commissions, Vacation and PTO**

On April 16, 2010, the Court entered its *Order (1) Authorizing the Debtors to (A) Pay Wages, Salaries, and Other Compensation, (B) Maintain Employee Medical and Similar Benefits, And (C) Reimbursable Employee Expense; and (II) Authorizing And Directing Banks and Other Financial Institutions to Pay All Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing* (the "Wage Order"). The Wage Order authorizes, inter alia, the Debtors to honor their existing prepetition vacation and sick obligations to their employees accrued prior to the Petition Date and to pay commissions earned prior to the Petition Date.

Pursuant to the Wage Order, the Debtors have authority to pay commissions to their independent contractors for services rendered prior to the Petition Date pursuant to the Debtors' agreements with such independent contractors. In addition, the Wage Order authorizes payment of prepetition wages and commissions owed to Employees in accordance with the statutory limit provided under 11 U.S.C. § 507(a)(4). Payment of commissions pursuant to the Wage Order in the ordinary course of the Debtors' business will reduce the aggregate total of prepetition commissions owed to the Debtors' employees. The Debtors' continued honoring of prepetition vacation and sick obligations to their employees in the ordinary course of business and in accordance with the terms of the Wage Order will reduce the aggregate amount of accrued vacation owed to such employees.

**Note to Schedule "G"**

**Executory Contracts and Unexpired Leases**

The businesses of the Debtors are complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred, and the listing of an agreement on Schedule G does not constitute an admission that such agreement is either an executory contract or an unexpired lease. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument as either an executory contract or an unexpired lease, as the case may be.  Certain executory agreements may not have been memorialized in writing and could be subject to dispute.  Generally, executory agreements that are oral in nature have not been included in the Schedule.  Schedule G generally does not include standalone equipment, materials and supply purchase orders.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G.

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Such contracts, agreements and leases are listed on Schedule G of each such Debtor.

Nearly every employee in the company, and some third party non-employees, have some form of confidentiality, conflict of interest, non-disclosure agreement, non-solicitation agreement or a combination thereof., and therefore, have not been included on Schedule G.  Due to the confidentiality restrictions surrounding customer contracts and distribution agreement, these agreements have also not been included on Schedule G.

### Note to Schedule "H"

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Such contracts, agreements and leases are listed on Schedule G of each such Debtor, however not all co-debtor references have been captured on Schedule H.

### General Disclaimer

The Debtor has prepared the Schedules and the Statements based on the information reflected in the Debtor's books and records.  However, inasmuch as the Debtor's books and records have not been audited, the Debtor cannot warrant the absolute accuracy of these documents.  The Debtor has made a diligent effort to complete these documents accurately and completely.  To the extent additional information becomes available, the Debtor will amend and supplement the Schedules and Statements.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
### District of Delaware

In re    **Protective Apparel Corporation of America**                                    Case No.    **10-11259**

Debtor(s)                                               Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$4,199,079.00** | **March 2010 YTD: Net Sales** |
| **$13,164,032.00** | **2009: Net Sales** |
| **$34,253,467.00** | **2008: Net Sales** |

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$2,202.00** | **March 2010 YTD: Scrap Recovery** |
| **$138,352.00** | **2009: Scrap Recovery** |
| **$0.00** | **2008: Scrap Recovery** |
| **$3,582.00** | **2009: Other Income** |
| **$1,000.00** | **2008: Gain on Sale of Assets** |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850˙.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See Exhibit SoFA3b** | | **$13,335.77** | **$0.00** |

None
☐

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **See Exhibit SoFA3c** | | **$1,649,744.31** | **$0.00** |

˙ Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Haleva, et al v Point Blank Solutions, Inc. et al Case No. 34-2010-00069648** | **Breach of contract; Breach of the implied covenant of good faith and fair dealing, fraud and conversion** | **Superior Court of the State of California, County of Sacramento** | **Pending** |
| **SEC Investigation** | **Possible violations of Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B) and 14(a) of the Exchange Act and Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13 and 14a-9 thereunder** | **U.S. Attorney's Office, Eastern District of New York** | **Pending** |
| **Securities Class Action and Shareholder Derivative Action** | **Breach of fiduciary duties by officers and directors** | **U.S. District Court for the Eastern District of New York** | **Pending** |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.  Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.  Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Campbell County High School 150 Cougar Lane Caryville, TN 37714** | | **August 2009** | **$125.00  Cash Donation** |

**8. Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Pachulski, Stang, Ziehl and Jones 150 California Street 15th Floor San Francisco, CA 94111-4500** | **See Exhibit SoFA9** | **$800,000.00** |
| **CRG Partners Group LLC 11835 W. Olympic Blvd Ste 650E Los Angeles, CA 90064** | **See Exhibit SoFA9** | **$898,108.75** |
| **Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, NY 10017** | **See Exhibit SoFA9** | **$25,000.00** |
| **Pillsbury, Winthrop, Shaw, Pittman LLP 1540 Broadway New York, NY 10036-4039** | **See Exhibit SoFA9** | **$59,357.75** |

**10. Other transfers**

None ■

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

5

None ■    b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11.  Closed financial accounts

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **Bank of America Business Capital Treasury Risk Support Group 200 Glastonbury Blvd Glastonbury, CT 06033** | **PACA Payroll Account # *2309 Final balance: $0.00** | **Closing Date: March 28, 2010** |

### 12.  Safe deposit boxes

None ■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13.  Setoffs

None ■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14.  Property held for another person

None ☐    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |
| **U.S. Cavalry** | **Credit Protection from Prior Bankruptcy $5,000.00** | |
| **New York State Division of Parole** | **Advance Deposit to Prevent Fund Loss - $42,394.16** | |
| **Old Dominion University** | **Advance Deposit - $323.11** | |
| **Department of Justice** | **Advance Deposit - $507.00** | |
| **DFAS (Indianapolis, IN Center)** | **Customer Deposit: $20,475.00** | |

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |
| **Michelle Doery**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **February 2008 - present** |
| **Jayne Hildreth**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **August 2009 - present** |
| **James Anderson**<br>**1370 Dewitt Lane**<br>**Sebastian, FL 32958** | **June 2007 - January 2009** |

None
☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |
| **Crowe Horwath LLP** | **350 East Las Olas Boulevard, Suite 1420**<br>**Fort Lauderdale, FL 33301-4216** | **July 2009 - present** |

8

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|------------------------|
| **MarcumRachlin LLP** | **Las Olas Centre**<br>**450 E. Las Olas Blvd, 9th Flr**<br>**Fort Lauderdale, FL 33301** | **April 2005 - June 2009** |

None
■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                            ADDRESS

None
☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| **Bank of America**<br>**2001 Market Street, Suite 2610**<br>**Philadelphia, PA 19103** | **Monthly** |

### 20. Inventories

None
☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|-------------------|----------------------|--------------------------------------------------------------------|
| **April 12, 2010** | **Inventory Manager** | **$1,575,605.57**<br>**(Cost basis)** |
| **December 31, 2009** | **Inventory Manager** | **$2,109,125.00**<br>**(Cost basis)** |

None
☐    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|
| **April 12, 2010** | **Inventory Manager**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** |
| **December 31, 2009** | **Inventory Manager**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** |

### 21 . Current Partners, Officers, Directors and Shareholders

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                          NATURE OF INTEREST                          PERCENTAGE OF INTEREST

None
☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|------------------|-------|---------------------------------------------|
| **James Henderson**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Chief Executive Officer** | |
| **Michelle Doery**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Chief Financial Officer** | |

9

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Sam White**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Executive Vice President** | |
| **T. Scott Avila**<br>**CRG Partners Group LLC**<br>**11835 W. Olympic Blvd**<br>**Ste. 650E**<br>**Los Angeles, CA 90064** | **Chief Restructuring Officer** | |
| **Point Blank Solutions, Inc.**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | | **100% Common Shareholder** |

---

**22 . Former partners, officers, directors and shareholders**

None ■

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Larry R. Ellis**<br>**520 Carondelett CV SW**<br>**Atlanta, GA 30331** | **Former Chief Executive Officer** | **Separated April 16, 2009** |
| **James Anderson**<br>**1370 Dewitt Lane**<br>**Sebastian, FL 32958** | **Former Chief Financial Officer** | **Resigned February 6, 2009** |
| **Jennifer Coberly**<br>**965 S. Atlantic Ave.**<br>**Cocoa Beach, FL 32931** | **Former General Counsel,**<br>**Secretary** | **Separated June 17, 2009** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See Exhibit SoFA23** | | **346,472 Shares Issued**<br>**$1,649,744.31 Distributions in**<br>**Cash** |

---

**24. Tax Consolidation Group.**

None ☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Point Blank Solutions, Inc.** | **11-3129361** |

**25. Pension Funds.**

None
■     If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                              TAXPAYER IDENTIFICATION NUMBER (EIN)

B7 (Official Form 7) (04/10)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **September 17, 2010**                     Signature

**T. Scott Avila**
**Chief Restructuring Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Protective Apparel Corporation of America**

Case No: 10-11259

<u>Exhibit SoFA3b: Payments to creditors within last 90 days</u>

District of Delaware

| Document Number | Check or Wire Date | Vendor Name | Payment Amount |
|---|---|---|---|
| 5140 | 12/23/09 | Rick Cox Construction Company | 8,560.00 |
| 5141 | 12/30/09 | Lowe's | 210.37 |
| 5142 | 01/08/10 | Napa | 90.07 |
| 5143 | 01/18/10 | Big Al's Portable Toilets | 100.00 |
| 5144 | 01/25/10 | RTE | 75.00 |
| 5145 | 01/27/10 | RTE | 150.00 |
| 5145 | 01/25/10 | RTE | 150.00 |
| 5146 | 02/04/10 | Comcast | 1,107.88 |
| 5147 | 02/08/10 | Lowe's | 114.57 |
| 5148 | 02/18/10 | Lowe's | 217.81 |
| 5150 | 02/23/10 | BWB of TN Inc. | 120.00 |
| 5151 | 02/23/10 | Lowe's | 27.44 |
| 5152 | 02/24/10 | Lowe's | 332.66 |
| 5153 | 03/02/10 | Wal-Mart | 149.05 |
| 5154 | 03/01/10 | National Custom Printing | 273.00 |
| 5155 | 03/08/10 | Wal-Mart | 54.30 |
| 5157 | 03/08/10 | Sugar Hollow Machine | 225.00 |
| 5158 | 02/13/10 | PACA Body Armor | 435.00 |
| 5159 | 03/18/10 | Lowe's | 63.30 |
| 5160 | 03/26/10 | Ruth Sanchez | 10.00 |
| 5161 | 03/26/10 | Clarence Hutton | 145.00 |
| 5162 | 03/25/10 | Rodd Nse | 34.32 |
| 5163 | 03/26/10 | Chris Chandler | 60.00 |
| 5164 | 03/29/10 | Sugar Hollow Machine | 237.00 |
| 5165 | 03/30/10 | PACA Body Armor | 85.00 |
| 5166 | 04/09/10 | Melton Heating & Air | 69.00 |
| 5167 | 04/14/10 | Melton Heating & Air | 240.00 |
| | | Total 90-day Payments | 13,335.77 |

