IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Point Blank Solutions, Inc., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11255-PJW<br>Jointly Administered |

## FIFTH MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | CBIZ Accounting, Tax & Advisory of New York, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | June 10, 2010 *Nunc Pro Tunc* as of April 28, 2010 |
| Period for which compensation and reimbursement is sought: | September 1, 2010 through September 30, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $64,185.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,431.59 |
| This is a: | Monthly Fee Application |

| Fee Application Filing Date | Period | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing/Order Approving Date | Amount of Fees Paid | Amount of Expenses Paid | Amount of Holdback / Outstanding [1] |
|---|---|---|---|---|---|---|---|
| 6/29/2010 [282] | 4/28/2010 - 5/31/2010 | $ 146,508.50 | $ 7,455.62 | N/A | $ 79,211.02 | $ 7,455.62 | $ 67,297.48 |
| 8/10/2010 [448] | 6/1/2010 - 6/30/2010 | 149,206.98 | 8,338.62 | N/A | 57,661.04 | 8,338.62 | 91,545.94 |
| 9/1/2010 [544] | 7/1/2010 - 7/31/2010 | 185,578.00 | 1,453.58 | 10/1/2010 [643] | 33,589.70 | 1,453.58 | 151,988.30 |
| 10/1/2010 [640] | 8/1/2010 - 8/31/2010 | 154,049.50 | 4,697.84 | N/A | - | - | 158,747.34 |
| 10/18/2010 | 9/1/2010 - 9/30/2010 | 64,185.00 | 1,431.59 | N/A | - | - | 65,616.59 |
| TOTAL | | $ 699,527.98 | $ 23,377.25 | | $ 170,461.76 | $ 17,247.82 | $ 535,195.65 |

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor Inc., Protective Apparel Corporation of America and PBSS LLC.

## CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010

### EMPLOYEE TIME SUMMARY

| Initial | Name | Title | Rate | Time | Amount |
|---|---|---|---|---|---|
| JS | Jeff Sutton | Managing Director | $ 675.00 | 5.0 | $ 3,375.00 |
| CMB | Charles Berk | Managing Director | $ 540.00 | 1.1 | 594.00 |
| BR | Brian Ryniker | Director | $ 455.00 | 46.7 | 21,248.50 |
| MTS | Mary Sheridan | Tax Director | $ 395.00 | 0.9 | 355.50 |
| AP | A J Patel | Senior Manager | $ 385.00 | 55.6 | 21,406.00 |
| KK | Karl Knechtel | Senior Manager | $ 385.00 | 4.1 | 1,578.50 |
| GS | Gennady Spivak | Associate | $ 285.00 | 49.5 | 14,107.50 |
| SP | Scott Prol | Associate | $ 160.00 | 9.5 | 1,520.00 |
| **Total** | | | | **172.4** | **$ 64,185.00** |

### OUT-OF-POCKET EXPENSES INCURRED

| Expense Type | Initial | Total |
|---|---|---|
| Travel | BR | $ 274.00 |
|  | AP | 1,016.12 |
| **Travel Total** | | **1,290.12** |
| Meals and Entertainment | GS | 29.81 |
|  | KK | 29.81 |
|  | BR | 16.58 |
|  | AP | 29.81 |
| **Meals and Entertainment Total** | | **106.01** |
| Messenger | | 8.65 |
| **Messenger Total** | | **8.65** |
| Federal Express | | 26.81 |
| **Federal Express Total** | | **26.81** |
| **Grand Total** | | **$ 1,431.59** |

# COMPENSATION BY PROJECT CATEGORY

| Project Code | Time | Fees |
|---|---:|---:|
| Business Analysis - DIP Financing | 9.1 | $ 4,447.50 |
| Business Analysis - DIP Operations | 93.8 | 31,557.00 |
| Asset Analysis and Recovery - Distribution/Liquidation Analysis | 18.9 | 8,494.50 |
| Teleconferences/Meetings - Debtor/Counsel | 8.5 | 3,426.50 |
| Teleconferences/Meetings - UCC/Counsel | 12.0 | 5,152.00 |
| Teleconferences/Meetings - Equity Committee | 6.1 | 2,733.50 |
| Tax Issues | 5.0 | 1,934.00 |
| Fee Application Preparation | 19.0 | 6,440.00 |
| **Grand Total** | **172.4** | **$ 64,185.00** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Point Blank Solutions, Inc., et al.[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11255-PJW<br>Jointly Administered |

