# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x | | |
| In re DHB INDUSTRIES, INC. CLASS ACTION LITIGATION | : : : | Civil Action No. 2:05-cv-04296-JS-ETB CLASS ACTION |
| ———————————————— | : : | |
| This Document Relates To: | : : | |
| ALL ACTIONS. | : : | |
| ———————————————— | : | |
| In re DHB INDUSTRIES, INC. DERIVATIVE LITIGATION | : : : | |
| ———————————————— | : : | Civil Action No. 2:05-cv-4345-JS-ETB DERIVATIVE ACTION |
| This Document Relates To: | : : | |
| ALL ACTIONS. | : : | |
| ———————————————— x | | |

**CLASS ACTION PLAINTIFFS' RESPONSE TO THE STATUS REPORT OF
DEFENDANT POINT BLANK SOLUTIONS INC., F/K/A DHB INDUSTRIES, INC., RE:
BANKRUPTCY PROCEEDINGS AND SEPTEMBER 30, 2010 SECOND CIRCUIT
OPINION AND IN RESPONSE TO DEFENDANT DAVID H. BROOKS' RESPONSE TO
"STATUS REPORT"**

Lead Plaintiffs NECA-IBEW Pension Fund, RS Holdings Group and George Baciu (collectively "Lead Plaintiffs") in the Class Action,[1] respectfully submit this response to the status report of Defendant Point Blank Solutions Inc. ("Point Blank"), f/k/a DHB Industries, Inc., dated October 4, 2010 ("Status Report") and to Defendant David H. Brooks' ("Brooks") response to the DHB Status Report ("Brooks Response").

As an initial matter, and although the United States Court of Appeals for the Second Circuit's (the "Second Circuit") decision is self-explanatory, it is important to accurately set forth the holding of the Second Circuit in this case. The Second Circuit did not, as suggested by Brooks, "reject the Settlement Agreement" or necessarily render the Company's pending motion in Bankruptcy Court to reject the Settlement Agreement moot. Rather, the Second Circuit simply held that the one provision in the derivative settlement that released and indemnified Defendants Brooks and Dawn M. Schlegel ("Schlegel"), the Company's former CEO and CFO, against all liability arising under Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. Section 7243 ("SarbOx Indemnification Provision") was invalid. The Second Circuit then remanded the case back to this Court for further proceedings "either in the context of a revised settlement or the outcome of further litigation."

Now, Defendants Brooks and Schlegel[2] have expressly stated that they will proceed with the fully executed Settlement Agreement without the SarbOx Indemnification Provision. Thus, the Second Circuit's singular concern has been resolved. Moreover, the waiver of that provision only benefits Point Blank, as it was an item of consideration Point Blank provided to other parties, and

---

[1]     *In re DHB Industries, Inc. Class Action Litig.*, Civ. A. No. CV 05-4296 (JS)(ETB) (E.D.N.Y. filed Sept. 9, 2005) ("Class Action").

[2]     Plaintiffs' counsel have been advised by Schlegel's counsel that Schlegel intends to waive the SarbOx Indemnification Provision and will be writing the Court and the parties confirming this fact.

therefore, it certainly has no basis to object to the waiver of the provision. Therefore, the Second Circuit's remand and the waiver of the offending provision does not create any basis to terminate the Settlement Agreement. Nor do Plaintiffs agree with Brooks' alternative relating to the disposition of the Escrowed Funds. Those funds should remain where they are.

As set forth in Point Blank's "Status Report," Point Blank has moved before the Bankruptcy Court to reject (the "Rejection Motion") the Settlement Agreement for reasons stated in its papers. Plaintiffs and other parties to the Settlement Agreement believe that the Rejection Motion has no merit for a variety of legal and factual reasons and intend to oppose that motion.

In addition, Point Blank makes various assertions in the Status Report that are more argument than status. While Plaintiffs believe it was inappropriate to raise any of those arguments at this time, Plaintiffs are compelled to respond so that this Court is aware of Plaintiffs' position as follows:

- Plaintiffs dispute Point Blank's position as to the scope and applicability of the automatic stay (11 U.S.C. §362) as it relates to all of the proceedings before this Court.

- Plaintiffs dispute that the Escrowed Funds were ever, or are now, property of Point Blank, whether pursuant to 11 U.S.C. §541, or otherwise. Indeed, although Point Blank's bankruptcy proceeding has been pending for close to six months, this is the first Plaintiffs have heard of such a position, which is totally contrary to the position Point Blank has taken in the Rejection Motion.

- Plaintiffs dispute Point Blank's assertion as to the impact of the granting of the Rejection Motion on the Escrowed Funds or otherwise, although, as stated above, Plaintiffs believe there is no basis to grant the Rejection Motion.

While Point Blank asserts that further proceedings before this Court are "unnecessary," further proceedings are appropriate and even mandated by the Second Circuit remand. The Settlement Agreement remains alive and well, and Point Blank's Chapter 11 proceeding some three and one-half years later, does not provide a basis to retrade or blow up the settlement that was determined to be fair and reasonable by this Court aside from SarbOx Indemnification Provision, which has been resolved.

-2-

DATED: October 8, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN


/s/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

LABATON SUCHAROW LLP
IRA A. SCHOCHET
NICOLE M. ZEISS
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
ischochet@labaton.com
nzeiss@labaton.com

*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I, Samuel H. Rudman, hereby certify that on October 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN

_____
/s/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail: srudman@rgrdlaw.com