IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>POINT BLANK SOLUTIONS, INC., et al.,<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 10-11255 (PJW)<br>) Jointly Administered<br>)<br>) **Re: Docket No. \_\_\_\_** |

## ORDER GRANTING MOTION BY LEAD PLAINTIFFS
## FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the motion (the "Motion," Docket Entry No. \_\_\_\_), dated November 17, 2010, filed on behalf of Robino Stortini Holdings, LLC, NECA-IBEW Pension Fund and George Baciu (collectively, "Lead Plaintiffs"), in the securities class action litigation entitled *In Re DHB Industries, Inc. Class Action Litigation*, No. 05-cv-4296 (JS)(ETB) (the "Class Action"), filed in the United States District Court for the Eastern District of New York (the "District Court"), on behalf of all persons or entities (the "Class") who purchased or otherwise acquired certain of the publicly traded shares of DHB Industries, Inc. ("DHB"), predecessor in interest of the debtor and debtor in possession, Point Blank Solutions, Inc. (the "Debtor" or "Point Blank"), on or after November 18, 2003 until and including November 30, 2006 (the "Class Period"), and who were damaged thereby, for relief from the automatic stay pursuant to section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") to allow the District Court to conduct further proceedings consistent with the opinion of the United States Court of Appeals for the Second Circuit (the "Second Circuit") issued on September 30, 2010,[2] and upon consideration of the argument of counsel at the hearing on the Motion (the "Hearing"); the Court having jurisdiction to consider the Motion and grant the requested relief in

---

[1] The debtors in these chapter 11 cases are: (i) Point Blank Solutions, Inc., (ii) Point Blank Body Armor, Inc., (iii) Protective Apparel Corporation of America, and (iv) PBSS, LLC (collectively, the "Debtors").

[2] Capitalized terms shall have the meanings ascribed to them in the Motion, unless defined otherwise herein.

24580/2
11/18/2010 16084260.8

accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

NOW, THEREFORE, it is hereby **ORDERED**:

1. The Motion is granted.

2. The automatic stay of 11 U.S.C. § 362 be and hereby is modified to allow the District Court to conduct further proceedings in the Derivative Action and the Class Action consistent with the opinion of the Second Circuit issued on September 30, 2010.

3. The relief provided herein is effective and enforceable immediately upon entry of this Order, without any delay, and this Court hereby orders such immediate effectiveness and enforceability notwithstanding any provision of the Federal Rules of Bankruptcy Procedure or other applicable rule or law.

Dated: Wilmington, Delaware
_____, 2010

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE