**Exhibit B**

**Proposed Form of Sale Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) Case No. 10-11255 (PJW) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related to Docket No. ____** |

### ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, , CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE, (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") for the entry of an order pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and applicable local rules (i) authorizing the sale of substantially all of the Debtors' assets (the "Assets") to the highest and best bidder at auction; (ii) approving that certain form of asset purchase agreement attached as Exhibit A to the Motion; (iii) authorizing the assumption and assignment certain executory contracts and unexpired leases to the purchaser; and (iv) granting related relief; and this Court having entered an order dated _____, 2010 (the "Bid Procedures Order" and attached as Exhibit 1 thereto, the "Bid Procedures"), authorizing the Debtors to conduct, and approving the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

terms and conditions of, the Auction[2] and Bid Procedures to consider higher and better offers for

the Assets, establishing a date for the Auction, and approving, *inter alia*, (i) the Bid Procedures

in connection with the Auction; (ii) the form and manner of notice of the Auction, Sale Hearing

and the Cure Notice; (iii) procedures relating to the assumption and assignment of certain

unexpired leases and executory contracts, including notice of proposed cure amounts; and

(iv) the Breakup Fee, if any; and the Court having established the date of the Sale Hearing; and

the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Motion, the relief

requested therein, and the responses thereto being a core proceeding in accordance with 28

U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections, if

any, to the Motion having been duly noted in the record of the Sale Hearing; and upon the record

of the Sale Hearing, and all other pleadings and proceedings in this case, including the Motion;

and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors and all other parties in interest; and after due deliberation and sufficient

cause appearing therefor;

    IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[3]

    A.    The findings and conclusions set forth herein constitute the Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

proceeding pursuant to Bankruptcy Rule 9014.

---

[2] All capitalized terms used but not defined herein have the meaning ascribed to such terms in the Motion
or, if not defined in the Motion, in the Agreement (as defined below).
[3] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the
Motion are hereby incorporated herein to the extent not inconsistent herewith.

B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    The Court has jurisdiction over this matter and over the property of the Debtors' estates, including the Assets to be sold, transferred or conveyed pursuant to the Agreement, and their respective estates pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are (i) Bankruptcy Code §§ 102, 105, 363 and 365, and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

E.    On April 14, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession and management of their business and properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

F.    As evidenced by the affidavits of service filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, the Auction, and the Sale Hearing have been provided in accordance with Bankruptcy Code §§ 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the local rules of this Court, the procedural due process requirements of the United States Constitution, and in compliance with the Bid Procedures Order. The Debtors also gave due and proper notice of the assumption, sale, and assignment of

each contract proposed to be assumed and assigned pursuant to the Agreement (the "<u>Assumed</u> <u>Contracts</u>") through the Cure Notices given in accordance with the Bid Procedures Order to each non-debtor party under each such Assumed Contract. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Motion, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, or of the entry of this Order is necessary or shall be required.

      G.     A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (a) the U.S. Trustee; (b) counsel to the DIP Lender and each of the Committees; (c) all parties known to be asserting a lien on any of the Assets and who would appear as potentially holding a lien on any search conducted to determine who asserts a lien on the Debtors' assets; (d) all known counterparties to Assumed Contracts; (e) all entities known to have expressed an interest in bidding on the Assets; (f) the United States Attorney's office; (g) all state attorney generals in states in which the Debtors do business; (h) state taxing authorities in the states in which the Debtors do business and the Internal Revenue Service; (i) environmental authorities in the states or smaller applicable jurisdictions in which the Debtors do business; (j) the Stalking Horse Purchaser, if any, and its counsel; and (k) all other parties that had filed a notice of appearance and demand for service of papers in these bankruptcy cases under Bankruptcy Rule 9010(b). Other parties interested in bidding on the Assets were provided, upon request, sufficient information to make an informed judgment on whether to bid on the Assets.

