IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., *et al.* | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**OBJECTION OF THE UNITED STATES OF AMERICA TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING CERTAIN EXPENSE REIMBURSEMENT PROVISIONS AND BREAKUP FEE; AND (E) GRANTING OTHER RELATED RELIEF**

The United States of America, by and through its undersigned counsel, hereby objects to the Debtors' Motion for Entry of an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Certain Expense Reimbursement Provisions and Breakup Fee; and (E) Granting Other Related Relief (the "Bid Procedures Motion") (D.I. 800) filed November 23, 2010.

1. The Bid Procedures Motion seeks entry of an order approving certain Bid Procedures, as defined in therein, relating to the sale of substantially all of the Debtors' assets and the assumption and assignment of certain of its executory contracts and unexpired leases.

2. Simultaneous with filing the Bid Procedures Motion, Debtors also filed their Motion for an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets Outside

the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief (the "Sale Motion") (D.I. 802).

3. Attached as Exhibit C to the Sale Motion is a list of the executory contracts and unexpired leases the Debtors wish to assume and assign. A number of United States agencies appear on Exhibit C as counterparties to alleged executory contracts.[1]

4. Debtors have not identified a "stalking horse" bidder for their assets and request authority to conduct a December 15, 2010 auction to determine the highest or best offer for the Debtors' assets. *Bid Procedures Motion* at 14.

5. As to the assumption and assignment of its executory contracts and unexpired leases, the Motion seeks approval of procedures that would require (a) Debtors to identify the amounts due contract counterparties ("Cure Costs") in a notice to be served within two business days of a court order approving the Bid Procedures and (b) contract counterparties to object by December 14, 2010 (the "Assumption Objection Deadline"), to the assumption and assignment of its executory contracts, *id*. at 21, even though Debtors will not have even selected the winning bidder, if any, until the next day. Hence, the proposed Assumption Objection Deadline precedes the date on which the winning bidder will even be known let alone whether the winning bidder intends to pay the Cure Costs.

5. Given the proposed Assumption Objection Deadline, United States agencies will not have an opportunity to decide whether they will consent to the assignment of their contracts to the

---

[1] Since the filing of the Bid Procedures Motion, the United States has not had sufficient time to review Exhibit C to determine whether all of the contracts listed thereon naming a United States' agency as the counterparty are, in fact, extant government contracts. Accordingly, the United States reserves its right to challenge the status of any alleged contract listed on Exhibit C as an executory contract.

2

winning bidder. The need for such consent is especially acute in these cases as Debtors' principal customers for their body armor products are the United States military and federal law enforcement. *Declaration of T. Scott Avila in Support of First Day Motions* (D.I. 3) at ¶¶ 5 and 7. Accordingly, the United States objects to the fixing of the proposed Assumption Objection Deadline without the express reservation of its right under the Anti-Assignment Act, 41 U.S.C. § 15, to bar the assumption and assignment of government contracts absent its consent. *In re West Elecs., Inc.*, 852 F.2d 79 (3d Cir. 1988); *In re TechDyn Sys. Corp.*, 235 B.R. 857 (Bankr. E.D. Va. 1999).[2]

6. The Bid Procedures Motion also requests the Court set December 17, 2010, as the hearing date to approve the sale of the Debtors' assets with a December 14, 2010 objection deadline. *Bid Procedures Motion* at ¶ 20. As the hearing date is only two days after the proposed December 15 auction date to select a winning bidder, which itself precedes the sale objection deadline, the United States will not be able, in such a short time, to decide whether to provide its consent to the assumption and assignment of its contracts. Accordingly, any order approving the sale of the Debtors' assets will also need to expressly preserve the United States rights under the Anti-Assignment Act.

This 30th day of November 2010.

                                          Respectfully submitted

                                          TONY WEST
                                          Assistant Attorney General

                                          DAVID C. WEISS
                                          United States Attorney

---

[2] Depending on the contract involved, the assumption and assignment will also likely have to comply with the Federal Acquisition Regulations System at Title 48 of the Code of Federal Regulations.

ELLEN W. SLIGHTS
Assistant U.S. Attorney

/s/ Matthew J. Troy
J. CHRISTOPHER KOHN
TRACY J. WHITAKER
MATTHEW J. TROY
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9038 (o)
(202) 307-0494 (f)
matthew.troy@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of November 2010, I caused a true and correct copy of foregoing Objection to be served electronically upon all parties entitled to receive electronic notice in this case.


                                      /s/ Matthew J. Troy
                                      Matthew J. Troy