IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :
                                                             :   Chapter 11
POINT BLANK SOLUTIONS, INC., *et al.*[1]                     :
                                                             :   Case No. 10-11255 (PJW)
                                          Debtors.           :
                                                             :   Jointly Administered
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS, (B) SCHEDULING AN AUCTION AND A HEARING TO CONSIDER THE SALE AND APPROVING THE FORM AND MANNER OF NOTICE RELATED HERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING CERTAIN EXPENSE REIMBURSEMENT PROVISIONS AND BREAKUP FEE; AND (E) GRANTING OTHER RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Creditors Committee") of the above captioned debtors and debtors in possession (the "Debtors"), by and through its counsel, Arent Fox LLP and The Rosner Law Group, LLC, hereby files this objection (the "Objection") to the *Debtors' Motion for Entry of an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Scheduling an Auction and a Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Certain Expense Reimbursement Provisions and Breakup Fee; and (E) Granting*

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. ("PBSI") (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

{00005456. }
NYC/555186.3
1

*Other Related Relief* (the "Bid Procedures Motion")[2] [Docket No. 800], and respectfully represents as follows:

## OBJECTION

1. The Creditors Committee has issues and concerns with the proposed Bid Procedures as set forth below.

2. First, the Bid Procedures provisions which require a plan proposal to meet the qualifications of a Qualified Bid need to be explained in clear terms. For example, the Bid Procedures require the sale to close no later than the end of this calendar year. Even if the Debtors were to designate a chapter 11 plan proposal as a Qualified Bid, it is impossible for any plan to be confirmed by the end of the year in compliance with the provisions of the Bankruptcy Code.[3] Therefore, the deadline to consummate the sale must be modified if any plan alternative is chosen as the winning bid for the estates' Assets in order to permit confirmation within the confines established by the Bankruptcy Code.

3. In addition, the Bid Procedures Motion provides that the DIP Lender may make a Qualified Bid for the collateral securing its claim to the fullest extent permitted by section 363(k) of the Bankruptcy Code, provided that the DIP Lender shall post a cash deposit equal to the greater of $750,000 or 10 percent of the excess of the amount of its Bid over the value of its credit bid, and must provide for payments in cash at closing so that the total consideration payable to the Debtors is equal to the Minimum Bid as set forth in the Bid Requirements. The

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Bid Procedures Motion.

[3] The Bid Procedures Motion provides that the Debtors shall be under no obligation to consult with any party who submits a bid or proposal to acquire the Assets, and such party shall be treated as a Potential Bidder for purposes of the Bid Procedures. This language appears to preclude the Debtors from consulting with the Committees should the Committees support any plan alternative. This provision should be stricken and the Debtors should be required to consult with the Committees in the event the Committees support a plan alternative to the Sale.

DIP Lender should be required to deposit an amount consistent with the total value of the Minimum Bid, just as any Qualified Bidder. The Debtors should not have sole discretion to modify the Bid Requirements. To the extent the Court allows the Debtors to have discretion, such discretion should only be allowed in consultation with Creditors Committee.

4. The Bid Procedures outline Participation Requirements such that Potential Bidders only have to deliver their Bids to the Debtors and their counsel. The Bid Procedures should be modified so that all Bids should also be delivered to counsel to the Creditors Committee.

5. It is inappropriate for the Debtors to seek approval of a Breakup Fee. The Bid Procedures Motion describes a Breakup Fee in an amount not to exceed 2.0% of the cash or cash equivalent portion of the purchase price to be paid in the event the Stalking Horse Bidder is not the successful bidder for the Assets. However, no Stalking Horse Bidder has been identified despite the Debtors having marketed their assets for months, and as a result, the Debtors propose to engage in a "blind auction" – which blind auction will not benefit from the Breakup Fee. In fact, the Breakup Fee provisions can serve only to diminish the value of the Debtors' estates if the Stalking Horse Bidder is not ultimately the successful bidder. At this point in the process there is no reason to allow for or provide for a Stalking Horse Bidder when the Debtors have chosen to move with a blind auction. To the extent that the Court allows the Debtors to choose a Stalking Horse Bidder, the Creditors Committee should have full consultation rights with that selection.

6. In addition, the Debtors propose that the Sale Hearing take place on December 17, 2010, and the Asset Purchase Agreement provides that the Closing shall be held upon the earlier to occur of (i) the second (2nd) business day following the satisfaction of the last of the

conditions set forth in sections 4.1 and 4.2 of the Asset Purchase Agreement, or (ii) December 27, 2010. It is entirely unnecessary for the sale to close prior December 27, 2010. Specifically making the Closing on December 27, 2010 and not earlier allows more time for a plan of reorganization[4] to become finalized, should the consummation of such plan – or an alternative plan – prove to be in the best interests of the Debtors' estates.

7. Finally, if the Court believes that the proposed sale process should proceed, the Bid Procedures Motion should be adjourned until Monday, December 6, 2010 so that the Equity Committee, in consultation with the Creditors Committee, has the opportunity to finalize the Plan and file a term sheet relating to the same in advance of the hearing on the Bid Procedures Motion.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[4] The Official Committee of Equity Security Holders (the "Equity Committee") and the Creditors Committee, is working to finalize the terms of a plan of reorganization (the "Plan"), will result in a greater recovery to general unsecured creditors than the sale process currently contemplated by the Debtors.

WHEREFORE, the Creditors Committee respectfully requests that the Court enter an order denying the Bid Procedures Motion and granting such other and further relief as is just and proper. The Creditors Committee reserves its right to supplement this Objection at the hearing.

Dated: Wilmington, Delaware
November 30, 2010

>Counsel for the Official Committee of Unsecured Creditors for Point Blank Solutions, Inc., et al.

>By:   /s/ Brian L. Arban
>Frederick B. Rosner (DE 3995)
>Brian L. Arban (DE 4511)
>The Rosner Law Group LLC
>1000 N. West Street, Suite 1200
>Wilmington, DE 19801
>Tel: (302) 777-1111

>- and-

>Robert M. Hirsh
>George P. Angelich
>Arent Fox LLP
>1675 Broadway
>New York, NY 10019
>(212) 484-3900 (Tel.)
>(212) 484-3990 (Fax)