IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| POINT BLANK SOLUTIONS, INC., et al. | : | Case No. 10-11255 (PJW) |
| | : | |
| Debtors. | : | **Objection Deadline: November 30, 3010 at 12 p.m.** |
| | : | **Hearing Date: December 1, 2010 at 3:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF
THE DEBTORS FOR ENTRY OF AN ORDER APPROVING BID
PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS**

In support of her objection (the "Objection") to the Motion of the Debtors for Entry of an Order Approving Bid Procedures for the Sale of the Debtors' Assets (the "Motion"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Response.

**Background**

4. On April 14, 2010 (the "Petition Date"), each of the Debtors[1] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On April 26, 2010, the U.S. Trustee appointed a statutory committee of unsecured creditors.

6. On July 27, 2010, the U.S. Trustee appointed a statutory committee of equity security holders.

7. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. The U.S. Trustee objects to the Debtors' proposed sale procedures to the extent that the Debtors seek approval of a Breakup Fee for a stalking horse bidder prior to a stalking horse bidder being identified. The U.S. Trustee also requests that the proposed form of order be revised to include the requirements set forth in Local Rule 6004-1 (c)(ii) (B-(C).

**Argument**

9. The Debtors seek authority to provide to the Stalking Horse Purchaser a Breakup Fee not to exceed 2% of its bid.

10. As no stalking horse has been identified, the U.S. Trustee objects to the approval of any break up fee in these circumstances. No break up fee should be awarded, if at all, until a after a sale has been consummated, all interested parties are given notice and an opportunity to be heard, and the Court has determined that the fee was an actual and necessary cost and expense of

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

preserving the estates. *See In re Reliant Energy Channelview LP,* 594 F.3d 200 (3d Cir. 2010); *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527 (3d Cir. 1999). In *O'Brien*, the Third Circuit Court of Appeals stated that ". . . the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees *were* actually necessary to preserve the value of the estate." *O'Brien*, 181 F. 3d 527, 535 (3d Cir. 1999) (emphasis added). The emphasized text suggests that the review of necessity to preserve the value of the estate is backward-looking, not forward-looking, and necessarily takes place after a sale has been consummated.

11. Accordingly, as the Stalking Horse Purchaser has not yet been identified and no information has been disclosed regarding the value of the transaction, the Breakup Fee is not warranted. Break up fees are ordinarily predicated on the stalking horse having somehow placed the estates' property in a sales configuration mode to attract other bidders to the auction, served as a catalyst to attract additional bids, or in some other way served to preserve or enhance the value of the estates. As no Stalking Horse Purchaser has been identified such predicates are lacking here and the Debtors' request to offer a prospective breakup fee should be denied.

*Local Rule Requirements*

12. The proposed order attached to the Motion does not contain the language that Local Rule 6004-1 requires in a sales procedures order. Specifically, the proposed order (or bidding procedures) should be revised to add the language set forth at Local Rule 6004-1 (c)(ii) (B)-(C): (B) "each bidder participating at the auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale; (C) "the auction be conducted openly and all creditors will be permitted to attend." The Debtors have not sought, nor does there appear to be

justification for waiver of these requirements in this case.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion as written and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

**By:** /s/ Jane M. Leamy
Jane M. Leamy (#4113)
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)

Dated: November 30, 2010