# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>POINT BLANK SOLUTIONS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11255 (PJW)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 800, 838, and 842** |

**SUPPLEMENT TO JOINDER OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS, (B) SCHEDULING AN AUCTION AND A HEARING TO CONSIDER THE SALE AND APPROVING THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING CERTAIN EXPENSE REIMBURSEMENT PROVISIONS AND BREAKUP FEE; AND (E) GRANTING <u>OTHER RELATED RELIEF</u>**

The Official Committee of Equity Security Holders (the "<u>Equity Committee</u>") of the above-captioned debtors-in-possession (the "<u>Debtors</u>"), by and through its undersigned counsel, hereby submits this supplement (the "<u>Supplement</u>") to its joinder [D.I. 842] (the "<u>Joinder</u>") in support of the Official Committee of Unsecured Creditors' Committee's (the "<u>Creditors' Committee</u>") Objection [D.I. 838] (the "<u>Objection</u>") to the Motion for Entry of an Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets; (B) Scheduling an Auction and a Hearing to Consider the Sale and Approving the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. ("PBSI") (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Certain Expense Reimbursement Provisions and Breakup Fee; and (E) Granting Other Related Relief [Docket No. 800] (the "Motion")[2], filed by the Debtors. In support of this Supplement, the Equity Committee respectfully states as follows:

### Joinder

1. On November 23, 2010, the Debtors filed the Motion seeking approval of Bid Procedures for the sale of their Assets.

2. On November 30, 2010, the Creditors' Committee filed the Objection, to which the Equity Committee joined. The Equity Committee's Joinder is incorporated by reference as if fully stated herein.

3. In addition to the points raised by the Creditors' Committee in the Objection by the Equity Committee in the Joinder, the Equity Committee objects to the proposed Bid Procedures on the grounds that they provide an unfair bidding advantage to the DIP Lender. Specifically, the Bid Procedures state that a bid "received after the Bid Deadline shall not constitute a Qualified Bid," except that the DIP Lender has the right to submit a bid <u>at or anytime prior to the Auction</u>.[3] <u>See</u> Proposed Bid Procedures at pg. 4 The Debtors have not provided any justification for the inclusion of additional rights for the DIP Lender (to the possible detriment of other Qualified Bidders) and this protection should therefore be removed from any Bid Procedures approved by this Court.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] Specifically, the Proposed Bid Procedures provide that the DIP Lender "may submit a Bid for the Assets at or prior to the Auction." <u>See</u> Proposed Bid Procedures at pg. 4; <u>see also</u> Motion at ¶17(e) ("A Bid received after the Bid Deadline shall not constitute a Qualified Bid, provided, however, that the DIP Lender may submit a Bid for the Assets at or prior to the Auction as set forth below.").

## Conclusion

For the reasons discussed in this Supplement, the Joinder, and the Objection, the Equity Committee respectfully requests that the Court (i) deny the relief requested in the Motion and (ii) grant such other relief as the Court deems just, equitable and proper.

Dated: November 30, 2010
       Wilmington, Delaware

BAYARD, P.A.

/s/ *Justin R. Alberto*
Neil B. Glassman (No. 2087)
Charlene D. Davis (No. 2336)
Colin R. Robinson (admitted *pro hac vice*)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
       cdavis@bayardlaw.com
       crobinson@bayardlaw.com
       jalberto@bayardlaw.com

-and-

MORRISON COHEN LLP
Joseph T. Moldovan
Michael Dal Lago
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Facsimile (212) 735-8708
Email: jmoldovan@morrisoncohen.com
       mdallago@morrisoncohen.com

*Counsel for the Official Committee of Equity Security Holders*