IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  December 27, 2010 at 4:00 p.m.**
**Hearing Date:  Only If Objections Are Timely Filed**

## SIXTH MONTHLY APPLICATION FOR COMPENSATION
## AND REIMBURSEMENT OF EXPENSES OF
## PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
## TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
## THE PERIOD FROM SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to April 14, 2010 by order signed May 12, 2010 |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2010 through September 30, 2010[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $364,397.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 26,496.91 |

This is a:  __x_ monthly  ___ interim  _ final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] This Application may include time expended before the time period indicated above that has not been included in any prior application.  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 08/18/10 | 04/14/10 – 04/30/10 | $161,287.75 | $14,364.45 | $129,030.20 | $14,364.45 |
| 08/20/10 | 05/01/10 – 05/31/10 | $375,570.25 | $ 9,134.74 | $300,456.20 | $ 9,134.74 |
| 09/13/10 | 06/01/10 – 06/30/10 | $252,340.50 | $ 3,346.23 | $201,872.40 | $ 3,346.23 |
| 10/28/10 | 07/01/10 – 07/31/10 | $571,644.00 | $40,788.63 | Pending | Pending |
| 11/10/10 | 08/01/10 – 08/31/10 | $649,426.50 | $34,904.03 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $855.00 $427.50 | 104.00 2.20 | $88,920.00 $    940.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987 | $795.00 $397.50 | 74.70 21.20 | $59,386.50 $ 8,427.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $775.00 | 4.60 | $ 3,565.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $750.00 | 13.20 | $ 9,900.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $750.00 | 19.40 | $15,423.00 |
| Andrew W. Caine | Of Counsel 1989; Member of CA Bar since 1983 | $750.00 | 2.30 | $ 1,725.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $650.00 | 8.30 | $ 5,395.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1994; Member of NY Bar since 1999 | $625.00 | 77.40 | $48,375.00 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $625.00 | 8.70 | $ 5,437.50 |
| Michael R. Seidl | Partner 2003; Member of DE Bar since 2000; Member of Washington, D.C. Bar since 1996 | $575.00 | 0.20 | $    115.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Curtis A. Hehn | Partner 2006; Member of PA and NJ Bars since 1997; Member of DE Bar since 2002 | $550.00 | 15.40 | $ 8,470.00 |
| Gillian N. Brown | Partner 2007; Member of CA Bar since 1999; Member of Washington, D.C. Bar since 2008 | $515.00 | 0.10 | $ 51.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $515.00 | 9.50 | $ 4,892.50 |
| Elissa A. Wagner | Of Counsel 2009; Member of CA Bar since 2001 | $495.00 | 125.50 | $62,122.50 |
| Timothy P. Cairns | Associate 2007; Member of DE Bar since 2002 | $450.00 | 34.60 | $15,570.00 |
| Kathleen P. Makowski | Of Counsel 2008; Member of PA Bar since 1996; Member of DE Bar since 1997 | $450.00 | 2.40 | $ 1,080.00 |
| John W. Lucas | Associate 2009; Member of NY Bar since 2005 | $450.00 | 7.50 | $ 3,375.00 |
| Patricia J. Jeffries | Paralegal 1999 | $235.00 | 10.70 | $ 2,514.50 |
| Monica Molitor | Paralegal 2009 | $235.00 | 70.20 | $16,497.00 |
| Louise R. Tuschak | Paralegal 2000 | $225.00 | 1.30 | $ 292.50 |
| Margaret L. Oberholzer | Paralegal 2007 | $220.00 | 1.20 | $ 264.00 |
| Cheryl A. Knotts | Paralegal 2000 | $215.00 | 2.20 | $ 473.00 |
| Kati L. Suk | Paralegal 2009 | $185.00 | 2.10 | $ 388.50 |
| Dina K. Whaley | Case Management Assistant 2010 | $150.00 | 0.80 | $ 120.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $150.00 | 1.90 | $ 285.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $140.00 | 2.30 | $ 322.00 |
| Karen S. Neil | Case Management Assistant 2003 | $140.00 | 0.50 | $ 70.00 |

