IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  :
                                                        :      Chapter 11
POINT BLANK SOLUTIONS, INC., *et al.*[1]                :
                                                        :      Case No. 10-11255 (PJW)
                                        Debtors.        :
                                                        :      Jointly Administered
------------------------------------------------------- x

## OBJECTION AND JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR POINT BLANK SOLUTIONS INC.'S OBJECTION TO LEAD PLAINTIFFS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Official Committee of Unsecured Creditors (the "Committee") of Point Blank Solutions, Inc. *et al.* (the "Debtors"), by and through its counsel, Arent Fox LLP and its co-counsel The Rosner Group LLC, hereby files this objection and joinder (the "Objection and Joinder") to the objection of Point Blank Solutions Inc. ("Point Blank") (Docket No. 884) (the "Debtor's Lift Stay Objection") to the Lead Plaintiffs' Motion for Relief from the Automatic Stay dated November 18, 2010 (Docket No. 779) (the "Lift Stay Motion").[2] In support of the Objection and Joinder, the Committee respectfully states as follows:

**OBJECTION**

1. The Lift Stay Motion must be denied because the Lead Plaintiffs have failed to establish "cause" to lift the automatic stay to compel the Debtors to litigate in another forum. The Lift Stay Motion is nothing more than a litigation tactic designed to frustrate the Debtors' Rejection Motion and turnover action.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Debtor's Lift Stay Objection.

{00005562. }NYC/556870.3

2. The Lead Plaintiffs waited more than seven months,[3] until the eve of the hearing on the Rejection Motion,[4] to request relief from the automatic stay. Permitting the relief from the automatic stay to allow the District Court to conduct further proceedings in connection with the Class Action and Derivative Action (collectively, the "District Court Actions") will frustrate the Debtors' effort to reject the agreements and seek turnover of the $35,200,000.

3. On the other hand, authorization by the Court of the rejection of the Stipulation and related agreements pursuant to the Rejection Motion and turnover of the $35,200,000 will permit the Debtors to distribute such estate assets in accordance with the terms of a Chapter 11 plan and the intent of the Bankruptcy Code. By seeking relief from the automatic stay to force Point Blank to modify and assume the Stipulation, the Lead Plaintiffs are attempting to circumvent the long-standing distribution priorities established under the Bankruptcy Code by requiring the $35,200,000 of Point Blank's estate property to be paid to the Class Plaintiffs, Point Blank's shareholder litigants, ahead of general unsecured creditors. Such payments to shareholders under the settlement would circumvent firmly established priority rules and should not be permitted.

4. On its face, the Lift Stay Motion appears to involve complex legal issues. In reality, however, the Lift Stay Motion is nothing more than a typical attempt by non-debtor plaintiffs to force a debtor into another forum to defend a costly litigation. Prior to the Petition Date, the Debtors expended approximately $600,000 per month in litigation costs defending

---

[3] Notably, the Lead Plaintiffs failed to join in or formally support the prior motion seeking relief from the automatic stay to continue the District Court Actions filed by D. David Cohen.

[4] A hearing on the Rejection Motion was subsequently adjourned from November 23, 2010 until December 15, 2010.

the company and its former directors and officers in connection with certain litigation, including the District Court Actions.

5. It is clear that any additional settlement negotiations in the District Court Actions would be futile as evidenced by the fact that the Debtors are seeking to reject the Stipulation and related agreements. Even if the stay was lifted and the Debtors were forced to renegotiate the terms of the Stipulation, the Debtors should not agree to modify and assume the Stipulation as such action would be inconsistent with their business judgment. The Committee believes that requiring the Debtors to engage in such an exercise is impracticable and a waste of the estates' resources. Instead, it is this Court that is in the best position to deal with the claims asserted by the Lead Plaintiffs concerning the Debtors and their former officers and directors.

6. These Chapter 11 Cases are proceeding on an accelerated timetable towards resolution through either a plan of reorganization or a sale of substantially all of the Debtors' assets. Requiring the Debtors and their professionals to focus on litigating the prepetition District Court Actions would take valuable resources away from these Chapter 11 Cases at the most critical time with absolutely no measurable benefit to the Debtors' estates. For these reasons, this Court, as a court of equity, should deny the Lift Stay Motion.

## JOINDER

7. The Committee hereby joins the Debtor's Lift Stay Objection, and fully incorporates all arguments raised therein by reference.

## RESERVATION OF RIGHTS

8. The Committee reserves the right to further address the Lift Stay Motion and related pleadings and other ancillary issues either by further submission to this Court, at oral

argument or by testimony to be presented at any hearing. The Committee expressly reserves the right to supplement this Objection and Joinder at any time prior to or during the hearings on the Motion.

## CONCLUSION

For all the foregoing reasons, the Committee respectfully requests the Court enter an Order denying the Lift Stay Motion and granting such other and further relief as is just and appropriate.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: Wilmington, Delaware
December 8, 2010

                          Counsel for the Official Committee of
                          Unsecured Creditors for Point Blank
                          Solutions, Inc., *et al*.

By: /s/ Brian L. Arban
    Frederick B. Rosner (DE #3995)
    Brian L. Arban (DE #4511)
    THE ROSNER GROUP
    1000 N. West Street, Suite 1200
    Wilmington, DE 19801
    Tel: (302) 777-1111


                - and-

    Robert M. Hirsh
    George P. Angelich
    ARENT FOX LLP
    1675 Broadway
    New York, NY 10019
    (212) 484-3900 (Tel.)
    (212) 484-3990 (Fax)