IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | ) | Chapter 11 |
| --- | --- | --- |
| | ) | |
| POINT BLANK SOLUTIONS INC., *et al.*[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**SIXTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
VENABLE LLP
TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM SEPTEMBER 1, 2010, THROUGH SEPTEMBER 30, 2010**

| Name of Applicant: | VENABLE LLP |
| --- | --- |
| Authorized to Provide Professional Services to: | Debtors and debtors in possession |
| Date of Retention: | *Nunc Pro Tunc* to April 14, 2010, by order entered on May 12, 2010 |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2010 through September 30, 2010[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $39,285.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $4,410.27 |

This is a:  _x_ monthly  __ interim  __ final application.

The total time expended for fee application preparation is approximately 13.60 hours and the corresponding compensation requested is approximately $5,777.50.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
|  | 4/14/10 – 4/30/10 | 30,892.50 | 151.42 | 30,892.50 | 151.42 |
|  | 5/1/10 – 5/31/10 | 61,863.00 | 114.20 | 61,863.00 | 114.20 |
|  | 6/01/10 – 6/30/10 | 80,651.00 | 255.51 | 80,651.00 | 255.51 |
|  | 7/1/10 – 7/31/10 | 63,455.50 | 2,109.79 | 63,455.50 | 2,109.79 |
|  | 8/1/10 – 8/31/10 | 24,750.00 | 394.23 | 24,750.00 | 394.23 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Terry L. Elling | Partner 5 years (of counsel in 2002); Member of Venable's Government Contracts Practice Group; Member of DC and IL Bars since 2003 and 1982, respectively | 500.00 | 2.30 | 1150.00 |
| Nancy R. Grunberg | Partner since 2002; Co-Chair of Venable's SEC and White Collar Defense Practice Group; Member of DC and MD Bars since 1984 and 1985, respectively | 550.00 | 11.10 | 6,105.00 |
| Lawrence A. Katz | Partner since 2000; Senior Partner in Venable's Bankruptcy and Creditors' Rights Group; Member of VA, DC, and MD Bars since 1978, 1985 and 2002, respectively | 565. | .4 | 226.00 |
| George Kostolampros | Partner since January 2010; Member of Venable's SEC and White Collar Defense Practice Group; Member of DC and NY Bars since 2008 and 2001, respectively | 420.00 | 53.30 | 22,386.00 |
| Thomas J. Madden | Partner since 1984 ; Chair of Venable's Government Contracts Practice Group; Member of DC and NJ Bars since 1968 | 685.00 | 8.90 | 6,096.50 |
| James Y. Boland | Associate since 2007; Member of Venable's Government Contracts Practice Group; Member of DC and VA Bars since 2006 and 2005, respectively | 370.00 | .30 | 111.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey M. Chiow | Associate since 2008; Member of Venable's Government Contracts Practice Group; Member of DC and VA Bars since 2009 and 2008, respectively | 310.00 | 2.30 | 713.00 |
| Laurie L. Rexroad | Paralegal since 2007 | 190.00 | 1.50 | 285.00 |
| Mazen I. Saah | Paralegal since 2004 | 295.00 | 7.50 | 2,212.50 |
| Total | | | 87.60 | $39,285.00 |

Grand Total: $ 39,285.00  
Total Hours: 87.60  
Blended Rate: $ 448.45

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Other Court Litigation | 67.50 | 31,241.50 |
| Miscellaneous | 6.50 | 2266.00 |
| Employment of Professionals | 0 | 0 |
| Fee Applications | 13.60 | 5,777.50 |
| General Operations | 0 | 0 |
| Bankruptcy and Creditors Rights Advice | 0 | 0 |
| | $ 87.60 | $39,285.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | | 0 |
| Working Meals | | 0 |
| Delivery/Courier Service | | 7.61 |
| Fax Transmittal | | 0 |
| Hotel Expense | | 0 |
| Long Distance | | 5.39 |
| Other | | 0 |
| Outside Services | | 0 |
| Court Research | PACER, Lexis, Westlaw | 4,378.47 |
| Postage | US Mail | 0 |
| Reproduction Expense | | 18.80 |
| Reproduction/ Scan Copy | | 0 |
| Overtime | | 0 |
| | | $4,410.27 |

---

[3] VENABLE LLP may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., et al.[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 3, 2011 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

**SIXTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
VENABLE LLP, AS SPECIAL COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM SEPTEMBER 1, 2010 THROUGH SEPTEMBER 30, 2010**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Administrative Order Establishing Procedures for Interim Compensation Pursuant to Section 331 of the Bankruptcy Code" signed on or about May 12, 2010 [Docket No. 114] (the "Administrative Order"), Venable LLP ("Venable"), as special counsel to the debtors and debtors in possession ("Debtors"), hereby submits its Sixth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from September 1, 2010, through September 30, 2010 (the "Application").

