IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., *et al.*[1] | ) | Case No. 10-11255 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related to Docket Nos. 662, 806, 834** |

**STIPULATION BY AND BETWEEN THE DEBTORS, THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND THE
OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
REGARDING EXCLUSIVITY EXTENSION MOTION OF THE DEBTORS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Creditors Committee") and the Official Committee of Equity Security Holders appointed in the above-captioned cases (the "Equity Committee" and, with the Creditors Committee, the "Committees") stipulate and agree as follows:

1. On April 14, 2010 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§1107(a) and 1108.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

3. On April 26, 2010, the United States Trustee appointed the Creditors Committee pursuant to Bankruptcy Code §1102. On July 27, 2010, the United States Trustee appointed the Equity Committee.

4. On October 8, 2010, the Debtors filed the *Debtors' Second Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and Solicit Acceptances Thereof* (the "Second Exclusivity Extension Motion") [Docket No. 662].[2]

5. In the Second Exclusivity Extension Motion, the Debtors sought to extend the Debtors' exclusive period in which to file a plan (the "Exclusive Filing Period") from October 12, 2010 to February 9, 2011 and to extend the Debtors' exclusivity period in which to solicit acceptances of a plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period the "Exclusive Periods") from December 10, 2010 to April 11, 2011. Both the Creditors Committee and the Equity Committee have filed objections opposing the relief requested in the Second Exclusivity Extension Motion.

6. The Committees and the Debtors have been in discussions regarding the Exclusive Periods in light of recent developments in the Debtors' chapter 11 cases, including the relief approved by the Court pursuant to that certain *Order (A) Authorizing on an Interim Basis (i) Replacement Postpetition Secured Financing, (ii) Use of Cash Collateral and (iii) Repayment of Existing Postpetition Secured Financing; (B) Authorizing on a Final Basis Entry Into the Plan Support Agreement; and (C) Scheduling a Final Hearing* [Docket No. 912], entered on

---

[2] On September 20, 2010, the Court entered an order extending the original Exclusive Filing Period through and including October 12, 2010 and extending the Exclusive Solicitation Period through and including December 10, 2010 [Docket No. 597].

December 10, 2010. The parties have agreed to consensually extend the Exclusive Periods on the terms set forth herein.

**NOW, THEREFORE,** it is hereby agreed and stipulated that (hereinafter, the "Stipulation"):

A.  Subject to Paragraph B below, pursuant to Section 1121(d), of the Bankruptcy Code, the Exclusive Filing Period is extended through and including February 9, 2011, and the Exclusive Solicitation Period is extended through and including April 11, 2011, without prejudice to the Debtors' rights to seek further extensions from the Court.

B.  During the foregoing extended Exclusive Periods, the Debtors' exclusive right to file a plan and solicit votes thereon is modified only to provide that such exclusivity shall be held co-extensively solely with the Committees. Notwithstanding the foregoing, nothing in this Stipulation shall modify or otherwise alter the parties' obligations under that certain *Plan Support Agreement*, dated as of December 10, 2010.

C.  This Stipulation may be executed in counterparts, all of which when taken together, shall constitute the original.

D.  This Stipulation will be effective when signed by all parties hereto or their respective counsel and approved by the Bankruptcy Court.

Dated: December 15, 2010

| PACHULSKI STANG ZIEHL & JONES LLP | |
|---|---|
| */s/ Laura Davis Jones/* | |
| Laura Davis Jones (Bar No. 2436) | |
| David M. Bertenthal (CA Bar No. 167624) | |
| Timothy P. Cairns (Bar No. 4228) | |
| 919 North Market Street, 17th Floor | |
| Wilmington, DE 19801 | |
| Telephone: (302) 652-4100 | |
| Facsimile: (302) 652-4400 | |
| E-mail: ljones@pszjlaw.com | |
| dbertenthal@pszjlaw.com | |
| tcairns@pszjlaw.com | |
| | |
| Counsel to Debtors and Debtors in Possession | |
| THE ROSNER LAW GROUP LLC | BAYARD, P.A. |
| Frederick B. Rosner, Esquire | */s/ Neil B. Glassman/* |
| The Rosner Law Group LLC | Neil B. Glassman, Esquire |
| 1000 N. West Street | Justin R. Alberto, Esquire |
| Suite 1200 | 222 Delaware Avenue, Suite 900 |
| Wilmington, Delaware 19801 | Wilmington, DE 19899 |
| | |
| and | and |
| | |
| */s/ Robert M. Hirsh/* | Joseph T. Moldovan, Esquire |
| Robert M. Hirsh, Esquire | Morrison Cohen LLP |
| George Angelich, Esquire | 909 Third Avenue |
| Arent Fox LLP | New York, NY 10022 |
| 1675 Broadway | |
| New York, NY 10019 | |
| | |
| Counsel to Official Committee of Unsecured Creditors | Counsel to the Official Committee of Equity Security Holders |