IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., *et al.*[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: March 3, 2011 at 4:00 p.m. prevailing Eastern Time
Hearing Date: March 10, 2011 at 3:00 p.m. prevailing Eastern Time

## DEBTORS' FIRST (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. § 502(b), FEDERAL RULES OF BANKRUPTCY PROCEDURE 3007 AND 9014, AND LOCAL RULE OF BANKRUPTCY PROCEDURE 3007-1

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this objection (the "First Omnibus Claims Objection") to each of the claims (the "Disputed Claims") listed in Exhibits "A" through "D" to the proposed form of order (the "Proposed Order") attached hereto as **Exhibit 1**, pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and request entry of the Proposed Order, which modifies and/or expunges each of the Disputed Claims in the manner set forth on Exhibits "A" through "D" to the Proposed Order. In support of this First Omnibus Claims Objection, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

## Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A) and (L). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## Background

3. On April 14, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 the Bankruptcy Code.

4. The Debtors have continued in possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request has been made for the appointment of a trustee or an examiner in these cases. On April 26, 2010, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the " Creditors' Committee"). On July 27, 2010, the Office of the United States Trustee appointed an Official Committee of Equity Security Holders (the "Equity Committee").

6. On January 11, 2011, the Debtors filed the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] and the *Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization* [Docket No. 1007]. A hearing to consider approval of the Disclosure Statement is scheduled to take place on February 14, 2011 at 2:00 p.m.

7.  Debtor Point Blank Solutions, Inc. ("PBSI") is a leading manufacturer and provider of bullet, fragmentation and stab resistant apparel and related ballistic accessories, which are used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. Since 1998, PBSI has supplied over 80% of U.S. military soft body armor vest requirements to protect soldiers and law enforcement personnel around the world. PBSI and its debtor subsidiaries Point Blank Body Armor, Inc. ("PBBA") and Protective Apparel Corporation of America ("PACA") are major suppliers in the domestic law enforcement market with broad brand recognition and "best value" reputation. The Debtors' products are sold through a variety of means, including a corporate sales force, sales agents and a network of distributors.

8.  The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of T. Scott Avila, Chief Restructuring Officer of the Debtors, in Support of First Day Motions* [Docket No. 3] (the "Avila Declaration") that was filed on the Petition Date, and is incorporated herein by reference.

9.  By order dated April 16, 2010, the Court authorized Epiq Bankruptcy Solutions LLC ("Epiq"), to serve as the Debtors' claims agent (the "Claims Agent").

10.  On June 10, 2010, the Court signed the *Order (1) Fixing Bar Date For The Filing Of Proofs Of Claim, (2) Fixing Bar Date For The Filing Of Proofs Of Claim By Governmental Units, (3) Fixing Bar Date For The Filing Of Requests For Allowance Of Bankruptcy Code § 503(b)(9) Administrative Expense Claims, (4) Fixing Bar Date For The Filing Of Requests For Allowance Of WARN Act Claims, (5) Designation Form And Manner Of Notice Thereof, And (6) Granting Related Relief* [Docket No. 237] (the "Bar Date Order"). Pursuant to the Bar Date

Order, the deadline for filing proofs of claim for all claims arising prior to the Petition Date and for parties asserting certain administrative expenses under § 503(b)(9) against the Debtors' estates was August 13, 2010 (the "Bar Date"). Pursuant to the Bar Date Order, the deadline for filing proofs of claim for all governmental units was October 12, 2010 (the "Governmental Unit Bar Date"). Notice of the Bar Date and the Governmental Unit Bar Date was (a) mailed to all known creditors of the Debtors; (b) all parties listed on the Debtors' master mailing matrix; (c) all entities having filed a notice of appearance and demand for papers; (d) the Office of the United States Trustee; and (e) published in the national edition of the *USA Today*.

11. To date, approximately 540 proofs of claim (the "Proofs of Claim") have been filed in these cases asserting in excess of $3 billion in claims against the Debtors' estates. The Proofs of Claim are recorded on the official claims registry in these cases (the "Claims Registry") which is maintained by the Claims Agent.

## Relief Requested

12. By this First Omnibus Claims Objection, the Debtors seek entry of an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, disallowing and expunging the Disputed Claims listed on Exhibits "A" through "D" to the proposed First Omnibus Claims Order because such claims were either untimely filed after the bar date (Exhibit A), were duplicative of other claims filed in these cases (Exhibit B), have been amended by subsequently filed claims (Exhibits C), or fail to provide supporting documentation (Exhibit D).

## Basis for Relief

13. Since the Bar Date, the Debtors and their advisers have been reviewing the Proofs of Claim filed in these cases. Based upon such review, and as indicated in the Declaration of T. Scott Avila, Chief Restructuring Officer of the Debtors attached hereto, the Debtors have determined that the Disputed Claims should be disallowed and expunged.

14. For the reasons set forth above, the Debtors object to the Disputed Claims and seek entry of an order disallowing such Disputed Claims in their entirety and authorizing and directing the Claims Agent to expunge such Disputed Claims from the Claims Registry.

## Applicable Authority

15. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed under section 501 of the Bankruptcy Code shall be deemed allowed unless a party in interest objects. If an objection is filed, the Court, upon notice and a hearing, shall determine the proper and appropriate amount of such claim. *See* 11 U.S.C. § 502(b).

16. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must provide evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting

party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

17. For the reasons set forth above, the Disputed Claims addressed in this First Omnibus Claims Objection and listed on Exhibits "A" through "D" attached to the proposed form of order do not meet the standards for prima facie validity and should be disallowed and expunged as requested. The Disputed Claims on Exhibit A were not timely filed pursuant to the Bar Date Order and should be disallowed pursuant to Bankruptcy Rule 3017(d)(4) and Local Rule 3007-1(d)(iv). The Disputed Claims on Exhibit B are duplicative of another claim filed in these cases and should be disallowed pursuant to Bankruptcy Rule 3017(d)(1) and Local Rule 3007-1(d)(i). The Disputed Claims on Exhibit C have been amended by subsequently filed claims and should be disallowed pursuant to Bankruptcy Rule 3017(d)(3) and Local Rule 3007-1(d)(iii). The Disputed Claims on Exhibit D did not include or attach sufficient information or supporting documentation to constitute prima facie evidence of the validity and amount of the claim and should be disallowed pursuant to Bankruptcy Rule 3001(f) and Local Rule 3007-1(d)(vi). Therefore, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, the Court should disallow the Disputed Claims and expunge them from the Claims Registry in these cases.

## Responses to Objections

18. <u>Filing and Service of Responses.</u> To contest this First Omnibus Claims Objection, a claimant must file and serve a written response to the First Omnibus Claims Objection (a "Response") so that it is <u>received</u> no later than 4:00 p.m. (Eastern Time) on **March**

3, 2011. Claimants should read the proposed First Omnibus Claims Objection and Order and the attached exhibits carefully. A claimant who has timely filed a written Response and wishes to oppose the First Omnibus Claims Objection must attend or make other arrangements to participate in the hearing on the objection, which hearing is scheduled to be held on **March 10, 2011 at 3:00 p.m.** before the Honorable Peter J. Walsh, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Hearing").

19. Every Response shall be filed and served upon the following entities at the following addresses: (a) Office of the Clerk, United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones, Esq., Timothy P. Cairns, Esq., and Peter J. Keane, Esq.

20. <u>Content of Responses.</u> Every Response to the First Omnibus Claims Objection must contain at a minimum the following:

a. a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of the objection to which the Response is directed;

b. the name of the claimant and description of the basis for the amount of the Disputed Claim;

c. a concise statement setting forth the reasons why the Disputed Claim should not be disallowed for reasons set forth in the First Omnibus Claims Objection including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the First Omnibus Claims Objection;

d. all documentation or other evidence supporting the Disputed Claim not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant relies in opposing the First Omnibus Claims Objection and

e.  the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Debtors should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

21.  <u>Timely Response Required.</u> If a claimant fails to file and serve a timely Response, then <u>without further notice to the claimant or a hearing</u>, the Debtors will present to the Court an order disallowing the Disputed Claim in its entirety and authorizing and directing the Claims Agent to expunge the Disputed Claim.

22.  <u>Service Address.</u> If a Response contains an address for the claimant different from that stated on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon the claimant with respect to the First Omnibus Claims Objection unless or until counsel for the Debtors receives written notice from the claimant or the claimant's counsel of a changed service address.

### Replies to Responses

23.  Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a Response no later than 4:00 pm (ET) one day prior to the deadline for filing the agenda on any hearing to consider the First Omnibus Claims Objection.

### Adjournment of Hearing

24.  The Debtors reserve the right to adjourn the Hearing on any Objection. In the event that the Debtors so adjourn the Hearing, they will state that the Hearing on the Objection and/or Response has been adjourned on the agenda for the Hearing on the First Omnibus Claims Objection, which agenda will be served on the person designated by the claimants in a Response pursuant to paragraphs 18 through 22 above.

## Reservation of Rights

25. The Debtors expressly reserve the right to amend, modify or supplement this First Omnibus Claims Objection, and to file additional objections to the Disputed Claims or to any other claims (filed or not) that may be asserted against the Debtors. Should one or more of the grounds of objection stated in this First Omnibus Claims Objection be overruled, the Debtors reserve their rights to object to the Disputed Claims on any other ground that bankruptcy or non-bankruptcy law permits.

## Further Information

26. Questions about or requests for additional information about the First Omnibus Claims Objection should be directed to the Debtors' counsel in writing at Wilmington, Delaware address listed below (Attn: Timothy P. Cairns, Esq. and Peter J. Keane, Esq.) or by telephone at (302) 652-4100 or by email at tcairns@pszjlaw.com or pkeane@pszjlaw.com. Claimants should not contact the Clerk of the Court to discuss the merits of their Proofs of Claim or this objection.

## Notice

27. Notice of this First Omnibus Claims Objection has been given to the following parties, or in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; (iii) counsel for the Creditors' Committee (iv) counsel for the Equity Committee; (v) parties requesting notice under Bankruptcy Rule 2002; and (vi) all Parties listed on Exhibits A through D to the proposed form of order attached hereto. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

28.  No prior motion for the relief requested herein has been made to this or any other court.

### Compliance with Delaware Bankruptcy Local Rule 3007-1

29.  This First Omnibus Claims Objection complies with the requirements of Del. Bank. L. R. 3007-1 except as indicated above. To the extent that the First Omnibus Claims objection does not comply with the Local Rules, the Debtors request a waiver of the Local Rules solely for the purposes indicated herein.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) disallowing the Disputed Claims in their entirety and authorizing the Claims Agent to expunge the Disputed Claims from the Claims Registry and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: January 25, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Peter J. Keane

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       jfried@pszjlaw.com
       tcairns@pszjlaw.com
       pkeane@pszjlaw.com

Counsel for the Debtors and Debtors in Possession