IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., *et al.*[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DECLARATION OF T. SCOTT AVILA IN SUPPORT OF DEBTORS' FIRST
(NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT
TO 11 U.S.C. § 502(B) FEDERAL RULES OF BANKRUPTCY PROCEDURE
3007 AND 9014, AND LOCAL RULE OF BANKRUPTCY PROCEDURE 3007-1**

I, T. Scott Avila, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the Chief Restructuring Officer of each of the Debtors. I am also currently a managing partner of CRG Partners Group, LLC, the restructuring advisors to the Debtors.

2. I submit this declaration (the "Declaration") in support of the First Omnibus Objection To Claims (the "First Omnibus Claims Objection").[2]

3. I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the First Omnibus Claims Objection and am, directly or through the Debtors' personnel, Claims Agent, and personnel acting under my direction familiar with the information contained therein and in the exhibits annexed thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Omnibus Claims Objection.

4.  Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

5.  To date, approximately 540 proofs of claim have been filed against the Debtors in these cases.

6.  Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of the Disputed Claims, which are the subject of the First Omnibus Claims Objection. Based on these efforts, the Debtors have determined that the Disputed Claims listed in the First Omnibus Claims Objection should be disallowed and expunged as indicated in the First Omnibus Claims Objection.

7.  To the best of my knowledge and belief, I have determined that the Disputed Claims listed on Exhibit A to the First Omnibus Claims Objection are unenforceable against the Debtors because such claims were not filed on or before the Bar Date or Governmental Unit Bar Date pursuant to the Bar Date Order.

8.  To the best of my knowledge and belief, I have determined that the Disputed Claims listed on Exhibit B to the First Omnibus Claims Objection are unenforceable against the Debtors because such claims are duplicative of other claims filed in these cases.

9.  To the best of my knowledge and belief, I have determined that the Disputed Claims listed on Exhibit C of the First Omnibus Claims Objection are unenforceable against the Debtors or their property because such claims have been amended by subsequently filed claims.

70934-001\DOCS_DE:167185.1

2

10. To the best of my knowledge and belief, I have determined that the Disputed Claims listed on Exhibit D of the First Omnibus Claims Objection are unenforceable against the Debtors or their property because such claims have not filed sufficient information or supporting documentation. I have reviewed or have caused to be reviewed the Disputed Claims listed on Exhibit D and all supporting information and documentation provided therewith, made reasonable efforts to research the claim on the Debtors' books and records and believe such documentation does not provide prima facie evidence of the validity and amount of the claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 24, 2011

By: T. Scott Avila
Title: Chief Restructuring Officer