IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.[1] | ) | Case No. 10-11255 (PJW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: March 3, 2011 at 4:00 p.m. prevailing Eastern Time**
**Hearing Date: March 10, 2011 at 3:00 p.m. prevailing Eastern Time**

# DEBTORS' SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO THE CLASSIFICATION OF FILED PROOFS OF CLAIM PURSUANT TO 11 U.S.C. § 502(b) FEDERAL RULES OF BANKRUPTCY PROCEDURE 3007 AND 9014, AND LOCAL RULE OF BANKRUPTCY PROCEDURE 3007-1

> **THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN PROOFS OF CLAIM FILED IN THIS CASE. ANY NON-DEBTOR PARTY WHO FILED A PROOF OF CLAIM SHOULD REVIEW THE ATTACHED EXHIBIT A TO DETERMINE IF THE DEBTORS ARE SEEKING TO RECLASSIFY THEIR CLAIM.**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby file this Second Omnibus Objection (the "Objection") to the Classification of Filed Claims Pursuant to 11 U.S.C. § 502(b), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), as to the proofs of claim of the claimants

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

identified on Exhibit "A" to the proposed form of order and attached hereto as Exhibit 1 (collectively the "Equity Interest Claims"). In support of this Objection, the Debtors respectfully state as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(b).

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007 and Local Rule 3007-1.

## Background

3. On April 14, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or an examiner in these cases. On April 26, 2010, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the " Creditors' Committee"). On July 27, 2010, the Office of the United States Trustee appointed an Official Committee of Equity Security Holders (the "Equity Committee").

5. On January 11, 2011, the Debtors filed the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] and the *Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization* [Docket No. 1007]. A hearing to consider approval of the Disclosure Statement is scheduled to take place on February 14, 2011 at 2:00 p.m.

6.  Debtor Point Blank Solutions, Inc. ("PBSI") is a leading manufacturer and provider of bullet, fragmentation and stab resistant apparel and related ballistic accessories, which are used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. Since 1998, PBSI has supplied over 80% of U.S. military soft body armor vest requirements to protect soldiers and marines around the world. PBSI and its subsidiaries Debtor Point Blank Body Armor ("PBBA") and Debtor Protective Apparel Corporation of America ("PACA") are major players in the domestic law enforcement market with broad brand recognition and a best value reputation. The Debtors' products are sold through a variety of means, including direct sale contracts, a corporate sales force, sales agents and a network of distributors.

7.  The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of T. Scott Avila, Chief Restructuring Officer of the Debtors, in Support of First Day Motions* [Docket No. 3] (the "Avila Declaration") that was filed on the Petition Date, and is incorporated herein by reference.

### Relief Requested

8.  The Debtors seek entry of an order pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and Local Rule 3007-1 reclassifying each of the Equity Interest Claims to proofs of interest as there is no basis for the allowance of the Equity Interest Claims in any of the enumerated priorities afforded under Bankruptcy Code § 507(a) or as secured, priority or general unsecured claims.

## Basis for Relief

9.  The Bankruptcy Code defines an "equity security" as a: "(A) share in a corporation, whether or not transferable or denominated "stock", or similar security; (B) interest of a limited partner in a limited partnership; or (C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph." 11 U.S.C. §101(16). Holders of equity securities do not have "claims" under section 101(5) of the Bankruptcy Code, but rather equity interests. *See, e.g., In re Insilco Techs., Inc.*, 480 F.3d 212, 217 (3d Cir. 2007) (distinguishing "between creditors (who hold 'claims' against the estate) and equity investors (who hold 'interests' in the estate")).

10. Each of the Equity Interest Claims was filed by a shareholder of one of the Debtors based solely on the ownership of stock, and not based upon a "claim," and many assert that all or a portion of each proof of claim is entitled to a priority classification pursuant to Bankruptcy Code § 507(a), all as more fully set forth in Exhibit "A" hereto. Because equity interests are not claims against the Debtors' estates, the Debtors request that the Court reclassify each of the Equity Interest Claims to proofs of interest.

