# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

## CLASS 1 BALLOT – Other Priority Claims

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in the Class of Claims voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**BALLOTS CAST BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE COUNTED.**

This Ballot must be received by Point Blank Solutions, Inc. Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent") by 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors or the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the term "Voting Deadline" shall mean the last time and date to which such date is extended.

## Item 1. Acceptance or Rejection of the Plan

The undersigned certifies that as of [_____, 2011] (the "<u>Record Date</u>"), the undersigned was the holder of a Class 1 Other Priority Claim in the aggregate outstanding amount of $_____.

### CHECK ONE BOX

❑     I hereby vote the above Claim to ACCEPT the Plan

❑     I hereby vote the above Claim to REJECT the Plan

**NOTE: You must vote <u>all</u> of your Class 1 Claim <u>either</u> to accept or reject the Plan, and may <u>not</u> split such vote.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

## Item 2.  (Optional) Plan Releases (Do not complete if you have rejected the Plan).

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the release provision contained in Section 11.3 of the Plan, you are automatically deemed to have accepted the release provision contained in Section 11.3 of the Plan.  However, if you vote to ACCEPT the Plan, you may check the box below to opt out of the release provision contained in Section 11.3 of the Plan.

❑        I hereby ELECT TO OPT OUT of the release provision contained in Section 11.3. of the Plan.

---

**Section 11.3 of the Plan provides as follows:**

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, each holder of a Claim or an Interest that votes to accept the Plan but does not select the "release opt out" provided in the Ballot shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all Claims, Interests, claims obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative Claims or claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Released Parties, the Chapter 11 Cases, the Plan, the Disclosure Statement, the Plan Support Agreement, the Recovery Trust Agreement the Rights Offering, the Subscription and Backstop Agreement or related agreements, instruments or other documents, the DIP Loan Agreement, and other related agreements, other than Claims, claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, fraud or willful misconduct, as determined by a Final Order; provided, however, that nothing herein shall be deemed a waiver or release of a Releasing Party's right to receive a Distribution pursuant to the terms of the Plan.  For the avoidance of doubt, notwithstanding anything to the contrary herein, this Release by holders of Claims and Interests is not and shall not be deemed a waiver of the Debtors' rights or claims against the holders of General Unsecured Claims, including the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any General Unsecured Claim, and all such rights and claims are expressly reserved except with respect to the Lonestar Pre-Petition Claims.

---

## Item 3.  Certification

By signing this Ballot, the undersigned certifies with respect to the Claim(s) identified in Item 1, above, that:

(i)        such Person or Entity is the holder of the aggregate face amount of the Class 1 Claim(s) set forth in Item 1 herein or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

(ii)        such person or Entity has received and reviewed a copy of the Disclosure Statement and the Plan, the Ballot and other solicitation materials and documents related thereto, and acknowledges that the solicitation of votes to accept or reject the Plan is being made pursuant to the terms and conditions set forth therein;

(iii)        such Person or Entity has cast the same vote on every Ballot completed by such Person or Entity with respect to holdings of Class 1 Claims;

(iv)        no other Ballots with respect to the Class 1 Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class 1 Claims, such earlier Ballots are hereby revoked;

(v)     (a) the Debtors have made available to such Person or Entity or its agents all documents and information relating to the Plan and related matters reasonably requested by or on behalf of such Person or Entity, and (b) except for information provided by the Debtors in writing, and by its own agents, such Person or Entity has not relied on any statements made or other information received from any Person with respect to the Plan; and

(vi)     all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER: _____

SIGNATURE: _____

BY: _____
                                   (If appropriate)

TITLE:_____
                                   (If appropriate)

ADDRESS: _____

_____

TEL. NO. (     ) _____ - _____          DATE: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE TO ONE OF THE ADDRESSES PROVIDED BELOW.**

**If by first class mail, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If by overnight courier or hand delivery, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

## CLASS 3 BALLOT – Miscellaneous Secured Claims

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in the Class of Claims voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**BALLOTS CAST BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE COUNTED.**

**This Ballot must be received by Point Blank Solutions, Inc. Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent) by 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors or the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the term "Voting Deadline" shall mean the last time and date to which such date is extended.**

## Item 1. Acceptance or Rejection of the Plan

The undersigned certifies that as of [_____, 2011] (the "<u>Record Date</u>"), the undersigned was the holder of a Class 3 Miscellaneous Secured Claim in the aggregate outstanding amount of $_____:

### <u>CHECK ONE BOX</u>

❑　　　I hereby vote the above Claim to ACCEPT the Plan

❑　　　I hereby vote the above Claim to REJECT the Plan

**NOTE: You must vote <u>all</u> of your Class 3 Claim <u>either</u> to accept or reject the Plan, and may <u>not</u> split such vote.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

## Item 2.  (Optional) Plan Releases (Do not complete if you have rejected the Plan).

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the release provision contained in Section 11.3 of the Plan, you are automatically deemed to have accepted the release provision contained in Section 11.3 of the Plan.  However, if you vote to ACCEPT the Plan, you may check the box below to opt out of the release provision contained in Section 11.3 of the Plan.

