# EXHIBIT B

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) Case No. 10-11255 (PJW) |
| | ) |
| Debtors. | ) (Jointly Administered) |

## NOTICE OF: (I) ENTRY OF ORDER APPROVING DISCLOSURE STATEMENT; (II) HEARING TO CONFIRM PLAN; (III) PROCEDURES REGARDING ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) RELATED IMPORTANT DATES[2]

**DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES APPROVED.** On _____, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its *Order Granting Debtors' Motion for Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement; (B) Scheduling a Hearing to Confirm the Debtors' Joint Chapter 11 Plan of Reorganization; (C) Establishing Deadline for Filing Objections to Confirmation of Plan; (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; (E) Approving Subscription Form for Purposes of the Rights Offering and Related Procedures In Connection Therewith; and (F) Approving Form and Manner of Notice* (the "Disclosure Statement Order"). The Disclosure Statement Order approved the *Disclosure Statement Regarding Joint Chapter 11 Plan Of Reorganization* (the "Disclosure Statement"), as containing adequate information required under section 1125(a) of the Bankruptcy Code, and authorized the Debtors to solicit acceptances of the *Joint Chapter 11 Plan of Reorganization* dated _____, 2011 (the "Plan").

**HEARING TO CONFIRM PLAN.** A hearing to confirm the Plan (the "Confirmation Hearing") will commence on _____, 2011, at \_\_:\_\_ \_.m., prevailing Eastern time, before the Bankruptcy Court. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.

**PLAN OBJECTION DEADLINE.** The Bankruptcy Court has established _____, 2011, at 4:00 p.m., prevailing Eastern time, as the last date and time for filing and serving

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions Inc (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not defined herein shall have the same meaning as ascribed in the Plan.

objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection.

In order to be considered by the Bankruptcy Court, objections, if any, must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Delaware; (iii) be filed with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801; and (iv) be served upon the following parties: (1) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esquire; (2) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Jane M. Leamy, Esquire; (3) counsel to the Official Committee of Unsecured Creditors, (a) Arent Fox LLP, 1675 Broadway, New York, NY 10019, Attn: Robert M. Hirsh, Esq. and George Angelich, Esq., and (b) The Rosner Law Group LLC, 824 Market Street, Suite 810, Wilmington, DE 19801, Attn: Frederick B. Rosner, Esq.; (4) counsel to the Office Committee of Old Equity Holders, (a) Morrison Cohen LLP, 909 Third Avenue, New York, NY 10022, Attn: Michael R. Dal Lago, Esq., and (b) Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19899, Attn: Neil B. Glassman, Esq.; (5) Counsel to Privet Opportunity Fund I, LLC and Privet Fund Management LLC, (a) Edward J. Estrada, Esq., Reed Smith LLP, 599 Lexington Avenue, 22nd Floor, New York, NY 10022, and (b) Kurt F. Gwynne, Esq., Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801; (6) Counsel to Prescott Group Capital Management, Ricardo Palacio, Esq., Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899; and (7) Counsel to Lonestar Capital Management, LLC, (a) David B. Stratton, Esq., Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899-1709, (b) David P. Simonds, Esq., Akin Gump Strauss Hauer & Feld LLP, 2029 Century Park East, Suite 2400, Los Angeles, CA 90067, and (c) Michael P. Cooley, Esq., Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, TX 75201-4675 (collectively, the "Notice Parties").

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

**Persons may obtain copies of the Disclosure Statement and the Plan from Epiq Bankruptcy Systems, LLC** by visiting http://dm.epiq11.com/PBS, or by requesting copies (a) telephonically by calling (646) 282-2400; or (b) by writing to Epiq Bankruptcy Solutions, LLC, Attn: Point Blank Solutions Ballot Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017. Alternatively, you can obtain a copy of these documents by contacting counsel for the Debtors (a) by e-mail, at _____@pszjlaw.com, (b) by telephone, by contacting _____ at (302) 652-4100, or (c) by mail, at Pachulski Stang Ziehl & Jones LLP, Attn: _____, 919 North Market Street, 17th Floor, Wilmington, DE 19899. Please specify whether you would like to receive copies of these documents by (i) **email transmission** (in which case, please include your e-mail address), (ii) on a **CD-ROM disk** delivered by return mail, or (iii) in **paper copies** delivered by return mail.

**VOTING RECORD DATE.** _____, 2011, is the record date for purposes of determining which parties are entitled to vote on the Plan.

**VOTING DEADLINE.** _____, 2011 (the "Voting Deadline"), is the deadline for casting a ballot ("Ballot") to accept or reject the Plan. All Ballots accepting or rejecting the Plan must be received by Epiq Bankruptcy Systems, LLC (the "Notice and Balloting Agent") by 4:00 p.m., prevailing Eastern time, on the Voting Deadline at the following address: (i) if by First Class Mail: Point Blank Solutions Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014; (ii) if by overnight courier or hand delivery: Point Blank Solutions Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017.

**RULE 3018 MOTION DEADLINE AND HEARING.** It shall be the responsibility of each party who files a motion for an order pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of a claim for voting purposes to (a) file such motion with evidence in support thereof by no later than _____, 2011, (b) schedule a hearing on such motion, and (c) schedule the hearing on or no later than the Voting Deadline.

