UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POINT BLANK SOLUTIONS, INC., *et al.*, | ) Case No. 10-11255 (PJW) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) **Related to Docket No. ____** |

## ORDER AUTHORIZING AND APPROVING DEBTORS' (I) ENTRY INTO THE SUBSCRIPTION AND BACKSTOP PURCHASE AGREEMENT AND (II) PAYMENT OF RELATED FEES, EXPENSES AND INDEMNIFICATION OF THE BACKSTOP PURCHASERS

Upon the motion (the "Motion"), dated January 31, 2011, by Point Blank Solutions, Inc., Point Blank Body Armor, Inc., Protective Apparel Corporation of America and PBSS, LLC (collectively, the "Debtors"), in the above-captioned cases (the "Chapter 11 Cases"), for an order authorizing and approving the Debtors' entry into a Subscription and Backstop Purchase Agreement, substantially in the form attached as Exhibit A to the Motion (the "Backstop Agreement"),[2] pursuant to §§ 105(a), 363(b), 503(b), and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"); and the Court having reviewed the Motion and having heard the statements of counsel and the evidence presented regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and sufficient cause appearing therefor;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and address, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not defined shall have the meaning ascribed to them in the Motion or Backstop Agreement, as applicable.

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

1. <u>Jurisdiction.</u> This Court has core jurisdiction over the Chapter 11 Cases, the Motion, this Order and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are §§ 105(a), 363(b), 503(b), 507(a), and Rules 2002, 6004(h) and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

2. <u>Notice.</u> The notice given by the Debtors of the Motion and the Hearing constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable local rules, and no other or further notice is necessary.

3. <u>Findings.</u>

    (a) The Debtors' decision to enter into the Backstop Agreement is a sound exercise of its business judgment, is consistent with their fiduciary duties and is based on good, sufficient and sound business purposes and justifications.

    (b) The Backstop Agreement is fair and reasonable and was negotiated at arm's length and in good faith.

    (c) The indemnification and provisions contained in Section 12 of the Backstop Agreement (the "<u>Indemnification</u>") and the payment of the Backstop Fee and Backstop Expenses are integral parts of the transactions contemplated by the Backstop Agreement, without any one of which the Backstop Purchasers would not enter into the Backstop Agreement.

    (d) The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and all parties in interest.

---

[3] This Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

# NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

4. The Motion is granted.

5. Any objection to the Motion not withdrawn or otherwise resolved on the record at the Hearing is hereby overruled.

6. Pursuant to §§ 105(a), 363(b), 503(b) and 507(a), the Debtors and the Backstop Purchasers are hereby authorized to (i) execute and deliver the Backstop Agreement and any exhibits and attachments thereto, and (ii) take any and all actions necessary and proper to implement the terms of the Backstop Agreement and perform the obligations described therein. Such agreements and documents shall be binding and enforceable against the Debtors, their estates (including any trustee or examiner appointed with respect to the Chapter 11 Cases) and any other parties obligated thereunder in accordance with its terms and subject to the conditions contained therein.

7. The Debtors are authorized to pay the Indemnification (if applicable), the Backstop Expenses and the Backstop Fee, each in accordance with the terms of the Backstop Agreement. Any Indemnified Party asserting a right to payment under the Indemnification, including the advancement of defense costs, must file an application therefor with the Court, and such amounts shall not be paid to such Indemnified Party before the entry of an order by the Court approving such payment. The Debtors are authorized to make all other payments to or for the benefit of the Backstop Purchasers as and when required by the Backstop Agreement and any exhibit, schedule or attachment thereto, on the terms set forth therein, without further order of the Bankruptcy Court. Any such payments shall be non-refundable and not subject to avoidance or disgorgement under any theory at law or in equity.

8. Each of the Indemnification (if applicable), the Backstop Expenses and the Backstop Fee provided for or permitted by the Backstop Agreement shall constitute allowed claims entitled to administrative expense priority under §§ 503(b)(1)(A) and 507(a)(2) as of the date hereof, and shall be paid as and when provided for in the Backstop Agreement without further application to or order of the Bankruptcy Court, except that in the case of any claim against the Debtors arising under the Indemnification, such claim shall be resolved in a manner pursuant to the Backstop Agreement with any disputes to be resolved by the Bankruptcy Court.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: [_____], 2011
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE