UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  | x |  |
|---|---|---|
|  | : | OBJECTIONS TO |
|  | : | DISCLOSURE STATEMENT |
| In re | : |  |
|  | : |  |
| POINT BLANK SOLUTIONS, INC., ET AL[1] | : |  |
|  | : |  |
|  | : |  |
| Debtor. | : | Case No. 10-11255-PWJ |
|  | x |  |

D. David Cohen, the Objecting Party ("Objecting Party") is a shareholder of Point Blank Solutions, Inc. ("PBSO") (the publicly held parent Company of the Debtors), a Creditor of PBSO, and an interested party in these proceedings. Reference is made to Objector's Objections to the Plan, hereby incorporated by reference.

Objections to the Disclosure Statement.

1. The Plan Summary is incomplete and potentially misleading. It omits to fully disclose that the Plan contemplates that the three Plan Proponents will own a substantial majority of the Common Stock, in the Reorganized Parent, and that, as proposed, only a very small minority of the existing holders of PBSO will be able to exercise their rights to own Common Stock of the Reorganized Parent. In fact, for the vast majority (more than 99%) of the public

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

shareholders of PBSO, there is no right to own Common Stock in the Reorganized Parent. The Disclosure Statement fails to so state.

2. Further, the Plan Summary is incomplete and potentially misleading in failing to disclose and/or appropriately highlight the following facts:

(a) Current Holders of Common Stock of PBSO who acquired their shares in the open market are being required to surrender their Shares for <u>zero</u> consideration, beyond the Rights and fractional participation in the Recovery Trust. The Shares will be surrendered as a matter of law and the operation of the Plan.

(b) 42.29% of the New Common Stock of the Reorganized Parent are being sold to two of the Plan Proponents pursuant to direct subscription agreements entered into by them, for an aggregate consideration of $_____ a price of _____ per Share.[2]

(c) "40% of the New Common Stock will be acquired by eligible holders of General Unsecured Claims, leaving only a minor balance of the New Common Stock (17.71%) of the Reorganized Parent being offered to holders of Allowable Old Equity Interests. The Disclosure Statements omits to state affirmatively the price per Share being fixed for the Rights Offering, and/or whether it will be conducted at the same price per Share as the so-called direct Subscription

---

[2] This information, including the actual percentages, does not appear anywhere in the Plan.

Agreements.

(d) At the conclusion of the financing transactions, the three Plan Proponents will be in total "control" of the Reorganized Parent. Such parties have entered into a Shareholders Agreement relating to the formation and initial governance of the Reorganized Parent. The Reorganized Parent will be a privately held Company and not a Reporting Company under the Securities Laws.

(e) Persons and entities exercising their rights to acquire ownership of the Reorganized Parent are each required to represent that such person or entity is an "accredited investor" and will be purchasing the Shares for investment and not with a view to redistribution, that the Shares are not suitable for acquisition by any person or entity anticipating or expecting short term use of the amounts proposed to be paid for the Shares, and that the certificates representing Share ownership in the Reorganized Parent will bear a restrictive legend prohibiting transfer in most circumstances.

(f) The shares of the Reorganized Parent are not expected to be listed on any Securities Exchange, and there will be no public trading market for such Shares. THE RIGHTS TO PURCHASE SHARES IN THE REORGANIZED PARENT BY PASSIVE INVESTORS REPRESENT A HIGH RISK TRANSACTION WHICH MAY BE UNSUITABLE FOR PERSONS OR PARTIES WHICH ARE UNABLE TO BEAR THE RISKS OF LOSS OF 100% OF THEIR CAPITAL.

(g) The Plan provides that the Debtors, and all of their

affiliates, members, officers, directors, agents, financial advisors, accountants, investment bankers, consultants, attorneys, employees, partners and representatives, are each defined to be an Exculpated Party. No Exculpated Party shall have or incur any liability to any entity relating to or arising out of the Debtors' restructuring efforts and related acts. The Disclosure Statement does not say what the exculpation means and intends, including that actions and provisions intentionally structured to deprive the holders of Old Equity Interests of any claims and legal rights which may currently belong to such party or parties for recourse against the parties and professionals are being forgiven without consideration.

