# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 10-11255 (PJW) |
| POINT BLANK SOLUTIONS INC., *et al.*[1] | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related Docket Nos. 589, 592, 593, 655,** |
| | ) | **711, 713, 721, 722, 724, 725 and 776, 943** |

### ORDER GRANTING DEBTOR POINT BLANK SOLUTIONS INC.'S MOTION FOR ORDER UNDER 11 U.S.C. § 365(a) AUTHORIZING REJECTION OF CLASS AND DERIVATIVE ACTION SETTLEMENT AGREEMENT

Upon consideration of the motion (the "Motion")[2] of Point Blank Solutions Inc. ("Point Blank"), a debtor and debtor in possession in the above-captioned case, seeking entry of an order under section 365(a) of the Bankruptcy Code authorizing Point Blank to reject the Settlement Agreement (as defined in the Motion to include the MOU, the Stipulation, the Supplemental Agreement, the RACU, the Securities Purchase Agreement, the Registration Rights Agreement, the Warrant Exercise Agreement, the Escrow Agreement, the Undertaking and the Agreement of Insureds); and it appearing that the relief requested in the Motion is in the best interests of Point Blank's estate; and it appearing that this Court has jurisdiction over this

---

[1] Debtors in the above-captioned cases, along with the last four digits of each Debtor's federal tax identification number and their respective addresses, are: Point Blank Solutions Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Motion is GRANTED for the reasons set forth in the Motion, the *Supplement to Debtor Point Blank Solutions Inc.'s Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* [Docket No. 655] and *Debtor Point Blank Solutions Inc.'s Reply in Support of Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Class and Derivative Action Settlement Agreement* [Docket No. 776]; and it is further

ORDERED that the Settlement Agreement is deemed rejected as of the date of filing of Point Blank's bankruptcy petition in the above-captioned case; and it is further

ORDERED that the parties to the Settlement Agreement reserve all rights with respect to the Settlement Agreement, including but not limited to all rights regarding the validity, status, characterization or enforceability of the Settlement Agreement; and it is further

ORDERED that the parties to the Settlement Agreement reserve all rights to assert or object to on all available grounds any rejection damages or other claims arising from the rejection of the Settlement Agreement; and it is further

ORDERED that the parties to the Settlement Agreement do not waive any claims they may have against any of the other parties to the Settlement Agreement, whether or not such claims are related to the Settlement Agreement; and it is further

ORDERED that nothing herein shall be construed as an adjudication of any party's rights with respect or relating to the Escrowed Funds that are the subject of the *Complaint for Turnover of Property of the Estate* [Docket No. 774], all of which rights are reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Dec 22, 2010

The Honorable Peter J. Walsh
United States Bankruptcy Judge