# EXHIBIT D

## Exhibit B

Defendant David H. Brooks ("Brooks") agrees personally to the contributions and undertakings set forth below:

B1. Brooks will resign from the Board of Directors of DHB and from all of the other positions held by him in DHB upon both (a) (i) the execution by DHB of a Consent to the Entry of Final Judgment of Permanent Injunction and Other Equitable Relief ("Final Judgment"), in an impending action by the Securities and Exchange Commission ("SEC") against DHB, and (ii) the entry of such Final Judgment, and (b) the execution of the MOU by all of the Settling Parties.

B2. Upon such resignation, Brooks will take over and assume all of DHB's lease obligations for DHB's New York office, and all items in such office, such as furniture, fax machines, printers, and computers, will be transferred to, and will forever thereafter be owned by, Brooks personally.

B3. No later than upon the execution of the MOU by all of the Settling Parties, to help fund the cash portion of the Settlement, Brooks shall exercise of all of his existing DBH warrants for 3,000,000 shares of DHB common stock, at an elevated exercise price of $2.50 per share, for a total $7,500,000.

B4. Brooks will grant to DHB an option to put to Brooks, in a PIPE transaction, at $4.93 per share, 3,007,099 shares of DHB common stock for a total of $14,825,000, also to help fund the cash portion of the Settlement. Such option shall expire, if not already exercised, upon the execution of the Stipulation of Settlement.

B5. Upon the execution of the MOU by all of the Settling Parties, Brooks and DHB shall exchange general releases with one another, except that all of DHB's obligations to Brooks of and for indemnification and reimbursement for fees, expenses and liabilities, as provided for in DHB's Articles of Incorporation and By - Laws, in the law of Delaware, and in the Stipulation of Settlement, as the latter is approved by the Court, shall remain in full force and effect, and except that Brooks' undertaking to DHB regarding his indemnification by DHB shall also remain in full force and effect.

B6. In the event the Settlement is not finally approved by the Court in substantially the form of, and containing substantially the same provisions as those set forth in, the MOU, then:

(a) DHB shall pay to Brooks, within 10 days after Court's failure finally to approve the Settlement as aforesaid, $4,500,000, being the difference between the warrant exercise price of $1 per share and the elevated exercise price of $2.50 per share, multiplied by the 3,000,000 shares involved; and

(b) in the event DHB shall have exercised its option to put the 3,007,099 shares of DHB common stock to Brooks in the PIPE transaction referred to in paragraph B4 above, Brooks shall have the option, exercisable within 90 days after the Court's failure finally to approve the Settlement as aforesaid, to sell back to DHB all or such portion of those 3,007,099 shares as Brooks shall determine at the same $4,93 per share paid by him for those shares.

S:\Settlement\DHB Industries 05.set\Email-pdf\CLN FINAL EXHIBIT B 7-11.DOC