**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE
COMMISSION,

                          **Plaintiff,**

    v.

DHB INDUSTRIES, INC. n/k/a
POINT BLANK SOLUTIONS, INC.

                          **Defendant.**

CASE NO.:

## CONSENT OF DEFENDANT DHB INDUSTRIES, INC. n/k/a POINT BLANK SOLUTIONS, INC.

1. Defendant DHB Industries, Inc. n/k/a Point Blank Solutions, Inc.

2. ("DHB") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over DHB and over the subject matter of this action.

3. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which DHB admits), DHB hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins DHB from violation of Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13, and 14a-9 thereunder.

4. DHB waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. DHB waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. DHB enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission acting on its behalf, except as stated in this Consent or the attached Judgment, to induce DHB to enter into this Consent.

7. DHB agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. DHB will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. DHB waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to DHB of its terms and conditions. DHB further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that DHB has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against DHB in this civil proceeding. DHB acknowledges that no promise or representation has been made by the Commission or any member, officer, employee,

agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. DHB waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein. DHB further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, DHB understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. DHB understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, DHB agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, DHB hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If DHB breaches this agreement, the Commission may petition the Court to vacate the Final

Judgment and restore this action to its active docket. Nothing in this paragraph affects DHB's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. DHB hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by DHB to defend against this action. For these purposes, DHB agrees that DHB is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, DHB (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints DHB's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses DHB's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over DHB in any United States District Court for purposes of enforcing any such subpoena.

14. DHB agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. DHB agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

16. This consent is conditioned upon approval by the United States Bankruptcy Court.

        DHB Industries, Inc. n/k/a
        Point Blank Solutions, Inc.

By: _____
    Jim Henderson
    Chairman of the Board and
    Chief Executive Officer

On _May 17_, 2010, Jim Henderson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _Point Blank Sol_ as its _CEO_.

_____
Notary Public
Commission expires:

Approved as to form:

_Nancy R. Grunberg_
Nancy R. Grünberg
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Attorney for Defendant

NOTARY PUBLIC-STATE OF FLORIDA
Pamela L. Nolan
Commission # DD877898
Expires: MAY 20, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

## CORPORATE RESOLUTION

I, Jim Henderson, as Chairman of the Board and Chief Executive Officer of DHB Industries, Inc. n/k/a Point Blank Solutions, Inc., a Delaware corporation ("Point Blank"), hereby certify that the following resolution was duly adopted at a meeting of the board of directors of Point Blank on May 11, 2010:

Resolved, that Jim Henderson be, and hereby is, authorized to execute on behalf of Point Blank the attached Consent of Defendant DHB Industries, Inc. n/k/a Point Blank Solutions, Inc.

Date: 5/17/10         By: _____
                          Jim Henderson,
                          Chairman of the Board and
                          Chief Executive Officer