**EXHIBIT C**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

      v.

DHB INDUSTRIES, INC. n/k/a
POINT BLANK SOLUTIONS, INC.

                      Defendant.

CASE NO.:

## FINAL JUDGMENT AS TO DEFENDANT DHB INDUSTRIES, INC. n/k/a POINT BLANK SOLUTIONS, INC.

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant DHB Industries, Inc. n/k/a Point Blank Solutions, Inc. ("DHB") having entered a general appearance; consented to the Court's jurisdiction over DHB and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED AND ADJUDGED** that DHB and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder,

17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED AND ADJUDGED** that DHB and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13, which, among other things, require the filing with the Commission of accurate Forms 10-K, Forms 8-K, and Forms 10-Q by registered public companies.

## III.

**IT IS FURTHER ORDERED AND ADJUDGED** that DHB and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 13(b)(2)(A) and 13(b)(2)(B) of the

Exchange Act, 15 U.S.C. §§78m(b)(2)(A) and 78m(b)(2)(B), which, among other things, require that registered public companies make and keep books, records and accounts, which in reasonable detail accurately and fairly reflected the transactions and disposition of the assets of such companies, and devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements.

IV.

**IT IS FURTHER ORDERED AND ADJUDGED** that DHB and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 thereunder, 17 C.F.R. § 240.14a-9, by directly or indirectly soliciting, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, and by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts, or omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements in earlier communications with respect to the solicitation of the proxy for the same meeting or subject matter which was false or misleading.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that DHB shall comply with all of the undertakings and agreements set forth therein.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2010

_____
**UNITED STATES DISTRICT JUDGE**