POINT BLANK SOLUTIONS, INC.
CASE NO. 10-11255 (PWJ)

**ANNEX TO STATEMENT OF ADDITIONAL OBJECTIONS AND REQUESTS FOR RELIEF . . . D. DAVID COHEN**

General Counsel for DHB Industries, Inc. ("DHB" was the Debtor's former name) in 2000-01 and listing counsel who secured listing of the Company's Common Stock on the American Stock Exchange on February 1, 2002. Almost immediately after listing, I disagreed with the President CEO David H. Brooks over issues of integrity for the issuer, I was fired and relieved of my representation and positions with the Company on June 26, 2002. On July 11, 2002, I warned the Audit Committee in a detailed writing that leaving Brooks in charge without effective oversight would only assure disaster for the publicly held Company.

The Audit Committee chose not to hear that warning, and the result was one of the worst public frauds in the history of the Eastern District of New York. Brooks, the Company's CFO, Dawn Schlegel and the Company's COO, Sandra Hatfield, participated in Brooks' looting the Company in 2003, 2004, and the first nine months of 2005. In addition, they, together with all other long term directors of DHB, made in excess of $200 Million in unlawful insider trading profits from cashless warrants raid on the Company (December, 2004).

In the fall of 2005, a series of Class Actions and derivative action were instituted against the individuals and

the Company. In December, I warned all parties in the civil cases in the EDNY) that justice would never prevail in those civil suits, if Brooks was permitted, as he was at that time, to select <u>counsel for the publicly-owned entity</u>. I was required to intervene to participate in the case, and did so in January of 2006, and objected to the Settlement which evolved in the Spring, early summer of 2006. The District Court overruled my objections and approved the MOU of Settlement.

On May 13, 2007, I petitioned the Attorney General and Department of Justice ("DOJ") to intervene in the Civil Actions. In October of 2007, the DOJ did intervene. Still, the Settlements were approved by the District Court in 2008.[1] The ink on the Settlements, which had a "good government" Board of Directors of PBSO as one of its key clauses, was was hardly dry when Brooks maneuvered to be succeeded instead by Steel Partners II, a New York Hedge Fund ("Steel"). Brooks and Mrs. Brooks used all of their votes to have Steel take over control of PBSO in a 2008 proxy contest.

By April - June of 2009, Steel's _____ of PBSO was clear when the only two independent directors of the entity quit with filed statements about the lack of proper corporate governance at PBSO. The Steel elected Board of PBSO adhered to the Settlements, and defended the unlawful Sarbanes Oxley §304 Indemnification for Brooks.

---

[1] The successful appeal from the derivative Settlement is discussed in the main body of the Statement.

C:\WPDATA\01223-98091\07323.008  PBSO Plan of Reorganization\Annex to Statement of Additional Objections 2-23-11.doc    2