IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| POINT BLANK SOLUTIONS, INC., et al. | : | Case No. 10-11255 (PJW) |
| | : | |
| Debtors. | : | **Objection Deadline: February 28, 2011 at 4:00 p.m.[1]** |
| | : | **Hearing Date: March 3, 2011 at 2:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT DESCRIBING JOINT CHAPTER 11 PLAN OF REORGANIZATION**

In support of her objection (the "Objection") to the Debtors' Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization (the "Disclosure Statement"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear this Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

---

[1] The objection deadline was extended by agreement of the parties.

**Background**

4. On April 14, 2010 (the "Petition Date"), each of the Debtors[2] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. A statutory committee of unsecured creditors was appointed on April 26, 2010 (the "Committee").

6. A statutory committee of equity security holders was appointed on July 27, 2010 (the "Equity Committee").

7. On January 11, 2011, the Debtors filed their Plan and Disclosure Statement.

**Preliminary Objection**

8. The U.S. Trustee objects to the Disclosure Statement as it does not contain adequate information to allow a creditor to make an informed judgment regarding whether to vote in favor of the plan. In addition, the Disclosure Statement should not be approved on the grounds that it proposes a plan that is unconfirmable as a matter of law. The broad exculpation provision in the Plan is contrary to applicable law in this District.

**Argument**

*Adequate Information*

9. "[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan." *In re Phoenix Petroleum, Inc.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001). Section 1125(a) of the Bankruptcy Code defines "adequate information" as information of a

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan and Disclosure Statement.

kind and in sufficient detail to enable a hypothetical, reasonable investor to make an informed judgment about the plan.

10. The U.S. Trustee objects to the adequacy of the information in the Disclosure Statement on the following grounds:

- <u>Projected Treatment of Claims Against and Interests in the Debtors</u>. The Disclosure Statement contains a chart setting forth the treatment for the various classes in the Plan. Classes 1 and 2 are projected to receive payment in full while classes 8 and 9 are projected to receive no recovery. Classes 4 through 7 are to receive their "Ratable Proportion of Distributions from the Recovery Trust." However, the Disclosure Statement does not provide any information regarding the actual estimated amounts that Classes 4 through 7 should expect to receive on their claims. The Disclosure Statement should be revised to include an estimated percentage recovery or range of recoveries for Classes 4 through 7.

- <u>Description of Pending Litigation</u>. The Debtors have not provided complete disclosure regarding certain pending litigation that is described in the Disclosure Statement. In particular, the Debtors have not included any information regarding the appeal of the Bankruptcy Court's order approving the rejection of a settlement agreement of the Class Action and Derivative Action (p. 22 of the Disclosure Statement). The Debtors also need to provide additional information regarding the effect of the "potential non-prosecution agreement" with the SEC described at page 21 of the Disclosure Statement.

- <u>Recovery Trust</u>. The Debtors indicate in the Disclosure Statement that the Recovery

Trust will include all Estate Claims, among other items. The proceeds of Estate Claims received by the Recovery Trust will be initially allocated (1) 80% to the Recovery Trust and (2) 20% to the Reorganized Debtor. It is not clear why the proceeds have been allocated in this manner. The Disclosure Statement should be revised to explain why the allocation has been set forth in this manner and why the Debtors believe this allocation renders the Plan confirmable as a matter of law.

- <u>Liquidation Analysis</u>. The Liquidation Analysis submitted with the Disclosure Statement states that it excludes any estimate of recoveries that may be realized from the estate claims described in the plan," as well as "recovery of preference payments or fraudulent transfers." The discussion of the liquidation analysis does not clearly acknowledge that these claims may be pursued in a chapter 7 case. At a minimum it needs to be made clear that a chapter 7 trustee is not precluded from realizing upon these causes of action and describing who would be entitled to the proceeds of these causes of action.

11. Accordingly, the Disclosure Statement fails to provide sufficient information for creditors and parties in interest to make an informed decision regarding whether to vote in favor of or to reject the Plan.

***Exculpation Provisions***

12. The Disclosure Statement should not be approved for solicitation on the grounds that it proposes a plan that is unconfirmable as a matter of law. In particular, the Plan's exculpation provision is contrary to applicable law in this District.

13. Section 11.4 of the Plan provides exculpation to those parties defined as

"Exculpated Parties" under section 1.1 of the Plan.[3] The list of Exculpated Parties is too broad and should be limited to those parties who served in the capacity of estate fiduciaries, *i.e.*, estate professionals and the Debtors' directors and officers. *See In re Washington Mutual Inc.*, 2011 WL 57111* 29 (Bankr. D. Del. Jan. 7, 2011).

14. In *PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit examined the question of whether limited exculpation for official committee members and professionals retained by the debtors was appropriate. The Third Circuit ruled that the exculpation was appropriate because the provision at issue correctly stated the standard of liability for fiduciaries including official committee members and debtor professionals. *See also In re Coram Healthcare Corp.*, 315 B.R. 321, 337 (Bankr. D. Del. 2004) (stating that "[third party release provisions against Trustee, Equity Committee and their respective agents and professionals] are not permissible except to the extent they are limited to post-petition activity which does not constitute gross negligence or willful misconduct.")

*Claims Objections*

15. Section 10.1 of the Plan, Prosecution of Objections to Claims, gives the Recovery Trustee the "exclusive authority" to file objections to certain claims. Pursuant to 11 U.S.C. § 502 (a), parties in interest are authorized to object to claims. Section 10.1 of the Plan should be revised so that it is consistent with the requirements of the Bankruptcy Code.

---

[3] Section 1.1 of the Plan defines Exculpated Party as:
each of (I) the Debtors, the Reorganized Debtors and their Affiliates, (ii) the Creditors' Committee and the Equity Committee and their respective current and former members (in such capacity), and (iii) Lonestar, PB Funding, Lonestar Partners, LP, Privet, Prescott and the Party Affiliates (as defined in the Subscription and Backstop Agreement) in connection with the chapter 11 Cases, including the DIP Loan Agreement, the Plan Support Agreement, the Subscription and Backstop Agreement, the Plan, the Disclosure Statement and related documents, agreements and releases and (iv) with respect to each of the foregoing Entities, such Entities' subsidiaries, affiliates, members, officers, directors, agents, financial advisors, accountants, investment bankers, consultants, attorneys, employees, partners and representatives, in each case solely in the capacity as such.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying approval of the Disclosure Statement as written and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

**By:** ‎ /s/ Jane M. Leamy
 Jane M. Leamy (#4113)
 Trial Attorney
 J. Caleb Boggs Federal Building
 844 King Street, Suite 2207, Lockbox 35
 Wilmington, DE 19801
 (302) 573-6491
Dated: February 25, 2011 (302) 573-6497 (Fax)