UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| POINT BLANK SOLUTIONS, INC., ET AL[1] | : | Case No. 10-11255 (PWJ) |
|  | : | (Jointly Administered) |
|  | : |  |
| Debtors | : | OBJECTION TO DEBTOR'S |
|  | : | MOTION FOR AUTHORITY TO |
|  | : | DE-REGISTER AS A |
|  | : | PUBLIC COMPANY |

1. The undersigned Objector is a Shareholder of Point Blank Solutions, Inc. ("PBSO" or "Point Blank") and an Interested Party in this case.

2. Debtors have moved this Court for approval of a Consent Agreement with the Securities & Exchange Commission (Exhibit A to the Debtors Motion) wherein the Debtors propose to accept a "paper" complaint[2] (Exhibit B to the Debtors Motion) that DHB (the former name of PBSO) violated important Securities & Exchange Act rules and regulations from 2003-2005 (without admitting or denying the allegations of the

---

1 The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.
2 It is referred to as paper because the only purpose of it as shown is to close the case, no to be litigated issues are presented.

Complaint) and enter into a Final Judgment (Exhibit C to the Debtors Motion) which imposes no penalty or fine on the Debtor, but enjoins and restrains DHB (PBSO is defined as DHB) to adhere to specific provisions of the Securities & Exchange Act of 1934, to which they were bound to adhere in any event.

3. There is nothing wrong with Exhibits A, B and C, and no reason to oppose them (except timing). Debtor is moving now, however, because it wants to be excused from <u>its obligations</u> as a publicly-owned reporting company <u>immediately</u>, while PBSO still is publicly-owned and before any Plan of Reorganization has been confirmed.

4. The whole purpose of this exercise <u>now</u> is to get approval to de-register as a publicly reporting entity before <u>any</u> Plan of Reorganization is approved, even though the entire issue in the vote about to be taken by the public Shareholders (the Allowed Class 7 Interests) may revolve around whether the Shareholders will, or will not, seek to cause PBSO to remain as a publicly-owned entity.

5. In the Consent Judgment, for which Debtors seek approval, they agree that in connection with the purchase and sale of any security, not to employ any device, scheme or artifice to defraud or engage in any act, practice, or course of business, which operates or would operate as a fraud or

deceit upon any person (see Debtors Motion, Exhibit C, p.2). Yet this entire Motion is exactly that, an act which is intended to operate as part of an artifice to transfer valuable litigation assets from the publicly owned Company and the <u>present public Shareholders</u> to the Reorganized Parent and the three Plan Proponents.

6. Debtors reasons for seeking authority to de-register Point Blank as a public Company <u>now</u> are stated as follows:

A. Under the terms of the Consent Agreement and Final Order, Point Blank <u>must</u> file all financial disclosures required of a registered public company (the action is stayed without the Consent Agreement).

B. Point Blank was not current on its filings at the time those cases were filed (they were current until March 31, 2010 – then, filed on April 14, 2010).

C. Point Blank is not currently filing (true, that was an omission which current management chose to make); and

D. Point Blank cannot make itself current absent significant time and expense, which Point Blank estimates would exceed $1 Million in accounting and legal fees. ($1 Million, if that, is a correct estimate, is a potentially small expense compared

to the hundreds of millions of litigation assets proposed to be transferred).

7. This Objection is simple. The Court does not need to decide this issue <u>now</u>. It can, and should, decide the issue as to the entire motion <u>after</u> there is a Modified Plan, a Modified Disclosure Statement, and a vote of the Shareholders. Debtors are pursuing a proposed (to-be-modified) Plan of Reorganization which will, if approved, defease the public Shareholders and create a new privately owned Reorganized Parent. Some public Shareholders hope to see the Debtor continue as a publicly-owned entity. That decision ultimately will be made by this Court after vote by the Allowable Class 7 Interests. Putting the de-registration "ahead" of the decision by the Shareholders is a sleight-of-hand trick which defeats the purpose of there being an independent, fair, balanced vote by the Allowable Class 7 holders.

8. Nothing in the paperwork suggests the SEC requires, recommends or pushed the Debtors to seek de-registration currently or ever. There is no reason and no benefit gained from <u>de-registration</u> prior to publication of the Modified Plan, prior to publication of the Modified Disclosure Statement, and prior to a vote by the shareholders on whatever Plan may emerge from the process which is underway.

WHEREFORE, it is respectfully requested that the entire Motion be adjourned, subject to renewal after publication of the Modified Plan, after publication of the Modified Disclosure Statement, and after the Shareholders vote on the Modified Plan, if then applicable.

Respectfully Submitted,

_____
D. David Cohen
Pro Se
500 No. Broadway
Suite 139
Jericho, N.Y. 11753
Tel: 516-933-1700
Fax: 516-933-8454