# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| POINT BLANK SOLUTIONS, INC., *et al.*[1] | : Case No. 10-11255 (PJW)<br>: (Jointly Administered) |
| Debtors. | : Re: Docket No. 1140 |

## RESPONSE AND REQUEST FOR ADJOURNMENT OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO DEBTOR POINT BLANK SOLUTION INC.'S MOTION FOR: (I) APPROVAL OF A CONSENT AGREEMENT WITH THE SECURITIES AND ECHANGE COMMISSION; (II) LIMITED RELIEF FROM THE AUTOMATIC STAY; AND (III) AUTHORITY TO DE-REGISTER AS A PUBLIC COMPANY

The Official Committee of Equity Security Holders (the "Equity Committee") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), hereby submits this response (the "Response") to Debtor Point Blank Solution Inc.'s Motion for: (I) Approval of a Consent Agreement with the Securities and Exchange Commission; (II) Limited Relief from the Automatic Stay; and (III) Authority to De-Register as a Public Company (the "Motion") [D.I. 1140], and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Equity Committee approves of the Debtors intention to resolve certain causes of action that the SEC intends to assert against the Debtors. The Equity Committee shares the Debtors' interest in avoiding costly litigation that may result in civil damages and penalties against the Debtors and hinder the ability to obtain new government contracts.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

However, the Equity Committee does not agree that the Motion needs to be heard before the Debtors have filed an amended Disclosure Statement and Plan of Reorganization.

2. Simply put, de-registration of Point Blank as a public company in advance of the filing of an amended Disclosure Statement and Plan and the confirmation hearing is not necessary. Thus, it is the Equity Committee's preference to adjourn the Motion to a later date, preferably to be heard in conjunction with the hearing on confirmation of the Plan.

## BACKGROUND

3. On April 14, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases to date.

4. On April 26, 2010, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Creditors Committee in these chapter 11 cases.

5. On July 27, 2010, the U.S. Trustee appointed the Equity Committee.

6. On January 11, 2011, the Debtors, together with the Equity Committee, Creditors' Committee, Privet Fund Management LLC, Prescott Group Capital Management, LLC and Lonestar Capital Management, LLC (collectively, with the Debtors, the Equity Committee, the Creditors' Committee and the Equity Committee, the "Plan Proponents"), filed the Joint Chapter 11 Plan of Reorganization (Docket No. 1006) (the "Plan") and the Disclosure Statement in Support of Joint Chapter 11 Plan of Reorganization (Docket No. 1007) (the "Disclosure Statement").

7. On February 10, 2011, the Plan Proponents filed a Notice of Adjournment of Disclosure Statement Hearing (the "Notice of Adjournment"). The Disclosure Statement hearing was first adjourned to March 3, 2011 and later adjourned again to March 10, 2011.

8. The Notice of Adjournment indicated that an amended Plan and Disclosure Statement would be filed addressing certain objections and informal responses to the Disclosure Statement, including comments received from the SEC (later formalized in an objection to the Disclosure Statement).

9. To date, an amended Plan and Disclosure Statement have not been filed.

## RESPONSE

### The Motion Should Be Adjourned Pending Filing of the Amended Plan and Disclosure Statement

10. There is no urgent need for authority to de-register Point Blank.

11. At a minimum, de-registration of Point Blank should not be made without first allowing all parties the opportunity to see and analyze the amended Plan and Disclosure Statement and how it addresses the various objections and issues raised, including the SEC's objection that the Rights Offering (as that term is defined in the Disclosure Statement) would not meet requirements of applicable securities regulations.

12. The Equity Committee questions whether it is necessary to immediately proceed with de-registration when adjournment will allow the interested parties to review and consider the future course of the Debtors as envisioned in an amended Plan and Disclosure Statement. To proceed immediately by granting the Debtors authority to de-register before all interested parties are updated through the amended Plan and Disclosure Statement is an unnecessary, rushed process. At this time, the Equity Committee remains unconvinced that de-registration is necessary at this time.

13. The Equity Committee's support remains behind a plan of reorganization that will allow these Debtors to emerge from chapter 11 and provide a recovery for equity holders. This support includes the resolution of potential litigation with the SEC that would only endanger or reduce the potential for that recovery. However, actions cannot be taken in

a vacuum without all interested parties, including the Equity Committee, having the benefit of what the amended Plan and Disclosure Statement will encompass.

14. Additionally, to avoid continued piecemeal litigation over the issue of de-registration, the Equity Committee recommends that this issue is adjourned to be addressed in conjunction with confirmation of the Plan. Accordingly, the Equity Committee reserves all of its rights to amend this response and respond to the Motion following the filing of the amended Plan and Disclosure Statement.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the Equity Committee respectfully requests an adjournment of the Motion.

Dated: March 8, 2011  
Wilmington, Delaware

BAYARD, P.A.

*/s/ Colin R. Robinson*
Neil B. Glassman (No. 2087)
Colin R. Robinson (No. 5524)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
      crobinson@bayardlaw.com

-and-

MORRISON COHEN LLP
Joseph T. Moldovan
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Facsimile (212) 735-8708
Email: jmoldovan@morrisoncohen.com

*Counsel for the Official Committee of Equity Security Holders*