IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., et al.[1] | ) | Case No. 10-11255 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | Re Docket No. 1140 |

## SUPPLEMENT TO DEBTORS' MOTION FOR: (I) APPROVAL OF A CONSENT AGREEMENT WITH THE SECURITIES AND EXCHANGE COMMISSION; (II) LIMITED RELIEF FROM THE AUTOMATIC STAY; AND (III) AUTHORITY TO DE-REGISTER AS A PUBLIC COMPANY

On March 10, 2011 (the "Hearing"), the Court heard argument on the above-captioned debtors and debtors in possession (the "Debtors") motion [Docket No. 1140] (the "Motion")[2] to approve a settlement with the SEC, and the objections [Docket Nos. 1167, 1178, 1179, and 1188] (the "Objection") thereto. After considering the evidence and the arguments of counsel, the Court ruled that it would grant the Motion. In connection with the ruling, however, the Court instructed the Debtors to address D. David Cohen's assertion that Point Blank's de-registration will potentially eliminate the SEC's pending claims against David Brooks ("Brooks") under section 304 of the Sarbanes-Oxley Act of 2002 ("Sox"). Cohen's assertion does not provide a basis for the Court to alter its ruling for the following reasons:

First, neither Cohen, nor any other party during the course of these cases, has cited the Debtors or the Court to any authority holding that the de-registration of Point Blank would eliminate the SEC's section 304 Sox claims against Brooks. Second, the two published

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

decisions on point reach exactly the opposite conclusion, and hold that as long as a company was an issuer at the time that it filed its misstated financials, the SEC may bring an enforcement action against the company under section 304 of Sox. *SEC vs. Mercury Interactive, LLC*, 2010 WL 3790811 * 5 (N.D. Cal. 2010); *SEC vs. Jenkins*, 718 F.Supp.2d 1070, 1079 (D. Ariz. 2010). Copies of these opinions are attached hereto as Exhibits A and B respectively. Third, the SEC has never advised the Debtors that de-registration means loss of the section 304 claims. Finally, the SEC – not the Debtors – controls the prosecution of the section 304 claims. In sum, there is no legal or factual basis for Cohen's argument. In further support, the Debtors state as follows:

I **De-Registration Does Not Eliminate the SEC's Pending Section 304 Claims Against Brooks**

1. No party during the pendency of these cases has cited the Debtors, or the Court, to any authority in support of Cohen's argument that Point Blank's de-registration will eliminate the SEC's pending section 304 Sox claims against Brooks. The Debtors have, however, found two recent written decisions that are on point and contrary to Cohen's position.

2. The most recent of these decisions is *SEC vs. Mercury Interactive, LLC*, 2010 WL 3790811 (N.D. Cal.) In *Mercury Interactive*, the SEC, among other things, filed a section 304 claim under Sox against certain senior executives of Mercury Interactive, Inc. Defendant Amnon Landan ("Landan") sought to dismiss the SEC's section 304 claim upon the grounds that the remedy for a section 304 violation is to pay the ill-gotten gains to the "issuer," and that an issuer no longer existed because Hewlett Packard Company had acquired all of the outstanding public shares of Mercury Interactive, Inc., and transformed the company into a non-trading subsidiary. *Id.* at *5. The Court denied Landan's motion to dismiss, and held that:

> as long as the company was an issuer at the time it filed its misstated financials, the SEC may bring an enforcement action under § 304... Moroever, to the extent that Landan argues that permitting a § 304 claim might result in a 'windfall' to Hewlett Packard, the Court concludes that in the event liability arises under § 304

> Hewlett Packard is a more appropriate recipient than a wrongdoer adjudged liable under the statute.

