# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Point Blank Solutions, Inc., et al.[1] | Case No. 10-11255-PJW<br>Jointly Administered |
| Debtors. | |

## TENTH MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011

| | |
|---|---|
| Name of Applicant: | CBIZ Accounting, Tax & Advisory of New York, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | June 10, 2010 *Nunc Pro Tunc* as of April 28, 2010 |
| Period for which compensation and reimbursement is sought: | February 1, 2011 through February 28, 2011 |
| Amount of Compensation sought as actual, reasonable and necessary: | $34,392.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |
| This is a: | Monthly Fee Application |

| Fee Application Filing Date | Period | Total Fees Requested | Total Expenses Requested | Total Fees Approved | Total Expenses Approved | Amount of Holdback |
|---|---|---|---|---|---|---|
| 6/29/2010 [282] | 4/28/2010 - 5/31/2010 | $ 146,508.50 | $ 7,455.62 | $ 146,508.50 | $ 7,455.62 | $ - |
| 8/10/2010 [448] | 6/1/2010 - 6/30/2010 | 149,206.98 | 8,338.62 | 149,206.98 | 8,338.62 | - |
| 9/1/2010 [544] | 7/1/2010 - 7/31/2010 | 185,578.00 | 1,453.58 | 148,462.40 | 1,453.58 | 37,115.60 |
| 10/1/2010 [640] | 8/1/2010 - 8/31/2010 | 154,049.50 | 4,818.14 | 123,239.60 | 4,818.14 | 30,809.90 |
| 10/19/2010 [686] | 9/1/2010 - 9/30/2010 | 64,185.00 | 1,431.59 | 51,348.00 | 1,431.59 | 12,837.00 |
| 11/23/2010 [796] | 10/1/2010 - 10/31/2010 | 92,609.00 | 58.50 | 74,087.20 | 58.50 | 18,521.80 |
| 12/9/2010 [905] | 11/1/2010 - 11/30/2010 | 100,086.00 | 66.02 | 80,068.80 | 66.02 | 20,017.20 |
| 2/1/2011 [1080] | 12/1/2010 - 12/31/2010 | 131,142.50 | 1,071.12 | 104,914.00 | 1,071.12 | 26,228.50 |
| 2/18/2011 [1165] | 1/1/2011 - 1/31/2011 | 115,046.50 | 35.65 | Pending | Pending | Pending |
| 3/10/2011 | 2/1/2011 - 2/28/2011 | 34,392.00 | - | Pending | Pending | Pending |
| TOTAL | | $ 1,172,803.98 | $ 24,728.84 | $ 877,835.48 | $ 24,693.19 | $ 145,530.00 |

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor Inc., Protective Apparel Corporation of America and PBSS LLC.

# CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011

## EMPLOYEE TIME SUMMARY

| Initial | Name | Title | Rate | Time | Amount |
|---|---|---|---|---|---|
| JS | Jeff Sutton | Managing Director | $ 675.00 | 5.5 | $ 3,712.50 |
| CMB | Charles Berk | Managing Director | $ 540.00 | 1.0 | 540.00 |
| BR | Brian Ryniker | Director | $ 500.00 | 34.8 | 17,400.00 |
| AP | A J Patel | Senior Manager | $ 385.00 | 8.1 | 3,118.50 |
| GS | Gennady Spivak | Associate | $ 285.00 | 31.4 | 8,949.00 |
| RH | Robert Hung | Associate | $ 210.00 | 3.2 | 672.00 |
| Total | | | | 84.0 | $ 34,392.00 |

## OUT-OF-POCKET EXPENSES INCURRED

| Expense Type | Initial | Total |
|---|---|---|
| Grand Total | | $ - |

## COMPENSATION BY PROJECT CATEGORY

| Project Code | Time | Fees |
|---|---:|---:|
| Business Analysis - DIP Operations | 33.3 | $ 10,646.50 |
| Teleconferences/Meetings - Debtor/Counsel | 9.6 | $ 5,167.50 |
| Teleconferences/Meetings - UCC/Counsel | 13.5 | $ 6,646.50 |
| Litigation Support - Analysis | 2.7 | $ 898.50 |
| Plan and Disclosure Statement | 12.5 | $ 6,845.00 |
| Fee Application Preparation | 12.4 | $ 4,188.00 |
| **Grand Total** | **84.0** | **$ 34,392.00** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Point Blank Solutions, Inc., et al.[1], | Case No. 10-11255-PJW<br>Jointly Administered |
| Debtors. | |

