**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-61166-CIV-SEITZ/SIMONTON

POINT BLANK SOLUTIONS, INC.,
a Delaware corporation, and POINT
BLANK BODY ARMOR, INC., a
Delaware corporation,

      Plaintiffs,

vs.

TOYOBO AMERICA, INC., a New
York corporation and TOYOBO CO.,
LTD., a Japanese corporation,

      Defendants.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Plaintiffs (as such term is hereinafter defined) and the Defendants (as such term are hereinafter defined), as of July 8, 2011.

## RECITALS

**WHEREAS**, on or about July 31, 2009, Plaintiffs filed this lawsuit in the United States District Court for the Southern District of Florida.

**WHEREAS**, the Parties enter into this Settlement Agreement in order to avoid further expense, inconvenience, and distraction of litigation, and the uncertainties related thereto, and to put to rest all claims among them as more fully detailed herein.

**WHEREAS**, the Parties further agree and acknowledge that this Settlement Agreement is not an admission of any liability by the Defendants, and that this Settlement Agreement shall not be deemed an admission of any liability among the Parties hereto.

**WHEREAS,** Defendants deny and continue to deny each and every cause of action asserted by the Plaintiffs and continue to deny any wrongdoing or legal liability to Plaintiffs, but recognize and acknowledge the expense, burden, inconvenience, and distraction associated with continued litigation through completion of trial and all appeals.

**WHEREAS,** this Agreement is intended by the Parties to fully, finally, and forever resolve, mutually discharge, and settle Plaintiffs' claims against Defendants, and the Parties agree to be bound by the terms of this Agreement, subject to the occurrence of the Settlement Effective Date.

**WHEREAS,** Plaintiffs are debtors in that certain bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware, Case Number 10-11255, and the Bankruptcy Court must approve this settlement for it to be final and enforceable;

**NOW, THEREFORE,** in light of the consideration set forth herein, the adequacy and sufficiency of which is hereby acknowledged, **IT IS HEREBY AGREED**, by the Parties and their undersigned counsel as follows:

## I. DEFINITIONS

The following definitions shall govern the terms used throughout this Agreement:

**"Action"** shall mean the lawsuit filed by Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. against Toyobo America, Inc. and Toyobo Co., Ltd., in the United States District Court for the Southern District of Florida, CV. No. 09-61166-CIV.

**"Approval Order"** shall mean an order, in form and substance reasonably satisfactory to counsel to the Plaintiffs and counsel to Defendants, that approves this Agreement, authorizes the Plaintiffs to take all actions reasonably necessary to carry out the terms of the Agreement, and approves the dismissal of this Action with prejudice.

**"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the District of Delaware.

**"Closing Date"** shall mean a business day selected by the Parties, which shall be within five (5) business days after the entry of the Approval Order; *provided, however,* if the Parties are unable to agree upon a day, the Closing Date shall be the fifth (5th) business day after entry of the Approval Order.

**"Defendants"** shall mean Toyobo America, Inc. and Toyobo Co., Ltd. collectively.

**"Final Order"** shall mean an order as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing in form and substance reasonably satisfactory to counsel to the Plaintiffs and counsel to the Defendants or, in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order shall have been affirmed by the highest court to which such order was appealed, or certiorari has been denied or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired.

**"Parties"** shall mean the Plaintiffs and Defendants.

**"Plaintiffs"** shall mean Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. collectively.

**"Releases"** shall mean collectively the releases to be delivered in accordance with paragraph II.C. hereof.

"Settlement," "Settlement Agreement," "Agreement," or "Agreement of Settlement" shall be used interchangeably and shall mean this Agreement of Settlement, including but not limited to all exhibits and all conditions, releases, and consideration and other terms set forth herein.

"Settlement Payment" shall mean SIX MILLION AND 00/100 UNITED STATES DOLLARS ($6,000,000.00 USD).

## II. TERMS AND CONDITIONS

**A.** Subject to the approval of the Bankruptcy Court, this Agreement is entered into between (i) the Plaintiffs and (ii) the Defendants, together with their respective counsel.

