IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re: : Chapter 11
 :
POINT BLANK SOLUTIONS, INC., *et al.*[1] : Case No. 10-11255 (PJW)
 :
 Debtors. : Jointly Administered
 : **Re: Dkt. No. 1540**
---------------------------------------------------------- x

## STATEMENT AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE DEBTORS' MOTION FOR APPROVAL OF A SETTLEMENT AGREEMENT WITH TOYOBO AMERICA, INC. AND TOYOBO CO., LTD

The Official Committee of Unsecured Creditors (the "Creditors Committee") of the above captioned debtors and debtors in possession (the "Debtors"), by and through its counsel, Arent Fox LLP and The Rosner Law Group, LLC, hereby files this statement (the "Statement") regarding the *Debtors' Motion for Approval of a Settlement Agreement with Toyobo America, Inc. and Toyobo Co., Ltd.* [ECF No. 1540] (the "Motion")[2] and respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. ("PBSI") (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

1

**STATEMENT**

1. The Creditors Committee neither supports nor opposes the Settlement Agreement, but files this Statement to express its concerns regarding the fees allegedly due to Carr & Palmer, LLP and Berger Singerman, P.A. (the "Debtors' Special Counsel") related to the litigation with Toyobo.

2. Notwithstanding the potential benefits that may flow from the relief requested in the Motion, the Debtors should not be authorized to pay or deduct from the settlement the fees of the Debtors' Special Counsel. Rather, the settlement should provide for the transfer of the entire gross payment in the amount of $6 million to the Debtors.

3. In the Motion, the Debtors contend that the Bankruptcy Estates will receive $4,750,000 in Net Proceeds after payment of the Contingency Fee and improperly seek approval of the Settlement Agreement "without the need of further order by this Court."

4. However, pursuant to *Order Approving the Employment of Carr & Palmer, LLP and Berger Singerman, P.A. As Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [ECF No. 109] (the "Retention Order"), the Debtors' Special Counsel "shall apply for compensation and reimbursement of costs" and such applications are subject to approval of the Court under the standard of review set forth in sections 328(a) and 330 of the Bankruptcy Code, as well as applicable Bankruptcy Rules, the Local Rules and procedures of the Bankruptcy Court. Thus, the Contingency Fee shall not be paid to the Debtors' Special Counsel without further order of the Court.

5. Second, the Creditors Committee respectfully disagrees with the calculation of the Contingency Fee allegedly due to the Debtors' Special Counsel. The Debtors calculate the

2

NYC/598232.1

Contingency Fee due to the Debtors' Special Counsel to be $1,250,000.[3] However, pursuant to the Engagement Letter, attached as Exhibit A to the *Debtors' Application for Approval of Employment of Carr & Palmer, LLP and Berger Singerman, P.A. as Special Litigation Counsel to Debtors, Nunc Pro Tunc to the Petition Date* [ECF No. 6] (the "Retention Application"), the amount of the Debtors' Special Counsel's Contingency Fee is limited to $1,200,000 (20% of any recovery up to $10 million). Therefore, it appears the amount of the Contingency Fee is overstated by at least $50,000.

## CREDITORS COMMITTEE'S PROPOSED RESOLUTION

6. Accordingly, the Creditors Committee respectfully proposes that the Court direct the Debtors' Special Counsel to transfer the entire gross payment in the amount of $6 million to the Debtors. Any payment of fees to the Debtors' Special Counsel shall be subject to final fee applications for compensation and reimbursement of costs and the requisite approval by the Court, pursuant to the Retention Order.

## RESERVATION OF RIGHTS

7. The Creditors Committee reserves its rights to further address the matters subject to this proceeding and any other ancillary issues and to respond to any response or objection of any party, either by further submissions to this Court, at oral argument or by testimony to be presented at any hearing. Before such hearing, the Creditors Committee intends to continue working with the Debtors and other parties in interest in attempt to resolve consensually the issues and concerns raised in this proceeding.

8. In addition, the Creditors Committee reserves its rights with respect to any applications for compensation and reimbursement of costs submitted by Debtors' Special

---

[3] The Creditors Committee does not waive any rights concerning the amount or entitlement to the fees asserted

3
NYC/598232.1

Counsel, and nothing contained herein shall be deemed a waiver of any such rights, claims, defenses, or arguments the Creditors Committee may have with respect to such applications, including, without limitation, arguments under section 328(a) that the terms and conditions of employment of the Debtors' Special Counsel now prove to be "improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a).

---

by the Debtors' Special Counsel.

NYC/598232.1

## **CONCLUSION**

WHEREFORE, the Creditors Committee respectfully requests that the Court (I) address the issues and concerns raised in the Statement, (II) direct the entire gross payment of $6 million to be transferred to the Debtors, and (III) grant such relief as is just and proper under the circumstances of these bankruptcy cases.

Dated: Wilmington, Delaware
July 21, 2011

                             Counsel for the Official Committee of
                                Unsecured Creditors for Point Blank
                             Solutions, Inc., *et al.*

By: /s/ Scott J. Leonhardt
     Frederick B. Rosner (DE #3995)
     Scott J. Leonhardt (DE #4885)
     THE ROSNER LAW GROUP, LLC
     824 Market Street, Suite 810
     Wilmington, DE 19801
     Tel: (302) 777-1111
     Leonhardt@teamrosner.com

            - and-

    Robert M. Hirsh
    ARENT FOX LLP
    1675 Broadway
    New York, NY 10019
    (212) 484-3900 (Tel.)
    (212) 484-3990 (Fax)

NYC/598232.1