IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POINT BLANK SOLUTIONS INC., et al.[1] | ) | Case No. 10-11255 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Related To Docket Nos. 6, 109, 1540 and 1580 |

Objection Deadline: August 24, 2011 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: August 31, 2011 at 2:00 p.m. (prevailing Eastern time)

## CARR & PALMER, LLP AND BERGER SINGERMAN, P.A. APPLICATION FOR FINAL APPROVAL OF COMPENSATION WITH RESPECT TO THE SETTLEMENT AGREEMENT WITH TOYOBO AMERICA, INC. AND TOYOBO CO., LTD.

| Names of Applicants: | Carr & Palmer, LLP and Berger Singerman, P.A. |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and debtors in possession |
| Date of Retention: | *Nunc Pro Tunc* to April 14, 2010, by order entered on May 12, 2010 |
| Period for which Compensation and Reimbursement is Sought: | April 14, 2010 – July 27, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,225,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 502,251.29[2] |

This application requests final approval of fees and expenses pursuant to and solely with respect to the Applicants' approved contingent fee structure relating to the Order Approving Settlement Agreement with Toyobo America, Inc. and Toyobo Co., Ltd [Docket No 1580] (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] As detailed herein, a total of ten applications for reimbursement of expenses were filed. As of the date of this Application, the first seven totaling $331,777.20 have been paid pursuant to the Compensation Procedures Order. On July 20, 2011, a Certificate of No Objection was filed for the Eighth Application. Applications for June, 2011 and July, 2011 were filed on July 27, 2011 and July 29, 2011, respectively.

"Settlement Order"). As set out more fully below, Carr & Palmer, LLP has been separately retained as special litigation counsel to the Debtors pursuant to the Order Approving Debtors' Supplemental Application For the Employment of Carr & Palmer, LLP as Special Litigation Counsel To The Debtors [Docket No. 1196] to litigate certain Department of Justice claims asserted against the Debtors (the "DOJ Claims"). Carr & Palmer, LLP will file a separate fee application with respect to those fees and expenses and no fees or expenses with respect to work performed for the Debtors with respect to the DOJ Claims is included in this Application.

## Introduction

1. Pursuant to sections 328(a), 330 and 331of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), the Administrative Order Establishing Procedures for Interim Compensation Pursuant to Section 331 of the Bankruptcy Code [Docket No. 114] (the Compensation Procedures Order"), the Retention Application (defined below), the Retention Order (defined below), and the Settlement Order, Carr & Palmer, LLP and Berger Singerman, P.A. (the "Applicants"), as special litigation counsel to the debtors and debtors in possession ("Debtors"), hereby submit this application (the "Application") for final approval and payment of fees and expenses relating to the Toyobo Litigation (defined below).

2. By this Application, the Applicants seek final approval and payment of compensation in the amount of $1,225,000 and final approval of actual and necessary expenses in the amount of $502,251.29. In support of this Application, the Applicants respectfully represent as follows:

## Background

3. On April 14, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of their properties and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Committee of Unsecured Creditors ("Committee") was appointed on or about April 23, 2010. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

3

DOCS_DE:172021.2 00001-001

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On April 14, 2010, the Debtors filed the *Application For Approval of Employment of Carr & Palmer, LLP and Berger Singerman, P.A. as Special Litigation Counsel to the Debtors, Nunc Pro Tunc To The Petition Date* [Docket No. 6] (the "Retention Application") in connection with the continued representation of Debtors' and their claims for damages against Toyobo Co., Ltd. and Toyobo America, Inc. for the marketing and sale of a defective product commonly known as Zylon, which claims are the subject of that certain cause of action before the Honorable Patricia Seitz in the United States District Court for the Southern District of Florida under the name and style, *Point Blank Solutions, Inc. and Point Blank Body Armor, Inc. v. Toyobo America, Inc. and Toyobo Co., Ltd.*, Case No. 09-61 166-CIV. (the "Toyobo Litigation").

6. On May 12, 2010 this Court entered an *Order Approving the Employment of Carr & Palmer, LLP and Berger Singerman, P.A. As Special Litigation Counsel to the Debtors, Nunc Pro Tunc to the Petition Date.* [Docket No. 109] (the "Retention Order"). Paragraph 3 of the Retention Order provides that:

> Compensation for services rendered by Carr & Palmer, LLP and Berger Singerman, P.A. <u>on the terms and conditions set forth in the Engagement Letter is Approved</u> pursuant to 11 U.S.C. § 328(a).

