IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  :
                                                        :    Chapter 11
POINT BLANK SOLUTIONS, INC., *et al.*[1]                :
                                                        :    Case No. 10-11255 (PJW)
                                              Debtors.  :
                                                        :    Jointly Administered
------------------------------------------------------- X

**LIMITED OBJECTION AND REQUEST FOR ADJOURNMENT OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CARR AND
PALMER, LLP AND BERGER SINGERMAN, P.A. APPLICATION FOR FINAL
APPROVAL OF COMPENSATION WITH RESPECT TO THE SETTLEMENT
AGREEMENTWITH TOYOBO AMERICA, INC. AND TOYOBO CO., LTD**

The Official Committee of Unsecured Creditors (the "Creditors Committee") of Point Blank Solutions, Inc., *et al.* (the "Debtors"), by and through its co-counsel, Arent Fox LLP and The Rosner Law Group LLC, hereby file this objection (the "Limited Objection") to *Carr and Palmer, LLP and Berger Singerman, P.A. Application for Final Approval of Compensation with Respect to the Settlement Agreement with Toyobo America, Inc. and Toyobo Co. Ltd.* (the "Special Counsel Fee Application") [Docket No. 1592]. In support hereof, the Creditors' Committee states as follows:

**LIMITED OBJECTION**

The Creditors' Committee does not question the competency, quality of work or professionalism of able counsel to the Debtors nor does it call into question the billing practices of Carr & Palmer, LLP or Berger Singerman, P.A. (together, "Special Counsel"). However, consideration of the Special Counsel Fee Application is premature until the Court has all of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc., (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37557; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

NYC/606830.1

information necessary to assess whether fees should be allowed. The Special Counsel Fee Application should be held in abeyance until the Court considers the final fee applications of all of the attorneys employed in connection with the Toyobo Litigation. In connection with this, the Creditors' Committee has several issues and concerns.

*First*, there is an apparent disconnect between the terms of the engagement of Special Counsel approved by the Court on May 12, 2010 and what is now being sought by way of compensation under the Special Counsel Fee Application. At the heart of this disconnect is the fact that the Debtors and Special Counsel utilized Venable LLP ("Venable"), at an hourly rate, to perform services that exceeded the scope of Venable's engagement and materially overlapped with the services to be provided under the contingency arrangement of Special Counsel.

Although Venable had been retained by the Debtors to perform legal services in connection with government contracting, the Security Exchange Commission investigations and the Department of Justice investigations, its retention in connection with the Toyobo Litigation was expressly limited to "providing counsel with access to the facts contained in hundreds of thousands of pages of documents produced during the course of the DOJ investigation that support the Debtors' causes of action in the Toyobo Litigation."

Nevertheless, Venable drafted dispositive motions, conducted research, drafted trial motions and prepared to participate in the trial. All of these services are of the type reasonably anticipated to be performed by lead trial counsel – Carr and Palmer. Moreover, the services performed by Venable seem to exceed the mere fact gathering function mentioned in its retention application and thus, are outside the scope of its retention. This is important because Carr and Palmer's engagement letter explains that it will pay such other counsel from its contingency fee.[2]

---

[2] Special Counsel's retention application explains that "in the event Carr & Palmer determines that the assistance of other counsel (collectively, the '[o]ther [c]ounsel') is reasonably necessary in the Toyobo Litigation, it may arrange

It now appears that parties are attempting to sidestep the terms of the Carr and Palmer engagement by separately paying the fees of Venable. The Debtors, Special Counsel and Venable never sought to amend the respective retention orders to authorize Venable's expanded services.[3]

As a result, the total fees and costs incurred in the Toyobo Litigation far exceeded those contemplated under the retention of Special Counsel approved by the Court. Special Counsel's proposed contingency fees and costs combined with Venable's hourly fees, and costs total approximately $2,297,401.30[4] or 38.29% of the final settlement amount of $6 million.

*Second*, there is insufficient disclosure concerning the sharing of the proposed contingency fee. Section 504 of the Bankruptcy Code and Rule 2016 establish certain substantive and procedural safeguards to address fee sharing arrangements. Aside from Venable, there was another law firm involved in the Toyobo Litigation – Jaffee Raitt, Heuer & Weiss ("Jaffee Raitt"). The Creditors Committee has no information describing Jaffee Raitt's role, nor does it know how Carr & Palmer, Berger Singerman and Jaffee Raitt intend to share the compensation.

