IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POINT BLANK SOLUTIONS, INC., et al.,[1] | ) Case No. 10-11255 (PJW) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related Docket No. 1789 |

ORDER GRANTING MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105 & 363 AND BANKRUPTCY RULE 9019 FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES AND POINT BLANK SOLUTIONS, INC., POINT BLANK BODY ARMOR, INC., AND PROTECTIVE APPAREL CORPORATION OF AMERICA

Upon consideration of the *Debtors' Motion Pursuant to Bankruptcy Code Sections 105 & 363 and Bankruptcy Rule 9019 for Order Approving Settlement Agreement Between the United States and Point Blank Solutions, Inc., Point Blank Body Armor, Inc., and Protection Apparel Corporation of America* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"), and the *Settlement Agreement* substantially in the form appended to the Motion as Exhibit A (the "Settlement Agreement") entered into by the United States of America, acting through the United States Department of Justice (the "United States"), and Point Blank Solutions, Inc. ("PBSI"), Point Blank Body Armor, Inc. ("PBBA"), and Protective Apparel Corporation of America ("PACA" and together with PBSI and PBBA, the "Point Blank Parties" and together with the United States, the "Parties"); it appearing that such relief is in the best interests of the Debtors, their estates, their creditors and other parties in

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor, Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS, LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:245969.7 70934-001

-2-

interest; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the Motion having been given under the circumstances; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Settlement Agreement is hereby APPROVED; and it is further

ORDERED that the Debtors are authorized to take such steps as may be reasonably necessary to implement the terms of the Settlement Agreement; and it is further

ORDERED that, on the Effective Date of the Settlement Agreement, the claims agent for this case is hereby authorized and directed to amend the claims register for this case to reflect, as applicable, the terms of the Settlement Agreement with respect to claims provided for therein, including without limitation that the proofs of claim numbers 514, 515 and 516 are hereby disallowed and expunged; and it is further

- 3 -

ORDERED that the Court shall retain jurisdiction (i) to issue any order necessary or appropriate for the interpretation, implementation or enforcement of the Settlement Agreement, and (ii) over any disputes related to the Settlement Agreement.

Dated: Oct 28, 2011

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge