IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SS Body Armor I, Inc., et al.,[1] | ) | Case No. 10-11255 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related Docket Nos. 3300, 3367, 3368, 3370 & 3371** |

## ORDER WITH RESPECT TO APPLICATION OF D. DAVID COHEN AND CARTER LEDYARD MILLBURN LLP FOR FEES AND EXPENSES

The Court having considered the *Application of D. David Cohen and Carter Ledyard Millburn LLP for Fees and Expenses, and Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* (the "Application")[2],[3] [Docket No. 3300]; the *Debtor's Objection to Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses, and Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel [D.I. 3300]* [Docket No. 3367] and *Supplemental Appendix in Support of Debtor's Objection to Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses, and Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* [Docket No. 3368]; the *Joinder of the Creditors' Committee to Debtor's Objection to Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses and Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: SS Body Armor I, Inc. (9361); SS Body Armor II, Inc. (4044); SS Body Armor III, Inc. (9051); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., et al., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.
[3] The award of Derivative Counsel Fees is addressed in a separate Order.

DOCS_DE:203149.5 70934/001

[Docket No. 3370]; the *Joinder of The Official Committee of Equity Security Holders of Point Blank Solutions, Inc. to Debtors' Objection to Application and Administrative Claim Statement of D. David Cohen for Payment of Attorneys' Fees and Expenses Pursuant to 11 U.S.C. § 503(B) for Substantial Contribution to The Debtors' Bankruptcy Estate (Proof of Claim No. 568)* [Docket No. 3386]; and the *Reply of D. David Cohen and Carter Ledyard and Milburn LLP to Debtor's Objection to Application for Fees and Expenses* [Docket No. 3425]; and the Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and, the Court having conducted a hearing on the Application on November 10, 2015 (the "Hearing") and considered the evidence submitted at Hearing and the statements and arguments made by counsel and Cohen at the Hearing, and, after due deliberation and for the reasons stated on the record at the Hearing, having found that D. David Cohen ("Cohen") and Carter Ledyard Milburn LLP ("CLM") are entitled to a fee for their efforts in preserving a claim against David Brooks under Section 304 of the Sarbanes Oxley Act, 15 U.S.C. § 7234 (the "SOX 304 Claim"), to be paid only from funds which the Debtors or their successors-in-interest receive on account of the SOX 304 Claim; it is hereby

ORDERED that the Application is GRANTED IN PART AND DENIED IN PART as stated herein, and it is further

ORDERED that Cohen and CLM are awarded a fee for their efforts in preserving the SOX 304 Claim, in an amount to be determined by this Court, with such award to be paid solely from funds received by the Debtors or their successors-in-interest on account of the SOX 304

Claim, if any. For avoidance of doubt, if the Debtors do not receive any funds on account of the SOX 304 Claim, no fee shall be payable; and it is further

ORDERED that within seven (7) days of receipt by the Debtors or their successors-in-interest of any funds on account of the SOX 304 claim, the Debtors or their successors-in-interest shall notify Cohen and CLM in writing of such receipt of funds; and it is further

ORDERED that this Court will retain jurisdiction to consider and rule on the Application at such time as the Debtors or their successors-in-interest have received funds on account of the SOX 304 Claim, at which time the only matter for consideration will be the amount of the fee to be awarded to Cohen and CLM; and it is further

ORDERED that Cohen's and CLM's claims for substantial contribution under 11 U.S.C. § 503(b) are DENIED; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: December 3, 2015

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge