# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br>SS BODY ARMOR I, INC., *et al.*[1]<br>                    Debtors. | Chapter 11<br>Case No. 10-11255 (CSS)<br>(Jointly Administered)<br>**RE: D.I. 4013** |
| BRYAN K. RYNIKER, RECOVERY TRUSTEE OF THE RECOVERY TRUST FOR SS BODY ARMOR I, INC., *et al.*, F/K/A POINT BLANK SOLUTIONS, INC., *et al.*<br>                    Plaintiff,<br>    v.<br>JPS COMPOSITE, INC. (A/K/A JPS COMPOSITE MATERIALS CORP.),<br>                    Defendant. | Adv. Pro. Case No. 17-51820 (CSS)<br><br><br>**Re: Adv. D.I. 3** |

## OBJECTION OF JPS COMPOSITE, INC. (A/K/A JPS COMPOSITE MATERIALS CORP.) TO RECOVERY TRUSTEE'S MOTION FOR AN ORDER ENLARGING DEADLINE TO EFFECT SERVICE OF ORIGINAL PROCESS

JPS Composite, Inc. (a/k/a JPS Composite Materials Corp.), by and through its undersigned counsel, hereby files this objection ("Objection") to the *Motion of Recovery Trustee for an Order Enlarging Deadline to Effect Service of Original Process* (the "Motion") (D.I.

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: Point Blank Solutions, Inc. (9361), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Point Blank Body Armor Inc. (4044), 2102 S.W. 2nd Street, Pompano Beach, FL 33069; Protective Apparel Corporation of America (9051), 179 Mine Lane, Jacksboro, TN 37757; and PBSS LLC (8203), 2102 S.W. 2nd Street, Pompano Beach, FL 33069. The first three named Debtors recently changed their names to SS I Body Armor, Inc., SS II Body Armor, Inc., and SS III Body Armor, Inc., respectively. (All of these entities are collectively referred to herein as the "Debtors".)

4013; Adv. D.I. 3). In support of this Objection, JPS Composite, Inc. (a/k/a JPS Composite Materials Corp.) ("JPS") respectfully states as follows:

**JURISDICTION**

1. JPS does not consent to the entry of a final order by the Court in connection with the Motion or the underlying adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND**

2. On April 14, 2010, each of the Debtors commenced their respective bankruptcy cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The deadline for the Debtors to bring certain potential causes of action against JPS under Chapter 5 of the Bankruptcy Code was set to expire on April 14, 2012. However, because the Recovery Trustee was pursuing a recovery under the Restitution Order (as defined in the Motion) that would result in all estate claimants being paid in full, the Debtors and JPS (the "Parties") entered into a series of Stipulation and Tolling Agreements. But, on September 20, 2017, the Second Circuit set aside the Debtors' restitution award, necessitating the Recovery Trustee's initiation of the adversary proceeding.

4. The Parties entered into the last Stipulation and Tolling Agreement, the Ninth Stipulation and Tolling Agreement, on April 8, 2016 (the "Ninth Agreement," attached hereto as **Exhibit A**). Under the Ninth Agreement, the Debtors agreed not to initiate any causes of action against JPS pursuant to Chapter 5 of the Bankruptcy Code through and including September 14, 2017. In exchange, JPS agreed that any statutes of limitation applicable to any

causes of action that the Debtors may bring against JPS would be tolled, through and including October 14, 2017.

5. On October 16, 2017, Debtors' counsel contacted JPS's counsel and requested that the Parties enter into a further tolling agreement. However, counsel for JPS responded that the Tolling Period (as defined in the Ninth Agreement) had expired by its terms on Saturday, October 14, 2017, and that he could not agree to a further extension of the Tolling Period.

6. On October 16, 2017, Bryan K. Ryniker, Recovery Trustee of the Recovery Trust (the "Recovery Trustee") for the Debtors filed the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549, 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint") (Adv. D.I. 1).

