# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SS Body Armor, Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 10-11255 (CSS) <br><br> (Jointly Administered) |
| Brian K. Ryniker, Recovery Trustee of the Recovery Trust for SS Body Armor I, Inc., et al., f/k/a Point Blank Solutions, Inc., et al., <br><br> Plaintiff, <br> v. <br><br> JPS Composite, Inc., <br> E.I. DuPont De Nemours and Company, <br><br> Defendants. | **Objection Deadline: January 30, 2018 at 4:00 p.m.** <br> **Hearing Date: TBD** <br><br> **Related to Docket Nos. 4013, 4023** <br><br><br><br> Adv. Proc. No. 17-51820 (CSS) <br> Adv. Proc. No. 17-51821 (CSS) |

## JOINDER AND OBJECTION OF E. I. DU PONT DE NEMOURS AND COMPANY TO MOTION OF RECOVERY TRUSTEE FOR ORDER ENGLARDING DEADLINE TO EFFECT SERVICE OF ORIGINAL PROCESS

E. I. du Pont de Nemours and Company ("DuPont"), by and through its undersigned counsel, hereby joins (the "Joinder") in the *Objection of JPS Composite, Inc. (a/k/a JPS Composite Materials Corp.) to Recovery Trustee's Motion for an Order Enlarging Deadline to Effect Service of Original Process* [D.I. 4023] (the "Objection"), and in support thereof, states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers and their respective addresses, are: SS Body Armor I, Inc. (9361); SS Body Armor II, Inc. (4044); SS Body Armor III, Inc. (9051); and PBSS LLC (8203).

DMEAST #33170518 v1

1. On April 14, 2010, each of the Debtors commenced their respective bankruptcy cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The deadline for the Debtors to bring certain potential causes of action against DuPont under Chapter 5 of the Bankruptcy Code was set to expire on April 14, 2012.

3. However, because the Recovery Trustee was pursuing a recovery under the Restitution Order (as defined in the Motion) that would result in all estate claimants being paid in full, the Debtors and DuPont (the "Parties") entered into a series of Stipulation and Tolling Agreements. But, on September 20, 2017, the Second Circuit set aside the Debtors' restitution award, necessitating the Recovery Trustee's initiation of the adversary proceeding.

4. The Parties entered into the last Stipulation and Tolling Agreement, the Ninth Stipulation and Tolling Agreement, on April 12, 2016 (the "Ninth Agreement," attached hereto as Exhibit A). Under the Ninth Agreement, the Debtors agreed not to initiate any causes of action against DuPont pursuant to Chapter 5 of the Bankruptcy Code through and including October 14, 2017. In exchange, DuPont agreed that any statutes of limitation applicable to any causes of action that the Debtors may bring against DuPont would be tolled, through and including October 14, 2017.

5. On October 16, 2017, Debtors' counsel contacted DuPont's counsel and requested that the Parties enter into a further tolling agreement. However, counsel for DuPont responded that the Tolling Period (as defined in the Ninth Agreement) had expired by its terms on Saturday, October 14, 2017, and that she could not agree to a further extension of the Tolling Period.

6. On October 16, 2017, Bryan K. Ryniker, Recovery Trustee of the Recovery Trust (the "Recovery Trustee") for the Debtors filed the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549, 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint") (Adv. D.I. 1).

7. On January 16, 2018, the Recovery Trustee filed the Motion, which seeks to enlarge the deadline to serve the Complaint through and including April 16, 2018. Paragraph 8 of the Motion states that "[t]o preserve their rights to pursue certain avoidance actions under Chapter 5 of the Bankruptcy Code, and before the expiration of the applicable tolling agreements, on October 16, 2017, the Recovery Trust filed the above-captioned preference actions." D.I. 4013 at 4 (emphasis added).

8. DuPont disagrees that the Recovery Trustee filed the Complaint "before the expiration of the applicable tolling agreements." *Id.*

## **JOINDER**

9. DuPont hereby joins in the aforesaid Objection for all the reasons set forth therein, requests that the Court deny the Motion as barred by the statute of limitations, and prays for such other and further relief as the Court deems appropriate.

## Reservation of Rights

10. DuPont reserves all rights to raise other and further objections as may be appropriate at any hearing on the Motion, and expressly reserves all rights and defenses it may have in connection with the Complaint.

Dated: January 30, 2018
Wilmington, Delaware

                    */s/ Leslie C. Heilman*
                    Leslie C. Heilman (Bar No. 4716)
                    BALLARD SPAHR LLP
                    919 N. Market Street, 11th Floor
                    Wilmington, DE 19801
                    Telephone: (302) 252-4446
                    Facsimile: (302) 300-4065
                    E-mail: heilmanl@ballardspahr.com

                          -and-

                    Vincent J. Marriott, III
                    BALLARD SPAHR LLP
                    1735 Market Street, 51st Flr.
                    Philadelphia, PA 19103
                    Telephone: (215) 864-8236
                    Facsimile: (215) 864-9762
                    E-mail: marriott@ballardspahr.com

                    *Counsel for E. I. du Pont de Nemours and Company*