# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re

SS Body Armor I, Inc., *et al.*, *f/k/a* Point Blank Solutions, Inc., *et al.*[1]

Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 10-11255 (CSS)

Jointly Administered

**Hearing Date: May 14, 2018 @ 2:00 p.m. (ET)**
**Objection Deadline: April 13, 2018 @ 4:00 p.m. (ET)**

**RECOVERY TRUST'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1**

**("AMENDED CLAIMS," "LATE-FILED CLAIMS," "DUPLICATE CLAIMS," "INSUFFICIENT SUPPORTING DOCUMENTATION/BOOKS AND RECORDS CLAIMS," AND "SUPERSEDED SCHEDULED CLAIMS")**

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on each of <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u> and/or <u>E</u> to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their claim(s) and the relief being sought by the Recovery Trust.**

> **The relief sought herein is without prejudice to the Recovery Trust's rights to pursue further substantive or non-substantive objections against the Claims listed on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u> and/or <u>E</u> to the Proposed Order attached to this Objection.**

The Recovery Trust for SS Body Armor I, Inc., et al., f/k/a Point Blank Solutions, Inc., et al. (the "<u>Recovery Trust</u>"), through Brian K. Ryniker, as Recovery Trustee (the "<u>Recovery

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: SS Body Armor I, Inc. (9361) (f/k/a Point Blank Solutions, Inc.); SS Body Armor II, Inc. (4044) (f/k/a Point Blank Body Armor, Inc.); SS Body Armor III, Inc. (9051) (f/k/a Protective Apparel Corporation of America); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., et al., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

{00022729. }        AFDOCS/15884213.5

Trustee"), by and through its undersigned counsel, hereby submits this first omnibus objection (the "Objection") to each of the claims (the "Disputed Claims") identified on Exhibits A, B, C, D, and E attached to the proposed order (the "Proposed Order") attached hereto as Exhibit 2, on the basis that such claims (i) are claims that have been amended and superseded by subsequently filed claims by or on behalf of the same claimant in respect of the same liabilities, as so indicated on the face of the relevant claim (the "Amended Claims"); (ii) are claims that were filed after the applicable bar dates established in these chapter 11 cases (the "Late-Filed Claims"); (iii) are claims that are duplicate claims for the same debt, in the same amount, as already represented by another claim filed against the same Debtor by the same creditor (the "Duplicate Claims"); (iv) are claims filed with inadequate supporting documentation (the "Insufficient Supporting Documentation/Books and Records Claims"); and/or are scheduled claims which have been superseded by a filed claim (the "Superseded Scheduled Claims"). This Objection is made pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

By this Objection, the Recovery Trust requests the entry of an order disallowing the Disputed Claims as indicated in further detail below. Attached hereto as Exhibit 1, is the Recovery Trustee's declaration in support of the Objection. In further support of this Objection, the Recovery Trustee, on behalf of the Recovery Trust, respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code Sections 502(b) and 558, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE CLAIMS PROCESS

4. On April 14, 2010, Point Blank Solutions Inc. *n/k/a* SS Body Armor I, Point Blank Body Armor, Inc. *n/k/a* SS Body Armor II, Protective Apparel Corporation of America *n/k/a* SS Body Armor III, and PBSS (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner was or has been appointed in any of the Debtors' chapter 11 cases.

5. On May 14, 2010, the Debtors filed their respective schedules of assets and liabilities and statements of financial affairs [Docket Nos. 150-157] (the "Schedules"). On October 12, 2010, the Debtors filed amendments to their Schedules [Docket Nos. 668-70].

6. On June 10, 2010, the Court entered an order (the "Bar Date Order") [Docket No. 237] (i) establishing August 13, 2010 (the "Bar Date") as the final date and time for all persons and entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code) holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim ("Proofs of Claim") in these chapter 11 cases; and (ii) establishing October 12, 2010 as the deadline for filing Proofs of Claim by Governmental Units.

