# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re

SS Body Armor I, Inc., *et al.*, *f/k/a* Point Blank Solutions, Inc., *et al.*[1]

                              Debtors.

Chapter 11

Case No. 10-11255 (CSS)

Jointly Administered

**Hearing Date: May 14, 2018 @ 2:00 p.m. (ET)**
**Objection Deadline: April 13, 2018 @ 4:00 p.m. (ET)**

------------------------------------------------------------x

## RECOVERY TRUST'S SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

## ("RECLASSIFIED INTEREST CLAIMS" AND "RECLASSIFIED CLAIMS")

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Exhibit A or B to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their claim(s) and the relief being sought by the Recovery Trust.**

> **The relief sought herein is without prejudice to the Recovery Trust's rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A or B to the Proposed Order attached to this Objection.**

> **SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION THAT MAY BE FILED BY THE RECOVERY TRUST TO THE PROOFS OF CLAIM ON EXHIBIT A OR B TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: SS Body Armor I, Inc. (9361) (f/k/a Point Blank Solutions, Inc.); SS Body Armor II, Inc. (4044) (f/k/a Point Blank Body Armor, Inc.); SS Body Armor III, Inc. (9051) (f/k/a Protective Apparel Corporation of America); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., et al., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

The Recovery Trust for SS Body Armor I, Inc., et al., f/k/a Point Blank Solutions, Inc., et al. (the "Recovery Trust"), through Brian K. Ryniker, as Recovery Trustee (the "Recovery Trustee"), by and through its undersigned counsel, hereby submits this second omnibus objection (the "Objection") to each of the claims (the "Disputed Claims") identified on Exhibit A and B attached to the proposed order (the "Proposed Order") attached hereto as Exhibit 2, on the basis that such claims (i) are claims that were filed based on prepetition equity interests, but were incorrectly filed as administrative, priority, and/or general unsecured claims against the Debtors' estates (the "Reclassified Interest Claims"), as set forth on Exhibit A to the Proposed Order; or (ii) are claims which are incorrectly asserted with entitlement to priority and should be reclassified as a general unsecured claim, as no basis exists for such priority pursuant to section 507 of the Bankruptcy Code (as defined herein) (the "Reclassified Claims"). This Objection is made pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

By this Objection, the Recovery Trust requests the entry of an order reclassifying the Reclassified Interest Claims as equity interests and the Reclassified Claims as general unsecured claims as indicated in further detail below. Attached hereto as Exhibit 1, is the Recovery Trustee's declaration in support of the Objection. In further support of this Objection, the Recovery Trustee, on behalf of the Recovery Trust, respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code Sections 502(b) and 558, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

**FACTUAL BACKGROUND TO THE CLAIMS PROCESS**

4. On April 14, 2010, Point Blank Solutions Inc. *n/k/a* SS Body Armor I, Point Blank Body Armor, Inc. *n/k/a* SS Body Armor II, Protective Apparel Corporation of America *n/k/a* SS Body Armor III, and PBSS (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner was or has been appointed in any of the Debtors' chapter 11 cases.

5. On May 14, 2010, the Debtors filed their respective schedules of assets and liabilities and statements of financial affairs [Docket Nos. 150-157] (the "Schedules"). On October 12, 2010, the Debtors filed amendments to their Schedules [Docket Nos. 668-70].

6. On June 10, 2010, the Court entered an order (the "Bar Date Order") [Docket No. 237] (i) establishing August 13, 2010 (the "Bar Date") as the final date and time for all persons and entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code) holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim ("Proofs of Claim") in these chapter 11 cases; and (ii) establishing October 12, 2010 as the deadline for filing Proofs of Claim by Governmental Units.

7. Written notice of the Bar Date (the "Bar Date Notice") was mailed to, among others, all creditors and other known holders of claims as of the Petition Date, which holders include all persons or entitles listed in the Schedules, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar

Date Order. In addition to mailing such actual notice, the Debtors also published the Bar Date Notice in USA Today on or about June 16, 2010 [Docket No. 276].

8. The Proofs of Claim filed in these are recorded on the official claims register (the "Claims Register") maintained by Epiq Systems, Inc., the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

9. On September 1, 2015, the Plan Proponents[2] filed the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* [Docket No. 3261] (the "Plan"). The Plan provides for liquidation and disposition of certain assets and is predicated on the Settlement Agreement, under which (1) the Debtors were provided with a $20 million, interest-free, non-recourse loan to fund certain claims, reserves, and Plan implementation, (2) various complex litigation matters pending in the Bankruptcy Court, the Delaware District Court, and the EDNY District Court were settled, and (3) certain parties were authorized to pursue recoveries in the Shared Recovery Matters. On November 10, 2015, an order (the "Confirmation Order") was entered confirming the Plan and the Plan Supplement (including the Recovery Trust Agreement) dated October 2, 2015 (the "Plan Supplement"). The Plan became effective on November 23, 2015 (the "Effective Date"). Section 6.8 of the Plan provides for the substantive consolidation of the Debtors' cases for distribution purposes.

10. The Plan sets forth the "Post-Confirmation Debtor Functions" and the "Recovery Trust Functions" and requires the Post-Confirmation Debtor Representative and Recovery Trustee to "cooperate and coordinate their efforts to implement the Plan." *See* Plan § 7.5. The Recovery

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Trust Functions include, (i) the filing, prosecution, settlement and/or other disposition of any and all objections to proofs of claim; (ii) the filing, prosecution, settlement and/or other disposition of any and all Estate Claims; (iii) the distribution of the proceeds of the Recovery Trust Assets to the Recovery Trust beneficiaries pursuant to the Recovery Trust agreement; and (iv) the liquidation or other disposition of any other Recovery Trust Asset.

