# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SS Body Armor I, Inc., *et al.*,[1] | Case No. 10-11255 (CSS) |
| Debtors. | (Jointly Administered) |
| Brian K. Ryniker, Recovery Trustee of the Recovery Trust for SS Body Armor I, Inc., et al., f/k/a Point Blank Solutions, Inc., et al., Plaintiff, v. JPS Composite, Inc. E.I. DuPont De Nemours and Company, Defendants. | Adv. Proc. No. 17-51820 (CSS) Adv. Proc. No. 17-51821 (CSS) Hearing Date: May 15, 2018 at 11:00 a.m. (ET) Objection Deadline: April 30, 2018 at 4:00 p.m. (ET) |

## SECOND MOTION OF RECOVERY TRUSTEE FOR AN ORDER ENLARGING DEADLINE TO EFFECT SERVICE OF ORIGINAL PROCESS

The Recovery Trustee (the "***Recovery Trustee***") of the Recovery Trust established under the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* [D.I. 3261] (the "***Plan***")[2] by and through its undersigned counsel, hereby submits this *Second Motion for an Order Enlarging Deadline to Effect Service of Original Process* (the "***Motion***") in each of the above-captioned adversary proceedings through

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: SS Body Armor I, Inc. (9361) (f/k/a Point Blank Solutions, Inc.); SS Body Armor II, Inc. (4044) (f/k/a Point Blank Body Armor, Inc.); SS Body Armor III, Inc. (9051) (f/k/a Protective Apparel Corporation of America); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., *et al.*, c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

[2] Capitalized terms not otherwise defined herein shall have the meanings scribed to them in the Plan.

July 16, 2018, pursuant to Rules 7004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"). In support thereof, the Recovery Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Recovery Trustee seeks to extend the Service Deadline (defined below) through and including July 16, 2018. Under Sections 6.4, 6.6 and 6.7 of the Plan and Article 2.1 of the Recovery Trust Agreement, the Debtors' right, title and interest in the above captioned adversary proceedings (the "***Adversary Proceedings***") were reserved and transferred to the Recovery Trust. The Recovery Trustee was granted the power and authority to take all actions necessary and appropriate to preserve those assets for the benefit of the beneficiaries of the Recovery Trust.

2. Since the Plan went effective on November 23, 2015, the Recovery Trustee has been working to, among other things, establish the Recovery Trust, evaluate and analyze Estate Claims, procure documents from the Post-Confirmation Debtor, reconcile and value Trust Assets, meet with the Recovery Trust Committee, and attend to management issues for the Recovery Trust.

3. The Plan incorporated a global settlement that, among other things, provided an immediate source of cash to fund the Plan in the form of a $20 million, interest-free, non-recourse loan and resolved a variety of complex litigation matters pending in the Bankruptcy Court, the Delaware District Court and the EDNY District Court. Also under the global settlement and Plan, the Recovery Trust and Post-Confirmation Debtor will work to pursue the recoveries in the Shared Recovery Matters, which include among other things, recoveries in connection with the restitution

order issued by the EDNY District Court in the Criminal Action against David Brooks, Sandra Hatfield and Dawn Schlegel (the "***Restitution Order***").[3]

4. Prior to and after confirmation of the Plan, the Debtors and Recovery Trustee negotiated various tolling agreements to extend the time to file complaints based on preference and avoidance theories. With the time expiring on the applicable tolling agreements, the Recovery Trustee filed the complaints based on preference and avoidance theories, initiating the Adversary Proceedings. The Recovery Trustee now seeks to extend service in order to preserve these Estate Claims without incurring the associated and potentially unnecessary costs of prosecution. Before the Recovery Trustee expends resources to prosecute the Adversary Proceedings, additional time is necessary to consider the need for, and a cost/benefit analysis of, prosecution of the Adversary Proceedings in light of the status of the litigation on the Shared Recovery Matters, including recoveries on account of the Restitution Order.

5. Further, in November, 2016, David Brooks ("***Brooks***"), a significant party to these cases, passed away while serving time in prison. His unexpected passing adds further complexity to already complex matters. Among other things, (i) the Brooks estate moved to abate the restitution order entered in the criminal proceedings against Brooks, (ii) the Securities and Exchange Commission reopened its civil enforcement proceeding against Brooks, which was being prosecuted against the Brooks estate and (iii) the Department of Justice continued to prosecute its civil forfeiture proceeding against the assets restrained in connection with the criminal action against Brooks.

---

[3] The Restitution Order ordered that: (a) Brooks and his co-defendants pay restitution to Debtor SS Body Armor I, Inc. f/k/a Point Blank Solutions, Inc. f/k/a DHB Industries, Inc. (the "***Company***") in an amount of $53,912,545.62; and (b) Brooks and his co-defendants pay restitution, in the total amount of $37,584,301.31, to those individuals that have been identified as victims by virtue of their holding common stock of the Company.

