**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SS BODY ARMOR I, INC., et al.,[1] | ) | Case No. 10-11255 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related Docket No. 4164** |

**OPPOSITION OF POST-CONFIRMATION DEBTOR AND RECOVERY TRUSTEE TO MOTION OF CARTER LEDYARD & MILBURN LLP TO STRIKE COUNTER-DESIGNATIONS OF RECORD ON APPEAL**

SS Body Armor I, Inc. (the "Debtor"), the post-confirmation debtor in this chapter 11 case, and the Recovery Trustee ("Recovery Trustee") of the Recovery Trust established pursuant to the confirmed chapter 11 plan (collectively, the "Appellees") submit this opposition to the motion to strike [D.I. 4164] ("Motion") filed by Carter Ledyard & Milburn LLP ("CLM") on June 22, 2018. By the Motion, CLM seeks to strike items counter-designated by the Appellees in connection with CLM's notice of appeal [D.I. 4051] ("Notice of Appeal") from (i) the Court's order [D.I. 4049] ("Fee Reserve Order") establishing a $5 million reserve to fund a potential fee award to CLM and its client, D. David Cohen ("Cohen"), and (ii) "all orders, interlocutory orders, determinations, findings of fact, conclusions of law and evidentiary rulings concerning or related to" the Fee Reserve Order.[2] In support of this opposition, the Debtor and Recovery Trustee respectfully state as follows:

---

[1] The debtors and the last four digits of each debtor's federal tax identification number were: SS Body Armor I, Inc. (9361); SS Body Armor II, Inc. (4044); SS Body Armor III, Inc. (9051); and PBSS, LLC (8203). All correspondence and pleadings must be sent to SS Body Armor I, Inc., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

[2] A copy of the Notice of Appeal is attached as **Exhibit A** to the appendix of exhibits ("Appendix") submitted concurrently herewith.

DOCS_LA:315602.3 70934/001

## Preliminary Statement

1.  The Motion relates to CLM and Cohen's ongoing efforts to obtain an undeserved windfall for themselves, at the expense of the Debtor and its constituencies. In September 2015, CLM and Cohen informed the Court that CLM had incurred approximately $550,000 of fees as counsel to Cohen in connection with the SOX 304 claim against David Brooks, which is just one of the SEC's fourteen claims against the Brooks estate. Since learning of the Debtor's pending settlement with the DOJ and other parties ("DOJ Settlement") in January 2018, however, CLM's fee-related demands have increased exponentially. In January 2018, CLM asked the Court to order the Debtor to reserve $25 million of its settlement proceeds to fund a potential fee award to CLM and Cohen. After the Court ordered the Debtor to establish a $5 million reserve, CLM filed a motion in this Court in March 2018 seeking a stay of **all** distributions by the Debtor of the approximately $70 million the Debtor expects to receive under the DOJ Settlement. When that motion was denied, CLM filed a motion in the District Court in April 2018 seeking to stay distributions of $15 million of the Debtor's settlement proceeds. The District Court denied CLM's second stay motion on June 29, 2018, noting (among other things) that CLM had offered "no concrete justification" for its fee-related demands, the $5 million reserve already established by the Court alleviated any need for a further stay of distributions by the Debtor, and the stay motions filed by CLM represented CLM's "second and third bite" at the apple.[3]

2.  The $5 million reserve is more than sufficient to cover any appropriate fee award to CLM and Cohen because the Debtor will not receive any settlement payment on account of the SOX 304 claim, which is the only matter as to which CLM or Cohen could even purport to claim a fee from the Debtor. The approximately $142 million to be distributed under the DOJ Settlement will be derived from funds restrained by the DOJ in its civil forfeiture proceeding against certain Brooks-related assets. The settlement funds will be paid by the DOJ to qualifying

---

[3] The District Court's opinion and order [D. Del. D.I. 15] is attached as **Exhibit B** to the Appendix.