**Point Blank Solutions, Inc.** *et al*                    Case No: 10-11259
Exhibit SoFA3c: Payments to insiders within last year          District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| Bernard Bailey | 3334 | 05/21/09 | $521.49 | PBBA |
| Bernard Bailey | 3363 | 06/04/09 | $28,750.00 | PBBA |
| Bernard Bailey | 3380 | 06/08/09 | $355.72 | PBBA |
| Ernest Abati | 170093 | 05/25/09 | $5,576.90 | PBSI |
| Ernest Abati | 190066 | 05/11/09 | $5,576.90 | PBSI |
| Ernest Abati | 210087 | 04/27/09 | $5,576.90 | PBSI |
| Ernest Abati | 230078 | 04/13/09 | $5,576.90 | PBSI |
| Ernest Abati | 250083 | 06/19/09 | $5,576.90 | PBSI |
| Ernest Abati | 270054 | 07/02/09 | $5,576.90 | PBSI |
| Ernest Abati | 290056 | 06/18/09 | $5,576.90 | PBSI |
| Ernest Abati | 310071 | 06/04/09 | $5,576.90 | PBSI |
| Ernest Abati | 330051 | 05/21/09 | $5,576.90 | PBSI |
| Ernest Abati | 350073 | 05/07/09 | $5,576.90 | PBSI |
| Ernest Abati | 370052 | 04/23/09 | $5,576.90 | PBSI |
| Ernest Abati | 390070 | 04/09/09 | $5,576.90 | PBSI |
| Ernest Abati | 410049 | 03/26/09 | $5,576.90 | PBSI |
| Ernest Abati | 430072 | 03/12/09 | $5,576.90 | PBSI |
| Ernest Abati | 450050 | 02/26/09 | $5,576.90 | PBSI |
| Ernest Abati | 470068 | 02/12/09 | $5,576.90 | PBSI |
| Ernest Abati | 490053 | 01/29/09 | $5,576.90 | PBSI |
| Ernest Abati | 510052 | 12/18/09 | $5,576.90 | PBSI |
| Ernest Abati | 530070 | 12/31/09 | $296.96 | PBSI |
| Ernest Abati | 20051 | 12/17/09 | $5,576.90 | PBSI |
| Ernest Abati | 40066 | 12/03/09 | $5,576.90 | PBSI |
| Ernest Abati | 60050 | 02/12/10 | $5,576.90 | PBSI |
| Ernest Abati | 80060 | 02/26/10 | $5,576.90 | PBSI |
| Ernest Abati | 100046 | 03/12/10 | $5,576.90 | PBSI |
| Ernest Abati | 120060 | 03/05/10 | $5,576.90 | PBSI |
| Ernest Abati | 35796967 | 03/26/10 | $2,788.45 | PBSI |
| Ernest Abati | 35810426 | 03/19/10 | $2,788.45 | PBSI |
| Ernest Abati | 35823115 | 04/09/10 | $2,788.45 | PBSI |
| James Anderson | 11698 | 05/15/09 | $258.38 | PBSI |
| James Henderson | 3305 | 05/07/09 | $2,326.03 | PBBA |
| James Henderson | 3321 | 05/14/09 | $1,988.78 | PBBA |
| James Henderson | 3338 | 05/21/09 | $666.38 | PBBA |
| James Henderson | 3353 | 06/01/09 | $3,412.54 | PBBA |
| James Henderson | 3368 | 06/04/09 | $19,375.00 | PBBA |
| James Henderson | 3409 | 06/18/09 | $2,372.02 | PBBA |
| James Henderson | 3438 | 07/02/09 | $2,064.16 | PBBA |
| James Henderson | 3474 | 07/16/09 | $4,527.40 | PBBA |
| James Henderson | 3500 | 07/28/09 | $23,067.00 | PBBA |
| James Henderson | 3511 | 07/30/09 | $4,354.40 | PBBA |
| James Henderson | 3549 | 08/20/09 | $1,988.32 | PBBA |
| James Henderson | 3576 | 09/03/09 | $1,502.39 | PBBA |
| James Henderson | 3611 | 09/17/09 | $4,998.29 | PBBA |
| James Henderson | 3634 | 09/24/09 | $7,158.00 | PBBA |
| James Henderson | 3656 | 10/01/09 | $1,495.75 | PBBA |
| James Henderson | 3667 | 10/01/09 | $10,702.00 | PBBA |

**Point Blank Solutions, Inc.** *et al*                     Case No: 10-11259
<u>Exhibit SoFA3c: Payments to insiders within last year</u>     District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| James Henderson | 3693 | 10/15/09 | $4,006.68 | PBBA |
| James Henderson | 3708 | 10/26/09 | $1,480.54 | PBBA |
| James Henderson | 3724 | 11/02/09 | $1,333.94 | PBBA |
| James Henderson | 3739 | 11/05/09 | $1,859.20 | PBBA |
| James Henderson | 3797 | 12/09/09 | $3,112.41 | PBBA |
| James Henderson | 3843 | 12/30/09 | $711.35 | PBBA |
| James Henderson | 3869 | 01/06/10 | $49,715.35 | PBBA |
| James Henderson | 3913 | 03/12/10 | $3,532.01 | PBBA |
| James Henderson | 7993 | 04/08/10 | $28,499.75 | PBBA |
| James Henderson | 8034 | 04/09/10 | $8,000.00 | PBBA |
| Jennifer Coberly | 270039 | 07/02/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 250068 | 06/19/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 230062 | 06/05/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 210075 | 05/22/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 190054 | 05/08/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 170079 | 04/24/09 | $11,538.46 | PBSI |
| Larry Ellis | 170080 | 04/24/09 | $24,999.99 | PBSI |
| Larry Ellis | 170081 | 04/24/09 | $2,794.46 | PBSI |
| Life Stone Material | 7697 | 03/12/10 | $185,200.00 | PBBA |
| Life Stone Material | 7726 | 03/19/10 | $240,375.10 | PBBA |
| Life Stone Material | 7914 | 04/06/10 | $128,583.32 | PBBA |
| Life Stone Material | 7938 | 04/07/10 | $151,342.77 | PBBA |
| Life Stone Material | 7947 | 04/08/10 | $106,285.24 | PBBA |
| Life Stone Material | 7948 | 04/08/10 | $35,430.06 | PBBA |
| Life Stone Material | 8110 | 04/13/10 | $88,623.35 | PBBA |
| Life Stone Material | 8129 | 04/14/10 | $113,289.58 | PBBA |
| Martin Berndt | 3308 | 05/07/09 | $450.14 | PBBA |
| Martin Berndt | 3356 | 06/01/09 | $73.00 | PBBA |
| Martin Berndt | 3372 | 06/04/09 | $9,375.00 | PBBA |
| Martin Berndt | 3498 | 07/28/09 | $6,250.00 | PBBA |
| Maurice Hannigan | 3324 | 05/14/09 | $190.35 | PBBA |
| Maurice Hannigan | 3343 | 05/21/09 | $101.56 | PBBA |
| Maurice Hannigan | 3362 | 06/04/09 | $26,875.00 | PBBA |
| Maurice Hannigan | 3578 | 09/03/09 | $80.15 | PBBA |
| Merrill McPeak | 3309 | 05/07/09 | $2,196.00 | PBBA |
| Merrill McPeak | 3373 | 06/04/09 | $14,375.00 | PBBA |
| Merrill McPeak | 3457 | 07/09/09 | $1,709.40 | PBBA |
| Merrill McPeak | 3480 | 07/20/09 | $650.35 | PBBA |
| Merrill McPeak | 3499 | 07/28/09 | $16,848.00 | PBBA |
| Merrill McPeak | 3614 | 09/17/09 | $691.40 | PBBA |
| Merrill McPeak | 3638 | 09/24/09 | $6,007.00 | PBBA |
| Merrill McPeak | 3668 | 10/01/09 | $5,661.00 | PBBA |
| Merrill McPeak | 3872 | 01/06/10 | $16,815.00 | PBBA |
| Merrill McPeak | 7985 | 04/08/10 | $32,978.25 | PBBA |
| Michelle Doery | 170088 | 03/25/10 | $5,769.24 | PBSI |
| Michelle Doery | 190061 | 03/11/10 | $5,769.24 | PBSI |
| Michelle Doery | 210081 | 02/25/10 | $5,769.24 | PBSI |
| Michelle Doery | 230071 | 02/11/10 | $5,769.24 | PBSI |