**FIFTH MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX &
ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010**

CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. (collectively "CBIZ") hereby submits this Fifth Monthly Fee Application as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee"), for Compensation and Reimbursement of Expenses for the period from September 1, 2010 through September 30, 2010 (the "Application"). By this Application, CBIZ, as Financial Advisors to the Committee in this proceeding, seeks interim approval and payment of compensation for financial and accounting services performed and expenses incurred during the period commencing September 1, 2010 through September 30, 2010 (the "Compensation Period"). In support hereof, CBIZ respectfully represents the following:

### I. FACTUAL BACKGROUND

1. On April 14, 2010 (the "Petition Date"), Point Blank Solutions, Inc. and its affiliate debtors (hereinafter collectively "Point Blank Solutions, Inc." or the "Debtors") filed separate, voluntary petitions for relief under Chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor Inc., Protective Apparel Corporation of America and PBSS LLC.

4

"Bankruptcy Court"). The Debtors' bankruptcy cases are jointly administered pursuant to Fed.R.Bankr.P. 1015.

2. The Debtors are continuing in possession of their respective properties and are operating and managing their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On April 26, 2010, the United States Trustee for Region 3 (the "U.S. Trustee") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Formational Meeting"). At the Formational Meeting, the U.S. Trustee appointed the following five (5) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) Lincoln Fabrics Inc.; (ii) Bethel Industries, Inc.; (iii) SMX Services and Consulting, Inc.; (iv) Ascendo Resources, LLC; and (v) Mr. Larry R. Ellis. Upon formation, the Committee selected CBIZ as its financial advisors.

4. The Committee selected CBIZ because its professionals have a great deal of experience representing creditors' committees in cases and proceedings under the Bankruptcy Code, and the Committee has confidence in CBIZ's ability to provide superior financial and accounting services during these bankruptcy cases.

5. On June 9, 2010, the Bankruptcy Court approved the Committee's retention of CBIZ as Financial Advisors. A copy of the Order Authorizing Employment of CBIZ, *Nunc Pro Tunc* as of April 28, 2010, as financial advisors for the Official Committee of Unsecured Creditors is attached as Exhibit C.

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

6. CBIZ submits this Application to the Bankruptcy Court for the allowance of reasonable compensation for actual and necessary professional services provided to the

Committee as its financial advisors in these cases and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee during the Compensation Period. All included services and costs for which CBIZ seeks compensation were performed for, or on behalf of, the Committee during the Compensation Period.

7. CBIZ billed a total of $64,185.00 in fees and disbursed $1,431.59 in expenses in its efforts performed on behalf of the Committee during the Compensation Period.

8. By this Application, CBIZ thus seeks: (a) allowance of compensation in the amount of $64,185.00 for financial and accounting services rendered during the Compensation Period, and reimbursement in the amount of $1,431.59 for expenses incurred and disbursed during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $51,348.00 (80% of the compensation requested) and reimbursement of expenses incurred by CBIZ during the Compensation Period in the amount of $1,431.59 (100% of the expenses incurred) is permitted at this time.

9. For the Bankruptcy Court's review, a summary containing the names of each CBIZ professional and paraprofessional rendering services to the Committee during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit A-1 and Exhibit A-2.

10. In addition, Exhibit A-3 contains the detail for time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

11. Exhibit B and Exhibit B-1 contain a breakdown of expenses incurred and disbursed by CBIZ during the Compensation Period. CBIZ has incurred out-of-pocket expenses during the Compensation Period in the amount of $1,431.59.