4

H.     The Debtors have demonstrated a sufficient basis and compelling circumstances requiring them to enter into the Agreement, sell the Assets and assume and assign the Assumed Contracts under Bankruptcy Code §§ 363 and 365, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their estates and their creditors. Such business reasons include, but are not limited to, the facts that (i) the Agreement and the Closing (as defined in the Agreement) will present the best opportunity to realize the value of the Debtors on a going concern basis; (ii) there is substantial risk of deterioration of the value of the Assets if the sale is not consummated quickly; and (iii) the Agreement constitutes the highest and best offer for the Assets.

I.     The Bid Procedures set forth in the Bid Procedures Order were non-collusive, substantively and procedurally fair to all parties and were the result of good faith, arm's-length negotiations between the Debtors and the Purchaser (as defined below).

J.     The Debtors and their professionals have complied, in good faith, in all respects with the Bid Procedures Order. As demonstrated by (i) any testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Bid Procedures Order, the Debtors (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest and best offer to purchase all of the Debtors' assets, (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Assets, and (iii) considered any bids submitted on or before the Bid Deadline.

5

K.        _____ (the "Purchaser") submitted the highest and best offer and the Purchaser is the Successful Bidder for the Assets in accordance with the Bid Procedures Order. The Bid Procedures obtained the highest value for the Assets for the Debtors and their estates.

L.        The offer of the Purchaser, upon the terms and conditions set forth in the Agreement, including the form and total consideration to be realized by the Debtors pursuant to the Agreement, (i) is the highest and best offer received by the Debtors; (ii) is fair and reasonable; (iii) is in the best interests of the Debtors' creditors and estates; and (iv) constitutes full and adequate consideration and reasonably equivalent value for the Assets.

M.        The Purchaser is not an "insider" or "affiliate" of the Debtors as those terms are defined in the Bankruptcy Code. The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of Bankruptcy Code §§ 363(m) and (n) with respect to all of the Assets.

N.        The _____ (the "Agreement") was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind. Neither the Debtors nor the Purchaser has engaged in any conduct that would prevent the application of Bankruptcy Code § 363(m) or cause the application of or implicate Bankruptcy Code § 363(n) to the Agreement or to the consummation of the sale transaction and transfer of the Assets and the Assumed Contracts to the Purchaser. The Purchaser is entitled to all the protections and immunities of Bankruptcy Code § 363(m).

O.    The Debtors are authorized to execute the Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated by the Agreement.  No consents or approvals, other than as may be expressly provided for in the Agreement, are required by the Debtors to consummate such transactions.

P.    The Debtors have advanced sound business reasons for seeking to enter into the Agreement and to sell and/or assume and sell and assign the Assets, as more fully set forth in the Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtors' business judgment to sell the Assets and to consummate the transactions contemplated by the Agreement.  Notwithstanding any requirement for approval or consent by any person, the transfer of the Assets to the Purchaser and the assumption and assignment of the Assumed Contracts is a legal, valid and effective transfer of the Assets and any Assumed Contracts.

Q.    The terms and conditions of the Agreement, including the consideration to be realized by the Debtors pursuant to the Agreement, are fair and reasonable, and the transactions contemplated by the Agreement are in the best interests of the Debtors' estates.

R.    Except as otherwise provided in the Agreement, the Assets shall be sold free and clear of any lien (statutory or otherwise), hypothecation, encumbrance, security interest, mortgage, pledge, restriction, charge, instrument, license, preference, priority, security agreement, easement, covenant, encroachment, option or other interest in the subject property, including any right of recovery, Tax (including foreign, federal, state and local Tax), order of any Governmental Authority or other Claim thereagainst or therein, of any kind or nature (including (i) any conditional sale or other title retention agreement and any lease having

70934-001\DOCS_SF:74848.1

substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, (iii) any claims based on any theory that Purchaser is a successor, transferee or continuation of the Debtors or the Assets, and (iv) any leasehold interest, license or other right, in favor of a person other than Purchaser, to use any portion of the Assets), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown (collectively, "Liens") (other than the Permitted Liens) with such Liens (other than the Permitted Liens) to attach to the consideration to be received by the Debtors in the same priority and subject to the same defenses and avoidability, if any, as before the Closing.