**Grand Total:** $ 364,397.50
**Total Hours:** 624.40
**Blended Rate:** $ 583.60

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 66.00 | $46,286.00 |
| Bankruptcy Litigation | 57.90 | $36,685.00 |
| Case Administration | 28.50 | $ 7,114.50 |
| Claims Admin/Objections | 66.70 | $41,455.00 |
| Compensation of Professional | 14.40 | $ 6,499.00 |
| Compensation of Prof./Others | 27.90 | $ 8,622.50 |
| Executory Contracts | 164.80 | $90,751.00 |
| Financial Filings | 4.40 | $ 1,957.00 |
| Financing | 22.50 | $16,348.50 |
| General Business Advice | 1.50 | $ 1,282.50 |
| General Creditors Committee | 9.30 | $ 5,949.50 |
| Insurance Coverage | 1.70 | $    841.50 |
| Litigation (Non-Bankruptcy) | 51.60 | $33,955.00 |
| Meeting of Creditors | 8.80 | $ 7,173.50 |
| Plan & Disclosure Statement | 27.90 | $20,024.50 |
| Retention of Prof./Others | 30.90 | $18,408.50 |
| Stay Litigation | 16.20 | $11,676.50 |
| Travel | 23.40 | $ 9,367.50 |

# EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | American Airlines; United Airlines | $1,868.70 |
| Auto Travel Expense | Eagle Transportation; AMS/Pacific Transportation; Dave's Transportation | $1,006.80 |
| Working Meals | The Rodney Grill; Chelsea Tavern | $ 229.20 |
| Conference Call | AT&T Conference Call; CourtCall | $ 152.82 |
| Delivery/Courier Service | Tristate | $1,451.29 |
| Express Mail | DHL and Federal Express | $ 345.04 |
| Fax Transmittal | Outgoing | $1,893.00 |
| Hotel Expense | Hotel DuPont; NY Palace Hotel | $2,249.80 |
| Legal Research | Lexis/Nexis and Westlaw | $4,325.19 |
| Outside Services | National Depo Nation (Gibson Deposition); Digital Legal Services | $1,928.48 |
| Court Research | Pacer | $ 262.00 |
| Postage | US Mail | $ 723.61 |
| Reproduction Expense | | $3,007.00 |
| Reproduction/Scan Copy | | $ 1,504.20 |
| Overtime | M. DeLeon | $ 146.38 |
| Travel Expense | Amtrak | $ 46.00 |
| Transcript | Writer's Cramp; Hudson Reporting | $5,357.40 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: December 27, 2010 at 4:00 p.m.**
**Hearing Date: Only If Objections Are Timely Filed**

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's "Administrative Order Establishing Procedures for Interim

Compensation Pursuant to Section 331 of the Bankruptcy Code," signed on or about May 12,

2010 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the

"Firm"), Counsel to the Debtors and Debtors in Possession ("Debtor"), hereby submits its Sixth

Monthly Application for Compensation and for Reimbursement of Expenses for the Period from

September 1, 2010 through September 30, 2010 (the "Application").

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $364,397.50 and actual and necessary expenses in the amount of $26,496.91 for a total allowance of $390,894.41 and payment of $291,518.00 (80% of the allowed fees) and reimbursement of $26,496.91 (100% of the allowed expenses) for a total payment of $318,014.91 for the period September 1, 2010 through September 30, 2010 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

### Background

1. On April 14, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their properties and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors ("Committee") was appointed on April 26, 2010. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about May 12, 2010, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending June 30, 2010, at three-month intervals, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4.     The retention of PSZ&J, as Counsel to the Debtors, was approved effective as of the Petition Date by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about May 12, 2010 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6.     PSZ&J has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtors

during the year prior to the Petition Date in the amount of $800,000.00, including the Debtors'

aggregate filing fees for these cases, in connection with the preparation of initial documents and

the prepetition representation of the Debtors. PSZ&J was current as of the Petition Date. Upon

final reconciliation of the amount actually expended prepetition, any balance remaining from the

payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to

postpetition fees and expenses pursuant to the compensation procedures approved by this Court

and the Bankruptcy Code.