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

1

By this Application Venable seeks a monthly interim allowance of compensation in the amount of $39,285.00 and actual and necessary expenses in the amount of $4,410.27 for a total allowance of $43,695.27 and payment of $31,428.00 (80% of the allowed fees) and reimbursement of $4,410.27 (100% of the allowed expenses) for a total payment of $35,838.27 for the period September 1, 2010, through September 30, 2010 (the "Interim Period"). In support of this Application, Venable respectfully represents as follows:

**Background**

1. On April 14, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of their properties and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Committee of Unsecured Creditors ("Committee") was appointed on or about April 23, 2010. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about May 12, 2010, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the

period ending June 30, 2010, at three-month intervals, each of the Professionals must file with the Court and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of Venable, as special government contracting, litigation and governmental investigation counsel to the Debtors, was approved effective as of Petition Date, by this Court's "Order Granting Debtors' Application to Retain Venable as Special Government Contracting, Litigation and Governmental Investigation Counsel *Nunc Pro Tunc* to the Petition Date Pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014" [Docket No. 175] (the "Retention Order"). The Retention Order authorized Venable to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### VENABLE'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5. All services for which Venable requests compensation were performed for or on behalf of the Debtors.

6. Venable has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Venable and any other person other than the partners of Venable for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

7. The fee statements for the Interim Period are attached hereto as <u>Exhibit A</u>. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of Venable's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. Venable's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. Venable is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. Venable's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.

## Actual and Necessary Expenses

8. A summary of actual and necessary expenses incurred by Venable for the Interim Period is attached hereto as part of <u>Exhibit A</u>. In accordance with the Local Rules, Venable has charged $0.10 per page for photocopying expenses in these cases. Venable photocopying machines automatically record the number of copies made when the person who is doing the copying enters the client's account number into a device attached to the photocopier. Venable summarizes each client's photocopying charges on a daily basis.

9. In accordance with the Local Rules, Venable has charged $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects Venable's calculation of

4

the actual costs incurred by Venable for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. Venable does not charge the Debtors for the receipt of faxes in these cases.

10. With respect to providers of on-line legal research services (*e.g.*, LEXIS and WESTLAW), Venable charges the standard usage rates these providers charge for computerized legal research. Venable bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by Venable is passed on to the client.

11. Venable believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, Venable believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12. The names of the partners and associates of Venable who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of Venable who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. Venable has performed legal services in connection with its representation of the Debtors as special government contracting, litigation and governmental investigations counsel as set forth in the Retention Order dated May 19, 2010.

## Summary of Services by Project

14. The services rendered by Venable during the Interim Period can be grouped into the categories set forth below and relate to work performed as special government contracting, litigation and government investigation counsel. Venable attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A. Other Court Litigation

15. During the Interim Period, Venable, among other things, performed legal services related to litigation, which included: (1) criminal litigation brought by the United States Attorney's Office for the Eastern District of New York against the Debtors' former executives ("U.S. Attorney Matter") for, among other things, alleged violations of federal securities laws stemming from accounting irregularities and disclosure issues from 2003 through 2005; and (2) litigation brought by the Debtors against Toyobo America, Inc. and Toyobo Co., Ltd., ("Toyobo Litigation"). In connection with the U.S. Attorney Matter, Venable represented the Debtors and the Debtors' current and former employees in responding to subpoenas (including reviewing and producing documents) and preparing the Debtors' former and current employees for testimony and interviews. In connection with the Toyobo Litigation, Venable assisted counsel in that

matter in responding to discovery requests, including providing counsel in that matter with access to documents produced during the course of Venable's prior representation of the debtors in a Department of Justice investigation. Additionally, during the Interim Period, Venable represented the Debtors in connection with an on-going investigation brought by the United States Securities and Exchange Commission into alleged violations of federal securities laws stemming from accounting irregularities and disclosure issues from 2003 through 2005 involving the Debtors' former executives.