## Filing and Service of Responses

11. Filing and Service of Responses. To contest this Second Omnibus Claims Objection, a claimant must file and serve a written response to the Second Omnibus Claims Objection (a "Response") so that it is <u>received</u> no later than 4:00 p.m. (Eastern Time) on **March 3, 2011**. Claimants should read the proposed Second Omnibus Claims Objection and Order and the attached exhibits carefully. A claimant who has timely filed a written Response and wishes to oppose the Second Omnibus Claims Objection must attend or make other arrangements to

participate in the hearing on the objection, which hearing is scheduled to be held on **March 10, 2011 at 3:00 p.m.** before the Honorable Peter J. Walsh, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Hearing").

12. Every Response shall be filed and served upon the following entities at the following addresses: (a) Office of the Clerk, United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones, Esq., Timothy P. Cairns, Esq., Peter J. Keane, Esq.

13. <u>Content of Responses.</u> Every Response to the Second Omnibus Claims Objection must contain at a minimum the following:

    a.    a caption setting forth the name of the Court, the names of the Debtors, the case number and the title of the objection to which the Response is directed;

    b.    the name of the claimant and description of the basis for the amount of the Equity Interest Claim;

    c.    a concise statement setting forth the reasons why the Equity Interest Claim should not be disallowed for reasons set forth in the Second Omnibus Claims Objection including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the Second Omnibus Claims Objection;

    d.    all documentation or other evidence supporting the Equity Interest Claim not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant relies in opposing the Second Omnibus Claims Objection and

    e.    the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Debtors should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Equity Interest Claim on behalf of the claimant.

14. <u>Timely Response Required.</u> If the claimants fail to file and serve a timely Response, the Debtors will present to the Court an order reclassifying the Equity Interest Claims without a hearing or further notice to claimants.

15. <u>Service Address.</u> If a Response contains an address for the claimant different from that stated on the Equity Interest Claim, the address in the Response shall constitute the service address for future service of papers upon the claimant with respect to the Second Omnibus Claims Objection unless or until counsel for the Debtors receives written notice from the claimant or the claimant's counsel of a changed service address.

### Replies to Responses

16. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a Response no later than 4:00 pm (ET) one day prior to the deadline for filing the agenda on any hearing to consider the Second Omnibus Claims Objection.

### Adjournment of Hearing

17. The Debtors reserve the right to seek an adjournment of the Hearing on any Response to the Objection. In the event that the Debtors seek such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on Claimants by serving the person designated in the Response.

### Reservation of Rights

18. Local Rule 3007-1(f)(iii) provides that an objection solely to the classification of a claim need not include all substantive objections to that claim. The Debtors expressly preserve the right to object to the Equity Interest Claims on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law permits.

19. The Debtors further expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtors reserve their right to object to the Equity Interest Claims on any other grounds that bankruptcy and non-bankruptcy law permits.

## Further Information

20. Questions about or requests for additional information about the proposed disposition of Claimants' claim hereunder should be directed to the Debtors' counsel in writing at Wilmington, Delaware address listed below (Attn: Timothy P. Cairns, Esq. and Peter J. Keane, Esq.) or by telephone at (302) 652-4100 or by email at tcairns@pszjlaw.com or pkeane@pszjlaw.com. Claimants should not contact the Clerk of the Court to discuss the Claims or this Objection.

## Notice

21. A copy of the Objection has been served upon: (a) the Office of the United States Trustee; (b) counsel for the Official Committee of Unsecured Creditors; (c) counsel for the Official Committee of Equity Security Holders; (d) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (e) claimants whose claims are identified on Exhibit A to this Objection. A copy of the Notice was served on the parties on the Rule 2002 Service List. The Debtors submit that no further notice is required.

## No Prior Request

22. No prior motion for the relief requested herein has been made to this or any other court.

## Compliance with Delaware Bankruptcy Local Rule 3007-1

23. This Second Omnibus Claims Objection complies with the requirements of Del. Bank. L. R. 3007-1 except as indicated above. To the extent that the Second Omnibus Claims objection does not comply with the Local Rules, the Debtors request a waiver of the Local Rules solely for the purposes indicated herein.

WHEREFORE, the Debtors respectfully request that the Court enter an order reclassifying the Equity Interest Claims to proofs of interest as they are not claims entitled to any of the priorities afforded under Bankruptcy Code section 507(a) or as secured, priority, or general unsecured claims.

Dated: January 25, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Peter J. Keane
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
jfried@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com

Counsel to Debtors and Debtors in Possession