❏        I hereby ELECT TO OPT OUT of the release provision contained in Section 11.3. of the Plan.

> **Section 11.3 of the Plan provides as follows:**
>
> As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, each holder of a Claim or an Interest that votes to accept the Plan but does not select the "release opt out" provided in the Ballot shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all Claims, Interests, claims obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative Claims or claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Released Parties, the Chapter 11 Cases, the Plan, the Disclosure Statement, the Plan Support Agreement, the Recovery Trust Agreement the Rights Offering, the Subscription and Backstop Agreement or related agreements, instruments or other documents, the DIP Loan Agreement, and other related agreements, other than Claims, claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, fraud or willful misconduct, as determined by a Final Order; provided, however, that nothing herein shall be deemed a waiver or release of a Releasing Party's right to receive a Distribution pursuant to the terms of the Plan.  For the avoidance of doubt, notwithstanding anything to the contrary herein, this Release by holders of Claims and Interests is not and shall not be deemed a waiver of the Debtors' rights or claims against the holders of General Unsecured Claims, including to the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any General Unsecured Claim, and all such rights and claims are expressly reserved except with respect to the Lonestar Pre-Petition Claims.

## Item 3.  Certification

By signing this Ballot, the undersigned certifies with respect to the Claim(s) identified in Item 1, above, that:

(i)        such Person or Entity is the holder of the aggregate face amount of the Class 3 Claim(s) set forth in Item 1 herein or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

(ii)        such person or Entity has received and reviewed a copy of the Disclosure Statement and the Plan, the Ballot and other solicitation materials and documents related thereto, and acknowledges that the solicitation of votes to accept or reject the Plan is being made pursuant to the terms and conditions set forth therein;

(iii)        such Person or Entity has cast the same vote on every Ballot completed by such Person or Entity with respect to holdings of Class 3 Claims;

(iv)        no other Ballots with respect to the Class 3 Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class 3 Claims, such earlier Ballots are hereby revoked;

(v)     (a) the Debtors have made available to such Person or Entity or its agents all documents and information relating to the Plan and related matters reasonably requested by or on behalf of such Person or Entity, and (b) except for information provided by the Debtors in writing, and by its own agents, such Person or Entity has not relied on any statements made or other information received from any Person with respect to the Plan; and

(vi)     all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER: _____

SIGNATURE: _____

BY: _____
                              (If appropriate)

TITLE: _____
                              (If appropriate)

ADDRESS: _____

_____

TEL. NO. (     ) _____ - _____          DATE: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE TO ONE OF THE ADDRESSES PROVIDED BELOW.**

**If by first class mail, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY  10150-5014

**If by overnight courier or hand delivery, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY  10017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

## CLASS 4 BALLOT – General Unsecured Claims

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in the Class of Claims voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**BALLOTS CAST BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE COUNTED.**

**This Ballot must be received by Point Blank Solutions, Inc. Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent) by 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors or the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the term "Voting Deadline" shall mean the last time and date to which such date is extended.**

## Item 1. Acceptance or Rejection of the Plan

The undersigned certifies that as of [_____, 2011] (the "<u>Record Date</u>"), the undersigned was the holder of a Class 4 General Unsecured Claim in the aggregate outstanding amount of $_____:

### CHECK ONE BOX

❑      I hereby vote the above Claim to ACCEPT the Plan

❑      I hereby vote the above Claim to REJECT the Plan

**NOTE: You must vote <u>all</u> of your Class 4 Claim <u>either</u> to accept or reject the Plan, and may <u>not</u> split such vote.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

## Item 2.  (Optional) Plan Releases (Do not complete if you have rejected the Plan).

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the release provision contained in Section 11.3 of the Plan, you are automatically deemed to have accepted the release provision contained in Section 11.3 of the Plan.  However, if you vote to ACCEPT the Plan, you may check the box below to opt out of the release provision contained in Section 11.3 of the Plan.

❑　　　I hereby ELECT TO OPT OUT of the release provision contained in Section 11.3. of the Plan.

> **Section 11.3 of the Plan provides as follows:**
>
> As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, each holder of a Claim or an Interest that votes to accept the Plan but does not select the "release opt out" provided in the Ballot shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all Claims, Interests, claims obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative Claims or claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Released Parties, the Chapter 11 Cases, the Plan, the Disclosure Statement, the Plan Support Agreement, the Recovery Trust Agreement the Rights Offering, the Subscription and Backstop Agreement or related agreements, instruments or other documents, the DIP Loan Agreement, and other related agreements, other than Claims, claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, fraud or willful misconduct, as determined by a Final Order; provided, however, that nothing herein shall be deemed a waiver or release of a Releasing Party's right to receive a Distribution pursuant to the terms of the Plan.  For the avoidance of doubt, notwithstanding anything to the contrary herein, this Release by holders of Claims and Interests is not and shall not be deemed a waiver of the Debtors' rights or claims against the holders of General Unsecured Claims, including the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any General Unsecured Claim, and all such rights and claims are expressly reserved except with respect to the Lonestar Pre-Petition Claims.