**PROCEDURES REGARDING THE ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, each of the Debtors' Executory Contracts and Unexpired Leases shall be deemed assumed as of the Effective Date, unless such Executory Contract or Unexpired Lease (i) was assumed or rejected previously by the Debtors; (ii) expired or terminated pursuant to its own terms before the Effective Date; (iii) is the subject of a motion to assume filed on or before the Effective Date; or (iv) is identified on the Schedule of Rejected Contracts.

Not less than twenty (20) days prior to the Confirmation Hearing, the Debtors shall file the Schedule of Proposed Cure Claims and serve it on all parties to the contracts and leases listed therein. Among other things, the Schedule of Proposed Cure Claims shall set forth the proposed Cure Claim, if any, to be paid in connection with the assumption by the Debtors of the Executory Contracts and Unexpired Leases identified in the Schedule of Proposed Cure Claims. The proposed Cure Claim, if any, identified for any Executory Contract or Unexpired Leases in the Schedule of Proposed Cure Claims is the only amount necessary to cure any and all outstanding defaults under such contract or lease, and no other defaults exist under said contract or lease.

Any Entity objecting to the proposed assumption of an Executory Contract or Unexpired Lease based on any ground, including the adequacy of the proposed Cure Claim, if any, associated with such contract or lease, must file and serve upon the Notice Parties a written objection to the proposed assumption of such contract or lease no later than _____, 2011 by 4:00 p.m. prevailing Eastern time. Failure to timely object to the proposed assumption of any Executory Contract or Unexpired Lease and the associated proposed Cure Claim, if any, shall constitute consent to the assumption of such contract or lease and the amount of such Cure Claim, including an acknowledgment that the Debtors are providing adequate assurance of future performance to the extent required by § 365(b)(1).

To the extent that any objections to the amounts set forth in the Schedule of Proposed Cure Claims are timely filed and served and such objections are not resolved between the Debtor and the objecting Entities, the Bankruptcy Court shall resolve such disputes at the Confirmation Hearing. The resolution of such disputes shall not affect the Debtor's assumption of the

contracts or leases that are the subject of such a dispute, but rather shall affect only the "cure" amount the Debtor must pay in order to assume such contract or lease. Notwithstanding the immediately preceding sentence, if at any time the Debtors in their discretion determine that the amount asserted to cure outstanding defaults in connection with the assumption of any Executory Contract or Unexpired Lease proposed to be assumed under the Plan would, if ordered by the Bankruptcy Court, make the assumption of such contract or lease imprudent, then the Debtors may, at or prior to the Confirmation Hearing, elect to reject such contract or lease.

Not less than [twenty (20)] days prior to the Confirmation Hearing, the Debtors shall file the Schedule of Rejected Contracts and serve it on all parties to the contracts and leases listed therein. Subject to the occurrence of the Effective Date, on the Effective Date, all executory contracts and unexpired leases listed on the Schedule of Rejected Contracts shall be rejected by the Reorganized Debtors. Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court, approving, effective as of the Effective Date, the rejection of all Executory Contracts and Unexpired Leases identified on the Schedule of Rejected Contracts.

All proofs of Claim with respect to Claims arising from the rejection of Executory Contracts and Unexpired Leases, if any, must be filed with the Bankruptcy Court within thirty (30) days after the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection. Any Claims arising from the rejection of Executory Contracts and Unexpired Leases not filed with the Bankruptcy Court within such time will be automatically disallowed, forever barred from assertion and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order or approval of the Bankruptcy Court. All Allowed Rejection Claims arising from the rejection of the Debtors' Executory Contracts and Unexpired Leases that are Rejection Claims shall be classified as Class 4 General Unsecured Claims against the applicable Debtor and shall be treated in accordance with Section 4.4. The deadline to object to Claims arising from the rejection of Executory Contracts and Unexpired Leases, if any, shall be the later of (a) 180 days following the date on which such Claim was filed and (b) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for objecting to such Claims.

*THE PLAN INJUNCTION.* **SECTION 11.6 OF THE PLAN PROVIDES THAT FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.**

**FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN ARTICLE 11 OF THE PLAN, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO ARTICLE 11 OF THE PLAN.**

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN, ALL ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO SECTIONS 11.2 OR 11.3 OF THE PLAN, DISCHARGED PURSUANT TO SECTION 11.5 OF THE PLAN OR ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 11.4 OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR ESTATE OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THE PLAN; AND (V) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM WITH THE PROVISIONS OF THE PLAN TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS IN THE PLAN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTORS OR ANY OF THEIR ASSETS, PROPERTY OR ESTATES. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL SUCH CLAIMS AND INTERESTS SHALL BE DEEMED SURRENDERED.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT TO THE PLAN FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTORS SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE DEEMED SURRENDERED, AND THE DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER § 502(G).

ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTORS, THE DEBTORS' ESTATES, THE REORGANIZED DEBTORS, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY

DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

Dated: _____, 2011         PACHULSKI STANG ZIEHL & JONES LLP

                                              */s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
David Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       jfried@pszjlaw.com
       tcairns@pszjlaw.com

Counsel to Debtors and Debtors in Possession