(h) Leaving the Recovery Trust litigation in control of Debtors counsel will continue to leave the holders of Old Equity Interests without counsel of their choosing in the pursuit of remedies to maximize the recoveries for the Recovery Trust, or assure that there will be any recovery whatsoever for the Allowed Old Equity Holders;

(i) The determination of the Plan Proponents to proceed with the Turnover Action against the Class 6 holders is order to "take back" from the Class Action members and their counsel approximately $39 Million of money set aside by a <u>Final Judgment</u> in the Class Action litigation in the Eastern District of New York significantly risks maximization of the recoveries for the Recovery Trust.

(j) There is no assurance that the Turnover Action will be successful, and even if it is successful, the Turnover Action may actually result in a declination in the total potential recoveries, if any, in the Recovery Trust to be shared by the Old Equity Interest holders;

(k) The failure of the counsel to date to proceed with the derivative action and/or other proceedings against David H. Brooks *et al* may have also risked maximization of the recoveries for the Recovery Trust; and

(l) Ordinary public Shareholders of the Debtor without exercisable rights are being asked by the Plan and the ballot distributed to them to grant to the Reorganized Parent all of their individual rights to the $186 Million 304 claim against Brooks, to the derivative action, and to other litigation.

FOR ALL OF THE FOREGOING REASONS, the undersigned, a shareholder of Point Blank Solutions, Inc. holding Allowed Old Equity Interests respectfully objects to the Disclosure Statement, and urges this Court to require the Plan Proponents to revise either the Plan and/or the Disclosure Statement, as the Court may direct.

Respectfully Submitted,

_____
D. David Cohen
Pro Se
500 No. Broadway
Suite 139
Jericho, N.Y. 11753
Tel: 516-933-1700
Fax: 516-933-8454

See Attached Service List.

SERVICE LIST

Cc: Counsel for the Debtors

Laura Davis Jones, Esq.
Timothy Cairns, Esq.
Pachulski Stang Ziehl & Jones, LLP
919 North market Street 17th Floor
Wilmington, DE 19801

and

David M. Bertenthal, Esq.
Joshua M. Fried, Esq.
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

Counsel for the Creditors' Committee

Frederick B. Rosner, Esq.
Brian L. Arban, Esq.
Messane Rosner & Stern, LLP
1000 N. West Street, Ste 1200
Wilmington, DE 19801

and

Robert M. Hirsh, Esq.
George Angelich, Esq.
Arent Fox LLP
1675 Broadway
New York, New York 10019

Counsel for the Equity Committee

Michael R. Dal Lago, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022

and

Neil B. Glassman, Esq.
Bayard, P.A.
222 Delaware Avenue, Ste. 900
Wilmington, DE 19899

Counsel to privet Opportunity Fund I, LLC and Privet Fund Management LLC

Edward J. Estrada, Esq.
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022

and

Kurt F. Gwynne, Esq.
Reed Smith LLP
1201 Market Street, Ste. 1500
Wilmington, DE 19801

Counsel to Prescott Group Capital Management

Richard Palacio, Esq.
Ashby & Geddes
500 Delaware Avenue
P.O Box 1709
Wilmington, DE 19801-1709

Counsel to Lonestar Capital Management, LLC

David B. Stratton, Esq.
Pepper Hamilton LLP
Hercules Plaza, Ste. 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19801-1709

and

David P. Simonds, Esq.
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Ste. 2400
Los Angeles, CA 90067-3010

and

Michael P. Cooley, Esq.
Akin Grump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Ste. 4100
Dallas, Texas 75201-4675

<u>Securities and Exchange Commission</u>

Patricia Schrage, Esq.
Senior Trial Counsel
Securities & Exchange Commission
New York Regional Office
3 World Financial Center, Room 437
New York, N.Y. 10281

<u>United States Trustee</u>

Jane M. Leamy, Esq.
Attorney for United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19899