*Id.*

3. In reaching its holding, the Mercury Court relied heavily upon the second written decision on this issue – *SEC vs. Jenkins* – whose holding is also contrary to Cohen's argument. 718 F.Supp.2d 1070 (D. Ariz. 2010). In *Jenkins*, the SEC asserted a section 304 claim under Sox against Maynard L. Jenkins (the "Defendant"). *Id.* at 1072 – 73. The Defendant was the Chief Executive Officer ("CEO") and Chairman of the Board of CSK Auto Corporation ("CSK") – a publicly traded retail company of automotive parts and accessories. On July 11, 2008, CSK became a wholly owned subsidiary of O'Reilly Automotive, Inc. *Id.* at 1079. On July 15, 2008, the New York Stock Exchange filed a Form 25 delisting and deregistering CSK's common stock. *Id.*

4. The Defendant argued that the section 304 claim against him was not valid because section 304 requires the CEO (or chief financial officer) to reimburse "the issuer," and reimbursement was no longer proper after CSK became O'Reilly's subsidiary and delisted and deregistered its common stock. *Id.* The Court disagreed, and held that this reading of section 304 was "incorrect." According to the Court:

> Because section 304 refers to a specific time and action – filing restatements as a result of financial-reporting misconduct – the statutory term "issuer" refers to the entity that issued stock at that time. Once this liability-triggering event has been established by reference to the "issuer" at the relevant time, then the SEC may bring an enforcement action under Section 304. Merely because CSK does not now have any registered securities does not mean that CSK was not an issuer as it relates to the legal rights and responsibilities accruing to CSK during the time period that it was subject to such regulation. There is no dispute that all of the events giving rise to Jenkins's liability to reimburse CSK occurred during the time period that CSK was an issuer as identified by the statute. Even though CSK is now a wholly-owned subsidiary of O'Reilly, the SEC may bring this action to recover Jenkins's bonuses and profits. Defendant does not appear to dispute that Delaware law applies, meaning that O'Reilly would assume any ability that CSK had as the original issuer to receive reimbursement on behalf of an SEC

enforcement action.

*Id.* at 1079. Accordingly, the Court rejected the Defendant's argument that he was now released from liability because CSK would not now be subject to regulation as an issuer. *Id.*

5. Both *Mercury* and *Jenkins* are on point. Both decisions hold that deregistration of an issuer does not mean loss of the issuers section 304 actions. Both decisions demonstrate that Cohen's argument is wrong.

## II. The Status of the SEC Prosecution of the Sox 304 Claims

6. In 2007, the SEC filed a civil complaint against Brooks (the "SEC Action") in the United States District Court for the Southern District of Florida. In the SEC Action, the SEC alleged that Brooks had committed numerous violations of the federal securities laws, and sought reimbursement to Point Blank under section 304 of Sox of certain bonuses and stock profits received by Brooks, including approximately $180 million of proceeds from Brooks' sale of Point Blank stock. *See SEC v. David H. Brooks*, No. CV 07-61526 (S.D. Fla. 2007), Docket No. 1.

7. The SEC Action charged Brooks with the following activities related to violations of the relevant securities laws:

> Brooks...used DHB's lack of internal accounting and financial reporting controls to manipulate the company's gross profit margins and net income by overstating DHB's inventory values and falsifying journal entries;
>
> ...
>
> Brooks funneled millions of dollars out of DHB through fraudulent transactions with a related entity he controlled, and used DHB funds to pay for millions of dollars of personal expenses, including luxury cars, jewelry, horse racing, extravagant vacations, and $122,000 worth of iPods given as favors to guests at a multi-million bat mitzvah party for his daughter in late 2005; and

> ...
>
>> Brooks sold the majority of his DHB stock for approximately $186 million as the company's share price reached its all-time high. Brooks sold his shares while possessing material, non-public information concerning the pervasive fraud at DHB.

*Id.* at ¶¶ 2-4.

8. The SEC Action was administratively closed pending disposition of the criminal charges filed against Brooks in the Eastern District of New York. *See id.*, Docket No. 16.

9. The Debtors have urged the SEC to continue with the prosecution of the SEC Action. The record should be clear, however, that the Debtors do not control the prosecution of the section 304 claims against Brooks; the SEC does. Moreover, although the holdings in *Mercury* and *Jenkins* establish that de-registration is not an impediment to the prosecution of the SEC Action, nothing in those cases compels the SEC to resume prosecuting the section 304 claims against Brooks. That decision lies with the SEC alone, and is independent of Point Blank's current status as a registered or de-registered company.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that this Court enter the proposed form of order submitted with the Motion in accordance with the Court's ruling at the Hearing.

Dated: March 11, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Curtis A. Hehn

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
David M. Bertenthal (CA Bar No. 167624)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
tcairns@pszjlaw.com

Counsel to Debtors and Debtors in Possession