## TENTH MONTHLY FEE APPLICATION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC., FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FEBRUARY 1, 2011 THROUGH FEBRUARY 28, 2011

CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. (collectively "CBIZ") hereby submits this Eighth Monthly Fee Application as Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee"), for Compensation and Reimbursement of Expenses for the period from February 1, 2011 through February 28, 2011 (the "Application"). By this Application, CBIZ, as Financial Advisors to the Committee in this proceeding, seeks interim approval and payment of compensation for financial and accounting services performed and expenses incurred during the period commencing February 1, 2011 through February 28, 2011 (the "Compensation Period"). In support hereof, CBIZ respectfully represents the following:

### I. FACTUAL BACKGROUND

1. On April 14, 2010 (the "Petition Date"), Point Blank Solutions, Inc. and its affiliate debtors (hereinafter collectively "Point Blank Solutions, Inc." or the "Debtors") filed separate, voluntary petitions for relief under Chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

---

[1] The Debtors in these cases are Point Blank Solutions Inc., Point Blank Body Armor Inc., Protective Apparel Corporation of America and PBSS LLC.

4

"Bankruptcy Court"). The Debtors' bankruptcy cases are jointly administered pursuant to Fed.R.Bankr.P. 1015.

2. The Debtors are continuing in possession of their respective properties and are operating and managing their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On April 26, 2010, the United States Trustee for Region 3 (the "U.S. Trustee") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Formational Meeting"). At the Formational Meeting, the U.S. Trustee appointed the following five (5) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) Lincoln Fabrics Inc.; (ii) Bethel Industries, Inc.; (iii) SMX Services and Consulting, Inc.; (iv) Ascendo Resources, LLC; and (v) Mr. Larry R. Ellis. Upon formation, the Committee selected CBIZ as its financial advisors.

4. The Committee selected CBIZ because its professionals have a great deal of experience representing creditors' committees in cases and proceedings under the Bankruptcy Code, and the Committee has confidence in CBIZ's ability to provide superior financial and accounting services during these bankruptcy cases.

5. On June 9, 2010, the Bankruptcy Court approved the Committee's retention of CBIZ as Financial Advisors. A copy of the Order Authorizing Employment of CBIZ, *Nunc Pro Tunc* as of April 28, 2010, as financial advisors for the Official Committee of Unsecured Creditors is attached as Exhibit C.

6. On January 11, 2011, the Debtors, together with the Creditors' Committee, the Equity Committee, Privet Fund Management LLC (as investment manager to Privet Fund LP and Privet Opportunity Fund I, LLC), Privet Opportunity Fund I, LLC, Prescott Group Capital

---

[2] Lincoln Fabrics Inc. and Ascendo Resources, LLC have resigned from the Committee.

5

Management, LLC and Lonestar Capital Management, LLC, as investment advisor to Lonestar Partners, LP and manager to PB Funding, LLC (the "Plan Proponents"), filed a joint chapter 11 plan of reorganization (the "Plan") and related disclosures (the "Disclosure Statement").

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

7. CBIZ submits this Application to the Bankruptcy Court for the allowance of reasonable compensation for actual and necessary professional services provided to the Committee as its financial advisors in these cases and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Committee during the Compensation Period. All included services and costs for which CBIZ seeks compensation were performed for, or on behalf of, the Committee during the Compensation Period.

8. CBIZ billed a total of $34,392.00 in fees and disbursed $0.00 in expenses in its efforts performed on behalf of the Committee during the Compensation Period.