**B. Consideration**. The consideration for this Agreement includes, but is not limited to, the following: the Settlement Payment, the exchange of the Releases, and the dismissal with prejudice of the Action.

**C. Releases**. The Plaintiffs shall execute a release in the form attached hereto as Exhibit "A", which Release shall be held in escrow by Plaintiffs' counsel. The Defendants shall execute a release in the form attached hereto as Exhibit "B" which Release shall be held in escrow by Defendants' counsel.

**D. Closing.**

1. On the Closing Date, the Settlement Payment shall be delivered to Plaintiffs' counsel in accordance with wire transfer instructions to be provided by Plaintiffs' Counsel. Plaintiffs' counsel shall hold the Settlement Payment in Escrow until the Approval Order is a Final Order.

2. Upon receipt of the Settlement Payment, Plaintiffs' Counsel shall deliver Plaintiffs' Release to the Defendants' Counsel. Defendants' Counsel shall hold Plaintiffs' release in escrow until the Approval Order is a Final Order.

4

3. Upon Final Order, the following shall occur: (i)Defendants' counsel will deliver the Defendants' Releases of the Plaintiffs to the Plaintiffs' Counsel; (ii) any outstanding discovery motions, including requests for fees or costs, shall be deemed withdrawn, and (iii) within five (5) business days, Plaintiffs will take all necessary steps to dismiss the Action with prejudice.

E. **Bankruptcy Court Approval Of The Agreement**. No later than Friday, July 8, 2011, the Plaintiffs will file a motion pursuant to Bankruptcy Rule 9019 in the Bankruptcy Case requesting entry of the Approval Order. Nothing herein shall be binding on any of the parties hereto until the occurrence of the Closing Date and Final Order. Notwithstanding any other provision of this Agreement, this Agreement shall be deemed null and void and of no further effect, if (i) the Bankruptcy Court does not enter the Approval Order, (ii) the Approval Order does not become a Final Order, or (iii) the Settlement Payment is not timely made. In the event there is a timely appeal of the Approval Order unresolved by August 15, 2011, the Parties shall jointly petition the trial court to continue the stay of the trial pending the resolution of any appeal. In the event that the Approval Order does not become a Final Order approving this Agreement, then within seven business days, Plaintiffs' counsel shall cause the Settlement Payment to Plaintiffs' Counsel be returned to counsel for the Defendants. Defendants' Counsel shall return Plaintiffs' Release to Plaintiffs' Counsel. In the event the trial court does not continue the stay in the event of an appeal of the Approval Order, or a Final Order is not entered, then this settlement is null and void and this matter will proceed to trial.

F. **Reasonable Best Efforts To Effectuate This Agreement**. The Parties and their counsel agree to use their reasonable best efforts, including all steps and efforts contemplated

by this Agreement and any other steps and efforts that may be necessary or appropriate, by order of this Court or otherwise, to carry out the terms and conditions of this Agreement. The Parties agree that they shall not in any way impede, request or otherwise encourage any third party or parties to impede or otherwise object to, approval of this Agreement by the Bankruptcy Court and shall not request or otherwise encourage any third party or parties to appeal the Approval Order when entered.

  **G. No Admission Of Fault Or Liability.** The Parties agree that this Agreement and any and all negotiations, documents, and discussions associated with it, are without admission of fault or liability and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or any liability or wrongdoing, or of the truth of any claims or allegations in the Action. Evidence of the Agreement, including any attachments or exhibits thereto, shall not be discoverable or used directly or indirectly by any entity (including, without limitation, the Plaintiffs, the Defendants, or any of their respective agents) in any way, whether in this Action, the Bankruptcy Case, or any other action or proceeding, except in connection with the Plaintiffs' motion for approval, or an action by any of the Parties for enforcement of this Agreement and all proceedings incident thereto. The Parties and their Counsel agree, affirm and warrant that any pleadings, testimony, affidavits, or any other filings or presentations, oral or written, filed or presented in the Bankruptcy Court related to Settlement, directly or indirectly, are privileged as related to settlement discussions and not subject to use as evidence in this case or any other litigation involving Zylon.