Additionally, paragraph 6 of the Retention Order provides:

> Fees of Carr & Palmer, LLP and Berger Singerman, P.A. shall not be subject to challenge except under the standard of review set forth in section 328(a) of the Bankruptcy Code.

Paragraph 8 of the Retention Application provides that:

> [T]he amount of the attorneys' fees to be paid to Car & Palmer will depend on the total amount of any recovery. The fee will be calculated by using a

4

percentage calculation against the amount recovered as a result of any settlement or judgment. The fees to be paid to Car & Palmer will be twenty percent (20%) of any recovery up to $10 million, <u>plus an additional twenty-five thousand dollars.</u>[3]

7. All services for which the Applicants request compensation herein were performed for or on behalf of the Debtors.

8. The Applicants have received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between the Applicants and any other person other than among their counsel team in the Toyobo Litigation per the terms of the Engagement Letter, for the sharing of compensation to be received for services rendered in these cases.

## Actual and Necessary Expenses[4]

9. The Applicants have filed ten expense applications (the "Expense Applications") to date which requested only reimbursement for actual and necessary expenses during the pendency of the Toyobo Litigation. A summary of those actual and necessary expenses is attached hereto as part of <u>Exhibit A</u>. Copies of the Expense Applications are attached hereto as <u>Exhibit B</u>. The total amount sought pursuant to the Expense Applications was

---

[3] Page 11 of the Engagement Letter attached to the Retention Motion modified the engagement on May 15, 2009 by increasing the contingent fee amount to be paid from the Toyobo Litigation recovery by $50,000 for work litigating and eventually resolving a related Zylon matter filed against the Debtors. Paragraph 8 of the Retention Motion contained a typo understating that amount from $50,000 to $25,000. The Retention Order approved the $25,000 modification. Thus, in compliance with the Court's Order, and in a showing of reasonableness, Applicants do not seek payment of the additional $50,000, merely the additional $25,000 approved by the Court.

[4] Pursuant to the Retention Order and as noted above, Applicants' compensation is reviewable solely under § 328(a). Applicants' request for final approval of reasonable and necessary expenses, however, is reviewable pursuant to § 330.

$502,251.29.[5] As indicated above in footnote 2, the first seven applications totaling $331,777.20 has already been paid pursuant to the Compensation Procedures Order.

10. To the best of the Applicants' knowledge, this Application complies with sections 328(a), 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Compensation Procedures Order, the Retention Order and the Settlement Order.

## Summary of Services Rendered

11. Applicants have performed legal services in connection with its representation of the Debtors as special litigation counsel with respect to the Toyobo Litigation as set forth in the Retention Order.

12. On or about July 5, 2011, the date trial was to commence in the Toyobo Litigation, a proposed settlement (the "Settlement") was reached. Up to that time the parties had been engaged in litigation for two years and trial was scheduled to take five weeks. By Order that same day, Judge Seitz required Debtors and Toyobo America, Inc., and Toyobo Co., Ltd (collectively, "Toyobo") to file the necessary documents for approval of the Settlement before this Court by July 8, 2011. Judge Seitz's July 5, 2011 Order further provides, "If the Bankruptcy Court does not approve the settlement, this case is set for trial on the August 15, 2011 trial calendar."

13. On July 8, 2011, the Debtors filed the Motion For Approval of Settlement Agreement with Toyobo America, Inc. and Toyobo Co., Ltd. [Docket No. 1540] (the "Settlement Motion"). On July 27, 2011, the Court entered the Settlement Order.

---

[5] The applications for May, 2011, June, 2011 and July, 2011 have been filed, but have not yet been paid pursuant to the Compensation Procedures Order.

14. Applicants investigated and prosecuted the Toyobo Litigation for more than two and a half years and were required to engage in a long, hard-fought case wherein Toyobo employed an aggressive cover-up, vigorously denied all allegations, refused to produce documents, destroyed documents (which became the subject of a court order) and otherwise continually attempted to obscure the truth and prevent the case from reaching trial.

15. If not for the time, expense and unrelenting efforts of Applicants, the significant direct Settlement benefits recovered would almost certainly not have been recovered. In fact, prior to Applicants' retention, the Debtors were unsuccessful in their repeated efforts over more than two years to recover any amount from Toyobo.

16. As set forth in detail in the Settlement Motion and the Settlement Agreement attached thereto, the Settlement, among other things: (i) provides for the gross payment of $6 million ("Settlement Recovery"); (ii) globally resolves Point Blank's prepetition claims against Toyobo; and (iii) includes mutual releases between Point Blank and Toyobo.