---

for the retention and compensation of such [o]ther [c]ounsel without further authorization from the Bankruptcy Court. Pursuant to the terms of the [e]ngagement [l]etter, any [o]ther [c]ounsel with which Carr & Palmer associates to represent the Debtors in connection with the Toyobo Litigation shall provide representation on a contingent fee basis and be compensated as determined between Carr & Palmer and such [o]ther [c]ounsel solely from Carr & Palmer's recovery…."

[3] Venable filed a supplemental disclosure pursuant to Bankruptcy Rule 2014 and 2016 on May 17, 2010, five days after the Court approved retention of Special Counsel, to explain that it would seek compensation on an hourly basis for its services in connection with the Toyobo Litigation. The supplemental disclosure did not however, expand the scope of Venable's retention in connection with the Toyobo Litigation.

[4] Special Counsel seeks $1,225,000 for its proposed contingency fee and $502,251.29 for reimbursement of costs and expenses. Based on the Creditors' Committee review of Venable's invoices from January 2011 through June 2011, Venable invoiced approximately $518,058 in hourly fees for services performed in connection with the Toyobo Litigation. This amount represents approximately 52% of Venable's total invoices to the Debtors during that time. Applying the 52% rate to expenses, Venable incurred approximately $52,092 in expenses, although this amount is likely higher given the substantive nature of the services performed. Based on the foregoing, the total fees, expenses and costs incurred in prosecuting the Toyobo Litigation is approximately $2,297,401.30. The Creditors' Committee however reserves its rights with respect to its estimates and calculation and nothing contained herein shall be deemed a waiver of any such rights, claims or defenses.

*Third*, the Special Counsel Fee Application fails to comply with Local Rule 2016-2 which requires a professional employed under §§ 327, 328, or 1103 requesting approval for compensation and/or reimbursement of expenses to include specific information in its fee application such as (i) complete and detailed activity descriptions; (ii) allotment of time for each activity description; and (iii) a description of the type of each activity, among others. The Special Counsel Fee Application includes no descriptions of the activities or the time spent on the Toyobo Litigation. Further, Special Counsel and Debtors' counsel have not requested a waiver of any of the requirements of Local Rule 2016-2 and no cause exists to do so.

*Fourth*, the $502,251.29 in expenses sought under the Special Counsel Application is substantial and the descriptions do not provide sufficient detail to ascertain the reasonableness of the expenses. For example, the eighth application seeking reimbursement for costs and expenses during the month of May 1, 2011 through May 31, 2011, shows a disbursement of $19,531.30 described as "witness (including expert) trial preparation, travel expenses and advances for trial, etc." Yet the application does not further provide for how the $19,531.30 was allocated and if this amount covered one witness or multiple witnesses.

*Finally*, it appears that the retention under §328 was improvident because at the time the retention application was approved, parties could not have anticipated that Venable would take such a central role in litigating this case.

**PROPOSED SOLUTION**

The Creditors Committee requests that prior to payment of the fees requested, that either (i) the issues and concerns outlined in this Limited Objection are addressed; (ii) the Special Counsel Fee Application be adjourned for a period of several months until the Court considers all fee applications in connection with the Toyobo Litigation; or (iii) the Court

authorizes payment of the entire amount of the proposed contingency fee on an interim basis and subject to disgorgement following consideration of all of the fees incurred in connection with the Toyobo Litigation.

WHEREFORE, the Committee respectfully requests that the Court grant the relief requested in this Limited Objection and grant further relief as is just and proper.

Dated: Wilmington, Delaware
August 24, 2011

        Counsel for the Official Committee of Unsecured Creditors for Point Blank Solutions, Inc., *et al.*

By: /s/ Scott J. Leonhardt
Frederick B. Rosner (DE #3995)
Scott J. Leonhardt (DE #4885)
THE ROSNER LAW GROUP, LLC
824 Market Street, Suite 810
Wilmington, DE 19801
Tel: (302) 777-1111
Leonhardt@teamrosner.com

- and-

Robert M. Hirsh
George P. Angelich
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900 (Tel.)
(212) 484-3990 (Fax)

NYC/606830.1