7. On January 16, 2018, the Recovery Trustee filed the Motion, which seeks to enlarge the deadline to serve the Complaint through and including April 16, 2018. Paragraph 8 of the Motion states that "[t]o preserve their rights to pursue certain avoidance actions under Chapter 5 of the Bankruptcy Code, *and before the expiration of the applicable tolling agreements*, on October 16, 2017, the Recovery Trust filed the above-captioned preference actions." Adv. D.I. 3 at 4 (emphasis added).

8. JPS disagrees that the Recovery Trustee filed the Complaint "before the expiration of the applicable tolling agreements." *Id.*

## **OBJECTION**

9. Contrary to his assertion in the Motion, the Recovery Trustee failed to timely initiate the adversary proceeding against JPS because the Tolling Period under the Ninth

3

Agreement expired on Saturday, October 14, 2017, and the Complaint was not filed until Monday, October 16, 2017, two days late.

10. The Ninth Agreement unequivocally provides that the Tolling Period was extended through and including October 14, 2017. There is no provision in the Ninth Agreement that extends the Tolling Period's expiration date in the event that such date falls on a weekend or holiday. Simply put, under the plain language of the Ninth Agreement, the Recovery Trustee had until October 14, 2017 to file the Complaint against JPS.[2]

11. In *Hartford Acc. & Indem. Co. v. Scarlett Harbor Assocs. Ltd. P'ship*, 674 A.2d 106, 123 (Md. Ct. Spec. App. 1996), *aff'd*, 695 A.2d 153 (Md. 1997), the Maryland Court of Special Appeals considered factually-identical circumstances. There, the parties entered into a tolling agreement that "extended . . . the period in which [plaintiff] could file suit for breach of implied warranty."[3] *Id.* at 122. The Maryland Court held that, when the plaintiff filed its

---

[2] Moreover, pursuant to the Ninth Agreement, the Recovery Trustee could have brought this adversary proceeding against JPS any time after September 14, 2017. Thus, the Recovery Trustee had over one full month to sue JPS before the Tolling Period expired.

[3] Plaintiff argued that Maryland Rule 1-203(a) extended the period of time to file its complaint to the next business day. The court disagreed, stating

> The plain language of Rule 1-203(a) shows that it offers no aid to [plaintiff]. The rule only extends periods of time that are prescribed by the rules themselves, by rule or order of court, or by any applicable statute, when the last day of the period falls on a weekend or legal holiday. In this case, the January 15, 1993 deadline was not set by a rule, court order, or statute; it was a contractually established deadline. Moreover, Rule 1-203(a) conspicuously does not contain any provision for extending contractually established periods of time when the last day of a contractual period falls on a day when the courts are closed.

*Hartford Acc. & Indem. Co.*, 674 A.2d 106 at 122. Federal Rule of Bankruptcy Procedure 9006 operates in a similar fashion to Maryland Rule 1-203(a) and applies to computing time under the federal bankruptcy rules or "in any statute that does not specify a method of computing time." Fed. R. Bankr. P. 9006(a). When the period is stated in days, if the last day is a weekend day or legal holiday, then "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C).

complaint after the expiration of the parties' "*contractually* established deadline," such deadline did not extend to the next business day, and plaintiffs' claim was barred by the statute of limitations. *Id.* at 123; *cf. J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 354 (E.D.N.Y. 2009) (holding that when franchise agreement terminated on a legal holiday, the parties' contractually agreed termination date did not extend to the next business day).

12. Thus, the Court should deny the Recovery Trustee's Motion because the underlying Complaint is barred by the statute of limitations, rendering it fundamentally defective. Because the Complaint will ultimately be dismissed with prejudice as time barred, extending the time to serve the Complaint would be futile, and the Motion is moot.

## RESERVATION OF RIGHTS

13. JPS reserves all rights and defenses it may have in connection with the Complaint.

## CONCLUSION

14. For the reasons set forth herein, the Court should deny the Motion because the Recovery Trustee's Complaint is barred by the statute of limitations.

Dated: January 30, 2018
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jose F. Bibiloni*
Derek C. Abbott (No. 3367)
Daniel B. Butz (No. 4227)
Jose F. Bibiloni (No. 6261)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for JPS COMPOSITE, INC. (A/K/A JPS COMPOSITE MATERIALS CORP.)*