7. Written notice of the Bar Date (the "Bar Date Notice") was mailed to, among others, all creditors and other known holders of claims as of the Petition Date, which holders include all persons or entities listed in the Schedules, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar

Date Order. In addition to mailing such actual notice, the Debtors also published the Bar Date Notice in USA Today on or about June 16, 2010 [Docket No. 276].

8. The Proofs of Claim filed in these are recorded on the official claims register (the "Claims Register") maintained by Epiq Systems, Inc., the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

9. On September 1, 2015, the Plan Proponents[2] filed the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* [Docket No. 3261] (the "Plan"). The Plan provides for liquidation and disposition of certain assets and is predicated on the Settlement Agreement, under which (1) the Debtors were provided with a $20 million, interest-free, non-recourse loan to fund certain claims, reserves, and Plan implementation, (2) various complex litigation matters pending in the Bankruptcy Court, the Delaware District Court, and the EDNY District Court were settled, and (3) certain parties were authorized to pursue recoveries in the Shared Recovery Matters. On November 10, 2015, an order (the "Confirmation Order"*)* was entered confirming the Plan and the Plan Supplement (including the Recovery Trust Agreement) dated October 2, 2015 (the "Plan Supplement"*).* The Plan became effective on November 23, 2015 (the "Effective Date"). Section 6.8 of the Plan provides for the substantive consolidation of the Debtors' cases for distribution purposes.

10. The Plan sets forth the "Post-Confirmation Debtor Functions" and the "Recovery Trust Functions" and requires the Post-Confirmation Debtor Representative and Recovery Trustee to "cooperate and coordinate their efforts to implement the Plan." *See* Plan § 7.5. The Recovery

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Trust Functions include, (i) the filing, prosecution, settlement and/or other disposition of any and all objections to proofs of claim; (ii) the filing, prosecution, settlement and/or other disposition of any and all Estate Claims; (iii) the distribution of the proceeds of the Recovery Trust Assets to the Recovery Trust beneficiaries pursuant to the Recovery Trust agreement; and (iv) the liquidation or other disposition of any other Recovery Trust Asset.

11. On November 29, 2017, the Post-Confirmation Debtor Representative and the Recovery Trustee jointly filed the *Joint Motion of the Post-Confirmation Debtor and Recovery Trust for an Order Extending the Deadline to Object to Administrative Claims and Disputed Claims and to Estimate Claims* [Docket No. 4006]. On December 18, 2017, the Bankruptcy Court entered an Order extending the applicable deadlines through and including May 31, 2018 [Docket No. 4010].

## RELIEF REQUESTED

12. By this Objection, the Recovery Trust requests entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing in full, reclassifying, and/or reducing (i) the Amended Claims identified on Exhibit A to the Proposed Order, each as a filed claim that has been amended and superseded by another claim subsequently filed against the Debtors by or on behalf of the same claimant in respect of the same liabilities; (ii) the Late-Filed Claims identified on Exhibit B to the Proposed Order, each as a filed claim that was filed after the applicable Bar Date; (iii) the Duplicate Claims identified on Exhibit C to the Proposed Order, each as a filed claim that represents a duplicate claim for the same debt, in the same amount, as already represented by another claim filed against the same Debtor by the same creditor; (iv) the Insufficient Supporting Documentation/Books and Records Claims identified on Exhibit D to the Proposed Order, each as

filed as a claim with inadequate supporting documentation; and (v) the Superseded Scheduled Claims identified on Exhibit E to the Proposed Order. This Objection complies in all respects with Local Rule 3007-1.

**BASIS FOR OBJECTION**

13. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

### A. Amended Claims

14. The Recovery Trust seeks the disallowance of the Amended Claims, which by their nature, have been superseded and remain on the Claims Register through the subsequently filed surviving claim. Accordingly, the Recovery Trust seeks to disallow in full the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation; and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimants in respect of the same liabilities.