11. On November 29, 2017, the Post-Confirmation Debtor Representative and the Recovery Trustee jointly filed the *Joint Motion of the Post-Confirmation Debtor and Recovery Trust for an Order Extending the Deadline to Object to Administrative Claims and Disputed Claims and to Estimate Claims* [Docket No. 4006]. On December 18, 2017, the Bankruptcy Court entered an Order extending the applicable deadlines through and including May 31, 2018 [Docket No. 4010].

## RELIEF REQUESTED

12. By this Objection, the Recovery Trust requests entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, (i) reclassifying the Claims identified on Exhibit A to the Proposed Order, each filed as either a administrative, priority, or general unsecured Claim, which should properly be reclassified as a Claim within Class 6 (Old Common Stock Interests) of the Plan; and (ii) reclassifying the Claims identified on Exhibit B to the Proposed Order, each asserting entitlement to priority, as a general unsecured claims, either in whole or part. This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

13. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
>   (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

### A. Reclassified Interest Claims

14. Section 4.6 of the Plan ("Treatment of Allowed Class 6 Interests") provides:

(a) Classification: Class 6 consists of the Old Common Stock Interests in SS Body Armor I.

(b) Treatment: On the Effective Date, the Old Common Stock Interests shall be deemed cancelled, null and void, and of no force and effect. Each holder of an Allowed Old Common Stock Interest shall receive, in full satisfaction, settlement, and release of, and in exchange for, such Old Common Stock Interest, an allocated Class 6 Trust Interest, which shall entitle the holder its pro rata share of funds available to holders of Class 6 Trust Interests pursuant to the Recovery Trust Agreement. The pro rata share of funds of a particular holder of a Class 6 Trust Interest shall be determined by multiplying (a) the total net funds available for distribution to holders of allowed Class 6 interests under the Recovery Trust Agreement and (b) the ratio of (x) the number of shares of Old Common Stock Interests held by the holder as of the distribution record date to (y) the aggregate number of all shares of Old Common Stock Interests outstanding as of the distribution record date. In accordance with the Recovery Trust Agreement, each holder of a Class 6 Trust Interest shall receive distribution(s) in Cash from the Recovery Trust of said holder's pro rata share of any Net Distributable Recovery Trust Proceeds (if any) remaining after and subject to Class 3 Satisfaction and Class 4 Satisfaction. Class 6 Trust Interests shall be subordinated in right of payment to the Class 3 Trust Interests and Class 4 Trust Interests.

15. Pursuant to Section 1.1 of the Plan, "Old Common Stock Interests" means all of the authorized, issued and outstanding shares of the common stock of SS Body Armor I, Inc. (formerly known as Point Blank Solutions, Inc.) as of the Petition Date, which are not Subordinated Common Stock Interests.

16. The Reclassified Interest Claims are claims which are asserted on the basis of "Old Common Stock Interests," but were improperly filed as administrative, priority, and/or general unsecured claims.

17. The Recovery Trust seeks reclassification of the Reclassified Interest Claims as Class 6 "Old Common Stock Interests" and to disallow any asserted administrative, priority, and/or general unsecured portion of such Claims.

18. The surviving Reclassified Interest Claims will receive the treatment set forth under the terms of the Plan for Class 6 claims.

19. For these reasons, the Recovery Trust objects to the allowance of each of the Reclassified Interest Claims and requests that such Reclassified Interest Claims be reclassified in their entirety.

**B.     Reclassified Claims**

20. The Reclassified Claims are Claims which were incorrectly asserted, either in whole or in part, as entitled to priority under section 507 of the Bankruptcy Code, but which do not have a valid basis for such priority and in each instance such claim should be reclassified as a general unsecured claim.

21. The surviving Reclassified Claims will receive the treatment set forth under the Plan for general unsecured creditors.

22. For these reasons, the Recovery Trust objects to the allowance of each of the Reclassified Claims as a Claim entitled to priority and requests that such Reclassified Claims be reclassified as general unsecured claims in whole or in part, as set forth on Exhibit B to the Proposed Order.

## RESERVATION OF RIGHTS

23. The Recovery Trust hereby reserves its right to object in the future to any of the Disputed Claims listed on Exhibit A or B to the Proposed Order on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

24. Notwithstanding anything contained in this Objection or in Exhibit A or B attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Recovery Trust may have: (i) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (ii) to exercise its rights of setoff against the holders of claims subject to this Objection.

## NOTICE

25. Notice of this Objection will be provided to: (i) the United States Trustee for the District of Delaware; (ii) the claimants listed on Exhibit A and B to the Proposed Order, at the notice address listed on such claims; and (iii) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Recovery Trust submits that no other or further notice is necessary.

## NO PRIOR REQUEST

26. The Recovery Trust has not previously sought the relief requested herein from this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Recovery Trust respectfully requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) reclassifying the Reclassified Interest Claims set forth on Exhibit A to the Proposed Order; (ii) reclassifying the Reclassified Claims set

forth on Exhibit B to the Proposed Order; (iii) authorizing the Claims Agent to reclassify the Disputed on the Claims Register; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: March 30, 2018
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
        leonhardt@teamrosner.com

-and-

**ARENT FOX LLP**

Robert M. Hirsh (admitted *pro hac vice*)
Beth Brownstein (admitted *pro hac vice*)
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: robert.hirsh@arentfox.com
        beth.brownstein@arentfox.com

*Counsel to the Recovery Trust*

{00022725. }
AFDOCS/15922500.5

9