6. On September 20, 2017, the United States Court of Appeals for the Second Circuit (the "*Second Circuit*") issued its decision on an appeal from the judgement entered by the EDNY following the jury verdict finding Brooks guilty of offenses relating to fraud, securities laws violations and tax evasion. In sum, the Second Circuit concluded that the counts of conviction based on the jury verdict must abate as well as the orders of forfeiture, fine, special assessment, and restitution for the offenses Brooks contested at trial. The Second Circuit also held, though, that the forfeiture of the bail bond does not abate, nor do the convictions and order of restitution imposed on the tax counts. Thus, the restitution awards to the Debtors and the shareholder class were set aside. However, the Second Circuit upheld the EDNY's order that Brooks' cash bail in the amount of approximately $22.5 million be forfeited.

7. In light of those developments, the Recovery Trustee and Post-confirmation Debtor worked to pursue recoveries for the estates from sources other than the restitution award and forfeiture previously awarded. The parties and their representatives engaged in numerous settlement discussions with the government and the Brooks family members in the hopes of achieving a global resolution. Recently a global settlement was finalized which provides that the Debtors will receive its anticipated recovery from the assets restrained by the U.S. Government in the civil forfeiture proceeding and the Debtors and the Recovery Trust will exchange mutual releases with Brooks related entities. In light of the anticipated forthcoming settlement funds and for the reasons set forth herein, the Recovery Trustee respectfully requests that the extension of the Service Deadline (as defined below) be granted.

## BACKGROUND

8. On April 14, 2010, the Debtors/Plaintiffs filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). To preserve their rights to pursue certain avoidance actions under chapter 5 of the Bankruptcy Code, and before the

expiration of the two-year statute of limitations, on April 13, 2012, the Debtors filed forty-six preference actions, each of which is an Adversary Proceeding. To date, and in reliance on Rule 7004(a) of the Bankruptcy Rules, the complaints in the Adversary Proceedings have not been served.

9. Currently, the original process in these Adversary Proceedings must be served by April 16, 2018 (the "**Service Deadline**") pursuant to the *Order Granting Recovery Trustee's Motion Enlarging Deadline to Effect Service of Original Process* entered in each of the above captioned adversary Proceeds [Adv. Proc. No. 17-51820, Docket No. 15; Adv. Proc. No. 17-51821, Docket No. 14].

**RELIEF REQUESTED**

10. By way of this Motion, the Recovery Trustee seeks to further extend the Service Deadline through and including July 16, 2018 (the "***Extended Service Deadline***").

11. Bankruptcy Rule 9006(b) permits the Court to grant additional time to effect service of process:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion...with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed of as extended by a previous order.

Bankruptcy Rule 9006(b). As Collier notes, the Court should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been negligent, dilatory, or acting in bad faith. 10 Collier on Bankruptcy, ¶ 9006.06[3], at 9006¬14 (15th rev. ed. 2001).

12. The Third Circuit has recognized two bases for granting an extension of time to serve original process under Rule 4(m) of the Federal Rules of Civil Procedure. The first mandates

an extension upon showing a good cause for the delayed service. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d. Cir. 1997); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). The second permits such an extension, even in the absence of good cause shown, if the Court believes such a result is merited. *Petrucelli*, 46 F.3d at 1304-05.

13. Good cause exists to grant the Motion. In light of the current posture of the cases and the potential recoveries from the Shared Recovery Matters, the Recovery Trustee must consider a cost/benefit analysis of prosecuting and defending these Adversary Proceedings. The Recovery Trustee and the Post-Confirmation Debtor are continuing to work to secure the funds from the Shared Recovery Matters, as well as from other sources, which may render the prosecution of the preference unnecessary. The numerous issues arising from the unexpected death of Mr. Brooks have further complicated the matter and require additional time to address.

14. Moreover, the Recovery Trustee submits that the requested relief will not prejudice any parties. If the Adversary Proceedings are ultimately prosecuted, the Defendants will still have every opportunity to appropriately respond to the pending complaints at that time.

15. Alternatively, even if the Court concludes that good cause has not been shown, it may still grant the requested extension in its discretion. Consideration of the factors set forth above warrant the extension as a matter of the Court's discretion. Allowing the Recovery Trustee to have additional time on a fully informed basis while preserving assets and avoiding unnecessary expense is in the best interest of the beneficiaries of the Recovery Trust.

WHEREFORE, the Recovery Trustee respectfully requests entry of an Order, substantially in the form attached hereto, extending the Service Deadline through and including July 16, 2018, without prejudice to the Recovery Trustee's right to request additional extensions as appropriate and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 16, 2018<br>Wilmington, Delaware | Respectfully submitted,<br><br>**THE ROSNER LAW GROUP LLC**<br><br>*/s/ Jason A. Gibson*<br>Frederick B. Rosner (DE 3995)<br>Scott J. Leonhardt (DE 4885)<br>Jason A. Gibson (DE 6091)<br>824 Market Street, Suite 810<br>Wilmington, DE 19801<br>(302) 777-1111<br>rosner@teamrosner.com<br>leonhardt@teamrosner.com<br>gibson@teamrosner.com<br><br>- and –<br><br>Robert M. Hirsh<br>Beth M. Brownstein<br>ARENT FOX LLP<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3900 (Tel.)<br>(212) 484-3990 (Fax)<br>robert.hirsh@arentfox.com<br>beth.brownstein@arentfox.com<br><br>*Counsel for the Recovery Trust* |