victims, including the Debtor, the class action plaintiffs ("Class Plaintiffs") and other shareholder victims of Brooks' securities fraud and other misconduct, on account of petitions for remission submitted to the DOJ by the Debtor, the Class Plaintiffs, and any other qualifying victims. The Debtor presently anticipates that it will receive approximately $70 million on account of its petition for remission – in other words, the Debtor will not receive the entire $142 million to be forfeited under the DOJ Settlement. While the SEC and the Brooks estate will enter into a separate consent judgment to resolve the SEC's fourteen claims against the Brooks estate (including numerous disgorgement claims and the SOX 304 claim), the judgment will be "deemed satisfied" by the distribution of funds under the DOJ Settlement, with no funds to be received by the Debtor on account of the SOX 304 claim. As neither CLM nor Cohen performed any work in connection with the civil forfeiture proceeding, the petitions for remission or any of the other mechanisms that actually will provide for payment or distributions to the Debtor and its constituencies (e.g., the Bankruptcy Settlement and the Plan), an appropriate fee award to CLM and Cohen ranges from $0 to a maximum of $1.86 million. Therefore, the $5 million reserve is more than sufficient to cover any appropriate fee award to CLM and Cohen.

3. The terms of the global settlement, as outlined above, were set forth in a term sheet executed in December 2017, a copy of which was provided to CLM in February 2018. The parties to the DOJ Settlement – the DOJ, the Debtor, the Recovery Trust, the Class Plaintiffs, the Brooks estate and various members of the Brooks family – are in the process of documenting the terms of the DOJ Settlement in a formal settlement agreement. The SEC also recently filed an updated status report ("Status Report") in its civil enforcement action in the Southern District of Florida that reflects the terms of the global settlement.[4] In the Status Report, the SEC states that (i) the Brooks estate will be held liable to the SEC for disgorgement in the total amount of $142 million and "shall reimburse" $142 million pursuant to SOX 304, but the "monetary obligations"

---

[4] A copy of the Status Report, which was filed on June 5, 2018, is attached as **Exhibit C** to the Appendix.

-3-

of the Brooks estate under the consent judgment to be entered in the civil enforcement action will be "deemed satisfied" by the forfeiture of the Brooks-related assets in the DOJ's civil forfeiture proceeding (Status Report at pg. 2); (ii) the forfeited assets will "be returned to victims … pursuant to the remission procedures set forth in 28 CFR Part 9" (*id*. at pg. 2, fn. 2); and (iii) the "different victim groups" that may receive the forfeited assets include the Debtor, the Class Plaintiffs and other victims of Brooks' misconduct (*id*. at pg. 3).

4. Notwithstanding all evidence to the contrary, CLM continues to insist that the Debtor is going to receive $142 million "on account of" the SOX 304 claim and that, as a result, CLM and Cohen are entitled to a fee award that is so "substantial" that the $5 million reserve already established by the Court is insufficient. Motion at pg. 4. In addition to the motions described above, CLM and Cohen have pursued their overblown fee claims through a variety of related appeals to the District Court. The related appeals are as follows:

- In July 2015, Cohen appealed the order approving the Debtor's settlement agreement with the Class Plaintiffs ("Bankruptcy Settlement"), which funded the Plan. That appeal is pending in the District Court as C.A. No. 15-0633 (GMS) (the "9019 Appeal").

- In December 2015, Cohen appealed from (i) the order on the fee application filed by CLM/Cohen in September 2015 ("Fee Order"), and (ii) the order regarding the $300,000 of fees to be retained by derivative counsel in connection with the Bankruptcy Settlement ("Derivative Order"). The appeal was consolidated with the 9019 Appeal, and remains pending in the District Court as C.A. No. 15-1154 (GMS) (the "Fee Appeal").

- On March 2, 2018, CLM filed its Notice of Appeal from the Fee Reserve Order. The appeal is pending as C.A. No. 18-0349 (GMS) ("Fee Reserve Appeal"). The Notice of Appeal states that CLM "hereby appeals" from the Fee Reserve Order as well as all orders, determinations, findings and rulings "concerning or related to" the Fee Reserve Order, including the orders that are the subject of the Fee Appeal. As noted above, the Fee Appeal was consolidated with the 9019 Appeal.