**Point Blank Solutions, Inc.** *et al*                                Case No: 10-11259
Exhibit SoFA3c: Payments to insiders within last year          District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| Michelle Doery | 250076 | 06/19/09 | $5,769.24 | PBSI |
| Michelle Doery | 250077 | 06/19/09 | $25,000.00 | PBSI |
| Michelle Doery | 270048 | 07/02/09 | $16,346.14 | PBSI |
| Michelle Doery | 290043 | 06/18/09 | $7,884.62 | PBSI |
| Michelle Doery | 310059 | 06/04/09 | $7,884.62 | PBSI |
| Michelle Doery | 330040 | 05/21/09 | $7,884.62 | PBSI |
| Michelle Doery | 350063 | 05/07/09 | $7,884.62 | PBSI |
| Michelle Doery | 370041 | 04/23/09 | $7,884.62 | PBSI |
| Michelle Doery | 390061 | 04/09/09 | $7,884.62 | PBSI |
| Michelle Doery | 410040 | 03/26/09 | $7,884.62 | PBSI |
| Michelle Doery | 430061 | 03/12/09 | $7,884.62 | PBSI |
| Michelle Doery | 450039 | 02/26/09 | $7,884.62 | PBSI |
| Michelle Doery | 470057 | 02/12/09 | $7,884.62 | PBSI |
| Michelle Doery | 490041 | 01/29/09 | $7,884.62 | PBSI |
| Michelle Doery | 510041 | 12/18/09 | $7,884.62 | PBSI |
| Michelle Doery | 530060 | 12/31/09 | $7,884.62 | PBSI |
| Michelle Doery | 20041 | 12/17/09 | $7,884.62 | PBSI |
| Michelle Doery | 40057 | 12/03/09 | $7,884.62 | PBSI |
| Michelle Doery | 60041 | 02/12/10 | $7,884.62 | PBSI |
| Michelle Doery | 80052 | 02/26/10 | $7,884.62 | PBSI |
| Michelle Doery | 100038 | 03/12/10 | $7,884.62 | PBSI |
| Michelle Doery | 120053 | 03/05/10 | $7,884.62 | PBSI |
| Michelle Doery | 35796958 | 03/26/10 | $3,942.31 | PBSI |
| Michelle Doery | 35810419 | 03/19/10 | $3,942.31 | PBSI |
| Michelle Doery | 35823108 | 04/09/10 | $3,942.31 | PBSI |
| Robert Chefitz | 3344 | 05/21/09 | $2,501.73 | PBBA |
| Robert Chefitz | 3376 | 06/04/09 | $11,875.00 | PBBA |
| Robert Chefitz | 3501 | 07/28/09 | $18,910.00 | PBBA |
| Robert Chefitz | 3641 | 09/24/09 | $7,052.67 | PBBA |
| Robert Chefitz | 3669 | 10/01/09 | $5,661.00 | PBBA |
| Robert Chefitz | 3875 | 01/06/10 | $16,815.00 | PBBA |
| Robert Chefitz | 7978 | 04/08/10 | $33,813.29 | PBBA |
| Sam White | 170082 | 03/25/10 | $9,615.38 | PBSI |
| Sam White | 190055 | 03/11/10 | $9,615.38 | PBSI |
| Sam White | 210076 | 02/25/10 | $9,615.38 | PBSI |
| Sam White | 230063 | 02/11/10 | $9,615.38 | PBSI |
| Sam White | 250069 | 06/19/09 | $9,615.38 | PBSI |
| Sam White | 270040 | 07/02/09 | $9,615.38 | PBSI |
| Sam White | 290045 | 06/18/09 | $9,615.38 | PBSI |
| Sam White | 310061 | 06/04/09 | $9,615.38 | PBSI |
| Sam White | 330042 | 05/21/09 | $9,615.38 | PBSI |
| Sam White | 350065 | 05/07/09 | $9,615.38 | PBSI |
| Sam White | 370043 | 04/23/09 | $9,615.38 | PBSI |
| Sam White | 390062 | 04/09/09 | $9,615.38 | PBSI |
| Sam White | 410041 | 03/26/09 | $9,615.38 | PBSI |
| Sam White | 430063 | 03/12/09 | $9,615.38 | PBSI |
| Sam White | 450041 | 02/26/09 | $9,615.38 | PBSI |
| Sam White | 470059 | 02/12/09 | $9,615.38 | PBSI |

**Point Blank Solutions, Inc.** *et al*                                    Case No: 10-11259
Exhibit SoFA3c: Payments to insiders within last year          District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| Sam White | 490043 | 01/29/09 | $9,615.38 | PBSI |
| Sam White | 510039 | 12/18/09 | $9,615.38 | PBSI |
| Sam White | 530058 | 12/31/09 | $9,615.38 | PBSI |
| Sam White | 20039 | 12/17/09 | $9,615.38 | PBSI |
| Sam White | 40055 | 12/03/09 | $9,615.38 | PBSI |
| Sam White | 60039 | 02/12/10 | $9,615.38 | PBSI |
| Sam White | 80050 | 02/26/10 | $9,615.38 | PBSI |
| Sam White | 100036 | 03/12/10 | $9,615.38 | PBSI |
| Sam White | 120051 | 03/05/10 | $9,615.38 | PBSI |
| Sam White | 35796956 | 03/26/10 | $4,807.69 | PBSI |
| Sam White | 35810417 | 03/19/10 | $4,807.69 | PBSI |
| Sam White | 35823106 | 04/09/10 | $4,807.69 | PBSI |
| SP Corporate Services LLC | 3718 | 10/26/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 3744 | 11/05/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 3778 | 11/12/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 3833 | 12/21/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 7661 | 03/04/10 | $112,500.00 | PBBA |
| SP Corporate Services LLC | 8066 | 04/12/10 | $13,750.00 | PBBA |
| Steel Partners | 3884 | 01/27/10 | $289.70 | PBBA |
| Steel Partners | 3885 | 02/01/10 | $133.10 | PBBA |
| Steel Partners | 7794 | 03/26/10 | $100,000.00 | PBBA |
| Terry Gibson | 3329 | 05/14/09 | $1,058.80 | PBBA |
| Terry Gibson | 3348 | 05/21/09 | $344.40 | PBBA |
| Terry Gibson | 3378 | 06/04/09 | $16,875.00 | PBBA |
| Terry Gibson | 3502 | 07/28/09 | $14,938.00 | PBBA |
| Terry Gibson | 3621 | 09/17/09 | $409.85 | PBBA |
| Terry Gibson | 3645 | 09/24/09 | $6,151.00 | PBBA |
| Terry Gibson | 3670 | 10/01/09 | $6,291.00 | PBBA |
| Terry Gibson | 3837 | 12/21/09 | $311.40 | PBBA |
| Terry Gibson | 3880 | 01/06/10 | $17,432.00 | PBBA |
| Terry Gibson | 7975 | 04/08/10 | $22,924.80 | PBBA |
| **TOTAL PAYMENTS TO INSIDERS WITHIN ONE YEAR:** | | | **$2,698,873.73** | |

Point Blank Solutions, Inc. *et al*                                Case No. 10-11255
Exhibit SoFA9: Payments related to debt counseling or bankruptcy          District of Delaware

| Name of Payee | Date of Payment | Amount of Payment |
|---|---|---|
| CRG PARTNERS GROUP, LLC | 02/01/10 | $55,268.73 |
| | 03/04/10 | $229,912.13 |
| | 03/04/10 | $200,000.00 |
| | 03/18/10 | $68,461.54 |
| | 03/12/10 | $26,867.00 |
| | 04/02/10 | $216,495.11 |
| | 04/09/10 | $66,104.24 |
| | 04/14/10 | $35,000.00 |
| CRG PARTNERS GROUP, LLC Total | | $898,108.75 |
| | | |
| EPIQ SYSTEMS | 03/12/10 | $25,000.00 |
| EPIQ SYSTEMS Total | | $25,000.00 |
| | | |
| PACHULSKI STANG ZIEHL AND JONES | 03/04/10 | $500,000.00 |
| | 03/04/10 | $100,000.00 |
| | 04/02/10 | $200,000.00 |
| PACHULSKI STANG ZIEHL AND JONES Total | | $800,000.00 |
| | | |
| PILLSBURY WINTHORP SHAW PITTMAN LLP | 02/03/10 | $20,000.00 |
| | 04/12/10 | $19,310.25 |
| | 04/13/10 | $30,000.00 |
| | 04/21/10 | ($9,952.50) |
| PILLSBURY WINTHORP SHAW PITTMAN LLP Total | | $59,357.75 |

**Point Blank Solutions, Inc.** *et al*

Exhibit SoFA23: Distributions by a corporation to any insiders

Case No: 10-11259

District of Delaware

| Insider Name | Payor Entity | Issuance Date | Shares Issued |
|---|---|---|---|
| Larry Ellis | PBSI | 06/05/09 | 100,000 |
| Bernard Bailey | PBSI | 06/08/09 | 50,815 |
| Maurice Hannigan | PBSI | 06/08/09 | 48,178 |
| Martin Berndt | PBSI | 06/30/09 | 53,719 |
| James Henderson | PBSI | 08/18/09 | 43,950 |
| Robert Chefitz | PBSI | 08/18/09 | 14,650 |
| Terry Gibson | PBSI | 08/18/09 | 14,650 |
| Merrill McPeak | PBSI | 08/18/09 | 20,510 |
| **TOTAL SHARES ISSUED TO INSIDERS WITHIN ONE YEAR:** | | | **346,472** |

**Point Blank Solutions, Inc.** *et al*

Case No: 10-11259

Exhibit SoFA23: Distributions by a corporation to any insiders

District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| Bernard Bailey | 3334 | 05/21/09 | $521.49 | PBBA |
| Bernard Bailey | 3363 | 06/04/09 | $28,750.00 | PBBA |
| Bernard Bailey | 3380 | 06/08/09 | $355.72 | PBBA |
| Ernest Abati | 170093 | 05/25/09 | $5,576.90 | PBSI |
| Ernest Abati | 190066 | 05/11/09 | $5,576.90 | PBSI |
| Ernest Abati | 210087 | 04/27/09 | $5,576.90 | PBSI |
| Ernest Abati | 230078 | 04/13/09 | $5,576.90 | PBSI |
| Ernest Abati | 250083 | 06/19/09 | $5,576.90 | PBSI |
| Ernest Abati | 270054 | 07/02/09 | $5,576.90 | PBSI |
| Ernest Abati | 290056 | 06/18/09 | $5,576.90 | PBSI |
| Ernest Abati | 310071 | 06/04/09 | $5,576.90 | PBSI |
| Ernest Abati | 330051 | 05/21/09 | $5,576.90 | PBSI |
| Ernest Abati | 350073 | 05/07/09 | $5,576.90 | PBSI |
| Ernest Abati | 370052 | 04/23/09 | $5,576.90 | PBSI |
| Ernest Abati | 390070 | 04/09/09 | $5,576.90 | PBSI |
| Ernest Abati | 410049 | 03/26/09 | $5,576.90 | PBSI |
| Ernest Abati | 430072 | 03/12/09 | $5,576.90 | PBSI |
| Ernest Abati | 450050 | 02/26/09 | $5,576.90 | PBSI |
| Ernest Abati | 470068 | 02/12/09 | $5,576.90 | PBSI |
| Ernest Abati | 490053 | 01/29/09 | $5,576.90 | PBSI |
| Ernest Abati | 510052 | 12/18/09 | $5,576.90 | PBSI |
| Ernest Abati | 530070 | 12/31/09 | $296.96 | PBSI |
| Ernest Abati | 20051 | 12/17/09 | $5,576.90 | PBSI |
| Ernest Abati | 40066 | 12/03/09 | $5,576.90 | PBSI |
| Ernest Abati | 60050 | 02/12/10 | $5,576.90 | PBSI |
| Ernest Abati | 80060 | 02/26/10 | $5,576.90 | PBSI |
| Ernest Abati | 100046 | 03/12/10 | $5,576.90 | PBSI |
| Ernest Abati | 120060 | 03/05/10 | $5,576.90 | PBSI |
| Ernest Abati | 35796967 | 03/26/10 | $2,788.45 | PBSI |
| Ernest Abati | 35810426 | 03/19/10 | $2,788.45 | PBSI |
| Ernest Abati | 35823115 | 04/09/10 | $2,788.45 | PBSI |
| James Anderson | 11698 | 05/15/09 | $258.38 | PBSI |
| James Henderson | 3305 | 05/07/09 | $2,326.03 | PBBA |
| James Henderson | 3321 | 05/14/09 | $1,988.78 | PBBA |
| James Henderson | 3338 | 05/21/09 | $666.38 | PBBA |
| James Henderson | 3353 | 06/01/09 | $3,412.54 | PBBA |
| James Henderson | 3368 | 06/04/09 | $19,375.00 | PBBA |
| James Henderson | 3409 | 06/18/09 | $2,372.02 | PBBA |
| James Henderson | 3438 | 07/02/09 | $2,064.16 | PBBA |
| James Henderson | 3474 | 07/16/09 | $4,527.40 | PBBA |
| James Henderson | 3500 | 07/28/09 | $23,067.00 | PBBA |
| James Henderson | 3511 | 07/30/09 | $4,354.40 | PBBA |
| James Henderson | 3549 | 08/20/09 | $1,988.32 | PBBA |
| James Henderson | 3576 | 09/03/09 | $1,502.39 | PBBA |
| James Henderson | 3611 | 09/17/09 | $4,998.29 | PBBA |
| James Henderson | 3634 | 09/24/09 | $7,158.00 | PBBA |
| James Henderson | 3656 | 10/01/09 | $1,495.75 | PBBA |