### III. ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

12. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." See 11 U.S.C. § 330(a)(1)(A). The professionals requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

13. In determining the amount of reasonable compensation to be awarded, the Bankruptcy Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

14. With respect to the time and labor expended by CBIZ in this case, as set forth in Exhibit A, during the Compensation Period, CBIZ rendered professional services in the aggregate amount of $64,185.00. CBIZ believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of, the Committee and the time expended, organized by project task categories, as follows:

## A. BUSINESS ANALYSIS – DIP FINANCING

During the Compensation Period, CBIZ responded to questions from Counsel and Committee regarding the proposed and revised amendment to DIP financing and covenant issues with the current DIP lender. Reviewed the DIP financing extension term sheet from Steel. CBIZ assisted in the process of reviewing potential alternative DIP lenders. Reviewed analysis and comparison of the changing key terms between current and potential alternative DIP lenders. CBIZ seeks compensation for 9.1 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Financing during the Compensation Period in the total amount of $4,447.50.

## B. BUSINESS ANALYSIS – DIP OPERATIONS

During the Compensation Period, CBIZ reviewed and analyzed the Debtors' various approved DIP projections, proposed revised forecasts, and continued roll-forward of the net cash flow budget. Reviewed and commented on the noted budgets, including related bridge analyses, additional support and various changes. CBIZ reviewed and analyzed the Debtors' weekly and cumulative actual results versus the original and revised budgets. Identified and researched with the Debtors' financial advisers numerous issues with the weekly comparisons, including the roll-forward of cash, DIP balance and the cumulative amounts. CBIZ reviewed and reported back on certain issues raised by the Committee and Counsel, inclusive of but not limited to the Debtors' recently filed motions, discrepancies and issues identified in the DIP budgets, sale process, and inventory roll-forwards. CBIZ prepared weekly financial updates for the Committee on the status of potential new contracts, net cash flow results, financial covenants, and responses to specific analyses requested by Committee. CBIZ reviewed and commented on the sale process and DIP financing to the Committee on a weekly basis. CBIZ's

review included the status of potential interested parties involved in the sale process, respective levels of interest, and providing summary level information to the Committee and Counsel. CBIZ reviewed the Equity Committee's proposal for a Plan of Reorganization and prepared related comments and questions. CBIZ seeks compensation for 93.8 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Operations during the Compensation Period in the total amount of $31,557.00.

## C. ASSET ANALYSIS AND RECOVERY - DISTRIBUTION/LIQUIDATION ANALYSIS

During the Compensation Period, CBIZ revised the preliminary estimated distribution analysis per the request of the Committee and Counsel. Revisions included sensitizing the analysis for difference auction recovery scenarios. The preliminary estimated distribution analysis included estate assets and potential recoveries, as well as estimates for various types of secured, administrative, priority, and unsecured claims. CBIZ seeks compensation for 18.9 hours of reasonable and necessary expenses incurred for Asset Analysis and Recovery – Distribution / Liquidation Analysis during the Compensation Period in the total amount of $8,494.50.

## D. TELECONFERENCES/MEETINGS - DEBTOR/COUNSEL

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Debtors' Management, Debtors' Financial Advisors (CRG Partners), and Counsel. Issues discussed included various DIP projections / budgets, actual versus budget operational results, status of information requests, sale process, DIP financing, litigations status, and boards of director independence among other matters. CBIZ seeks compensation for 8.5 hours of reasonable and necessary expenses incurred

for Teleconferences/Meetings - Debtor/Counsel during the Compensation Period in the total amount of $3,426.50.

### E. TELECONFERENCES/MEETINGS - UCC/COUNSEL

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Committee and Counsel. Issues discussed included status of information requests from the Debtors, DIP financing concerns, various DIP projections / budgets, DIP operations, actual versus budget results, sale process information, and board of director independence, among other matters. CBIZ seeks compensation for 12.0 hours of reasonable and necessary expenses incurred for Teleconferences/Meetings - UCC/Counsel during the Compensation Period in the total amount of $5,152.00.