S.     The transfer of the Assets to Purchaser is a legal, valid and effective transfer of the Assets, and, except as may otherwise be provided in the Agreement, shall vest Purchaser with all right, title and interest of the Debtors to the Assets free and clear of any and all Liens (other than the Permitted Liens). Except as specifically provided in the Agreement or this Order, the Purchaser shall not assume or become liable for any Liens (other than the Permitted Liens) relating to the Assets being sold by the Debtors.

T.     The Debtors may sell the Assets free and clear of all Liens of any kind or nature whatsoever (other than the Permitted Liens) because, in each case, one or more of the standards set forth in Bankruptcy Code § 363(f) has been satisfied. Those holders of Liens from which the Assets are to be sold free and clear (including to the extent if any applicable the non-debtor parties to the Assumed Contracts) who did not object, or who withdrew their objections, to the

sale of the Assets and the Motion are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2). All objections to the Motion have been resolved or overruled. Those holders of Liens (other than the Permitted Liens) who did object fall within one or more of the other subsections of Bankruptcy Code § 363(f) and are adequately protected by having their Liens, if any, attach to the proceeds of the sale of the Assets ultimately attributable to the property against or in which they claim or may claim any Liens.

U.     Not selling the Assets free and clear of all Liens (other than the Permitted Liens) would adversely impact the Debtors' estates, and the sale of Assets other than one free and clear of all Liens (other than the Permitted Liens) would be of substantially less value to the Debtors' estates.

V.     The Debtors and the Purchaser have, to the extent necessary, satisfied the requirements of Bankruptcy Code § 365, including Bankruptcy Code §§ 365(b)(1)(A), (B) and 365(f), in connection with the sale and the assumption and assignment of the Assumed Contracts. The Purchaser has demonstrated adequate assurance of future performance with respect to the Assumed Contracts pursuant to Bankruptcy Code § 365(b)(1)(C). The assumption and assignment of the Assumed Contracts pursuant to the terms of this Order is integral to the Agreement and is in the best interests of the Debtors, their estates, their creditors and other parties in interest, and represents the exercise of sound and prudent business judgment by the Debtors.

W.     The Assumed Contracts are assignable notwithstanding any provisions contained therein to the contrary, or providing for the termination thereof upon assignment or the

9

insolvency or commencement of the Chapter 11 Cases. The Purchaser, on behalf of the Debtors, has provided for the cures and/or other payments or actions required to for the Debtors to assume and assign the Assumed Contracts to the Purchaser. The Purchaser has provided adequate assurance of its future performance under the Assumed Contracts.

X.      In the absence of a stay pending appeal, the Purchaser is acting in good faith, pursuant to Bankruptcy Code § 363(m), in closing the transactions contemplated by the Agreement at any time on or after the entry of this Order and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

Y.      The transactions contemplated under the Agreement do not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtors and/or the Debtors' estates, there is not substantial continuity between the Purchaser and the Debtors, there is no common identity between the Debtors and the Purchaser, there is no continuity of enterprise between the Debtors and the Purchaser, the Purchaser is not a mere continuation of the Debtors or their estates, and the Purchaser does not constitute a successor to the Debtors or their estates.

Z.      The sale of the Assets outside of a plan of reorganization pursuant to the Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors. The sale does not constitute a *sub rosa* chapter 11 plan.

AA.      The total consideration provided by the Purchaser for the Assets is the highest and best offer received by the Debtors, and the Purchase Price constitutes (a) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (b) fair

consideration under the Uniform Fraudulent Conveyance Act and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Assets.

BB.    Time is of the essence in consummating the sale. In order to maximize the value of the Assets and preserve the viability of the business as a going concern, it is essential that the sale of the Assets occur within the time constraints set forth in the Agreement. Accordingly, there is cause to determine inapplicable the stays contemplated by Bankruptcy Rules 6004 and 6006.

CC.    Other than the Assumed Obligations, and except as expressly provided for by the terms of the Agreement the Purchaser shall have no obligations with respect to any Unassumed Liabilities, shall acquire the Assets free and clear of the Unassumed Liabilities to the extent they constitute a Lien and are released by the Debtors with respect to such Unassumed Liabilities.