### Fee Statements

7.      The fee statements for the Interim Period are attached hereto as <u>Exhibit A</u>.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or

paralegal performing the described services. The time reports are organized on a daily basis.

PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time

frame on a variety of different matters for a particular client, separate time entries are set forth in

the time reports. PSZ&J's charges for its professional services are based upon the time, nature,

extent and value of such services and the cost of comparable services other than in a case under

the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time"

to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J

professionals attempt to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in this case.

10.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.  Asset Disposition

15.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed documents; (2) attended to due diligence issues; (3) attended to scheduling issues; (4) attended to confidentiality issues; (5) attended to intellectual property issues; (6) performed work regarding an Asset Purchase Agreement; (7) performed work regarding confidentiality agreements; (8) performed research; (9) performed work regarding a management presentation; (10) performed work regarding Asset Purchase Agreement Schedules; (11) attended to bid issues; (12) performed work regarding a bid procedures motion; (13) performed work regarding a letter of intent; and (14) corresponded and conferred regarding asset disposition issues.

Fees:  $46,286.00;     Hours:  66.00

### B.  Bankruptcy Litigation

16.  During the Interim Period, the Firm, among other things:  (1) prepared for and attended a hearing on September 1, 2010; (2) attended to issues regarding the Committee withdrawal of motion for appointment of Trustee; (3) attended to scheduling issues; (4) performed work regarding a Joint Defense Agreement; (5) performed work regarding an Equity Committee Non-Disclosure Agreement; (6) attended to issues regarding the recovery of preferential transfers; (7) performed work regarding orders; (8) performed work regarding Agenda Notices and Hearing Binders; (9) prepared for and attended a hearing on September 20, 2010; (10) reviewed and analyzed a litigation summary; and (11) corresponded and conferred regarding bankruptcy litigation matters.

Fees:  $36,685.00;     Hours:  57.90

## C.    Case Administration

17.   During the Interim Period, the Firm, among other things: (1) maintained document control; (2) prepared for and participated in case status teleconferences; (3) reviewed documents and distributed them to appropriate persons; (4) maintained a memorandum of Critical Dates; (5) maintained service lists; and (6) prepared Hearing Notebooks.

Fees: $7,114.50;   Hours: 28.50

## D.    Claims Administration and Objections

18.   During the Interim Period, the Firm, among other things: (1) attended to tax claim issues; (2) performed research; (3) reviewed and analyzed claims and related documents; (4) attended to claim transfer issues; (5) performed work regarding a claims analysis; (6) performed work regarding the Lincoln Fabrics claim; (7) performed work regarding objections relating to equity issues; (8) performed work regarding litigation-related claims; (9) drafted claims objections; (10) performed work regarding the SEC claim; (11) responded to inquiries from creditors; (12) performed work regarding administrative claims; (13) performed work regarding the Ellis and Taylor claims; (14) performed work regarding the Brooks matter; and (15) corresponded and conferred regarding claim issues.

Fees: $41,455.00;   Hours: 66.70

## E.    Compensation of Professionals

19.   This category includes work related to the fee applications of the Firm. During the Interim Period, the Firm, among other things: (1) drafted its June 2010 monthly fee

application; (2) performed work regarding its April and July 2010 monthly and First quarterly fee applications; and (3) monitored the status and timing of fee matters.

Fees: $6,499.00;     Hours: 14.40

**F.**     **Compensation of Professionals--Others**

20.     This category includes work related to the fee applications of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, performed work regarding Ordinary Course Professionals, and regarding the Venable, Carr Palmer, Pillsbury Winthrop, Olshan, and GW Communications matters.

Fees: $8,622.50;     Hours: 27.90

**G.**     **Executory Contracts**

21.     This category includes work related to executory contracts and unexpired leases.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a motion to reject settlement agreement; (2) attended to issues regarding a joint prosecution agreement; (3) attended to issues regarding government contracts; (4) performed research; (5) reviewed and analyzed documents; (6) reviewed and analyzed a settlement agreement; (7) performed work regarding exhibits; (8) performed work regarding a license agreement; (9) reviewed and analyzed dockets; (10) reviewed and analyzed appellate briefs; (11) attended to notice issues; (12) performed work regarding orders; (13) attended to class action and derivative action issues; (14) attended to confidentiality issues; (15) performed work regarding a motion to file supplemental agreement under seal; (16) performed work regarding a supplement to rejection motion; and (17) corresponded and conferred regarding executory contract issues.