Fees: $31,241.50;   Hours: 67.50

**B.   Miscellaneous**

16.   During the Interim Period, Venable performed legal services related to government contracting, litigation and governmental investigations that were classified as miscellaneous.

Fees: $2,266.00;   Hours: 6.50

**C.   Fee Application**

17.   During the Interim Period, Venable performed legal services related to its first, second and third monthly fee applications.

Fees: $5,777.50;   Hours: 13.60

**Valuation of Services**

18.   Attorneys and paraprofessionals of Venable LLP expended a total of 87.60 hours in connection with their representation of the Debtors during the Interim Period, as follows:

7

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Terry L. Elling | Partner 5 years (of counsel in 2002); Member of Venable's Government Contracts Practice Group; Member of DC and IL Bars since 2003 and 1982, respectively | 500.00 | 2.30 | 1150.00 |
| Nancy R. Grunberg | Partner since 2002; Co-Chair of Venable's SEC and White Collar Defense Practice Group; Member of DC and MD Bars since 1984 and 1985, respectively | 550.00 | 11.10 | 6,105.00 |
| Lawrence A. Katz | Partner since 2000; Senior Partner in Venable's Bankruptcy and Creditors' Rights Group; Member of VA, DC, and MD Bars since 1978, 1985 and 2002, respectively | 565. | .4 | 226.00 |
| George Kostolampros | Partner since January 2010; Member of Venable's SEC and White Collar Defense Practice Group; Member of DC and NY Bars since 2008 and 2001, respectively | 420.00 | 53.30 | 22,386.00 |
| Thomas J. Madden | Partner since 1984 ; Chair of Venable's Government Contracts Practice Group; Member of DC and NJ Bars since 1968 | 685.00 | 8.90 | 6,096.50 |
| James Y. Boland | Associate since 2007; Member of Venable's Government Contracts Practice Group; Member of DC and VA Bars since 2006 and 2005, respectively | 370.00 | .30 | 111.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey M. Chiow | Associate since 2008; Member of Venable's Government Contracts Practice Group; Member of DC and VA Bars since 2009 and 2008, respectively | 310.00 | 2.30 | 713.00 |
| Laurie L. Rexroad | Paralegal since 2007 | 190.00 | 1.50 | 285.00 |
| Mazen I. Saah | Paralegal since 2004 | 295.00 | 7.50 | 2,212.50 |
| Total | | | 87.60 | $39,285.00 |

        **Grand Total:** $ 39,285.50
        **Total Hours:** 87.60
        **Blended Rate:** $ 448.45

19. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. The value of the services rendered by Venable for the Debtors during the Interim Period is $39,285.00.

20. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Venable is fair and reasonable given (a) the complexity of the matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Venable has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, Venable respectfully requests that, for the period September 1, 2010 through September 30, 2010, an interim allowance be made to Venable for compensation in the amount of $39,285.00 and actual and necessary expenses in the amount of $4,410.27 for a total allowance of $43,695.27, and payment of $31,428.00 (80% of the allowed fees) and reimbursement of $4,410.27 (100% of the allowed expenses) be authorized for a total payment of $35,838.27 and for such other and further relief as this Court may deem just and proper.

Dated: December 13, 2010         VENABLE LLP

*Nancy R. Grunberg*
Nancy R. Grunberg (Bar No. 380169)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 344-4730
Facsimile: (202) 344-8300
Email: nrgrunberg@venable.com
Special Counsel for the Debtors and Debtors in Possession

# VERIFICATION

Nancy R. Grunberg, after being duly sworn according to law, deposes and says:

    a)      I am a partner of the applicant law firm Venable LLP.

    b)      I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of Venable LLP.

    c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about May 12, 2010, and submit that the Application substantially complies with such Rule and Order.

_____
Nancy R. Grunberg

SWORN AND SUBSCRIBED
before me this 13th day of December, 2010

_____
Notary Public
My Commission Expires:

MICHAL HUMES BELAYNEH
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14, 2014