## Item 3.  Certification

By signing this Ballot, the undersigned certifies with respect to the Claim(s) identified in Item 1, above, that:

(i)　　　such Person or Entity is the holder of the aggregate face amount of the Class 4 Claim(s) set forth in Item 1 herein or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

(ii)　　　such person or Entity has received and reviewed a copy of the Disclosure Statement and the Plan, the Ballot and other solicitation materials and documents related thereto, and acknowledges that the solicitation of votes to accept or reject the Plan is being made pursuant to the terms and conditions set forth therein;

(iii)　　　such Person or Entity has cast the same vote on every Ballot completed by such Person or Entity with respect to holdings of Class 4 Claims;

(iv)　　　no other Ballots with respect to the Class 4 Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class 4 Claims, such earlier Ballots are hereby revoked;

(v)    (a) the Debtors have made available to such Person or Entity or its agents all documents and information relating to the Plan and related matters reasonably requested by or on behalf of such Person or Entity, and (b) except for information provided by the Debtors in writing, and by its own agents, such Person or Entity has not relied on any statements made or other information received from any Person with respect to the Plan; and

(vi)    all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER: _____

SIGNATURE: _____

BY: _____
(If appropriate)

TITLE: _____
(If appropriate)

ADDRESS: _____

_____

TEL. NO. ( ___ ) ___ - ___        DATE: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE TO ONE OF THE ADDRESSES PROVIDED BELOW.**

**If by first class mail, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY  10150-5014

**If by overnight courier or hand delivery, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY  10017

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

## CLASS 5 BALLOT – Subordinated Unsecured Claims

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in the Class of Claims voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**BALLOTS CAST BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE COUNTED.**

**This Ballot must be received by Point Blank Solutions, Inc. Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent) by 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors or the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the term "Voting Deadline" shall mean the last time and date to which such date is extended.**

## Item 1. Acceptance or Rejection of the Plan

The undersigned certifies that as of [_____, 2011] (the "Record Date"), the undersigned was the holder of a Class 4 General Unsecured Claim in the aggregate outstanding amount of $_____:

### CHECK ONE BOX

❑     I hereby vote the above Claim to ACCEPT the Plan

❑     I hereby vote the above Claim to REJECT the Plan

**NOTE: You must vote <u>all</u> of your Class 5 Claim <u>either</u> to accept or reject the Plan, and may <u>not</u> split such vote.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

**Item 2. (Optional) Plan Releases (Do not complete if you have rejected the Plan).**

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the release provision contained in Section 11.3 of the Plan, you are automatically deemed to have accepted the release provision contained in Section 11.3 of the Plan. However, if you vote to ACCEPT the Plan, you may check the box below to opt out of the release provision contained in Section 11.3 of the Plan.

❑ I hereby ELECT TO OPT OUT of the release provision contained in Section 11.3. of the Plan.

---

**Section 11.3 of the Plan provides as follows:**

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, each holder of a Claim or an Interest that votes to accept the Plan but does not select the "release opt out" provided in the Ballot shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all Claims, Interests, claims obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative Claims or claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Released Parties, the Chapter 11 Cases, the Plan, the Disclosure Statement, the Plan Support Agreement, the Recovery Trust Agreement the Rights Offering, the Subscription and Backstop Agreement or related agreements, instruments or other documents, the DIP Loan Agreement, and other related agreements, other than Claims, claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, fraud or willful misconduct, as determined by a Final Order; provided, however, that nothing herein shall be deemed a waiver or release of a Releasing Party's right to receive a Distribution pursuant to the terms of the Plan. For the avoidance of doubt, notwithstanding anything to the contrary herein, this Release by holders of Claims and Interests is not and shall not be deemed a waiver of the Debtors' rights or claims against the holders of General Unsecured Claims, including to the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any General Unsecured Claim, and all such rights and claims are expressly reserved except with respect to the Lonestar Pre-Petition Claims.