9. By this Application, CBIZ thus seeks: (a) allowance of compensation in the amount of $34,392.00 for financial and accounting services rendered during the Compensation Period, and reimbursement in the amount of $0.00 for expenses incurred and disbursed during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $27,513.60 (80% of the compensation requested) and reimbursement of expenses incurred by CBIZ during the Compensation Period in the amount of $0.00 (100% of the expenses incurred) is permitted at this time.

10. For the Bankruptcy Court's review, a summary containing the names of each CBIZ professional and paraprofessional rendering services to the Committee during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit A-1 and Exhibit A-2.

11. In addition, <u>Exhibit A-3</u> contains the detail for time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

12. <u>Exhibit B</u> contains a breakdown of expenses incurred and disbursed by CBIZ during the Compensation Period. CBIZ has incurred out-of-pocket expenses during the Compensation Period in the amount of $0.00.

### III. ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

13. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." <u>See</u> 11 U.S.C. § 330(a)(1)(A). The professionals requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

14. In determining the amount of reasonable compensation to be awarded, the Bankruptcy Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. <u>See</u> 11 U.S.C. § 330(A)-(E).

15. With respect to the time and labor expended by CBIZ in this case, as set forth in

7

Exhibit A, during the Compensation Period, CBIZ rendered professional services in the aggregate amount of $34,392.00. CBIZ believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of, the Committee and the time expended, organized by project task categories, as follows:

### A. BUSINESS ANALYSIS – DIP OPERATIONS

During the Compensation Period, CBIZ reviewed and analyzed the Debtors' proposed revised forecasts, and continued roll-forward of the net cash flow budget. CBIZ reviewed and analyzed the Debtors' weekly and cumulative actual results versus the original and revised budgets. CBIZ reviewed and reported back on certain issues raised by the Committee and Counsel, inclusive of but not limited to the Debtors' recently filed motions, discrepancies and issues identified in the various DIP budgets, professional fees (incurred and paid), projected DIP facility balances at various points in time, and various versions of projections to compare to proposed plan. CBIZ prepared weekly financial updates for the Committee on the status of potential new contracts, net cash flow results, financial covenants, and responses to specific analyses requested by Committee. CBIZ also continued to update a summary of estate professionals' fees and expenses at the request of the Committee. CBIZ seeks compensation for 33.3 hours of reasonable and necessary expenses incurred for Business Analysis - DIP Operations during the Compensation Period in the total amount of $10,646.50.

### B. TELECONFERENCES/MEETINGS - DEBTOR/COUNSEL

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Debtors' Management, Debtors' Financial Advisors, and

Counsel. Issues discussed included various DIP projections / budgets, actual versus budget operational results, cash flow statements, status of information requests, plan term sheet and agreement, and status of various litigations, including the forfeiture cases, among other matters. CBIZ seeks compensation for 9.6 hours of reasonable and necessary expenses incurred for Teleconferences/Meetings - Debtor/Counsel during the Compensation Period in the total amount of $5,167.50.

### C. TELECONFERENCES/MEETINGS - UCC/COUNSEL

During the Compensation Period, CBIZ prepared for and attended meetings and teleconferences with the Committee and Counsel. Issues discussed included status of information requests from the Debtors, DIP term sheets, various versions of the proposed plan of reorganization, distribution issues, various DIP projections / budgets, DIP operations, actual versus budget results, recovery trust and tax-related issues, and status of various litigations among other matters. CBIZ seeks compensation for 13.5 hours of reasonable and necessary expenses incurred for Teleconferences/Meetings - UCC/Counsel during the Compensation Period in the total amount of $6,646.50.

### D. PLAN AND DISCLOSURE STATEMENT

During the Compensation Period, CBIZ prepared analyzed the revised term sheet to the Plan of Reorganization. CBIZ reviewed and compared revised versions of Debtor projections and the overall impact on the Plan of Reorganization and liquidation analysis, including detailed review and analysis of the revised versions of the liquidation analysis. CBIZ prepared updated sources and uses analyses per the revised Plan and Disclosure Statement. CBIZ reviewed and commented on potential claims against the Debtor (i.e. DOJ) for purposes of including them in the Plan and Disclosure Statement. CBIZ reviewed and analyzed terms being negotiated to the Plan and Disclosure Statement

9

specifically areas related to the capital raise, classes, sources and uses, the inter-debtor settlement and recovery trust. CBIZ seeks compensation for 12.5 hours of reasonable and necessary expenses incurred for Plan and Disclosure Statement during the Compensation Period in the total amount of $6,845.00.