**H. Fees, Costs And Expenses.** Each of the Parties shall bear its own attorneys' fees, costs, and expenses incurred in connection with the Action, prosecuting or defending the Action, entering into this Agreement, and Bankruptcy Court approval of this Agreement.

### III. MISCELLANEOUS

A. **Consent to Continuing Jurisdiction.** The Parties hereby submit to the exclusive Jurisdiction of the District Court for the Southern District of Florida for the specific purpose of any suit, action, proceeding or dispute arising out of, or relating to, this Agreement as well as for the issues addressed in paragraph B immediately below.

B. **Resolution of Disputes.** Any disputes between or among the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation or agreement, be submitted to the Court defined in the next preceding paragraph. The Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement to the fullest extent that the Court has subject matter jurisdiction over the dispute.

C. **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of the successors and assigns of the Parties hereto. Other than as provided in the Releases, no other person or entity shall be deemed a third party beneficiary of any of the agreements provided herein, and nothing herein shall prejudice any of the Parties in any other action, claim, or proceeding.

D. **Authorization To Enter Into Agreement.** Each of the undersigned representatives of the Parties represents that he/she is fully authorized to enter into and to execute this Agreement, subject to Bankruptcy Court approval.

E. **None Of The Parties Is The Drafter**. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter.

F. **Governing Law**. Except to the extent governed by bankruptcy law, this Agreement shall be construed in accordance with the substantive laws of the State of Florida, without regard to its choice of law or conflict of law principles, regardless of the domicile of any of the Parties, and will be deemed for such purposes to have been made, executed, and performed in the State of Florida.

G. **Amendment Or Waiver**. This Agreement shall not be modified in any respect except by a writing executed by all of the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any of the Parties of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior to, subsequent to, or contemporaneous with, this Agreement.

H. **Execution of Counterparts**. This Agreement may be executed in counterparts. Facsimile or .PDF (or other like electronic file type) signatures shall be considered as valid signatures as of the date thereof.

I. **Headings Have No Legal Effect**. The headings herein are used for the purpose of convenience only and are not meant to have any legal effect.

J. **Integrated Agreement**. This Agreement, including the exhibits hereto, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties hereto, and no representations,

warranties, or inducements have been made to any Parties concerning the Agreement or its exhibits, other than the representations, warranties, and covenants expressly memorialized herein. Furthermore, this Agreement supersedes and replaces any prior negotiations, agreements, or understandings, whether oral or written, among the Parties or their agents relating to the subject matter herein.

K.  **Construction**. This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Agreement, for a complete resolution of the claims released pursuant to the Releases.

L.  **Invalidity Or Partial Invalidity**. If any of the provisions of this Agreement, including, but not limited to the Releases, are determined by the Bankruptcy Court to be invalid, then the entirety of this Agreement shall be deemed null and void and of no effect.

M.  **Notices**. All demands, notices, requests, or other communications required or permitted hereby shall be in writing and shall be deemed to have been given on the first business day on which any such demands, notices, requests, or other communications are (i) hand delivered, (ii) delivered at the applicable addresses noted below by express mail or delivery service guaranteeing overnight delivery, (iii) received by e-mail at the e-mail addresses provided below, or (iv) when a facsimile confirmation receipt is received by the sender, if sent via facsimile, to the applicable fax numbers provided below:

If to Defendants:

Konrad L. Cailteux. Esq.
Arvin Maskin, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Fax: (212) 310-8007
konrad.cailteux@weil.com
Arvin.maskin@weil.com

If to the Plaintiffs:

W. Pitts Carr, Esq.
David Cohen, Esq.
Carr & Palmer, LLP
North Parkway Square
4200 Northside Parkway
Atlanta, GA 30327
Fax: (404) 442-9700
pcarr@carrpalmer.com
dcohen@carrpalmer.com

**EXECUTED AND DELIVERED** on or about July 8, 2011. but to be made effective on the Closing subject to the terms and conditions hereof.