17. The Settlement Motion also provides additional detailed background information about the Toyobo Litigation, including the risks and benefits thereof. In an effort to be concise and avoid repetition, those sections are not repeated herein.

18. Litigating Zylon issues is not an easy path, nor is any recovery assured. In fact, a recent bankruptcy court opinion involving a debtor litigating against Toyobo, explains in detail the risks and benefits of that Zylon matter. In Judge Gregg's July 5, 2011 fifty-seven page opinion Order Granting Trustee's Motion to Approve Settlement of Adversary Proceeding in *In Re Second Chance Body Armor, Inc.* Case No. GT-04-12515, 2011 Bankr. LEXIS 2630 (Bankr.

7

W.D. Mich. 2011) the bankruptcy court explained in extreme detail the challenges that the debtor's faced in the litigation and ultimately approved the settlement over an objection. There, the bankruptcy court oversaw numerous years of litigation and 65 days of bench trial involving another body armor manufacturer's claims against Toyobo involving Zylon. That case settled prior to the close of the trustee's case (and after the trustee incurred several million dollars in expenses over the years of litigation and trial), for a cash payment of $5,000,000 and withdrawal of Toyobo's proof of claim.

19. Pursuant to the Retention Application and Retention Order, Applicants are due 20% of the $6,000,000 Settlement Recovery and an additional $25,000 for a total fee of $1,225,000.

20. Applicants additionally request that this Court approve all interim monthly applications for reimbursement of actual and necessary expenses in the amount of $502,251.29, of which $170,474.09 remains to be paid as of the time of this Application.

21. Pursuant to 11 U.S.C §328(a) a bankruptcy court may approve "the employment of a professional... on any reasonable terms and conditions... including... on a contingent fee basis." 11 U.S.C. §328(a). However once the "Bankruptcy Court has fixed [the] terms and conditions of employment for an application to employ that was approved, the Court may allow compensation on different terms or conditions only if the court's initial approval proves to have been improvident in light of developments not capable of being anticipated at the time of approval." *Comm. of Equity Sec. Holders of Federal-Mogul Corp. v. Official Comm. Unsecured Creditors (In re Fed. Mogul-Global Inc)*, 348 F.3d 390, (3d Cir. 2003); *Lazard Freres & Co. LLC v. NorthWestern Corp. (In re NorthWestern Corp.)*, 344 B.R. 40, 43 (D. Del.

2006)(finding that the bankruptcy court abused its discretion in applying a reasonableness standard under 11 U.S.C. 330 instead of the 328(a) standard ).

22. There is nothing in the record before the Court that indicates that the fee sought by Applicants is now improvident because of some unforeseen development. Certainly a settlement was a development which could have been foreseen at the time of the application. *See* Scott A. Moss, *Illuminating Secrecy: A New Economic Analysis of Confidential Settlements*, 105 MICH. L. REV. 867, 877 n.46 (2007) (describing parties' incentives to settle cases and referring to "data from the federal courts" reporting that "ninety-eight percent of all civil cases and ninety-five percent of criminal cases settle through agreement of the parties or are withdrawn from the court without a final court decision").

## Notice

23. Notice of this Application has been provided to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Official Committee of Equity Holders; (iv) counsel to the DIP Lenders; (v) counsel to Toyobo; and (vi) parties who have requested notice pursuant to Bankruptcy Rule 2002. Pursuant to Del. Bankr. LR 2002-1(e), and in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No prior request for the particular relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto: (a) granting the Application; (b) approving the requested fees and expenses on a final basis and authorizing the payment of the fee and the remaining unpaid expenses from the Settlement Recovery; (c) for such other and further relief as is just and proper.

Dated: August 2, 2011

**CARR & PALMER, LLP**

/s/ David M. Cohen
W. Pitts Carr (GA Bar No. 112100)
David M. Cohen (GA Bar No. 173503)
10 North Parkway Square
4200 Northside Parkway, NW
Atlanta, Georgia 30327
Telephone: (404) 442-9000
Facsimile: (404) 442-9700

-and-

**BERGER SINGERMAN, P.A.**
Jordi Guso (Fla. Bar No. 863580)
Isaac Marcushamer (Fla. Bar No. 60373)
200 South Biscayne Blvd., Suite 1000
Miami, Fl. 33131
Telephone: 305 714 4343
Facsimile: 305 714 4340

Special Litigation Counsel to Debtors in Possession