15. The claims set forth under the column heading "Surviving Claims" on Exhibit A to the Proposed Order (the "Surviving Claims") are claims that were subsequently filed by or on behalf of the same claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated, reduced, or otherwise modified the liability originally identified in the Amended Claims. Thus,

the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving Claims.

16. The Surviving Claims will remain on the Claims Register as outstanding liabilities, subject to the Recovery Trust's right to object on any grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. *See, e.g.*, 11 U.S.C. § 502(a). The claimants will suffer no prejudice because the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors will be preserved, subject to the Recovery Trust's ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Recovery Trust's subsequent omnibus objections.

### B. Late-Filed Claims

17. The timeliness of claims asserted against the Debtors in these chapter 11 cases is determined with reference to the Bar Date fixed by the court, in accordance with Rule 3003(c)(3) of the Bankruptcy Rules. The Bar Date Notice, served upon all known creditors, in addition to being published, provided that "Entities must file each Proof of Claim Form so they are received on or before the applicable Bar Dates."

18. The Recovery Trustee, on behalf of the Recovery Trust, has reviewed the Late-Filed Claims and determined that they (i) do not arise from the rejection of an executory contract or unexpired lease; (ii) were not filed by an entity subject to the Governmental Bar Date (as defined in the Bar Date Order); (iii) were not granted a negotiated extension of the Claims Objection Deadline; (iv) were not an amendment to a timely-filed claim that may render such claims timely under the Bar Date Order; or (v) are not subject to any further exception that may render such claims timely under the Bar Date Order.

{00022729. }
AFDOCS/15884213.5

7

19. As a result of this analysis, the Recovery Trustee, on behalf of the Recovery Trust, identified certain Proofs of Claim for which there is no basis under the Bar Date Order to accept as timely. Each of the Late-Filed Claims listed in <u>Exhibit B</u> to the Proposed Order: (i) arose prior to the Petition Date; (ii) was filed by or on behalf of a creditor who was served with the Bar Date Notice, either directly or through their respective counsel; (iii) was subject to the requirement that Proofs of Claim be filed no later than the Bar Date (as well as in accordance with the other provisions of the Bar Date Order); and (iv) was nonetheless filed after the Bar Date, as indicated by the dates identified in the column labeled "Date Claim Filed" in <u>Exhibit B</u>. None of the creditors holding claims identified on <u>Exhibit B</u> have sought—much less obtained—relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late Proof of Claim. Accordingly, the Late-Filed Claims listed in <u>Exhibit B</u> are untimely under the Plan and should be disallowed in their entirety pursuant to section 502(b)(9) of the Bankruptcy Code.

20. The failure by the Recovery Trust to seek and obtain disallowance of the Late-Filed Claims could result in the filing of additional Late-Filed Claims, undermining the certainty that is intended to be afforded by the Bar Date Order and negatively affecting the Debtors' legitimate creditors whose claims were either listed on the Schedules or who complied with the Bar Date Order.

    C. **Duplicate Claims**

21. Upon review of the Proofs of Claim filed against the Debtors, the Recovery Trustee, on behalf of the Recovery Trust, identified certain claims that are exact duplicates of other claims filed by or on behalf of the same claimant in respect of the same liabilities. The Debtors' estates should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, the Recovery Trust seeks to disallow in full

{00022729. }
AFDOCS/15884213.5
8

each Duplicate Claims and thereby (i) prevent the claimant from obtaining a double recovery on account of any single obligation; and (ii) limit the claimant to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

22. The Surviving Claims identified on Exhibit C to the Proposed Order will remain on the Claims Register as outstanding liabilities, subject to the Recovery Trust's right to object on any grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by the claimant or disallowed by the Court. *See, e.g.*, 11 U.S.C. § 502(a). The claimant will suffer no prejudice because the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimant's rights to assert the liability against the Debtors' estates will be preserved, subject to the Recovery Trust's ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Recovery Trust's subsequent omnibus objections.