- On April 25, 2018, CLM appealed from the order denying CLM's first motion to stay distributions of the Debtor's settlement proceeds. That appeal is pending in the District Court as C.A. No. 18-0634 (GMS) ("Stay Appeal"). After denying CLM's second motion to stay distributions, the District Court entered an order ("Briefing Order") withdrawing both of CLM's appeals from mediation, and directing the parties to submit a briefing schedule for both of CLM's appeals by August 6, 2018.[5]

5. By the instant Motion, CLM seeks to strike the items designated by the Debtor and Recovery Trustee in the Fee Reserve Appeal on the grounds that the items were not submitted in connection with CLM's motion to establish a $25 million reserve ("Fee Reserve Motion"). Interestingly, one of the items that CLM seeks to strike from the record is the status report filed by the SEC on March 19, 2018 (i.e., after the Court entered the Fee Reserve Order), which CLM has attached as Exhibit A to its Motion. That earlier version of the SEC's status report is **the** primary item that CLM and Cohen repeatedly have cited – but misquoted – in an attempt to justify their excessive fee demands.[6] In any event, the Motion should be denied in its entirety for the following reasons:

**(i)** CLM seeks to strike more than fifteen documents that were cited, quoted or referenced by CLM in its briefing on the Fee Reserve Motion, by the Debtor and Recovery Trustee in their opposition to the Fee Reserve Motion [D.I. 4030] ("Fee Reserve Opposition"), or by CLM at the hearing on the Fee Reserve Motion;

**(ii)** the overwhelming majority of the challenged items are part of the appellate record in the pending and consolidated appeals from the various orders identified in CLM's Notice of Appeal, with **at least 90** of the challenged items having been designated in the related and consolidated appeals by CLM as counsel to Cohen;

---

[5] A copy of the Briefing Order is attached as **Exhibit D** to the Appendix.

[6] As the status report filed by the SEC in June 2018 reflects the most current information reported in the SEC's civil enforcement action, the Debtor and Recovery Trustee reserve all rights to request, among other things, that the District Court (or other appellate court) take judicial notice of the current SEC status report or other similar filings at the appropriate time in the appellate proceedings.

-5-

**(iii)** the Fee Reserve Opposition discusses at length the work performed in the chapter 11 case in connection with the mechanisms that will provide for payment under the DOJ Settlement, yet CLM seeks to strike all items from the Court's docket that reflect the work performed in the chapter 11 case (*see Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.)*, 61 F.3d 197, 204-205 (3d Cir. 1995) (motion to strike denied because documents had been filed in main case, were available to bankruptcy court for consideration, and thus were part of record in contested matter)) notwithstanding that many of the documents were also cited by CLM itself in the Fee Reserve Motion; and

**(iv)** CLM seeks to strike various items related to CLM's motions to stay, including items related to the SEC's civil enforcement action, notwithstanding that (a) the items were submitted to the Court in connection with CLM's first motion to stay, and thus were properly designated in light of CLM's Notice of Appeal from all orders "related" to the Fee Reserve Order, (b) many of the items already have been presented to the District Court in connection with CLM's second motion to stay, and (c) all of the items have been designated in connection with the Stay Appeal, which (based on the Briefing Order) will be consolidated for briefing purposes with the Fee Reserve Appeal.

For the reasons set forth above and discussed in further detail below, the Debtor and Recovery Trustee respectfully request that the Court deny the Motion.

## Argument

### I. The Motion Should Be Denied As To All Items Cited, Quoted or Referenced in Connection with the Fee Reserve Motion

6. CLM seeks to strike more than fifteen documents that were cited, quoted and/or referenced in the briefing on the Fee Reserve Motion – including not only documents cited by the Debtor and Recovery Trustee, but documents cited by CLM itself – or were referenced during the February 16, 2018 hearing on the Fee Reserve Motion. The documents, which relate directly to arguments raised by CLM or the Debtor and Recovery Trustee in connection with the Fee Reserve Motion, are as follows:

-6-

**D.I. 3300: September 2015 Fee Application Filed by CLM and Cohen**

In the fee application, CLM and Cohen reported that CLM had incurred actual fees of approximately $550,000 in connection with the SOX 304 claim, and argued in favor of a 3.38 multiplier. The fee application is cited to, quoted and referenced in the Fee Reserve Opposition. Fee Reserve Opposition at ¶¶ 7, 32-33. The fee application also is cited repeatedly by CLM in the Fee Reserve Motion itself. Fee Reserve Motion at fn. 4, ¶¶ 15-16.