**Point Blank Solutions, Inc.** *et al*

Case No: 10-11259

Exhibit SoFA23: Distributions by a corporation to any insiders

District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| James Henderson | 3667 | 10/01/09 | $10,702.00 | PBBA |
| James Henderson | 3693 | 10/15/09 | $4,006.68 | PBBA |
| James Henderson | 3708 | 10/26/09 | $1,480.54 | PBBA |
| James Henderson | 3724 | 11/02/09 | $1,333.94 | PBBA |
| James Henderson | 3739 | 11/05/09 | $1,859.20 | PBBA |
| James Henderson | 3797 | 12/09/09 | $3,112.41 | PBBA |
| James Henderson | 3843 | 12/30/09 | $711.35 | PBBA |
| James Henderson | 3869 | 01/06/10 | $49,715.35 | PBBA |
| James Henderson | 3913 | 03/12/10 | $3,532.01 | PBBA |
| James Henderson | 7993 | 04/08/10 | $28,499.75 | PBBA |
| James Henderson | 8034 | 04/09/10 | $8,000.00 | PBBA |
| Jennifer Coberly | 270039 | 07/02/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 250068 | 06/19/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 230062 | 06/05/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 210075 | 05/22/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 190054 | 05/08/09 | $11,153.85 | PBSI |
| Jennifer Coberly | 170079 | 04/24/09 | $11,538.46 | PBSI |
| Larry Ellis | 170080 | 04/24/09 | $24,999.99 | PBSI |
| Larry Ellis | 170081 | 04/24/09 | $2,794.46 | PBSI |
| Life Stone Material | 7697 | 03/12/10 | $185,200.00 | PBBA |
| Life Stone Material | 7726 | 03/19/10 | $240,375.10 | PBBA |
| Life Stone Material | 7914 | 04/06/10 | $128,583.32 | PBBA |
| Life Stone Material | 7938 | 04/07/10 | $151,342.77 | PBBA |
| Life Stone Material | 7947 | 04/08/10 | $106,285.24 | PBBA |
| Life Stone Material | 7948 | 04/08/10 | $35,430.06 | PBBA |
| Life Stone Material | 8110 | 04/13/10 | $88,623.35 | PBBA |
| Life Stone Material | 8129 | 04/14/10 | $113,289.58 | PBBA |
| Martin Berndt | 3308 | 05/07/09 | $450.14 | PBBA |
| Martin Berndt | 3356 | 06/01/09 | $73.00 | PBBA |
| Martin Berndt | 3372 | 06/04/09 | $9,375.00 | PBBA |
| Martin Berndt | 3498 | 07/28/09 | $6,250.00 | PBBA |
| Maurice Hannigan | 3324 | 05/14/09 | $190.35 | PBBA |
| Maurice Hannigan | 3343 | 05/21/09 | $101.56 | PBBA |
| Maurice Hannigan | 3362 | 06/04/09 | $26,875.00 | PBBA |
| Maurice Hannigan | 3578 | 09/03/09 | $80.15 | PBBA |
| Merrill McPeak | 3309 | 05/07/09 | $2,196.00 | PBBA |
| Merrill McPeak | 3373 | 06/04/09 | $14,375.00 | PBBA |
| Merrill McPeak | 3457 | 07/09/09 | $1,709.40 | PBBA |
| Merrill McPeak | 3480 | 07/20/09 | $650.35 | PBBA |
| Merrill McPeak | 3499 | 07/28/09 | $16,848.00 | PBBA |
| Merrill McPeak | 3614 | 09/17/09 | $691.40 | PBBA |
| Merrill McPeak | 3638 | 09/24/09 | $6,007.00 | PBBA |
| Merrill McPeak | 3668 | 10/01/09 | $5,661.00 | PBBA |
| Merrill McPeak | 3872 | 01/06/10 | $16,815.00 | PBBA |
| Merrill McPeak | 7985 | 04/08/10 | $32,978.25 | PBBA |
| Michelle Doery | 170088 | 03/25/10 | $5,769.24 | PBSI |
| Michelle Doery | 190061 | 03/11/10 | $5,769.24 | PBSI |
| Michelle Doery | 210081 | 02/25/10 | $5,769.24 | PBSI |

**Point Blank Solutions, Inc. *et al***

Case No: 10-11259

<u>Exhibit SoFA23: Distributions by a corporation to any insiders</u>

District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| Michelle Doery | 230071 | 02/11/10 | $5,769.24 | PBSI |
| Michelle Doery | 250076 | 06/19/09 | $5,769.24 | PBSI |
| Michelle Doery | 250077 | 06/19/09 | $25,000.00 | PBSI |
| Michelle Doery | 270048 | 07/02/09 | $16,346.14 | PBSI |
| Michelle Doery | 290043 | 06/18/09 | $7,884.62 | PBSI |
| Michelle Doery | 310059 | 06/04/09 | $7,884.62 | PBSI |
| Michelle Doery | 330040 | 05/21/09 | $7,884.62 | PBSI |
| Michelle Doery | 350063 | 05/07/09 | $7,884.62 | PBSI |
| Michelle Doery | 370041 | 04/23/09 | $7,884.62 | PBSI |
| Michelle Doery | 390061 | 04/09/09 | $7,884.62 | PBSI |
| Michelle Doery | 410040 | 03/26/09 | $7,884.62 | PBSI |
| Michelle Doery | 430061 | 03/12/09 | $7,884.62 | PBSI |
| Michelle Doery | 450039 | 02/26/09 | $7,884.62 | PBSI |
| Michelle Doery | 470057 | 02/12/09 | $7,884.62 | PBSI |
| Michelle Doery | 490041 | 01/29/09 | $7,884.62 | PBSI |
| Michelle Doery | 510041 | 12/18/09 | $7,884.62 | PBSI |
| Michelle Doery | 530060 | 12/31/09 | $7,884.62 | PBSI |
| Michelle Doery | 20041 | 12/17/09 | $7,884.62 | PBSI |
| Michelle Doery | 40057 | 12/03/09 | $7,884.62 | PBSI |
| Michelle Doery | 60041 | 02/12/10 | $7,884.62 | PBSI |
| Michelle Doery | 80052 | 02/26/10 | $7,884.62 | PBSI |
| Michelle Doery | 100038 | 03/12/10 | $7,884.62 | PBSI |
| Michelle Doery | 120053 | 03/05/10 | $7,884.62 | PBSI |
| Michelle Doery | 35796958 | 03/26/10 | $3,942.31 | PBSI |
| Michelle Doery | 35810419 | 03/19/10 | $3,942.31 | PBSI |
| Michelle Doery | 35823108 | 04/09/10 | $3,942.31 | PBSI |
| Robert Chefitz | 3344 | 05/21/09 | $2,501.73 | PBBA |
| Robert Chefitz | 3376 | 06/04/09 | $11,875.00 | PBBA |
| Robert Chefitz | 3501 | 07/28/09 | $18,910.00 | PBBA |
| Robert Chefitz | 3641 | 09/24/09 | $7,052.67 | PBBA |
| Robert Chefitz | 3669 | 10/01/09 | $5,661.00 | PBBA |
| Robert Chefitz | 3875 | 01/06/10 | $16,815.00 | PBBA |
| Robert Chefitz | 7978 | 04/08/10 | $33,813.29 | PBBA |
| Sam White | 170082 | 03/25/10 | $9,615.38 | PBSI |
| Sam White | 190055 | 03/11/10 | $9,615.38 | PBSI |
| Sam White | 210076 | 02/25/10 | $9,615.38 | PBSI |
| Sam White | 230063 | 02/11/10 | $9,615.38 | PBSI |
| Sam White | 250069 | 06/19/09 | $9,615.38 | PBSI |
| Sam White | 270040 | 07/02/09 | $9,615.38 | PBSI |
| Sam White | 290045 | 06/18/09 | $9,615.38 | PBSI |
| Sam White | 310061 | 06/04/09 | $9,615.38 | PBSI |
| Sam White | 330042 | 05/21/09 | $9,615.38 | PBSI |
| Sam White | 350065 | 05/07/09 | $9,615.38 | PBSI |
| Sam White | 370043 | 04/23/09 | $9,615.38 | PBSI |
| Sam White | 390062 | 04/09/09 | $9,615.38 | PBSI |
| Sam White | 410041 | 03/26/09 | $9,615.38 | PBSI |
| Sam White | 430063 | 03/12/09 | $9,615.38 | PBSI |
| Sam White | 450041 | 02/26/09 | $9,615.38 | PBSI |