### F. TELECONFERENCES/MEETINGS - EQUITY COMMITTEE

During the Compensation Period, CBIZ prepared for and attended meetings and / or teleconferences with the Official Equity Committee, its Counsel, and /or its Financial Advisor (Goldin & Associates). Issues discussed included modification to the timeline on DIP financing, sale process, and updated milestones, as well as overall case issues including the status of information requests from the Debtors, DIP financing concerns, various DIP projections / budgets, DIP operations, actual versus budget results, sale process, among other matters. CBIZ also assisted in reviewing documents and responding to questions related to the equity committee. CBIZ seeks compensation for 6.1 hours of reasonable and necessary expenses incurred for Teleconferences/Meetings - UCC/Counsel during the Compensation Period in the total amount of $2,733.50.

### G. TAX ISSUES

During the Compensation Period, CBIZ reviewed and discussed the tax refunds issued to the Debtor and potential of any additional related recoveries. CBIZ also prepared a

update to the Committee regarding a summary of the tax refunds and potential remaining tax refunds. CBIZ seeks compensation for 5.0 hours of reasonable and necessary expenses incurred for Tax Issues during the Compensation Period in the total amount of $1,934.00.

**H. FEE APPLICATION**

During the Compensation Period, CBIZ prepared and reviewed time detail and project category descriptions and assignments in anticipation of completing the fourth interim fee application through August 31, 2010. CBIZ reviewed and revised the draft fee application for presentation of content pertaining to the litigation with the Debtor. In addition, CBIZ prepared and reviewed prorated calculations related to payments to Committee professionals under the DIP budget. CBIZ seeks compensation for 19.0 hours of reasonable and necessary expenses incurred for Fee Application during the Compensation Period in the total amount of $6,440.00.

15. CBIZ charged and now requests those fees that are customary and charged by most financial advisors in this marketplace for similar Chapter 11 cases. Billing rates set forth in CBIZ's Summary of Professionals and Paraprofessionals Rendering Services from September 1, 2010 through September 30, 2010 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, CBIZ stated in the Application of the Official Committee of Unsecured Creditors to Employ CBIZ, *Nunc Pro Tunc*, as of April 28, 2010, as Financial Advisors to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 331(a) and Fed.R.Bankr.P. 2014 (D.I. 184) ("Retention Application") and the accompanying Declarations in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred

by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. CBIZ's standard hourly rates for work of this nature are set at a level designed to fairly compensate CBIZ for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses.

16. In addition, as set forth in its Retention Application, the Committee believed that the retention of CBIZ, as its financial advisors would be cost-effective and efficient.

17. Further, the Committee sought to retain CBIZ as its financial advisors due to its extensive experience and knowledge in the field of creditors' rights, and because of its expertise, experience and knowledge practicing before the Bankruptcy Court in matters that were likely to arise in this case before this court. The Committee also believed that the retention of CBIZ was necessary for the Committee to properly and adequately discharge its fiduciary duties to creditors in these cases, and that CBIZ would provide distinct benefits to the Committee and enhance the administration of the bankruptcy case.

18. This Application covers the period from September 1, 2010 through September 30, 2010. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for prepared the instant application subsequent to the Compensation Period. Accordingly, CBIZ reserves the right to make further applications to the Bankruptcy Court for allowance of fees and expenses not included herein.

19. CBIZ believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.LR.2016-2, the Administrative Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the

United States Trustees.

WHEREFORE, CBIZ respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $64,185.00 and reimbursement of expenses in the amount of $1,431.59 for the period from September 1, 2010 through September 30, 2010 and payment according to the procedures set forth in the Administrative Compensation Order.

Dated: October 19, 2010
      New York, New York

Respectfully submitted,

CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK LLC AND CBIZ, INC.

By: _____
Charles M. Berk
1065 Avenue of the Americas
New York, NY 10018
Telephone: (212) 790-5883
Facsimile: (212) 790-5909
E-mail: cberk@cbiz.com