DD.    The Debtors, in connection with offering products or services, did not disclose any policy prohibiting the transfer of personally identifiable information and, therefore, the sale of the Assets may be approved pursuant to Bankruptcy Code § 363(b)(1)(A) without the appointment of a consumer privacy ombudsman as defined in Bankruptcy Code § 363(b)(1).

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The relief requested in the Motion is granted in its entirety, subject to the terms and conditions contained herein. The Motion complies with all aspects of Local Rule 6004-1.

2.    All objections, responses, and requests for continuance concerning the Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing.  To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied.

3.    Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with 11 U.S.C. § 102(1) and Bankruptcy Rules 2002, 6004 and 6006.

*Approval of Sale*

4.    The sale of the Assets, the terms and conditions of the Agreement (including all schedules and exhibits affixed thereto), and the transactions contemplated thereby be, and hereby are, authorized and approved in all respects.

5.    The sale of the Assets and the consideration provided by the Purchaser under the Agreement is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6.    The Debtors are authorized to distribute the proceeds of the sale of Assets approved hereby to Steel Partners II, L.P. (the "DIP Lender") in an amount sufficient to satisfy the obligations under the Debtors' existing debtor-in-possession financing facility with the DIP Lender.

7.    The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under Bankruptcy Code § 363(m), including with respect to the transfer of

the Assumed Contracts as part of the sale of the Assets pursuant to Bankruptcy Code § 365 and this Order.

8.     Pursuant to Bankruptcy Code § 363(m), if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer under the Agreement or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order and the Agreement, as the case may be.

9.     The Debtors are hereby authorized to fully assume, perform under, consummate and implement the terms of the Agreement, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Order and sale of the Assets contemplated thereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably necessary for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession any or all of the Assets or Assumed Obligations, as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the Agreement, without any further corporate action or orders of this Court.

10.     The Debtors and each other person or entity having duties or responsibilities under the Agreement, any agreements related thereto or this Order, and their respective directors,

officers, employees, members, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Agreement, to carry out all of the provisions of the Agreement and any related agreements; to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreement, and any related agreements; to take any and all actions contemplated by the Agreement, any related agreements or this Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Agreement, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court.

11.     The secretary or any assistant secretary of the Debtors shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable).  The Debtors are further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreement, any related agreements and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings or recordings as may be required under

appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by the corporation laws of the State of Delaware, the State of Florida, the State of Tennessee and all other applicable business corporation, trust and other laws of the applicable governmental units, including for the change of the Debtors' corporate names, with respect to the implementation and consummation of the Agreement, any related agreements and this Order, and the transactions contemplated thereby and hereby.

12. Effective as of the Closing, (a) the sale of the Assets by the Debtors to the Purchaser shall constitute a legal, valid and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person and vests Purchaser with all right, title and interest of the Debtors in and to the Assets, free and clear of all Liens of any kind (other than the Permitted Liens), pursuant to Bankruptcy Code § 363(f), and (b) the assumption of any Assumed Obligations by the Purchaser constitutes a legal, valid and effective delegation of any Assumed Obligations to the Purchaser and divests the Debtors of all liability with respect to any Assumed Obligations.

13. The sale of the Assets is not subject to avoidance pursuant to Bankruptcy Code § 363(n).

*Transfer of Assets*

14.     Except to the extent specifically provided in the Agreement, upon the Closing, the

Debtors shall be, and hereby are, authorized and empowered, pursuant to Bankruptcy Code

§§ 105, 363(b) and 363(f), to sell the Assets to the Purchaser.  The sale of the Assets vests

Purchaser with all right, title and interest of the Debtors to the Assets free and clear of any and

all Liens (other than the Permitted Liens), with all such Liens (other than the Permitted Liens) to

attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as

they now have in or against the Assets, subject to all claims and defenses the Debtors may

possess with respect thereto.  The Motion or notice thereof shall be deemed to provide sufficient

notice as to the sale of the Assets free and clear of Liens.  Following the Closing Date, no holder

of any Liens (other than the Permitted Liens) in the Assets shall have any basis to interfere with

the Purchaser's use and enjoyment of the Assets based on or related to such Liens, or any actions

that the Debtors may take in their chapter 11 cases and no person may take any action to prevent,

interfere with or otherwise enjoin consummation of the transactions contemplated in or by the

Agreement or this Order.