Fees: $90,751.00;     Hours: 164.80

## H.     Financial Filings

22.     This category includes work related to compliance with reporting requirements. During the Interim Period, the Firm, among other things: (1) performed work regarding amended Schedules and Statements; (2) performed work regarding Monthly Operating Reports; and (3) conferred and corresponded regarding financial filings issues.

Fees: $1,957.00;     Hours: 4.40

## I.     Financing

23.     This category includes work related to Debtor in Possession ("DIP") financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) attended to negotiations issues; (2) performed work regarding a DIP financing amendment; (3) attended to budget issues; (4) performed work regarding orders; (5) attended to letter of credit issues; (6) attended to objection issues; (7) performed work regarding an insurance premium financing motion; and (8) conferred and corresponded regarding financing issues.

Fees: $16,348.50;     Hours: 22.50

## J.     General Business Advice

24.     This category includes work related to general business issues. During the Interim Period, the Firm, among other things: (1) prepared for and attended a Board of Directors telephonic meeting; and (2) conferred regarding business issues.

Fees: $1,282.50;     Hours: 1.50

## K.     General Creditors Committee

25.     This category includes work related to committee issues. During the Interim Period, the Firm, among other things: (1) performed work regarding a non-disclosure

agreement; (2) reviewed and analyzed documents; and (3) corresponded and conferred regarding committee issues.

Fees: $5,949.50; Hours: 9.30

## L. **Insurance Coverage**

26. This category includes work related to insurance issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed documents; (2) attended to issues regarding insurance policies; and (3) corresponded and conferred regarding insurance coverage issues.

Fees: $841.50; Hours: 1.70

## M. **Litigation (Non-Bankruptcy)**

27. This category includes work related to litigation matters in non-bankruptcy courts. During the Interim Period, the Firm, among other things: (1) attended to forfeiture issues; (2) performed research; (3) performed work regarding a status report; and (4) conferred and corresponded regarding litigation issues.

Fees: $33,955.00; Hours: 51.60

## N. **Meeting of Creditors**

28. This category includes work related to meeting of creditors issues. During the Interim Period, the Firm, among other things, prepared for and attended meetings with Committee and Equity Committee professionals regarding case issues.

Fees: $7,173.50; Hours: 8.80

**O.**     **Plan and Disclosure Statement**

29.     This category includes work related to a Plan of Reorganization ("Plan") and Disclosure Statement. During the Interim Period, the Firm, among other things: (1) attended to exit strategy issues; (2) performed work regarding a motion to extend the exclusivity periods; (3) attended to time extension issues; (4) attended to objection issues; (5) performed work regarding notice issues; (6) drafted a Disclosure Statement; (7) attended to recapitalization issues; and (8) corresponded regarding Plan and Disclosure Statement issues.

Fees: $20,024.50;     Hours: 27.90

**P.**     **Retention of Professionals--Others**

30.     This category includes work related to the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding the Goldin, CBIZ and Rosenbloom matters; (2) attended to objection issues; (3) performed work regarding appointment of a Board of Directors' observer; and (4) conferred and corresponded regarding retention matters.

Fees: $18,408.50;     Hours: 30.90

**Q.**     **Stay Litigation**

31.     This category includes work related to the automatic stay and motions for relief from the automatic stay. During the Interim Period, the Firm, among other things: (1) performed work regarding the Cohen motion for relief from stay; (2) prepared for and attended a hearing on the Cohen motion on September 20, 2010; (3) performed work regarding orders; and (4) conferred and corresponded regarding stay litigation matters.

Fees: $11,676.50;     Hours: 16.20

## R. **Travel**

32. During the Interim Period, the Firm incurred non-working time while traveling on case matters. Such time is billed at one-half the normal rate.