---

**Item 3. Certification**

By signing this Ballot, the undersigned certifies with respect to the Claim(s) identified in Item 1, above, that:

(i)      such Person or Entity is the holder of the aggregate face amount of the Class 5 Claim(s) set forth in Item 1 herein or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

(ii)      such person or Entity has received and reviewed a copy of the Disclosure Statement and the Plan, the Ballot and other solicitation materials and documents related thereto, and acknowledges that the solicitation of votes to accept or reject the Plan is being made pursuant to the terms and conditions set forth therein;

(iii)      such Person or Entity has cast the same vote on every Ballot completed by such Person or Entity with respect to holdings of Class 5 Claims;

(iv)      no other Ballots with respect to the Class 5 Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class 5 Claims, such earlier Ballots are hereby revoked;

(v)    (a) the Debtors have made available to such Person or Entity or its agents all documents and information relating to the Plan and related matters reasonably requested by or on behalf of such Person or Entity, and (b) except for information provided by the Debtors in writing, and by its own agents, such Person or Entity has not relied on any statements made or other information received from any Person with respect to the Plan; and

(vi)    all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER: _____

SIGNATURE: _____

BY: _____
    (If appropriate)

TITLE: _____
    (If appropriate)

ADDRESS: _____

_____

TEL. NO. ( ___ ) _____ - _____     DATE: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE TO ONE OF THE ADDRESSES PROVIDED BELOW.**

**If by first class mail, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If by overnight courier or hand delivery, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

### CLASS 6 BALLOT – Class Action Claims

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in the Class of Claims voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**BALLOTS CAST BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE COUNTED.**

<div style="border:1px solid">

**This Ballot must be received by Point Blank Solutions, Inc. Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent") by 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors or the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the term "Voting Deadline" shall mean the last time and date to which such date is extended.**

</div>

## Item 1. Acceptance or Rejection of the Plan

The undersigned certifies that as of [_____, 2011] (the "<u>Record Date</u>"), the undersigned was the holder of a Class 6 Class Action Claim in the aggregate outstanding amount of $_____:

### <u>CHECK ONE BOX</u>

❑ I hereby vote the above Claim to ACCEPT the Plan

❑ I hereby vote the above Claim to REJECT the Plan

**NOTE: You must vote <u>all</u> of your Class 6 Claim <u>either</u> to accept or reject the Plan, and may <u>not</u> split such vote.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

**Item 2. (Optional) Plan Releases (Do not complete if you have rejected the Plan).**

    Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the release provision contained in Section 11.3 of the Plan, you are automatically deemed to have accepted the release provision contained in Section 11.3 of the Plan. However, if you vote to ACCEPT the Plan, you may check the box below to opt out of the release provision contained in Section 11.3 of the Plan.

    ❑  I hereby ELECT TO OPT OUT of the release provision contained in Section 11.3. of the Plan.

---

**Section 11.3 of the Plan provides as follows:**

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, each holder of a Claim or an Interest that votes to accept the Plan but does not select the "release opt out" provided in the Ballot shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all Claims, Interests, claims obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative Claims or claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Released Parties, the Chapter 11 Cases, the Plan, the Disclosure Statement, the Plan Support Agreement, the Recovery Trust Agreement the Rights Offering, the Subscription and Backstop Agreement or related agreements, instruments or other documents, the DIP Loan Agreement, and other related agreements, other than Claims, claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, fraud or willful misconduct, as determined by a Final Order; provided, however, that nothing herein shall be deemed a waiver or release of a Releasing Party's right to receive a Distribution pursuant to the terms of the Plan. For the avoidance of doubt, notwithstanding anything to the contrary herein, this Release by holders of Claims and Interests is not and shall not be deemed a waiver of the Debtors' rights or claims against the holders of General Unsecured Claims, including the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any General Unsecured Claim, and all such rights and claims are expressly reserved except with respect to the Lonestar Pre-Petition Claims.

---

**Item 3. Certification**

    By signing this Ballot, the undersigned certifies with respect to the Claim(s) identified in Item 1, above, that:

    (i)  such Person or Entity is the holder of the aggregate face amount of the Class 6 Claim(s) set forth in Item 1 herein or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

    (ii)  such person or Entity has received and reviewed a copy of the Disclosure Statement and the Plan, the Ballot and other solicitation materials and documents related thereto, and acknowledges that the solicitation of votes to accept or reject the Plan is being made pursuant to the terms and conditions set forth therein;

    (iii)  such Person or Entity has cast the same vote on every Ballot completed by such Person or Entity with respect to holdings of Class 6 Claims;

    (iv)  no other Ballots with respect to the Class 6 Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class 6 Claims, such earlier Ballots are hereby revoked;

(v)     (a) the Debtors have made available to such Person or Entity or its agents all documents and information relating to the Plan and related matters reasonably requested by or on behalf of such Person or Entity, and (b) except for information provided by the Debtors in writing, and by its own agents, such Person or Entity has not relied on any statements made or other information received from any Person with respect to the Plan; and

(vi)     all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER: _____

SIGNATURE: _____

BY: _____
                        (If appropriate)

TITLE: _____
                        (If appropriate)

ADDRESS: _____

_____

TEL. NO. ( ___ ) _____ - _____     DATE: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE TO ONE OF THE ADDRESSES PROVIDED BELOW.**

**If by first class mail, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY  10150-5014

**If by overnight courier or hand delivery, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY  10017

In re:                                      )        Chapter 11
                                            )
POINT BLANK SOLUTIONS, INC., et al.,[1]     )        Case No. 10-11255 (PJW)
                                            )        (Jointly Administered)
                    Debtors.                )

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

## CLASS 7 MASTER BALLOT – Old Equity Interests

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount of equity interests that actually vote in the Class of equity interests voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

### BALLOTS CAST BY FACSIMILE OR E-MAIL WILL NOT BE COUNTED.

> This Ballot must be received by Point Blank Solutions, Inc. Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent) by 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors or the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the term "Voting Deadline" shall mean the last time and date to which such date is extended.

This Master Ballot is to be used by you as a broker, bank, dealer or other agent or nominee (the "Voting Nominee") to transmit the votes of holders (each such holder, a "Beneficial Holder") of the common stock of Point Blank Solutions, Inc. (the "Shares") that are entitled to vote on the Plan.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE THE VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON _____, 2011. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND RECEIVED ON OR BEFORE THE VOTING DEADLINE AND THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED ON THIS MASTER BALLOT WILL NOT BE COUNTED.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you and the Beneficial Holders for whom you are the Voting Nominee, whether or not such holders vote and whether or not any votes are transmitted on this Master Ballot.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

## Item 1.  Certification of Authority to Vote.

The undersigned certifies that, as of the _____ __, 2011 record date, the undersigned (please check the applicable box):

- ❑    Was a broker, bank, dealer or other nominee for the Beneficial Holders of the aggregate principal amount of the Shares listed in Item 2 below, and was the registered holder thereof, or

- ❑    Was acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, dealer or other nominee that was the registered holder of the aggregate principal amount of the Shares listed in Item 2 below or

- ❑    Had been granted a proxy (an original of which is attached hereto) from a broker, bank, dealer or other nominee or a Beneficial Holder that was the registered holder of the aggregate principal amount of the Shares listed in Item 2 below

and accordingly, has full power and authority to vote to accept or reject the Plan, each on behalf of the Beneficial Holders of the Shares listed in Item 2 below.

## Item 2 and Item 3.

The undersigned transmits the following for the Beneficial Holders for which the undersigned is the Voting Nominee votes to accept or reject the Plan.  The undersigned certifies that the Beneficial Holders identified by their respective customer account numbers set forth below were Beneficial Holders of the Shares as of the _____ __, 2011 record date and have delivered to the undersigned, as Voting Nominee, properly executed Beneficial Ballots casting such votes on the Plan.

**ANY EXECUTED MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

Please indicate the requested information in the appropriate column.  Please note that each Beneficial Holder must vote all of its Class 7 Old Equity Interests either to accept or reject the Plan, and may not split such vote. If there is insufficient space, please attach the requested information to this Master Ballot in the form of the table below.

| Your Customer Account Number for each Beneficial Holder | Item 2. Number of Shares Voting | | Item. 3. Optional Plan Releases |
|---|---|---|---|
| | To ACCEPT the Plan | To REJECT the Plan | Check box  if holder checked the box in Item 3 of Beneficial Ballot |
| 1. | | | ❑ |
| 2. | | | ❑ |
| 3. | | | ❑ |
| 4. | | | ❑ |
| 5. | | | ❑ |
| 6. | | | ❑ |

## Item 4.  Certification.

By signing this Master Ballot, the undersigned (i) certifies that each Beneficial Holder listed in Item 2 above has been provided with the solicitation package materials (the "Solicitation Package") set forth in the order approving the Disclosure Statement, entered by the Bankruptcy Court on _____ __, 2011 [Docket No. ____] (the "Disclosure Statement Order"), (ii) acknowledges that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement Order; (iii) certifies that it received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above, and (iv) certifies that it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder.

Name of Broker, Bank, or Other Nominee:

_____
            (Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____
            (Print or Type)

Social Security or Federal Tax I.D. No.:_____
            (If Applicable)

E-Mail Address:_____

Signature:_____

Print Name:_____

Title:_____
       (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

---

**THIS MASTER BALLOT MUST BE RECEIVED BY THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BEFORE 4:00 P.M. (PREVAILING EASTERN TIME) ON _____ __, 2011, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**
**PLEASE NOTE: THE NOTICE AND BALLOTING AGENT WILL *NOT* ACCEPT BENEFICIAL BALLOTS OR MASTER BALLOTS BY ELECTRONIC OR FACSIMILE TRANSMISSION.**

**ANY EXECUTED BENEFICIAL BALLOT OR MASTER BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2400.**

# VOTING INSTRUCTIONS

1.  The Master Ballot is to be used by brokers, banks, dealers or other agents or nominees (each, a "Voting Nominee") to transmit the votes of holders of the [common stock of Point Blank Solutions, Inc. (the "Shares") that are entitled to vote on the Plan (each such holder, a "Beneficial Holder" and each such ballot cast by such holder, a "Beneficial Ballot") votes cast by Beneficial Holders to accept or reject the Plan referred to in the Disclosure Statement. The Disclosure Statement, Plan and other related documents are accessible on the Debtors' case information website (located at http://dm.epiq11.com/PBS). Hard copies of such documents may also be obtained at no charge, by contacting the Debtors' Notice and Balloting Agent, Epiq Bankruptcy Solutions, LLC, by writing to Epiq Bankruptcy Solutions, LLC, Attn: Point Blank Solutions, Inc. Ballot Processing, P.O. Box 5014, FDR Station, New York, NY 10150-5014 or by calling (646) 282-2400. All capitalized terms used in this Master Ballot or in these instructions but not otherwise defined herein have the meanings ascribed to them in the Plan.

2.  If you are transmitting the vote of any Beneficial Holder other than yourself, you may either:

    a.  Complete and execute the Beneficial Ballots (other than Items 2 and 3) and deliver to the Beneficial Holder such "pre-validated" Beneficial Ballots, along with the Solicitation Package and other materials requested to be forwarded. The Beneficial Holder should complete Items 2 and 3 of its pre-validated Beneficial Ballot and return the completed Beneficial Ballot to the Notice and Balloting Agent so as to be received before the Voting Deadline.

    ***OR***

    b.  For any Beneficial Ballot you do not "pre-validate":

    Deliver the Beneficial Ballot to the Beneficial Holder, along with the Solicitation Package and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Holder to (i) complete and execute such Beneficial Ballot voting to accept or reject the Plan and completing the other items as appropriate and (ii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Notice and Balloting Agent so as to be received before the Voting Deadline of **4:00 P.M. (prevailing Eastern Time) on _____ __, 2011** at the applicable addresses set forth below:

| By Courier/Hand Delivery | By U.S. Mail |
|---|---|
| Point Blank Ballot Processing | Point Blank Ballot Processing |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| 757 Third Avenue, 3rd Floor | P.O. Box 5014, FDR Station |
| New York, NY 10017 | New York, NY 10150-5014 |

3.  With respect to all Beneficial Ballots returned to you, please properly complete the Master Ballot as follows:

    i.   Provide appropriate information for each of the items on the Master Ballot. Please note that Items 2 and 3 request information for each Beneficial Holder that returned a Beneficial Ballot. To identify such Beneficial Holders, please use the customer name and/or account number assigned by you to each such Beneficial Holder.

    ii.  If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

    iii. Sign and date the Master Ballot and fill out the other required information.

    iv.  If you are completing the Master Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.

    v.   Provide your name and other requested information.

    vi.  Deliver the Master Ballot to the Notice and Balloting Agent so as to be received before the Voting Deadline of 4:00 P.M. (prevailing Eastern Time) on _____ __, 2011.

    vii. If you are both the registered holder and the Beneficial Holder of any Notes and you wish to vote such Notes, you may return either a Beneficial Ballot or a Master Ballot to the Notice and Balloting Agent before the Voting Deadline.

4.  If a Master Ballot is not actually received until after the Voting Deadline, it will not be counted. The method of delivery of a Master Ballot to the Notice and Balloting Agent is at the election and risk of each entity. Instead of effecting delivery by mail, it is recommended, though not required, that you use an overnight or personal delivery service. In all cases, sufficient time should be allowed to assure timely delivery.

5.    Master Ballots should only be sent to the Notice and Balloting Agent. They should not be sent to the Debtors, any other agent or the Debtors' advisors.

6.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast a vote to accept or reject the Plan.

7.    No Master Ballot or Beneficial Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion or admission of a claim or equity interest.

8.    Shareholders must vote all of their shares either to accept or reject the Plan and may not split their vote. Accordingly, no Beneficial Ballot that partially rejects and partially accepts the Plan and no Beneficial Ballot filed by a shareholder that votes inconsistently among its shares will be counted.

9.    Unless otherwise directed by the Bankruptcy Court, delivery of a defective or irregular Master Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Master Ballot will be detailed in the Voting Report filed with the Bankruptcy Court by the Notice and Balloting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

10.    If you believe you have received the wrong Beneficial Ballots or Master Ballot, please contact the Notice and Balloting Agent immediately.

PLEASE DELIVER THIS MASTER BALLOT PROMPTLY.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY OF THE DEBTORS OR THE NOTICE AND BALLOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS, PLAN, DISCLOSURE STATEMENT OR OTHER RELATED MATERIALS, PLEASE CALL THE DEBTORS' NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

## CLASS 7 BENEFICIAL BALLOT – Old Equity Interests

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. 1006] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount of equity interests that actually vote in the Class of equity interests voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**BALLOTS CAST BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE COUNTED.**

---

**The voting deadline is 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors of the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the tern "Voting Deadline" shall mean the last time and date to which such date is extended.**

**Upon completion, this Beneficial Ballot should be returned to your Voting Nominee, as directed on the enclosed pre-addressed envelope.**

**If this Beneficial Ballot or the Master Ballot cast on your behalf by your Voting Nominee is not received by the Notice and Balloting Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an Acceptance or Rejection of the Plan.**

---

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast a vote to accept or reject the Plan.

## Item 1. Acceptance or Rejection of the Plan

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

The undersigned certifies that, as of _____, 2011 (the "<u>Record Date</u>"), the undersigned was the holder of _____ Shares of Class 7 Old Equity Interests.

<div align="center"><u>**CHECK ONE BOX**</u></div>

❑        I hereby vote the above Shares to ACCEPT the Plan

❑        I hereby vote the above Shares to REJECT the Plan

**NOTE:  You must vote <u>all</u> of your Class 7 Shares <u>either</u> to accept or reject the Plan, and may <u>not</u> split such vote.**

## Item 2.  (Optional) Plan Releases (Do not complete if you have rejected the Plan).

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the release provision contained in Section 11.3 of the Plan, you are automatically deemed to have accepted the release provision contained in Section 11.3 of the Plan.  However, if you vote to ACCEPT the Plan, you may check the box below to opt out of the release provision contained in Section 11.3 of the Plan.

❑        I hereby ELECT TO OPT OUT of the release provision contained in Section 11.3. of the Plan.

---

**Section 11.3 of the Plan provides as follows:**

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, each holder of a Claim or an Interest that votes to accept the Plan but does not select the "release opt out" provided in the Ballot shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all Claims, Interests, claims obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative Claims or claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Released Parties, the Chapter 11 Cases, the Plan, the Disclosure Statement, the Plan Support Agreement, the Recovery Trust Agreement the Rights Offering, the Subscription and Backstop Agreement or related agreements, instruments or other documents, the DIP Loan Agreement, and other related agreements, other than Claims, claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, fraud or willful misconduct, as determined by a Final Order; provided, however, that nothing herein shall be deemed a waiver or release of a Releasing Party's right to receive a Distribution pursuant to the terms of the Plan.  For the avoidance of doubt, notwithstanding anything to the contrary herein, this Release by holders of Claims and Interests is not and shall not be deemed a waiver of the Debtors' rights or claims against the holders of General Unsecured Claims, including to the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any General Unsecured Claim, and all such rights and claims are expressly reserved except with respect to the Lonestar Pre-Petition Claims.

---

## Item 3.  Certification

By signing this Ballot, the undersigned certifies with respect to the Share(s) identified in Item 1, above, that:

(i)    such Person or Entity is the holder of the Class 7 Old Equity Interest(s) set forth in Item 1 herein or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

(ii)    such person or Entity has received and reviewed a copy of the Disclosure Statement and the Plan, and acknowledges that the solicitation of votes to accept or reject the Plan is being made pursuant to the terms and conditions set forth therein;

(iii)    such Person or Entity has cast the same vote on every Ballot completed by such Person or Entity with respect to holdings of Class _ Old Equity Interests;

(iv)    no other Ballots with respect to the Class 7 Old Equity Interests identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class 7 Old Equity Interests, such earlier Ballots are hereby revoked;

(v)    (a) the Debtors have made available to such Person or Entity or its agents all documents and information relating to the Plan and related matters reasonably requested by or on behalf of such Person or Entity, and (b) except for information provided by the Debtors in writing, and by its own agents, such Person or Entity has not relied on any statements made or other information received from any Person with respect to the Plan; and

(vi)    all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

**YOUR RECEIPT OF THIS BENEFICIAL BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.**

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER: _____

SIGNATURE: _____

BY: _____
                                    (If appropriate)

TITLE: _____
                                    (If appropriate)

ADDRESS: _____

_____

TEL. NO. (    ) _____ - _____        DATE: _____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT
PROMPTLY**

This Beneficial Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

> **UPON COMPLETION, THIS BENEFICIAL BALLOT SHOULD BE RETURNED TO YOUR VOTING NOMINEE AS DIRECTED ON THE ENCLOSED PRE-ADDRESSED ENVELOPE.**
>
> **IF THIS BENEFICIAL BALLOT OR THE MASTER BALLOT CAST ON YOUR BEHALF BY YOUR VOTING NOMINEE IS NOT RECEIVED BY THE NOTICE AND BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400.

CLASS 7 REGISTERED HOLDER BALLOT – Old Equity Interests

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) | Case No. 10-11255 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT**

**BALLOT FOR ACCEPTING OR REJECTING THE *JOINT CHAPTER 11 PLAN OF REORGANIZATION***

## CLASS 7 REGISTERED HOLDER BALLOT – Old Equity Interests

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.**

This Ballot may not be used for any purpose other than for submitting a vote to accept or reject the *Joint Chapter 11 Plan of Reorganization* [Docket No. _____] (the "Plan"). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on an impaired Class if it is accepted by the holders of at least two-thirds in dollar amount of equity interests that actually vote in the Class of equity interests voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**BALLOTS CAST BY FACSIMILE OR E-MAIL WILL <u>NOT</u> BE COUNTED.**

---
**This Ballot must be received by Point Blank Solutions, Inc. Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC (the "Notice and Balloting Agent") by 4:00 p.m. prevailing Eastern Time, on or before _____, 2011 (the "Voting Deadline"), unless the Debtors or the Bankruptcy Court extends the period during which votes will be accepted by the Debtors, in which case the term "Voting Deadline" shall mean the last time and date to which such date is extended.**

---

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast a vote to accept or reject the Plan.

## Item 1. Acceptance or Rejection of the Plan

The undersigned certifies that, as of _____ __, 2011 (the "<u>Record Date</u>"), the undersigned was the holder of _____ Shares of Class 7 Old Equity Interests.

### <u>CHECK ONE BOX</u>

❑     I hereby vote the above Shares to ACCEPT the Plan

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

❏     I hereby vote the above Shares to REJECT the Plan

**NOTE: You must vote <u>all</u> of your Class 7 Shares <u>either</u> to accept or reject the Plan, and may <u>not</u> split such vote.**

## Item 2. (Optional) Plan Releases (Do not complete if you have rejected the Plan).

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the release provision contained in Section 11.3 of the Plan, you are automatically deemed to have accepted the release provision contained in Section 11.3 of the Plan. However, if you vote to ACCEPT the Plan, you may check the box below to opt out of the release provision contained in Section 11.3 of the Plan.

❏     I hereby ELECT TO OPT OUT of the release provision contained in Section 11.3. of the Plan.

---

**Section 11.3 of the Plan provides as follows:**

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan, each holder of a Claim or an Interest that votes to accept the Plan but does not select the "release opt out" provided in the Ballot shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Debtors, the Reorganized Debtors and the Released Parties from any and all Claims, Interests, claims obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative Claims or claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Released Parties, the Chapter 11 Cases, the Plan, the Disclosure Statement, the Plan Support Agreement, the Recovery Trust Agreement the Rights Offering, the Subscription and Backstop Agreement or related agreements, instruments or other documents, the DIP Loan Agreement, and other related agreements, other than Claims, claims or liabilities to the extent arising out of or relating to any act or omission of a Released Party that constitutes gross negligence, fraud or willful misconduct, as determined by a Final Order; provided, however, that nothing herein shall be deemed a waiver or release of a Releasing Party's right to receive a Distribution pursuant to the terms of the Plan. For the avoidance of doubt, notwithstanding anything to the contrary herein, this Release by holders of Claims and Interests is not and shall not be deemed a waiver of the Debtors' rights or claims against the holders of General Unsecured Claims, including to the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any General Unsecured Claim, and all such rights and claims are expressly reserved except with respect to the Lonestar Pre-Petition Claims.

---

## Item 3. Certification

By signing this Ballot, the undersigned certifies with respect to the Share(s) identified in Item 1, above, that:

(i)     such Person or Entity is the holder of the Class 7 Old Equity Interest(s) set forth in Item 1 herein or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

(ii)     such person or Entity has received and reviewed a copy of the Disclosure Statement and the Plan, and acknowledges that the solicitation of votes to accept or reject the Plan is being made pursuant to the terms and conditions set forth therein;

(iii)     such Person or Entity has cast the same vote on every Ballot completed by such Person or Entity with respect to holdings of Class _ Old Equity Interests;

(iv)     no other Ballots with respect to the Class 7 Old Equity Interests identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class 7 Old Equity Interests, such earlier Ballots are hereby revoked;

(v)     (a) the Debtors have made available to such Person or Entity or its agents all documents and information relating to the Plan and related matters reasonably requested by or on behalf of such Person or Entity, and (b) except for information provided by the Debtors in writing, and by its own agents, such Person or Entity has not relied on any statements made or other information received from any Person with respect to the Plan; and

(vi)     all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

**YOUR RECEIPT OF THIS BENEFICIAL BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.**

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER: _____

SIGNATURE: _____

BY: _____
                              (If appropriate)

TITLE: _____
                              (If appropriate)

ADDRESS: _____

_____

TEL. NO. (     ) _____ - _____          DATE: _____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN, DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE NOTICE AND BALLOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT 646-282-2400

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE TO ONE OF THE ADDRESSES PROVIDED BELOW.**

**If by first class mail, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY  10150-5014

**If by overnight courier or hand delivery, to:**

Point Blank Solutions, Inc. Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY  10017