### E. LITIGATION SUPPORT – ANALYSIS

During the Compensation Period, CBIZ reviewed, analyzed and prepared follow-up summaries of the various ongoing litigations, including those related to the Department of Justice and Toyobo forfeiture cases against David H. Brooks. CBIZ participated in discussions with Counsel and the Department of Justice related to settlements of the False Claims litigation. CBIZ discussed the findings and summaries of the various litigations with Counsel as well as procedures and work plan for additional analyses to perform related to current litigation issues. CBIZ reviewed third-party legal documents related to the various ongoing litigations with the Debtor and David H. Brooks. CBIZ seeks compensation for 2.7 hours of reasonable and necessary expenses incurred for Litigation Support – Analysis during the Compensation Period in the total amount of $898.50.

### F. FEE APPLICATION

During the Compensation Period, CBIZ prepared project category descriptions and assignments in preparation of the ninth interim fee application through January 31, 2011. CBIZ also prepared the third quarterly fee application thru December 31, 2010. CBIZ verified and reconciled allowed fees and expenses to filed fee applications and payments received. CBIZ seeks compensation for 12.4 hours of reasonable and necessary expenses incurred for Fee Application during the Compensation Period in the total amount of $4,188.00.

16. CBIZ charged and now requests those fees that are customary and charged by most financial advisors in this marketplace for similar Chapter 11 cases. Billing rates set forth in CBIZ's Summary of Professionals and Paraprofessionals Rendering Services from February 1, 2011 through February 28, 2011 represent customary rates routinely billed to the firm's many clients. (See Exhibit A). Moreover, CBIZ stated in the Application of the Official Committee of Unsecured Creditors to Employ CBIZ, *Nunc Pro Tunc*, as of April 28, 2010, as Financial Advisors to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1103(a) and 331(a) and Fed.R.Bankr.P. 2014 (D.I. 184) ("Retention Application") and the accompanying Declarations in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. CBIZ's standard hourly rates for work of this nature are set at a level designed to fairly compensate CBIZ for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses.

17. In addition, as set forth in its Retention Application, the Committee believed that the retention of CBIZ, as its financial advisors would be cost-effective and efficient.

18. Further, the Committee sought to retain CBIZ as its financial advisors due to its extensive experience and knowledge in the field of creditors' rights, and because of its expertise, experience and knowledge practicing before the Bankruptcy Court in matters that were likely to arise in this case before this court. The Committee also believed that the retention of CBIZ was necessary for the Committee to properly and adequately discharge its fiduciary duties to creditors in these cases, and that CBIZ would provide distinct benefits to the Committee and enhance the administration of the bankruptcy case.

19. This Application covers the period from February 1, 2011 through February 28,

2011. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for prepared the instant application subsequent to the Compensation Period. Accordingly, CBIZ reserves the right to make further applications to the Bankruptcy Court for allowance of fees and expenses not included herein.

20. CBIZ believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.LR.2016-2, the Administrative Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

WHEREFORE, CBIZ respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $34,392.00 and reimbursement of expenses in the amount of $0.00 for the period from February 1, 2011 through February 28, 2011 and payment according to the procedures set forth in the Administrative Compensation Order.

Dated: March 10, 2011
New York, New York

Respectfully submitted,

CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK LLC AND CBIZ, INC.

By: _____
Charles M. Berk
1065 Avenue of the Americas
New York, NY 10018
Telephone: (212) 790-5883
Facsimile: (212) 790-5909
E-mail: cberk@cbiz.com

GERRI GARELICK
Notary Public, State of New York
No. 01GA6061930
Qualified in Kings County
Commission Expires July 23, 2013