Dated: July 8, 2011

COUNSEL FOR DEFENDANTS
Arvin Maskin
Konrad L. Cailteux
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8000

and

Michael J. Lyle
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Phone: (202)682-7000

By: *Konrad L. Cailteux*
Print Name: *Konrad L. Cailteux*

Toyobo Co., Ltd.
By: _____

Print Name: _____

Position: _____

Toyobo America, Inc.
By: _____

Print Name: _____

Position: _____

COUNSEL FOR PLAINTIFFS
W. Pitts Carr
David Cohen
Carr & Palmer, LLP
North Parkway Square
4200 Northside Parkway
Atlanta, GA 30327

By: *[signature]*

Print Name: *W. Pitts Carr*
Point Blank Solutions, Inc.

By: *[signature]*

Print Name: *JAMES R HENDERSON*

Point Blank Body Armor, Inc.

By: *[signature]*

Print Name: *JAMES R HENDERSON*

Position: *CEO*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-61166-Civ-SEITZ/SIMONTON

POINT BLANK SOLUTIONS, INC.,
a Delaware corporation, and POINT
BLANK BODY ARMOR, INC., a
Delaware corporation,

                Plaintiffs,

vs.

TOYOBO AMERICA, INC., a New
York corporation and TOYOBO CO.,
LTD., a Japanese corporation,

                Defendants.
_____/

## RELEASE BY THE PLAINTIFFS

The Plaintiffs do hereby enter into the following Release under the following terms and conditions:

### Definitions

**"Action"** shall mean the lawsuit filed by Point Blank Solution, Inc. and Point Blank Body Armor, Inc. against Toyobo America, Inc. and Toyobo Co., Ltd. in the United States District Court for the Southern District of Florida, CV No. 09-61166-Civ.

**"Defendants"** shall mean Toyobo Co., Ltd. and Toyobo America, Inc., and any of their respective present, former, and future directors, partners, managing directors, officers, employees, agents, servants, consultants, attorneys, representatives, accountants, bankers, insurers, administrators, parent entities, subsidiaries, divisions, joint ventures, proprietorships,

affiliates, predecessors, successors, and assigns and all other persons or entities acting on any of the Defendants' behalf or at the direction or control of any of the Defendants.

**"Plaintiffs"** shall mean Point Blank Solutions, Inc. and Point Blank Body Armor, Inc., and any of their respective present, former, and future directors, partners, managing directors, officers, employees, agents, servants, consultants, attorneys, representatives, accountants, bankers, insurers, administrators, parent entities, subsidiaries, divisions, joint ventures, proprietorships, affiliates, predecessors, successors, and assigns, and all other persons or entities acting on their behalf or at their direction or control.

## Release

      **a.** The Plaintiffs release the Defendants from all claims. counterclaims, cross-claims, causes of action, demands, damages, costs, expenses, attorneys' fees, liabilities, indemnities, and obligations of any nature whatsoever, whether direct or indirect, known or unknown, foreseen or unforeseen, which he has now had or hereafter can, shall, or may have from the beginning of time through and including July 8, 2011, including, but not limited to, claims related to Zylon; claims that any of the Defendants breached warranties, representations, or promises regarding the properties or performance of Zylon; claims that Zylon is not merchantable or fit for its intended use; claims that any of the Defendants silently, innocently, negligently, or intentionally misrepresented or failed to disclose information regarding the properties or performance of Zylon; claims that any of the Defendants breached the terms of any express or implied agreements with Plaintiffs; claims that any of the Defendants' development, testing, manufacture or quality control procedures were negligent or otherwise inadequate; claims that any of the Defendants wrongly disparaged Point Blank or its product designs; claims that Defendants breached any obligation they may have to Plaintiffs under the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, et. seq.) and the Florida False and

Misleading Advertising Statute (Fla. Stat. § 817.41); and claims that any of the Defendants owe duties of contribution or indemnity to Plaintiffs. To be clear, this Release is intended to be construed broadly and to encompass not only causes of action that Plaintiffs asserted against Defendants in this Action, but also any other allegations that Plaintiffs could have brought against any of the Defendants.

  **b.** Without in any way limiting the scope of this Release, this Release covers, without limitation, any and all claims for attorneys' fees, expenses, costs, or disbursements by the Plaintiffs or their counsel, or any other counsel representing Plaintiffs against the Defendants.

  **c.** It is the intention of the Plaintiffs in executing this Release to fully, finally, and forever settle and release all matters and claims relating thereto, which exist, hereafter may exist, or might have existed pertaining to the claims released herein.

  **d.** The Plaintiffs hereby recognize and acknowledge the adequacy of the good and sufficient consideration provided by or on behalf of the Defendants in exchange for this Release.

  **IN WITNESS WHEREOF**, the undersigned agrees to the terms of the Release described herein as of the 8th day of July, 2011.

Point Blank Solutions, Inc.

By: _____

Print Name: _____

Point Blank Body Armor, Inc.

By: _____

Print Name: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-61166-Civ-SEITZ/SIMONTON

POINT BLANK SOLUTIONS, INC.,
a Delaware corporation, and POINT
BLANK BODY ARMOR, INC., a
Delaware corporation,

                Plaintiffs,

vs.

TOYOBO AMERICA, INC., a New
York corporation and TOYOBO CO.,
LTD., a Japanese corporation,

                Defendants.
_____/

## RELEASE BY THE DEFENDANTS

Each of the Defendants does hereby enter into the following Release under the following terms and conditions:

### Definitions

"**Action**" shall mean the lawsuit filed by Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. against Toyobo America, Inc. and Toyobo Co., Ltd. in the United States District Court for the Southern District of Florida, CV No. 09-61166-Civ.

"**Defendants**" shall mean Toyobo Co., Ltd. and Toyobo America, Inc., and any of their respective present, former, and future directors, partners, managing directors, officers, employees, agents, servants, consultants, attorneys, representatives, accountants, bankers, insurers, administrators, parent entities, subsidiaries, divisions, joint ventures, proprietorships, affiliates, predecessors, successors, and assigns and all other persons or entities acting on any of the Defendants' behalf or at the direction or control of any of the Defendants.

Exhibit B

"**Plaintiffs**" shall mean Point Blank Solutions, Inc. and Point Blank Body Armor, Inc., and any of their respective present, former, and future directors, partners, managing directors, officers, employees, agents, servants, consultants, attorneys, representatives, accountants, bankers, insurers, administrators, parent entities, subsidiaries, divisions, joint ventures, proprietorships, affiliates, predecessors, successors, and assigns, and all other persons or entities acting on their behalf or at their direction or control.

**<u>Release</u>**

a. The Defendants release each of the Plaintiffs from all claims, including any and all claims for attorneys' fees, liabilities, indemnities and obligations of any nature whatsoever, whether direct or indirect, known or unknown, foreseen or unforeseen, which it or he has now, had or hereafter can, shall, or may have from the beginning of time through and including July 8, 2011, including, but not limited to, claims related to Zylon; and claims that Plaintiffs owe duties of contribution or indemnity to Defendants.

Without in any way limiting the scope of this Release, this Release covers, without limitation, any and all claims for attorneys' fees, expenses, costs or disbursements by Defendants against the Plaintiffs.

It is the intention of each of the Defendants in executing this Release to fully, finally, and forever settle and release all matters, and claims relating thereto, which exist, hereafter may exist, or might have existed pertaining to the claims released herein.

Each of the Defendants hereby recognizes and acknowledges the adequacy of the good and sufficient consideration provided by or on behalf of the Plaintiffs in exchange for this Release.

**IN WITNESS WHEREOF,** the undersigned agree to the terms of the Release described herein as of the 8th day of July, 2011.

TOYOBO CO., LTD.

By: _____

Print name: _____

Position: _____

TOYOBO AMERICA, INC.

By: _____

Print name: _____

Position: _____