### D. Insufficient Supporting Documentation/Books and Records Claims

23. Upon review of the Proofs of Claim filed against the Debtors, the Recovery Trustee, on behalf of the Recovery Trust, identified on Exhibit D to the Proposed Order certain claims for which no supporting documentation was attached to the proof of claim, and for which the Debtors did not grant a waiver to such claimants to submit such claims without supporting documentation.

24. As noted in the Ryniker Declaration, the Recovery Trustee reviewed the Insufficient Supporting Documentation/Books and Records Claims and all supporting information and documentation provided therewith, and made reasonable efforts to research the Disputed Claims in the Debtors' financing arrangements, business affairs and books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors. Based on the Recovery Trustee's review, the Recovery Trustee believes that the documentation provided with the Insufficient Supporting Documentation/Books and

Records Claims, if any, does not provide *prima facie* evidence of the validity and the amount of the claims.

25. Absent receipt of additional information, the Recovery Trustee is unable to ascertain from the Debtors' Books and Records whether the asserted amounts are valid. Thus, the Insufficient Supporting Documentation/Books and Records Claims fail to support a finding that the Debtors are legally liable to the claimants.

### E. Superseded Scheduled Claims

26. Upon review of the Proofs of Claim filed against the Debtors, the Recovery Trustee, on behalf of the Recovery Trust, identified on Exhibit E to the Proposed Order certain scheduled claims which were scheduled against one or more of the Debtors which were subsequently superseded by a proof of claim filed by the scheduled entity, or a similar or related entity, against a different Debtor or only one Debtor, when such entity had scheduled claims against multiple Debtors.

27. Accordingly, the Recovery Trustee asserts that the originally filed schedule claim(s) should be expunged on the basis that such claim(s) are superseded by a subsequently filed proof of claim (the "Surviving Filed Claim"), as set forth on Exhibit E to the Proposed Order.

28. For these reasons, the Recovery Trust objects to the allowance of each of the Disputed Claims and requests that such Disputed Claims be disallowed in their entirety.

## RESERVATION OF RIGHTS

29. The Recovery Trust hereby reserves its right to object in the future to any of the Disputed Claims on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

30. Notwithstanding anything contained in this Objection or in <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and/or <u>E</u> attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Recovery Trust may have: (i) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (ii) to exercise its right of setoff against the holders of claims subject to this Objection.

## NOTICE

31. Notice of this Objection will be provided to: (i) the United States Trustee for the District of Delaware; (ii) the claimants listed on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u> and <u>E</u> to the Proposed Order, at the notice address listed on such claims, as well as the notice address for the scheduled claimants in connection with <u>Exhibit E</u>; and (iii) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Recovery Trust submits that no other or further notice is necessary.

## NO PRIOR REQUEST

32. The Recovery Trust has not previously sought the relief requested herein from this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Recovery Trust respectfully requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full the Amended Claims set forth on <u>Exhibit A</u>; (ii) disallowing in full each of the Late-Filed Claims set forth on <u>Exhibit B</u>; (iii) disallowing in full each of the Duplicate Claims set forth on <u>Exhibit C</u>; (iv) disallowing in full or reducing each of the Insufficient Supporting Documentation/Books and Records Claims set forth on <u>Exhibit D</u>; (v) disallowing in full the originally scheduled claims set forth on <u>Exhibit E</u>; (vi) authorizing the Claims Agent to remove the Amended Claims, the Late-Filed Claims, the Duplicate Claims, and the Insufficient Supporting Documentation/Books and

Records Claims from the Claims Register; and (vii) granting such other and further relief as the Court deems just and proper.

Dated: March 30, 2018
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
      leonhardt@teamrosner.com

-and-

**ARENT FOX LLP**

Robert M. Hirsh (admitted *pro hac vice*)
Beth Brownstein (admitted *pro hac vice*)
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: robert.hirsh@arentfox.com
      beth.brownstein@arentfox.com

*Counsel to the Recovery Trust*