**D.I. 3561: Transcript of November 10, 2015 Hearing on Fee Application**

In the Fee Reserve Motion and the reply in support of the Fee Reserve Motion [D.I. 4035] ("Fee Reserve Reply"), CLM quoted extensively from the transcript of the November 10, 2015 hearing on CLM's fee application. Fee Reserve Motion at pgs. 1, 3, ¶¶ 16-19 and ¶ 59; Fee Reserve Reply at ¶¶ 15-17.

**D.I. 2923: Cohen's Statement in Opposition to 9019 Motion**

This document is quoted in the Fee Reserve Opposition as an example of one of the occasions on which Cohen opposed the Debtor's status as a victim of Brooks' misconduct. Fee Reserve Opposition at ¶¶ 3, 21. As the Debtor's status as a victim is the means by which the Debtor will receive its remission payment under the DOJ Settlement, Cohen's stated position on the issue is directly relevant to the question of whether Cohen or his counsel are entitled to a fee award from the Debtor. The document also sets forth some of Cohen's arguments in opposition to the Bankruptcy Settlement, and is cited in connection with the argument that neither Cohen nor CLM contributed to the mechanisms that will provide for distributions to the Debtor's constituencies. Fee Reserve Opposition at ¶ 29 (pg. 21).

**EDNY D.I. 1903 & D.I. 1906: Cohen's Motion for Leave to Appeal Restitution Order**

Cohen's motion for leave to appeal the restitution award to the Debtor is cited and quoted in the Fee Reserve Opposition as another example of Cohen's opposition to the Debtor's status as a victim of David Brooks' misconduct. Fee Reserve Opposition at ¶¶ 3, 21. The motion was unsuccessful, i.e., the EDNY District Court denied the motion. *Id.* at ¶ 21. The motion and related order are attached as **Exhibit E** and **Exhibit F** to the Appendix.

**EDNY D.I. 1762: November 2013 Letter from USAO-EDNY to EDNY District Court**

This letter is cited in the Fee Reserve Opposition as an example of the USAO's support for the amount of losses claimed by the Debtor as a victim of David Brooks' misconduct. Fee Reserve Opposition at ¶ 20. A copy is attached as **Exhibit G** to the Appendix.

**D.I. 2885: Cohen's Joinder in Jeffrey Brooks' Motion for Relief from Automatic Stay**

This document was cited and quoted in the Fee Reserve Opposition as an example of Cohen's attempts to interfere with the Plan, his work with David Brooks to try to develop a competing plan, and his support for the Brooks family's attempt to replace the Debtor's board of directors. Fee Reserve Opposition at ¶ 29 (pg. 21).

**D.I. 2942: Transcript of Hearing on Motion for Relief from Automatic Stay**

As stated in the Fee Reserve Opposition, Cohen testified at length at the March 19, 2015 hearing in support of the Brooks family's attempt to replace the Debtor's board of directors, and also testified regarding his work with David Brooks to try to develop a competing plan. Fee Reserve Opposition at ¶ 29 (pg. 21).

**S.D. Fla. D.I. 49: Amended Complaint in SEC Action**

CLM cited and referenced the SEC's amended complaint in the Fee Reserve Motion. Fee Reserve Motion at ¶¶ 32-36. The amended complaint – specifically, the fact that the SOX 304 claim is just one of fourteen claims asserted by the SEC against the Brooks estate – also is discussed in the Fee Reserve Opposition. Fee Reserve Opposition at ¶ 15. A copy of the amended complaint is attached as **Exhibit H** to the Appendix.

**EDNY D.I. 171: Amended Complaint in Civil Forfeiture Proceeding**

The pleadings filed in the DOJ's civil forfeiture proceeding are referenced by CLM in the Fee Reserve Motion (pgs. 4-5, 10) and Fee Reserve Reply (¶¶ 24-26), and by the Debtor and Recovery Trustee in the Fee Reserve Opposition (¶¶ 5, 9, 29). A copy of the amended complaint is attached as **Exhibit I** to the Appendix.

**D.I. 3218-29 & D.I. 3218-30: EDNY Restitution Order**

The EDNY District Court's restitution order is cited and referenced by CLM in the Fee Reserve Motion (¶ 27) and Fee Reserve Reply (¶ 20), and is quoted by the Debtor and Recovery Trustee in the Fee Reserve Opposition (¶ 12).

**D.I. 4036 & D.I. 4039: Notice of Service of Subpoenas by CLM**

CLM has challenged the Fee Reserve Order on the grounds that CLM purportedly did not have an opportunity to conduct discovery regarding the terms of the DOJ Settlement. Motion at ¶ 14. In fact, CLM issued two subpoenas to Debtor's counsel, and was provided with a copy of the term sheet underlying the DOJ Settlement. CLM's notices of its subpoenas were

docketed in the chapter 11 case, and were discussed at the February 16, 2018 hearing on the Fee Reserve Motion. 02/16/18 Hearing Tr. at 10:19-24, 11:20-25, 22:16-19.

**2d Cir. D.I. 71 (C.A. No. 15-2940) & D.I. 71 (C.A. No. 15-2935): Orders on Cohen Appeals**
The Fee Reserve Opposition discusses the appeals filed by Cohen in the derivative action and the class action, and cites to the orders entered by the Second Circuit (i) denying Cohen's appeal in the derivative action (C.A. No. 15-2940) [**Exhibit J** to Appendix] and (ii) dismissing Cohen's appeal in the class action (C.A. No. 15-2935) [**Exhibit K** to Appendix]. *See* Fee Reserve Opposition at ¶ 8. The Second Circuit's orders were properly included in the designation of record for the Fee Reserve Appeal.

In sum, all of the foregoing documents were cited, quoted and/or discussed in the briefing on the Fee Reserve Motion or at the hearing on the Fee Reserve Motion, and thus were appropriately included in the designation of the record on CLM's appeal from the Fee Reserve Motion.

7. None of the cases cited in the Motion support CLM's request to strike these documents from the record. In particular, none of the cases cited by CLM involved public filings or other documents that had been discussed, referenced or quoted in the relevant briefing. *See Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 442-43 (5th Cir. 2003) (district court should not have supplemented summary judgment record to include communications between counsel that had not been presented to bankruptcy court, where communications were offered to prove parties had actual knowledge of usurious nature of agreement); *Paravue Corp. v. Heller Ehrman LLP,* 2016 U.S. Dist. LEXIS 28080, *12-13 (N.D. Cal. March 4, 2016) (striking new declarations submitted with motion for rehearing because declarations tried to re-characterize various emails that had been presented to court in connection with its initial decision); *In re Digerati Techs., Inc.*, 531 B.R. 654, 663 (Bankr. S.D. Tex. 2015) (documents need not be submitted into evidence as long as they were considered by court); *NWL Holdings, Inc. v. Eden Center, Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005) (state court filings excluded because court was aware of the contents of the documents "to the extent,

but only the extent, that they have been described as documents to be included in the record"); *In re Barrick Group, Inc.*, 100 B.R. 152, 153 (Bankr. D. Conn. 1989) (unsigned and, in some cases, undocketed proposed orders stricken from the record in accordance with applicable local rule providing that proposed orders "shall not form any part of the record"). Therefore, the documents that the parties referenced in their briefing on the Fee Reserve Motion, or discussed at the hearing on the Fee Reserve Motion, should not be stricken from the record on appeal from the Fee Reserve Order.

## II. The Motion Should Be Denied As to All Items Designated by the Parties in the 2015 Consolidated Appeals

8. The Notice of Appeal filed by CLM in connection with the Fee Reserve Order states that CLM "hereby appeals" from the portion of the Fee Reserve Order that established a $5 million reserve, as well as:

> [A]ll orders, interlocutory orders, determinations, findings of fact, conclusions of law and evidentiary rulings concerning or related to the Order, including (a) the Order with Respect to Application of D. David Cohen and Carter Ledyard & Milburn LLP for Fees and Expenses, dated December 3, 2015 [Docket No. 3624], and (b) the Order with Respect to Fees and Expenses to Derivative Counsel, dated December 3, 2015 [Docket No. 3623], each of which were entered in the above-captioned Chapter 11 proceedings on December 3, 2015 and are currently pending on appeal in this Court (Case No. 15-01154).

Notice of Appeal at pg. 1. The vast majority of the items designated by the Debtor and Recovery Trustee are appropriate in light of the various matters – all "related" orders, determinations, findings, rulings, etc. – that CLM chose to identify in its Notice of Appeal.

9. As discussed above, the Fee Appeal (C.A. No. 15-1154) has been consolidated with the 9019 Appeal (C.A. No. 15-0633). The Fee Appeal and the 9019 Appeal, as well as the Fee Reserve Appeal and the Stay Appeal, have been assigned to U.S. District Court Judge Gregory M. Sleet. The parties submitted their designations of record for the Fee Appeal and the 9019 Appeal in late 2015 and early 2016. *See* D.I. 3576 (appellant's 11/19/15 designation of record in C.A. No. 15-0633); D.I. 3593 (appellee's 11/24/15 counter-designation of record in

C.A. No. 15-0633); D.I. 3724 (appellant's 12/30/15 designation of record in C.A. No. 15-1154); D.I. 3748 (appellee's 01/18/16 counter-designation of record in C.A. No. 15-1154).

10. As set forth in the chart attached as **Exhibit L** to the Appendix, almost all of the items that CLM now complains about already are part of the appellate record before the District Court in the consolidated appeals filed in 2015. In fact, as reflected on Exhibit L, **at least 90** of the challenged items were designated by CLM as counsel to Cohen.[7] The documents already designated by the parties include, among other things: documents related to the Debtor's motion to reject the pre-petition settlement agreement; documents related to the Bankruptcy Settlement, Plan and Disclosure Statement; documents related to the EDNY District Court's approval of the Bankruptcy Settlement; documents related to Cohen's unsuccessful appeals in the Second Circuit in connection with the Bankruptcy Settlement; documents filed in related adversary proceedings regarding the Debtor's previous efforts to reach a settlement with the Brooks-related parties, and Cohen's support for the Brooks family's attempts to interfere with the Plan; and documents related to the proofs of claim filed by CLM and/or Cohen. In other words, almost all of the categories of documents identified at pgs. 6-7 of the Motion are documents already designated by **both** parties as the record on the appeals from what CLM has identified as "related" orders.

11. Of particular note, the documents previously designated by the parties also include documents related to CLM/Cohen's September 2015 fee application and the objection to the $300,000 fee to be retained by derivative counsel pursuant to the Bankruptcy Settlement. Notwithstanding that CLM's Notice of Appeal specifically references the Fee Order, the Derivative Order and the Fee Appeal (which encompasses the Fee Order and Derivative Order), CLM seeks to strike the fee application itself, all briefing related to the fee application and the

---

[7] At various times, CLM has identified itself as an appellant in C.A. No. 15-1154. *See, e.g., Memorandum of Law in Support of Appellant's Emergency Motion for Stay Pending Appeal*, C.A. No. 18-0634 (D. Del.), D.I. 5-1 at fn. 5 ("Cohen and CLM have appealed from the Fee Order to the extent that it made recovery of fees entirely contingent on a recovery 'on account of' the SOX 304 claim.").

objection to the $300,000 fee to derivative counsel, and the transcript of the Court's hearing on the fee application and objection to derivative counsel's fee. Motion at pg. 7.

12. Given the broad scope of the matters identified in CLM's Notice of Appeal, the items identified on Exhibit L to the Appendix – which both parties already have designated as the record on the appeals from what CLM has identified as "related" orders – are properly included in the record for the Fee Reserve Appeal.[8] Accordingly, the Debtor and Recovery Trustee request that the Court deny the Motion as to all items listed on Exhibit L to the Appendix.

### III. The Motion Should Be Denied As to All Items From the Court's Docket Relating to the Bankruptcy Settlement and/or the Plan

13. As discussed at length in the Fee Reserve Opposition, the process that allowed the Debtor to successfully exit chapter 11, and now be in a position to receive and distribute an estimated $70 million pursuant to the DOJ Settlement, was the result of the extensive work performed by many different individuals, estate representatives, government agencies and law firms, with none of the relevant work having been performed by CLM or Cohen. Fee Reserve Opposition at ¶¶ 5-6, 9-10, 21, 29. The items from the Court's docket that reflect the relevant work performed in the chapter 11 case – including work related to the Debtor's rejection of the pre-petition settlement agreement, and the work required to obtain approval of the Bankruptcy Settlement, approval of the Disclosure Statement and confirmation of the Plan – were appropriately included in the record on the Fee Reserve Appeal, regardless of whether each item was introduced into evidence in connection with the Fee Reserve Motion. Where, as here, a contested matter is related to (among other things) the administration of the estate, the relevant record includes "the case file" as well as any documents specifically submitted in connection

---

[8] The Debtor and Recovery Trustee reserve all rights regarding the scope of the Notice of Appeal, and will direct all arguments regarding (among other things) appellate jurisdiction over the matters identified in the Notice of Appeal to the District Court (or other appellate court) at the appropriate time in the appellate proceedings.

-12-

with the contested matter. *See Nantucket Investors II*, 61 F.3d at 204-205 (where "the course and timing of proceedings, or the positions previously taken by the parties" become relevant, a "trial or appellate judge" may look to documents in the case record). As stated by the Third Circuit:

> Documents in the case record will be relevant to many issues, including waiver, estoppel, preservation of an issue for appeal, the fact and length of litigation delay, limitations issues, prejudice to an opposing party, and the like. The use of documents in the case record for such purposes does not offend the limitations discussed above because the documents are not being used to determine disputed facts relating to the merits of the case and their use thus does not impose on a party's ability to meet the evidence against it. Similarly, it is not seriously questioned that the filing of documents in the case record provides competent evidence of certain facts – that a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made.

61 F.3d at 205.

14. The items from the Court's docket that relate to the Debtor's motion to reject the pre-petition settlement agreement, the Bankruptcy Settlement, the Disclosure Statement and the Plan also were appropriately designated as part of the record on the Fee Reserve Appeal because CLM itself cited, quoted and/or referenced a significant number of "historical" documents from the chapter 11 case in its briefing on the Fee Reserve Motion. Those documents include: (i) documents related to the pre-petition settlement (Fee Reserve Motion at ¶¶ 10, 50); (ii) documents related to the Bankruptcy Settlement (Fee Reserve Motion at ¶¶ 12-14, 73); (iii) documents related to the Plan and Disclosure Statement (Fee Reserve Motion at pgs. 3, 5, ¶¶ 20-27, ¶ 43; and (iv) documents related to the proofs of claim filed by CLM and Cohen (Fee Reserve Motion at fn. 9).

15. As the "historical" documents from the chapter 11 case were relied upon, cited, quoted or referenced by the parties in their briefing on the Fee Reserve Motion, the designations of items from the Court's docket in the chapter 11 case were appropriate. Accordingly, the Debtor and Recovery Trustee request that the Court deny the Motion as to all items designated from the "case file" in the chapter 11 case.

## IV. The Motion Should Be Denied As to Documents Related to CLM's Motions to Stay in this Court and the District Court

16. CLM also has challenged six documents related to CLM's motions to stay distributions of the Debtor's proceeds from the DOJ Settlement: (i) the motion to stay that CLM filed in this Court on March 27, 2018, which presently is on appeal to the District Court; (ii) the motion to shorten notice filed by CLM in this Court on March 27, 2018; (iii) Cohen's motion to intervene in the SEC action, filed on March 6, 2018; (iv) the Southern District of Florida's order denying Cohen's pro hac vice motion in the SEC action, entered on March 9, 2018; (v) the status report filed by the SEC on March 19, 2018 in the SEC action; and (vi) the SEC's opposition to Cohen's motion to intervene, filed on March 20, 2018 in the SEC action.[9]

17. As an initial matter, each of the foregoing documents (of course) already had been publicly filed as of March 30, 2018, when the Debtor and Recovery Trustee designated items for the appellate record on what CLM chose to describe as its appeal from, not only the Fee Reserve Order itself, but all other orders, findings, determinations and rulings "concerning or related to" the Fee Reserve Order. Furthermore, the challenged items were submitted to the Court in connection with CLM's first stay motion, and all have been designated in connection with the Stay Appeal which, based on the Briefing Order, will be consolidated with the Fee Reserve Appeal. *See* D.I. 4059 (CLM's first motion to stay, attaching the March 2018 status report as Exhibit A); D.I. 4090 (appendix of exhibits in support of opposition to CLM's first motion to stay, attaching the motion to intervene as Exhibit 1, the opposition to the motion to intervene as Exhibit 2, and the order denying Cohen's pro hac vice motion as Exhibit 3); D. Del. D.I. 4 (CLM's designations for the Stay Appeal, which included the briefing on CLM's first motion to stay and "all exhibits filed in connection with and all documents referenced in each of the

---

[9] The following documents are attached to the Appendix: (i) Cohen's motion to intervene is attached as **Exhibit M**; (ii) the order denying Cohen's pro hac vice motion is attached as **Exhibit N**; and (iii) the SEC's opposition to Cohen's motion to intervene is attached as **Exhibit O**.

-14-

documents listed above"); D.I. 4134 (Debtor and Recovery Trustee's counter-designations for the Stay Appeal, which included the briefing on CLM's motion to shorten notice and the Court's order on the motion to shorten notice).[10] And, finally, all of the challenged items, with one exception – the Southern District of Florida's order denying Cohen's pro hac vice motion – were cited to the District Court in connection with CLM's second motion to stay distributions by the Debtor (which, as set forth above, the District Court denied on June 29, 2018).[11] *See* Opposition to Second Stay Motion at pgs. 2-3 (discussing and quoting the motion to intervene, the opposition to the motion to intervene, and the March 2018 status report). Accordingly, and particularly in light of the broad scope of the matters identified in CLM's Notice of Appeal, the Debtor and Recovery Trustee appropriately designated these challenged items as items that "concern[ed] or related to" the Fee Reserve Order.

---

[10] CLM did not file its designation of record for the Stay Appeal in this Court. A copy of CLM's designation of record for the Stay Appeal, filed by CLM on April 27, 2018 in the District Court, is attached as **Exhibit P** to the Appendix.

[11] A copy of the opposition to CLM's second stay motion ("Opposition to Second Stay Motion") is attached as **Exhibit Q** to the Appendix.

**Conclusion**

WHEREFORE, the Debtor and Recovery Trustee respectfully request that the Court deny the Motion, and grant such other relief as the Court deems just and proper.

Dated: July 10, 2018                                PACHULSKI STANG ZIEHL & JONES LLP


*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
James E. O'Neill (Bar No. 4042)
Elissa A. Wagner (CA Bar No. 213589)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
  akornfeld@pszjlaw.com
  joneill@pszjlaw.com
  ewagner@pszjlaw.com

Counsel for SS Body Armor I, Inc.


[additional signature page follows]

| | |
|---|---|
| Dated: July 10, 2018 | THE ROSNER LAW GROUP LLC |
| | |
| | */s/ Scott J. Leonhardt*<br>Frederick B. Rosner (Bar No. 3995)<br>Scott J. Leonhardt (Bar No. 4885)<br>Jason A. Gibson (Bar No. 6091)<br>824 N. Market Street, Suite 810<br>Wilmington, DE 19801<br>Telephone: (302) 777-1111<br>Email: rosner@teamrosner.com<br>         leonhardt@teamrosner.com<br>         gibson@teamrosner.com<br><br> -and-<br><br>Robert M. Hirsh<br>Beth M. Brownstein<br>ARENT FOX LLP<br>1675 Broadway<br>New York, NY 10019<br>Telephone: (212) 484-3900<br>Facsimile: (212) 484-3990<br>Email: robert.hirsh@arentfox.com<br>         beth.brownstein@arentfox.com<br><br>Counsel for the Recovery Trust |