**Point Blank Solutions, Inc.** *et al*                                      Case No: 10-11259
<u>Exhibit SoFA23: Distributions by a corporation to any insiders</u>          District of Delaware

| Insider Name | Document Number | Check or Wire Date | Payment Amount | Payor Entity |
|---|---|---|---|---|
| Sam White | 470059 | 02/12/09 | $9,615.38 | PBSI |
| Sam White | 490043 | 01/29/09 | $9,615.38 | PBSI |
| Sam White | 510039 | 12/18/09 | $9,615.38 | PBSI |
| Sam White | 530058 | 12/31/09 | $9,615.38 | PBSI |
| Sam White | 20039 | 12/17/09 | $9,615.38 | PBSI |
| Sam White | 40055 | 12/03/09 | $9,615.38 | PBSI |
| Sam White | 60039 | 02/12/10 | $9,615.38 | PBSI |
| Sam White | 80050 | 02/26/10 | $9,615.38 | PBSI |
| Sam White | 100036 | 03/12/10 | $9,615.38 | PBSI |
| Sam White | 120051 | 03/05/10 | $9,615.38 | PBSI |
| Sam White | 35796956 | 03/26/10 | $4,807.69 | PBSI |
| Sam White | 35810417 | 03/19/10 | $4,807.69 | PBSI |
| Sam White | 35823106 | 04/09/10 | $4,807.69 | PBSI |
| SP Corporate Services LLC | 3718 | 10/26/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 3744 | 11/05/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 3778 | 11/12/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 3833 | 12/21/09 | $37,500.00 | PBBA |
| SP Corporate Services LLC | 7661 | 03/04/10 | $112,500.00 | PBBA |
| SP Corporate Services LLC | 8066 | 04/12/10 | $13,750.00 | PBBA |
| Steel Partners | 3884 | 01/27/10 | $289.70 | PBBA |
| Steel Partners | 3885 | 02/01/10 | $133.10 | PBBA |
| Steel Partners | 7794 | 03/26/10 | $100,000.00 | PBBA |
| Terry Gibson | 3329 | 05/14/09 | $1,058.80 | PBBA |
| Terry Gibson | 3348 | 05/21/09 | $344.40 | PBBA |
| Terry Gibson | 3378 | 06/04/09 | $16,875.00 | PBBA |
| Terry Gibson | 3502 | 07/28/09 | $14,938.00 | PBBA |
| Terry Gibson | 3621 | 09/17/09 | $409.85 | PBBA |
| Terry Gibson | 3645 | 09/24/09 | $6,151.00 | PBBA |
| Terry Gibson | 3670 | 10/01/09 | $6,291.00 | PBBA |
| Terry Gibson | 3837 | 12/21/09 | $311.40 | PBBA |
| Terry Gibson | 3880 | 01/06/10 | $17,432.00 | PBBA |
| Terry Gibson | 7975 | 04/08/10 | $22,924.80 | PBBA |
| **TOTAL PAYMENTS TO INSIDERS WITHIN ONE YEAR:** | | | **$2,698,873.73** | |

B6A (Official Form 6A) (12/07)

.

In re __**Protective Apparel Corporation of America**_____,    Case No. __**10-11259**_____

Debtor

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | Sub-Total > | 0.00 | (Total of this page) |
|---|---|---|---|---|
| | | Total > | 0.00 | |

__0___ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Protective Apparel Corporation of America**                                    , Case No.    **10-11259**
                                                                                                                           Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Petty Cash** | - | 500.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **PACA Acct# *6102**<br>**Bank of America**<br>**540 W. Madison Street, 16th Floor**<br>**Chicago, IL  60661** | - | 53,696.44 |
| | | **PACA Acct# *2267**<br>**Bank of America**<br>**540 W. Madison Street, 16th Floor**<br>**Chicago, IL  60661** | - | 31,816.61 |
| | | **PACA Acct# *1876**<br>**Regions Bank**<br>**2425 Jackson Pike**<br>**LaFolette, TN  37766**<br>**Bank balance as of March 31, 2010** | - | 9,790.37 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |

Sub-Total >          95,803.42
(Total of this page)

__3__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Protective Apparel Corporation of America**                          ,      Case No.     **10-11259**
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Accounts Receivable, Net** | - | **1,818,530.34** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >     **1,818,530.34**
(Total of this page)

Sheet   **1**   of   **3**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Protective Apparel Corporation of America**                    ,    Case No.    __10-11259__
                                                Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | **Trademark: The Round Stops Here App. No 7729934** | - | **Unknown** |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Furniture & Fixtures, Net of Depreciation** | - | **8,942.80** |
| | | **Computer Equipment, Net of Depreciation** | - | **17,501.44** |
| | | **Computer Software Under Development, Net of Depreciation** | - | **62,344.80** |
| | | **Leasehold Improvements, Net of Depreciation** | - | **13,594.75** |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Machinery & Equipment, Net of Depreciation** | - | **107,067.66** |
| 30. Inventory. | | **Inventory: Raw Materials** | - | **1,267,433.73** |
| | | **Inventory: Work In Progress** | - | **224,823.19** |

Sub-Total >    **1,701,708.37**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Protective Apparel Corporation of America**    Case No.    **10-11259**
_____,
Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Inventory: Finished Goods** | - | **83,348.65** |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > (Total of this page) | 83,348.65 |
| Total > | 3,699,390.78 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re  **Protective Apparel Corporation of America**                    ,    Case No.    **10-11259**
                                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Bank of America, NA** <br> **4 Penn Center** <br> **1600 John F. Kennedy Blvd, Suite 1200** <br> **Philadelphia, PA 19103** | X | - | **Term Debt** <br><br> **The above-referenced term debt was paid by the Debtors to BOFA in accordance with the Bankruptcy Court's Order entered April 16, 2010** <br><br> Value $                **Unknown** | | | X | 9,684,969.43 | Unknown |
| Account No. <br><br> **E.I. du Pont de Nemours** <br> **c/o Ballard Spahr** <br> **1735 Market Street, 51st Floor** <br> **Philadelphia, PA 19103-7599** | | - | **DuPont guaranteed certain of the Debtors' obligations to the Prepetition Agent under the Prepetition Loan Agreement** <br><br> Value $                **Unknown** | | X | | Unknown | Unknown |
| Account No. <br><br><br><br><br> | | | <br><br> Value $ | | | | | |
| Account No. <br><br><br><br><br> | | | <br><br> Value $ | | | | | |

|  | | |
|---|---|---|
| **0** continuation sheets attached | Subtotal <br> (Total of this page) | 9,684,969.43 | 0.00 |
| | Total <br> (Report on Summary of Schedules) | 9,684,969.43 | 0.00 |

B6E (Official Form 6E) (4/10)

.

In re        **Protective Apparel Corporation of America**                                    Case No. _____**10-11259**_____
_____,
                                          Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

■ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                  Best Case Bankruptcy

B6E (Official Form 6E) (4/10) - Cont.

In re    **Protective Apparel Corporation of America**                    ,    Case No.    **10-11259**
_____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED
(Continuation Sheet)

**Wages, salaries, and commissions**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No.<br><br>**Accrued Vacation Liability** | - | | | **See Exhibit E1**<br>**As of April 19, 2010**<br>**Pursuant to the Wage Order, employees may take their vacation in the ordinary course of business.** | | X | | **104,858.39** | **Unknown**<br><br>**Unknown** |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal | 0.00 | |
|---|---|---|---|
| | (Total of this page) | **104,858.39** | **0.00** |

**Point Blank Solutions, Inc.** *et al*
<u>Exhibit E1: Accrued Vacation Liability</u>

| Employee Last Name | Employee First Name | Company | Accrued Vacation Liability (as of 4/19/10) |
|---|---|---|---|
| Adkins | Danny | PACA | $954.40 |
| Adkins | Vickie | PACA | $622.40 |
| Asbury | Rosalie | PACA | $716.00 |
| Ayers | Elizabeth | PACA | $1,108.80 |
| Barnes | Ella | PACA | $597.60 |
| Barth | Brenda | PACA | $1,334.40 |
| Boshears | Lisa | PACA | $298.80 |
| Bowers | Tracey | PACA | $298.80 |
| Braden | Betty Jean | PACA | $1,788.00 |
| Bray | Pat | PACA | $1,574.40 |
| Bray | Matt | PACA | $298.80 |
| Brown | Lois | PACA | $671.20 |
| Bullman | Annis Gail | PACA | $671.20 |
| Bunch | Regina | PACA | $904.00 |
| Carr | Misty | PACA | $0.00 |
| Carroll | Rissa | PACA | $0.00 |
| Carter | Emily | PACA | $671.20 |
| Chandler | Chris | PACA | $769.20 |
| Collingsworth | Kathy | PACA | $736.80 |
| Collingsworth | Sarah | PACA | $736.80 |
| Compton | James | PACA | $0.00 |
| Copeland | Leann | PACA | $1,290.24 |
| Dagley | Doris | PACA | $788.80 |
| Dagley | Michelle | PACA | $0.00 |
| Daniels | Zenith | PACA | $716.00 |
| Davis | Rachel | PACA | $597.60 |
| Day | Tammy | PACA | $298.80 |
| Dodd | Patricia | PACA | $1,929.60 |
| Douglas | Jaclyn | PACA | $298.80 |
| Douglas | Angela | PACA | $0.00 |
| Duncan | Jerry | PACA | $298.80 |
| Fox | Anita | PACA | $298.80 |
| Garrett | Roe | PACA | $1,036.64 |
| Garrett | Randall | PACA | $900.80 |
| Gilbert | Carolyn | PACA | $1,071.84 |
| Goins | Jettie | PACA | $671.20 |
| Goins | Irene | PACA | $597.60 |
| Goins | Regina | PACA | $298.80 |
| Hamilton | Brenda | PACA | $1,038.20 |
| Hammel | Stephanie | PACA | $769.60 |
| Harness | Hazel | PACA | $1,105.20 |
| Hatfield | Marty | PACA | $685.60 |
| Hatmaker | Tina | PACA | $1,359.60 |
| Heatherly | Jessica | PACA | $0.00 |

**Point Blank Solutions, Inc.** *et al*
Exhibit E1: Accrued Vacation Liability

| Employee Last Name | Employee First Name | Company | Accrued Vacation Liability (as of 4/19/10) |
|---|---|---|---|
| Henry | Bertha M. | PACA | $730.40 |
| Hooks | Cheryl | PACA | $298.80 |
| Housley | Richard | PACA | $1,808.00 |
| Huddleston | Brad | PACA | $0.00 |
| Humphrey | Amy | PACA | $298.80 |
| Hutton | Clarence Hutton | PACA | $7,211.55 |
| Hutton | Terence | PACA | $1,615.20 |
| Johnson | Rodney | PACA | $1,413.60 |
| Jordon | Sandra | PACA | $692.00 |
| Julian | Nancy | PACA | $0.00 |
| Karnuth | Brenda | PACA | $636.80 |
| Kidwell | Kenny | PACA | $0.00 |
| Lasure | Viola | PACA | $597.60 |
| Lawson | Lewis | PACA | $741.60 |
| Lawson | Geraldine | PACA | $620.80 |
| Lawson | Nathan | PACA | $0.00 |
| Letner | Emmitt | PACA | $1,730.40 |
| Letner | Donald | PACA | $730.40 |
| Long | Bonnie Mccullah | PACA | $884.16 |
| Lowe | Glenda | PACA | $640.80 |
| Lowe | Ofa | PACA | $620.80 |
| Loy | Sherry | PACA | $1,615.20 |
| Marlow | Ginger | PACA | $597.60 |
| Marlow | Loretta | PACA | $0.00 |
| Martin | Meagan | PACA | $329.60 |
| Mason | Anita | PACA | $960.96 |
| Mccullah | Bonnie Mccullah | PACA | $1,782.40 |
| Mckamey | Naomi | PACA | $1,057.68 |
| Mckamey | Donnie | PACA | $0.00 |
| Miller | Brenda | PACA | $671.20 |
| Miller | Patrick | PACA | $0.00 |
| Mize | Paula Mize | PACA | $1,538.40 |
| Moore | Jenny | PACA | $0.00 |
| Nighbert | Ima Jean | PACA | $643.20 |
| Noe | Rodd | PACA | $0.00 |
| Noe | Amanda | PACA | $0.00 |
| Norman | Paulette | PACA | $694.40 |
| Nunn | Brandy | PACA | $0.00 |
| Oakes | Brenda | PACA | $887.80 |
| O'Grady | Florence | PACA | $0.00 |
| Owens | Mark | PACA | $298.80 |
| Parker | Shirley | PACA | $0.00 |
| Pebley | Tina Wilsonilsonilson | PACA | $636.80 |
| Phillips | Linda | PACA | $1,008.00 |

**Point Blank Solutions, Inc.** *et al*
<u>Exhibit E1: Accrued Vacation Liability</u>

| Employee Last Name | Employee First Name | Company | Accrued Vacation Liability (as of 4/19/10) |
|---|---|---|---|
| Phillips | Cheryl | PACA | $597.60 |
| Phillips | Chris | PACA | $0.00 |
| Phillips | Robert | PACA | $0.00 |
| Pierce | Sherry | PACA | $1,031.52 |
| Powers | Ann | PACA | $647.20 |
| Reed | Dennis | PACA | $0.00 |
| Reeder | Jeanine | PACA | $2,712.00 |
| Reynolds | Kim | PACA | $1,230.40 |
| Riggs | Cathy | PACA | $684.00 |
| Rutherford | Wilma | PACA | $1,174.40 |
| Rutherford | Ruby | PACA | $643.20 |
| Sanchez | Ruth | PACA | $846.40 |
| Sanchez | Adam | PACA | $298.80 |
| Schubert | Claudine | PACA | $1,788.00 |
| Sharp | Wanda | PACA | $664.00 |
| Shelton | Tabitha | PACA | $664.80 |
| Shelton | Eric | PACA | $597.60 |
| Shelton | Rachel | PACA | $597.60 |
| Shepard | Gary | PACA | $1,478.40 |
| Shepherd | Kathleen | PACA | $750.40 |
| Shown | Gwenna | PACA | $671.20 |
| Shultz | Juanita | PACA | $1,031.52 |
| Smith | William | PACA | $1,240.00 |
| Smith | James | PACA | $597.60 |
| Snodderly | Sandra | PACA | $1,528.80 |
| Sprankle | Dora | PACA | $1,452.00 |
| Stevens | Margine | PACA | $1,091.88 |
| Strickland | Janet | PACA | $0.00 |
| Sweat | Oma | PACA | $1,136.72 |
| Taylor | Tammy | PACA | $1,158.00 |
| Taylor | Virginia | PACA | $960.96 |
| Testo | Lena | PACA | $1,094.24 |
| Tilley | Tiffany | PACA | $0.00 |
| Trent | Loretta | PACA | $1,134.40 |
| Turner | Michelle | PACA | $0.00 |
| Vinsant | Tommy | PACA | $750.40 |
| Waddell | Mary Lou | PACA | $905.28 |
| Wade | Tim | PACA | $0.00 |
| Walker | Alicia | PACA | $0.00 |
| Weaver | Maxine | PACA | $669.60 |
| Whaley | Jason | PACA | $298.80 |
| Whaley | Melissa | PACA | $298.80 |
| White | Robert | PACA | $791.20 |
| Willoughby | Mary Ann | PACA | $620.80 |

**Point Blank Solutions, Inc.** *et al*
Exhibit E1: Accrued Vacation Liability

| Employee Last Name | Employee First Name | Company | Accrued Vacation Liability (as of 4/19/10) |
|---|---|---|---|
| Wilson | Tina | PACA | $1,962.00 |
| Wilson | Angie | PACA | $1,291.20 |
| Wilson | Carolyn | PACA | $1,105.20 |
| Wilson | Melissa | PACA | $597.60 |
| Wilson | Robyn | PACA | $298.80 |
| Wilson | Katherine | PACA | $0.00 |
| Woodson | Nettie | PACA | $600.80 |
| Wormsley | Tina | PACA | $365.20 |
| **TOTAL PROTECTIVE APPAREL CORP OF AMERICA:** | | | **$104,858.39** |

B6E (Official Form 6E) (4/10) - Cont.

In re  **Protective Apparel Corporation of America**                    ,    Case No.   **10-11259**
                                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | **Personal Property Tax Payable** | | | | | | |
| **Campbell County**<br>**570 Main Street**<br>**Jacksboro, TN 37757** | | - | | | | | | | **Unknown** |
| | | | | | | | **12,484.22** | | **Unknown** |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet  **2**   of  **2**   continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0.00 | |
| | 12,484.22 | 0.00 |
| Total (Report on Summary of Schedules) | 0.00 | |
| | 117,342.61 | 0.00 |

B6F (Official Form 6F) (12/07)

In re **Protective Apparel Corporation of America** , Case No. __10-11259__

Debtor

# AMENDED
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Trade Payable | | | | |
| A & M TAPE AND PACKAGING 5201  NOB HILL ROAD SUNRISE, FL 33351 | | - | | | | | | | 85.12 |
| Account No. | | | | | Trade Payable | | | | |
| ACCUMED INNOVATIVE TECHNOLOGIES, INC. P.O. BOX 200622 PITTSBURGH, PA 15251-0622 | | - | | | | | | | 5,237.52 |
| Account No. | | | | | Trade Payable | | | | |
| ALLSTATE CONTAINERS, INC. P.O. BOX 23316 KNOXVILLE, TN 37933 | | - | | | | | | | 674.95 |
| Account No. | | | | | Trade Payable | | | | |
| AMERICAN BAG AND LINEN COMPANY 339 WEST AIRPORT RD. PO BOX 8K CORNELLA, GA 30531 | | - | | | | | | | 4,635.30 |
| __18__  continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 10,632.89 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Protective Apparel Corporation of America**                          ,  Case No.    **10-11259**

Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| ASCOM HASLER/GE CAP PROG P.O. BOX 802585 CHICAGO, IL 60680 | - | | | | | | | 66.97 |
| Account No. | | | | Trade Payable | | | | |
| ATD-AMERICAN CO. 135 GREENWOOD AVE WYNCOTE, PA 19095 | - | | | | | | | 300.60 |
| Account No. | | | | Trade Payable | | | | |
| AVIS RENT A CAR SYSTEMS, INC. 7876 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | - | | | | | | | 620.15 |
| Account No. | | | | Trade Payable | | | | |
| BAY BRIDGE ADMINISTRATORS LLC P.O. BOX 161690 AUSTIN, TX 78716 | - | | | | | | X | 1,174.60 |
| Account No. | | | | Trade Payable | | | | |
| BLUMENTHAL LANSING COMPANY P.O. BOX 57001 NEWARK, NJ 07101-5701 | - | | | | | | | 1,546.00 |

Sheet no.  **1**  of  **18**  sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,708.32

B6F (Official Form 6F) (12/07) - Cont.

In re    **Protective Apparel Corporation of America**                          ,    Case No.    **10-11259**
                                                    Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **BROOKWOOD COMPANYS INC** <br> **WELLS FARGO CENTURY INC** <br> **P.O. BOX 360286** <br> **PITTSBURG, PA 15250** | - | | | Trade Payable <br> **Subject to setoff.** | | | X | 17,080.87 |
| Account No. <br><br> **BROOKWOOD COMPANYS INC** <br> **25 W. 45TH STREET** <br> **11TH FLOOR** <br> **NEW YORK, NY 10036** | - | | | Trade Payable <br> **Subject to setoff.** | | | X | 6,094.31 |
| Account No. <br><br> **CARLTON GROUP,INC.** <br> **7512 TAGGART LN** <br> **KNOXVILLE, TN 37938** | - | | | Trade Payable | | | | 289.51 |
| Account No. <br><br> **CARR TEXTILE CORP** <br> **243 WOLFNER DR** <br> **FENTON, MO 63026** | - | | | Trade Payable | | | X | 13,496.50 |
| Account No. <br><br> **CARYVILLE-JACKSBORO UTILITIES** <br> **P.O. BOX 121** <br> **585 MAIN ST.** <br> **JACKSBORO, TN 37757** | - | | | Trade Payable | | | | 57.22 |

Sheet no. __2__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **37,018.41**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Protective Apparel Corporation of America**                              ,    Case No.    **10-11259**
                                        Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W | J C | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**COATS AMERICAN INC.**<br>**DEPT AT 952808**<br>**ATLANTA, GA 31192-2808** | - | | | Trade Payable | | | | 8,171.71 |
| Account No.<br><br>**COMCAST CABLE**<br>**P.O. BOX 105184**<br>**ATLANTA, GA 30348-5184** | - | | | Trade Payable | | | X | 788.76 |
| Account No.<br><br>**COOK'S PEST CONTROL**<br>**P.O. BOX 5483**<br>**KNOXVILLE, TN 37928-0483** | - | | | Trade Payable | | | | 160.00 |
| Account No.<br><br>**COOPER CONTAINER CORP**<br>**P.O. BOX 730**<br>**195 DURHAM DRIVE**<br>**MYNARDVILLE, TN 37807** | - | | | Trade Payable | | | | 23,133.53 |
| Account No.<br><br>**CUSTOM APPAREL**<br>**620 TWEED SPRINGS ROAD**<br>**GREENVILLE, TN 37743** | - | | | Trade Payable | | | | 44,688.00 |

Sheet no. __3__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **76,942.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Protective Apparel Corporation of America**                    ,   Case No.   **10-11259**
_____
Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **DEPENDABLE PACKAGING SOLUTIONS** <br> **1361 NW 155th Dr.** <br> **Miami Gardens, FL 33169** | - | | Trade Payable | | | X | 2,008.25 |
| Account No. <br><br> **DFAS-IN** <br> **8899 East 56th Street** <br> **Indianapolis, IN 46249** | - | | Customer Deposit <br>    Subject to setoff. | X | | | 20,475.00 |
| Account No. <br><br> **DIRECTEX** <br> **3563 OLD CONEJO ROAD** <br> **NEWBURY, CA 91320** | - | | Trade Payable | | | | 1,487.50 |
| Account No. <br><br> **DSM DYNEEMA B.V.** <br> **2189 COLLECTION CENTER DR** <br> **CHICAGO, IL 60693** | - | | Trade Payable <br>    Subject to setoff. | | | | 102,672.00 |
| Account No. <br><br> **DUPONT ADVANCED FIBER SYSTEMS** <br> **E.I. DU PONT DE NEMOURS & COMPANY** <br> **DEPT AT 952332** <br> **ATLATNA, GA 31192-2332** | - | | Trade Payable <br>    Subject to setoff. | | | X | 125,276.69 |

Sheet no. __4__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   **251,919.44**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Protective Apparel Corporation of America**                          ,    Case No. ___**10-11259**_____
                                            Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| DURO TEXTILES LLC 1 P.O. BOX A FALL RIVER, MA 02724-1496 | | - | | | | | X | 88,206.00 |
| Account No. | | | | Trade Payable | | | | |
| EDDINGTON THREAD CO. 3222 KNIGHTS RD BENSALEM, PA 19020 | | - | | | | | | 979.50 |
| Account No. | | | | Trade Payable | | | | |
| FEDEX 2 P. O. BOX 660481 DALLAS, TX 75266-0481 | | - | | | | | X | 291.34 |
| Account No. | | | | Trade Payable | | | | |
| FEDEX FREIGHT P.O. BOX 406708 ATLANTA, GA 30384-6708 | | - | | | | | X | 250.91 |
| Account No. | | | | Trade Payable | | | | |
| GENERAL SERVICES ADMINIS INDUSTRIAL FUNDING FEE (IFF/SIFT) FOR MAS CONTRACTS ST. LOUIS, MO 63197-9017 | | - | | | | | X | 485.99 |

Sheet no. __5___ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **90,213.74**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Protective Apparel Corporation of America**                              ,    Case No.    **10-11259**
                                                        Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| GREAT AMERICAN LEASING CORP. PO BOX 660831 DALLAS, TX 75266-0831 | - | | | | | | | 1,868.71 |
| Account No. | | | | Trade Payable | | | | |
| HENDERSON MACHINE INC. 1809 S. POWERLINE ROAD SUITE 110 DEERFIELD BEACH, FL 33442 | - | | | | | | | 50.00 |
| Account No. | | | | Trade Payable | | | | |
| HOLSTON GASES P.O. BOX 440 JACKSBORO, TN 37757 | - | | | | | | | 127.62 |
| Account No. | | | | Trade Payable | | | | |
| HUBER TEXTILES INC SLOT 303253, PO BOX 66973 CHICAGO, IL 60666-0973 | - | | | | | | | 525.85 |
| Account No. | | | | Trade Payable | | | | |
| INTEGRITY FURNITURE & EQUIPTMENT PO BOX 6523 LONGVIEW, TX 75608 | - | | | | | | | 9,274.00 |

| Sheet no. **6** of **18** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 11,846.18 |
|---|---|---|

B6F (Official Form 6F) (12/07) - Cont.

In re  **Protective Apparel Corporation of America**                                   ,     Case No.    **10-11259**
                                    Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | Trade Payable | | | | |
| INTERNATIONAL TEXTILE GRP P.O. BOX 101876 ATLANTA, GA 30392-1876 | - | | | | | | | 350.00 |
| Account No. | | | | Trade Payable | | | | |
| J. O. KING, INC 5015 RIO VISTA AVE TAMPA, FL 33634-5321 | - | | | | | | | 220.00 |
| Account No. | | | | Pending Litigation | | | | |
| Jerry Haleva and Sergeant Major Associates c/o Girardi Keese 1126 Wilshire Boulevard Los Angeles, CA 90017 | - | | | | X | X | X | Unknown |
| Account No. | | | | Trade Payable | | | | |
| JL KAYA INC 7284 N.W 54TH ST MIAMI, FL 33166 | - | | | | | | X | 36,229.75 |
| Account No. | | | | Trade Payable | | | | |
| JOHN C TUCKER CO, INC 2921 SUFFOLK DR SUITE 500 FT WORTH, TX 76133 | - | | | | | | | 1,492.01 |

Sheet no. __7__ of __18__ sheets attached to Schedule of                          Subtotal                | 38,291.76 |
Creditors Holding Unsecured Nonpriority Claims                              (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Protective Apparel Corporation of America**                              ,      Case No.   **10-11259**
_____
Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| JOHN E FOX (THE FOX COMPANY) 2909 INTERSTATE STREET CHARLOTTE, NC 28208 | - | | | | | | | 1,709.62 |
| Account No. | | | | Trade Payable | | | | |
| KNOX FIRE EXTINGUISHER CO div DESCO CARBONIC INC. 1201 UNIVERSITY AVE KNOXVILLE, TN 37921 | - | | | | | | | 109.25 |
| Account No. | | | | Trade Payable | | | | |
| LAWRENCE SCHIFF SILK MILLS, INC. PO BOX 379 QUAKERTOWN, PA 18951 | - | | | | | | | 299.20 |
| Account No. | | | | Trade Payable Subject to setoff. | | | X | |
| LEADING TECH. COMPOSITES,INC. 2626 W. MAY WICHITA, KS 67213 | - | | | | | | | 3,620.00 |
| Account No. | | | | Trade Payable | | | | |
| LEAN SUPERMARKET LLC 5106 S 194th STREET OMAHA, NE 68135 | - | | | | | | | 3,035.63 |

Sheet no. __8__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

8,773.70

B6F (Official Form 6F) (12/07) - Cont.

In re  **Protective Apparel Corporation of America**                    ,    Case No.    **10-11259**
_____
Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Trade Payable<br>**Subject to setoff.** | | | | |
| **LIFE STONE MATERIALS, LLC**<br>**99 ROUSH STREET**<br>**ANDERSON, SC 29625** | - | | | | | | | X | |
| | | | | | | | | | 48,127.87 |
| Account No. | | | | | Trade Payable | | | | |
| **LIFT TRUCK SALES**<br>**201 VAN HUSS AVE**<br>**P.O. BOX 12040**<br>**KNOXVILLE, TN 37912** | - | | | | | | | | |
| | | | | | | | | | 100.26 |
| Account No. | | | | | Trade Payable | | | | |
| **LINCOLN FABRICS INC**<br>**C/O P.O. BOX 8000**<br>**DEPT. #093**<br>**BUFFALO, NY 14267** | - | | | | | | | | |
| | | | | | | | | | 373,572.10 |
| Account No. | | | | | Trade Payable | | | | |
| **MCNEELEY FAMILY PHY.**<br>**110 EXECUTIVE PARK DRIVE**<br>**CLINTON, TN 37716** | - | | | | | | | | |
| | | | | | | | | | 1,075.00 |
| Account No. | | | | | Trade Payable | | | | |
| **MSC INDUSTRIAL SUPPLY CO**<br>**DEPT CH 0075**<br>**PALATINE, IL 60055-0075** | - | | | | | | | | |
| | | | | | | | | | 315.70 |

Sheet no. __9___ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

423,190.93

B6F (Official Form 6F) (12/07) - Cont.

In re   **Protective Apparel Corporation of America**                    ,    Case No.    **10-11259**
                                                  Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | Trade Payable | | | | |
| NATIONAL CUSTOM PRTG INC P.O. BOX 24242 KNOXVILLE, TN 37933 | - | | | | | | | | 12,801.38 |
| Account No. | | | | | Trade Payable | | | | |
| NORTHEAST KNITTING INC P.O. BOX 7247 CUMBERLAND, RI 02864 | - | | | | | | | | 1,070.50 |
| Account No. | | | | | Customer Deposit      Subject to setoff. | | | | |
| NYS Division of Parole 119 West 31st Street New York, NY 10001-3400 | - | | | | | X | | | 42,394.16 |
| Account No. | | | | | Customer Deposit      Subject to setoff. | | | | |
| Old Dominion University Norfolk, VA 23529 | - | | | | | X | | | 323.11 |
| Account No. | | | | | Trade Payable | | | | |
| ONLINE LABELS INC. 925 Florida Central Parkway Longwood, FL 32750 | - | | | | | | | | 86.38 |

Sheet no. __10__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)              **56,675.53**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Protective Apparel Corporation of America**                    ,    Case No.    **10-11259**
_____
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Trade Payable | | | | |
| **OUTLAST TECHNOLOGIES, INC.** **5480 VALMONT ROAD** **SUITE #200** **BOULDER, CO 80301** | - | | | | | | 3,719.64 |
| Account No. | | | Trade Payable | | | | |
| **PC MALL SALES, INC.** **FILE 55327** **LOS ANGELES, CA 90074-5327** | - | | | | | | 842.29 |
| Account No. | | | Trade Payable | | | | |
| **PIEDMONT PLASTICS** **2567 PRIME WAY** **SUITE 102** **KNOXVILLE, TN 37918** | - | | | | | X | 747.22 |
| Account No. | | | Trade Payable | | | | |
| **PRACTICAL COMPUTER SOLUTIONS** **3082 SANDY PLAINS ROAD** **MARIETTA, GA 30066** | - | | | | | | 19,381.87 |
| Account No. | | | Trade Payable | | | | |
| **PROFESSIONAL COMPRESSED AIR** **SERVICE, INC.** **P.O. BOX 66, HWY.61** **ANDERSONVILLE, TN 37705** | - | | | | | | 427.08 |

Sheet no. __11__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

25,118.10

B6F (Official Form 6F) (12/07) - Cont.

In re __Protective Apparel Corporation of America_____,    Case No. ___10-11259_____
                                     Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| QUALITY PALLETS P.O. BOX 1193 CLINTON, TN 37716 | | - | | | | | | 1,525.00 |
| Account No. | | | | Trade Payable | | | | |
| QUILL CORPORATION 100 SCHELTER ROAD LINCOLNSHIRE, IL 60069 | | - | | | | | | 108.10 |
| Account No. | | | | Trade Payable | | | | |
| R.I. KNITTING COMPANY INC. 20 CUSHMAN STREET TAUNTON, MA 02780 | | - | | | | | | 108.09 |
| Account No. | | | | Trade Payable | | | | |
| RTE MACHINE & FABRICATION P.O. BOX 87 135 SAWMILL ROAD NORRIS, TN 37828 | | - | | | | | | 5,211.25 |
| Account No. | | | | Trade Payable | | | | |
| SAFE N' SOUND SECURITY SERVICES, INC 6303 ZACHARY ROAD CORRYTON, TN 37721 | | - | | | | | | 159.00 |

Sheet no. __12__ of __18__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     7,111.44

B6F (Official Form 6F) (12/07) - Cont.

In re **Protective Apparel Corporation of America** ,    Case No. **10-11259**
_____
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| SCOTT SOLID WASTE - TN DEPT 1433 LOS ANGELES, CA 90084-1433 | - | | | | | | | 426.89 |
| Account No. | | | | Trade Payable | | | | |
| SCOVILL FASTENERS P.O. BOX 409312 ATLANTA, GA 30384-9312 | - | | | | | | | 4,275.00 |
| Account No. | | | | Pending Litigation | | | | |
| Securities and Exchange Commission Miami Regional Office Chedley C. Dumornay 801 Brick Avenue, Suite 1800 Miami, FL 33131 | - | | | | X | X | X | Unknown |
| Account No. | | | | Pending Litigation | | | | |
| Securities Class Action and Shareholder Derivative Action Carter Ledyard & Millburn c/o Gary Sesser, 2 Wall Street New York, NY 10005 | - | | | | X | X | X | Unknown |
| Account No. | | | | Trade Payable | | | | |
| SENTRY INSURANCE BOX 88372 MILWAUKEE, WI 53288-0372 | - | | | | | | X | 6,185.40 |

Sheet no. **13** of **18** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  **10,887.29**

B6F (Official Form 6F) (12/07) - Cont.

In re __Protective Apparel Corporation of America__ , Case No. __10-11259__
                                        Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| SEWN PRODUCTS EQUIPMENT P.O. BOX 357 971 AIRPORT ROAD JEFFERSON, GA 30549 | - | | | | | | X | 72.04 |
| Account No. | | | | Trade Payable | | | | |
| SHEFFIELD CUTTING EQUIPMENT 4569 MISSION GORGE PL SAN DIEGO, CA 92120 | - | | | | | | | 190.87 |
| Account No. | | | | Trade Payable | | | | |
| SONOBOND ULTRASONICS 1191 MCDERMOTT DR WEST CHESTER, PA 19380 | - | | | | | | | 2,139.30 |
| Account No. | | | | Trade Payable | | | | |
| SOUTHEASTERN FREIGHT LINE P.O. BOX 100104 COLUMBIA, SC 29202-3104 | - | | | | | | X | 112.58 |
| Account No. | | | | Trade Payable | | | | |
| SPECTRA ENVIRONMENTAL GROUP 225 BROOKDALE RD MARYVILLE, TN 37801 | - | | | | | | | 1,395.00 |

Sheet no. __14__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    3,909.79

B6F (Official Form 6F) (12/07) - Cont.

In re __**Protective Apparel Corporation of America**_____,    Case No. ___**10-11259**_____
_____
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | H W | J C | | | | | |
| Account No. | | | | Trade Payable | | | | |
| **STAPLES ADVANTAGE PO BOX 95708 CHICAGO, IL 60694-5708** | - | | | | | | | 655.93 |
| Account No. | | | | Trade Payable | | | | |
| **STIMPSON CO., INC 1515 S.W. 13TH COURT POMPANO BCH, FL 33069** | - | | | | | | | 461.50 |
| Account No. | | | | Trade Payable | | | | |
| **THE GAUGE SHOP P.O. BOX 212 LOUDON, TN 37774** | - | | | | | | | 45.00 |
| Account No. | | | | Trade Payable | | | | |
| **THE TONER COMPANY INC. 20533 BISCAYNE BLVD AVENTURA, FL 33180** | - | | | | | | | 1,284.64 |
| Account No. | | | | Trade Payable | | | | |
| **THERMOCOPY OF TENNESSEE P.O. BOX 10665 KNOXVILLE, TN 37939-0665** | - | | | | | | X | 607.04 |

Sheet no. __**15**__ of __**18**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **3,054.11**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Protective Apparel Corporation of America**                    ,    Case No. ___**10-11259**___
                                    Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Trade Payable | | | | |
| **TIME PAYMENT CORP** **P.O. BOX 3069** **WOBURN, MA 01888-1969** | - | | | | | | 784.94 |
| Account No. | | | Trade Payable | | | | |
| **TOP VALUE FABRICS, INC** **P.O, BOX 2050** **CARMEL, IN 46082** | - | | | | | | 18,325.92 |
| Account No. | | | Customer Deposit    Subject to setoff. | | | | |
| **U.S. Cavalry** **2855 Centennial Avenue** **Radcliff, KY 40160-9000** | - | | | X | | | 5,000.00 |
| Account No. | | | Customer Deposit    Subject to setoff. | | | | |
| **U.S. Department of Justice** **950 Pennsylvania Ave, NW** **Washington, DC 20530-0001** | - | | | X | | | 507.00 |
| Account No. | | | Trade Payable | | | | |
| **ULINE** **ATTN: ACCT'S RECEIVABLE** **2200 S. LAKESIDE DR** **WAUKEGAN, IL 60085** | - | | | | | | 475.96 |

Sheet no. __**16**__ of __**18**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          25,093.82

B6F (Official Form 6F) (12/07) - Cont.

In re  **Protective Apparel Corporation of America**                          ,     Case No.    **10-11259**
_____
Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Trade Payable | | | | |
| **UNITED PARCEL SERVICE P. O. BOX 7247-0244 PHILADELPHIA, PA 19170-0001** | - | | | | | X | 6,923.91 |
| Account No. | | | Trade Payable | | | | |
| **UPS-SUPPLY CHAIN SOLUTION, INC. ATT:CUSTOM BROKERAGE SVC P.O. BOX 34486 LOUISVILLE, KY 40232** | - | | | | | X | 90.04 |
| Account No. | | | Trade Payable | | | | |
| **VELCRO U.S.A., INC. P. O. BOX 414871 BOSTON, MA 02241-4871** | - | | | | | | 9,589.00 |
| Account No. | | | Trade Payable | | | | |
| **WILSON GAS & ACCESSORIES 414 ELLISON ROAD LA FOLLETTE, TN 37766** | - | | | | | X | 205.44 |
| Account No. | | | Trade Payable | | | | |
| **WURZBURG, INC 1550 Amherst Road Knoxville, TN 37907** | - | | | | | | 1,770.48 |

Sheet no. __17__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **18,578.87**

B6F (Official Form 6F) (12/07) - Cont.

In re __Protective Apparel Corporation of America_____,     Case No. ____10-11259_____
                                    Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.                                    Trade Payable | | | | | | | | |
| **YKK U.S.A.INC P.O.BOX 100181 ATLANTA, GA 30384** | - | | | | | | | 366.96 |
| Account No.                                    Trade Payable | | | | | | | | |
| **YRC P.O. BOX 905587 CHARLOTTE, NC 28290-5587** | - | | | | | | X | 377.91 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __18__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     744.87

Total
(Report on Summary of Schedules)     1,103,711.19

B6G (Official Form 6G) (12/07)

.

In re    **Protective Apparel Corporation of America**                    ,    Case No. ___**10-11259**___
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES - AMENDED

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **ADS Tactical, Inc.**<br>**Attn: John Stone**<br>**Pinehurst Centre, Suite 350**<br>**477 Viking Drive**<br>**Virginia Beach, VA 23452** | Fee Agreement |
| **Allstate Containers**<br>**10304 Cogdill Rd. Box 23316**<br>**Knoxville, TN 37933** | Production Agreement |
| **Carter Industries, Inc.**<br>**1154 47th Street**<br>**Brooklyn, NY 11219** | Supply Agreement |
| **E.I. du Pont de Nemours**<br>**c/o Ballard Spahr**<br>**1735 Market Street, 51st Floor**<br>**Philadelphia, PA 19103-7599** | Supply Agreement |
| **General Electric Capital Corporation**<br>**3000 Lakeside Drive**<br>**Suite 200N**<br>**Bannockburn, IL 60015** | Equipment Lease Agreement |
| **Gerber Scientific International, Inc.**<br>**24 Industrial Park Road West**<br>**Tolland, CT 06084** | Production Agreement |
| **Great America Leasing Corporation**<br>**P.O. Box 660831**<br>**Dallas, TX 75266-0831** | Equipment Lease Agreements |
| **Hampton Inn**<br>**4459 Veterans Memorial Highway**<br>**Caryville, TN 37714** | Hotel Agreement |
| **Innovative Water Concepts, LLC**<br>**c/o TimePayment Corporation**<br>**10-M Commerce Way**<br>**Woburn, MA 01801** | Equipment Rental Agreement |
| **Qualitech Consultants, Inc.**<br>**363 SW 161 Avenue**<br>**Pembroke Pines, FL 33027** | Consulting Agreement |

1

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re    **Protective Apparel Corporation of America**                          ,    Case No.    **10-11259**
_____
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES - AMENDED
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Scovill Fasteners, Inc.**<br>**1802 Scovill Drive**<br>**Clarkesville, GA 30523** | **Machine Lease and Service Agreements** |
| **Tumar Company**<br>**Dostyk 87A, Apt 19 050010**<br>**Almaty**<br>**Kazakhstan** | **Representative Agreement** |

Sheet   **1**   of   **1**   continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re   **Protective Apparel Corporation of America**   ,   Case No.   **10-11259**
Debtor

# SCHEDULE H - CODEBTORS - AMENDED

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **E.I. du Pont de Nemours**<br>**c/o Ballard Spahr**<br>**1735 Market Street, 51st Floor**<br>**Philadelphia, PA 19103-7599** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |
| **PBSS, LLC**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |
| **Point Blank Body Armor, Inc.**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |
| **Point Blank Solutions, Inc.**<br>**2102 SW 2nd Street**<br>**Pompano Beach, FL 33069** | **Bank of America, NA**<br>**4 Penn Center**<br>**1600 John F. Kennedy Blvd, Suite 1200**<br>**Philadelphia, PA 19103** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com        Best Case Bankruptcy

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of Delaware

In re    **Protective Apparel Corporation of America**              ,     Case No.    **10-11259**

                                        Debtor        Chapter                **11**

# SUMMARY OF SCHEDULES - AMENDED

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 4 | 3,699,390.78 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 9,684,969.43 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 3 | | 117,342.61 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 19 | | 1,103,711.19 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 31 | | | |
| | Total Assets | | 3,699,390.78 | | |
| | | Total Liabilities | | 10,906,023.23 | |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### District of Delaware

In re   **Protective Apparel Corporation of America**       Case No.   **10-11259**

Debtor(s)      Chapter   **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES - AMENDED

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __ **60** __ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **September 17, 2010**       Signature      

**T. Scott Avila**
**Chief Restructuring Officer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.