15.     The provisions of this Order authorizing the sale of the Assets free and clear of

Liens, other than the Permitted Liens and the Assumed Obligations, shall be self-executing, and

neither the Debtors nor the Purchaser shall be required to execute or file releases, termination

statements, assignments, consents, or other instruments in order to effectuate, consummate and

implement the provisions of this Order.  However, the Debtors and the Purchaser, and each of

their respective officers, employees and agents are hereby authorized and empowered to take all

actions and execute and deliver any and all documents and instruments that either the Debtors or

the Purchaser deem necessary or appropriate to implement and effectuate the terms of the

Agreement and this Sale Order.

16.     To the greatest extent available under applicable law, the Purchaser shall be

authorized, as of the Closing Date, to operate under any license, permit, registration and

governmental authorization or approval of the Debtors with respect to the Assets, and all such

licenses, permits, registrations and governmental authorizations and approvals are deemed to

have been transferred to the Purchaser as of the Closing Date.

17.     All of the Debtors' interests in the Assets to be acquired by the Purchaser under

the Agreement shall be, as of the Closing Date and upon the occurrence of the Closing,

transferred to and vested in the Purchaser.  Upon the occurrence of the Closing, this Order shall

be considered and constitute for any and all purposes a full and complete general assignment,

conveyance and transfer of the Assets acquired by the Purchaser under the Agreement and/or a

bill of sale or assignment transferring good and marketable, indefeasible title and interest in the

Assets to the Purchaser.

18.     Except as expressly provided in or pursuant to the Agreement, the Purchaser is

not assuming and is not deemed to assume, and the Purchaser shall not be, nor shall any affiliate

of Purchaser be, in any way liable for or responsible for, as a successor or otherwise, for any

liabilities, debts or obligations of the Debtors in any way whatsoever relating to or arising from

the Debtors' ownership or use of the Assets prior to the consummation of the transactions

contemplated by the Agreement, or any liabilities calculable by reference to the Debtors or their

17

operations or the Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement, which liabilities, debts and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Purchaser or any of its affiliates.

19. Notwithstanding anything to the contrary in this Order or the Agreement, to the extent any of the Assets consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), and if such interest is purchased under the Agreement, the Purchaser shall remain subject to the claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as the Purchaser would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under section 363, as provided for in Bankruptcy Code § 363(o).

*Assumed Contracts*

20. Subject to the terms of the Agreement and the occurrence of the Closing Date, the assumption by the Debtors of the Assumed Contracts and the assignment of such agreements to the Purchaser, as provided for or contemplated by the Agreement, be, and hereby is, authorized and approved pursuant to Bankruptcy Code §§ 363 and 365.

21. The Assumed Contracts shall be deemed valid and binding and in full force and effect and assumed by the Debtors and assigned to the Purchaser at the Closing, pursuant to Bankruptcy Code §§ 363 and 365, subject only to the making of all Cure Costs required to assume and assign the Assumed Contracts to the Purchaser, and with non-debtor parties to such

18

Assumed Contracts being without basis to assert against Purchaser, among other things, defaults, breaches or claims of pecuniary losses existing as of the Closing or by reason of the Closing.

22. Upon the Closing, in accordance with Bankruptcy Code §§ 363 and 365, the Purchaser shall be fully and irrevocably vested in all right, title and interest of each Assumed Contract. The Debtors are authorized to take all actions reasonably necessary to effectuate the foregoing.

23. Pursuant to Bankruptcy Code §§ 365(b)(l)(A) and (B), and except as otherwise provided in this Order, the Purchaser, on behalf of the Debtors, shall promptly pay or cause to be paid to the parties to any Assumed Contracts the requisite cure amounts, if any, set forth in the Cure Notice served by the Debtors on each of the parties to the Assumed Contracts (the "Cure Costs"), with respect to the assumption and assignment thereof. Certain Cure Costs are to be paid by the Debtors as set forth in the Agreement. The Cure Costs are hereby fixed at the amounts set forth in the Cure Notice served by the Debtors, or the amounts determined on the record of the Sale Hearing, as the case may be, and the non-debtor parties to the Assumed Contracts are forever bound by such Cure Costs and are hereby enjoined from taking any action against the Purchaser or the Assets with respect to any claim for cure under any Assumed Contract.

24. All defaults or other obligations under the Assumed Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code § 365(b)(2)) shall be deemed cured by payment of the Cure Costs and the non-debtor parties to such contracts shall be forever barred and estopped from asserting

19

or claiming against the Debtors or Purchaser that any additional amounts are due or other defaults exist.

25.     Any provision in any Assumed Contract that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtors is unenforceable, and all Assumed Contracts shall remain in full force and effect, subject only to payment of the appropriate Cure Cost, if any.  No sections or provisions of any Assumed Contract that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to the Assumed Contracts shall have any force and effect with respect to the transactions contemplated by the Agreement and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under Bankruptcy Code § 365(f) and/or are otherwise unenforceable under Bankruptcy Code § 365(e) and no assignment of any Assumed Contract pursuant to the terms of the Agreement in any respect constitutes a default under any Assumed Contract.  In the absence of objection, the non-debtor party to each Assumed Contract shall be deemed to have consented to such assignment under Bankruptcy Code § 365(c)(1)(B), and the Purchaser shall enjoy all of the rights and benefits under each such Assumed Contract as of the applicable date of assumption without the necessity of obtaining such non-debtor party's written consent to the assumption or assignment thereof.

26.     The Purchaser has satisfied any and all requirements under Bankruptcy Code §§ 365(b)(1) and 365(f)(2) to provide adequate assurance of future performance under the

Assumed Contracts. The Purchaser shall not be required to provide any further evidence of any adequate assurance to any counterparty of an Assumed Contract.

27.   The Debtors and their estates shall be relieved of any liability for any breach of any of the Assumed Contracts occurring from and after Closing, pursuant to and in accordance with Bankruptcy Code § 365(k).

28.   The non-debtor parties shall be prohibited from charging any rent acceleration, assignment fees, increases or other fees to Purchaser as a result of the assumption and assignment of the Assumed Contracts.

*Additional Provisions*

29.   The Breakup Fee, if any, may be paid from the proceeds received by the Debtors.

30.   Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order.

31.   To the extent permitted by Bankruptcy Code § 525, no governmental unit may revoke or suspend any permit or license relating to the operation of the Assets sold, transferred or conveyed to the Purchaser on account of the filing or pendency of this chapter 11 cases or the consummation of the transaction contemplated by the Agreement.

32.   The Purchaser has not assumed or is otherwise not obligated for any of the Debtors' liabilities other than the Assumed Obligations and as otherwise set forth in the Agreement, and the Purchaser has not purchased any of the Excluded Assets. Consequently, all persons, governmental units (as defined in sections 101(27) and 101(41) of the Bankruptcy

Code) and all holders of Liens (other than Permitted Liens) based upon or arising out of liabilities retained by the Debtors are hereby enjoined from taking any action against the Purchaser or the Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens (other than Permitted Liens) or on account of any liabilities of the Debtors other than Assumed Obligations pursuant to the Agreement. All persons holding or asserting any interest in the Excluded Assets are hereby enjoined from asserting or prosecuting such Liens or cause of action against the Purchaser or the Assets for any liability associated with the Excluded Assets.

33. The Purchaser is not a "successor" to the Debtors or their estates by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtors or against an insider of the Debtors, or similar liability except as otherwise expressly provided in the Agreement, and the Motion contains sufficient notice of such limitation in accordance with Local Rule 6004-1. Except to the extent the Purchaser assumes the Assumed Obligations pursuant to the Agreement, neither the purchase of the Assets by the Purchaser or its affiliates, nor the fact that the Purchaser or its affiliates are using any of the Assets previously operated by the Debtors, will cause the Purchaser or any of its affiliates to be deemed a successor in any respect to the Debtors' business within the meaning of (i) any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, antitrust, environmental or other law, rule or regulation (including, without limitation, filing requirements under any such

laws, rules or regulations), (ii) under any products liability law or doctrine with respect to the

Debtors' liability under such law, rule or regulation or doctrine, or under any product warranty

liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or

doctrine, and (iii) any liabilities, debts, commitments or obligations for any taxes relating to the

operation of the Assets prior to Closing.

      34.    Except to the extent expressly included in the Assumed Obligations or to enforce

the Agreement or Permitted Liens, pursuant to Bankruptcy Code §§ 105 and 363, all persons and

entities, including, but not limited to, the Debtors, the Committees, all debt security holders,

equity security holders, the Debtors' employees or former employees, governmental, tax and

regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other

creditors asserting or holding a Lien of any kind or nature whatsoever against, in or with respect

to any of the Debtors or the Assets (whether legal or equitable, secured or unsecured, matured or

unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in

connection with, or in any way relating to the Debtors, the Assets, the operation of the Debtors'

business prior to the Closing Date or the transfer of the Assets to the Purchaser, shall be forever

barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing

such Lien, whether by payment, setoff, or otherwise, directly or indirectly, against the Purchaser

or any affiliate, successor or assign thereof, or the Assets. For the avoidance of doubt, the

foregoing shall not prevent the Debtors, their estates, successors or permitted assigns from

pursuing claims, if any, against the Purchaser and/or its successors and assigns in accordance

with the terms of the Agreement.

23

laws, rules or regulations), (ii) under any products liability law or doctrine with respect to the

Debtors' liability under such law, rule or regulation or doctrine, or under any product warranty

liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or

doctrine, and (iii) any liabilities, debts, commitments or obligations for any taxes relating to the

operation of the Assets prior to Closing.

    34.    Except to the extent expressly included in the Assumed Obligations or to enforce the Agreement or Permitted Liens, pursuant to Bankruptcy Code §§ 105 and 363, all persons and entities, including, but not limited to, the Debtors, the Committees, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien of any kind or nature whatsoever against, in or with respect to any of the Debtors or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Assets, the operation of the Debtors' business prior to the Closing Date or the transfer of the Assets to the Purchaser, shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Lien, whether by payment, setoff, or otherwise, directly or indirectly, against the Purchaser or any affiliate, successor or assign thereof, or the Assets. For the avoidance of doubt, the foregoing shall not prevent the Debtors, their estates, successors or permitted assigns from pursuing claims, if any, against the Purchaser and/or its successors and assigns in accordance with the terms of the Agreement.

35.     Subject to the terms of the Agreement, the Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Purchaser, without further action or order of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Agreement and any related agreements.

36.     The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

37.     To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, this Order shall govern and control.

38.     This Order and Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtors and the Purchaser, their respective successors and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, all creditors of any Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets.

39.     The provisions of this Order are non-severable and mutually dependent.

40.     Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in the chapter 11 cases, or in any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

41.     Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the Motion or notice thereof shall be deemed to provide sufficient notice of the Debtors' request for waiver of the otherwise applicable stay of the order.  In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Purchaser are free to close under the Agreement at any time, subject to the terms of the Agreement.  The Purchaser has acted in "good faith," and, in the absence of any person or entity obtaining a stay pending appeal, if the Debtors and the Purchaser close under the Agreement the Purchaser shall be entitled to the protections of Bankruptcy Code § 363(m) as to all aspects of the transactions under and pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

42.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Bid Procedures Order, and the Agreement in all respects and to decide any disputes concerning this Order and the Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and any Assumed Contracts and all issues and disputes

arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens.

Dated: _____, 2010

                                       _____

                                       The Honorable Peter J. Walsh
                                       United States Bankruptcy Judge

70934-001\DOCS_SF:74848.1