Fees: $9,367.50;    Hours: 23.40

### **Valuation of Services**

33. Attorneys and paraprofessionals of PSZ&J expended a total 624.40 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $855.00 $427.50 | 104.00 2.20 | $88,920.00 $ 940.50 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987 | $795.00 $397.50 | 74.70 21.20 | $59,386.50 $ 8,427.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $775.00 | 4.60 | $ 3,565.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $750.00 | 13.20 | $ 9,900.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $750.00 | 19.40 | $15,423.00 |
| Andrew W. Caine | Of Counsel 1989; Member of CA Bar since 1983 | $750.00 | 2.30 | $ 1,725.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $650.00 | 8.30 | $ 5,395.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1994; Member of NY Bar since 1999 | $625.00 | 77.40 | $48,375.00 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $625.00 | 8.70 | $ 5,437.50 |
| Michael R. Seidl | Partner 2003; Member of DE Bar since 2000; Member of Washington, D.C. Bar since 1996 | $575.00 | 0.20 | $ 115.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Curtis A. Hehn | Partner 2006; Member of PA and NJ Bars since 1997; Member of DE Bar since 2002 | $550.00 | 15.40 | $ 8,470.00 |
| Gillian N. Brown | Partner 2007; Member of CA Bar since 1999; Member of Washington, D.C. Bar since 2008 | $515.00 | 0.10 | $ 51.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $515.00 | 9.50 | $ 4,892.50 |
| Elissa A. Wagner | Of Counsel 2009; Member of CA Bar since 2001 | $495.00 | 125.50 | $62,122.50 |
| Timothy P. Cairns | Associate 2007; Member of DE Bar since 2002 | $450.00 | 34.60 | $15,570.00 |
| Kathleen P. Makowski | Of Counsel 2008; Member of PA Bar since 1996; Member of DE Bar since 1997 | $450.00 | 2.40 | $ 1,080.00 |
| John W. Lucas | Associate 2009; Member of NY Bar since 2005 | $450.00 | 7.50 | $ 3,375.00 |
| Patricia J. Jeffries | Paralegal 1999 | $235.00 | 10.70 | $ 2,514.50 |
| Monica Molitor | Paralegal 2009 | $235.00 | 70.20 | $16,497.00 |
| Louise R. Tuschak | Paralegal 2000 | $225.00 | 1.30 | $ .292.50 |
| Margaret L. Oberholzer | Paralegal 2007 | $220.00 | 1.20 | $ 264.00 |
| Cheryl A. Knotts | Paralegal 2000 | $215.00 | 2.20 | $ 473.00 |
| Kati L. Suk | Paralegal 2009 | $185.00 | 2.10 | $ 388.50 |
| Dina K. Whaley | Case Management Assistant 2010 | $150.00 | 0.80 | $ 120.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $150.00 | 1.90 | $ 285.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $140.00 | 2.30 | $ 322.00 |
| Karen S. Neil | Case Management Assistant 2003 | $140.00 | 0.50 | $ 70.00 |

Grand Total: $ 364,397.50
Total Hours: 624.40
Blended Rate: $ 583.60

34. The nature of work performed by these persons is fully set forth in

Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character.

The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $364,397.50.

35.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period September 1, 2010 through September 30, 2010, an interim allowance be made to PSZ&J for compensation in the amount of $364,397.50 and actual and necessary expenses in the amount of $26,496.91 for a total allowance of $390,894.41 and payment of $291,518.00 (80% of the allowed fees) and reimbursement of $26,496.91 (100% of the allowed expenses) be authorized for a total payment of $318,014.91 and for such other and further relief as this Court may deem just and proper.

Dated: December 3, 2010     PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:  ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           tcairns@pszjlaw.com
Counsel to Debtors and Debtors in Possession

## VERIFICATION

STATE OF DELAWARE     :
                           :

COUNTY OF NEW CASTLE  :

        Laura Davis Jones, after being duly sworn according to law, deposes and says:

        a)      I am a partner of the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP, as Counsel to the Debtor, and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about May 12, 2010, and submit that the Application substantially complies with such Rule and Order.

                                                  Laura Davis Jones

SWORN AND SUBSCRIBED
before me this ___ day of _____, 2010.

_____
Notary Public
My Commission Expires _____

DEBRA L. YOUNG
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires _____