FILED

2020 MAY -8  AM 9: 51

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:                                    ) Chapter 11
                                          )
                                          ) Case No. 10-11255 (CSS)
SS Body Armor I, Inc., et al              ) Jointly Administered
                                          )
                                          )
         Debtors                          ) Hearing Date: June 2, 2020
                                          )               10 a.m
                                          ) Related Docket # 4377

---

RESPONSE OF D. DAVID COHEN, AN INTERESTED PARTY
TO THE EQUITY GROUP MOTION TO ENFORCE JOINT
CHAPTER 11 PLAN OF LIQUIDATION REGARDING
REQUIRED RESIGNATIONS FROM THE RECOVERY
TRUST AND OVERSIGHT COMMITTEES

### D. David Cohen, an interested party in these proceedings, affirms as follows:

1. This is the Bankruptcy of the publicly owned Company formerly known as DHB Iudustries, Inc. ("DHB" or herein the "Debtor")

2. The Petition in Bankruptcy was filed on April 14, 2010. At the time of the filing, the Debtor listed no litigation claims against David H. Brooks ("Brooks") and the Debtor was in favor of a settlement resolution which would have (a) given no money to the Debtor, (b) taken no money as damages from Brooks and (c) both given to Brooks a general release of all civil claims and an indemnity with respect to claims arising under Section 304 of the Sarbanes Oxley Act. 304 claims are subject to the exclusive jurisdiction of the Securities & Exchange Commission (the "Commission"). Cohen opposed the Settlement. Class Counsel proposed that Settlement. The Debtor signed that Settlement, Cohen has been against release of Brooks and against the 304 indemnity for Brooks dating back to 2006 and prior thereto. Cohen lost before the EDNY. Cohen

refused to give up, appealed and hired Carter Ledyard Milburn ("CLM"). CLM alone successfully prosecuted Cohen's appeal to the Second Circuit which saved the Debtor from the general release it was prepared to give to Brooks in 2010 and which also preserved the Debtor's 304 claims. The argument on the appeal was held on January 15, 2010. CLM argued to preserve the litigation claims of the Debtor against Brooks <u>et at.</u> while the Class Counsel and the Debtor's Counsel argued for release of Brooks and 304 Indemnification for Brooks. Fortunately, CLM won the argument before the Second Circuit, and all claims against Brooks were preserved and the 304 Indemnification was struck down.

3. No one, except Cohen to the extent of $139,600, has paid or offered to pay CLM one red cent for its superior legal work succeeding before the Second Circuit. CLM's claims remain to be heard.

4. Cohen was DHB's listing counsel in 2001, and as part of the listing process, Vice President for Mergers and Acquisitions on January 1, 2002. Cohen was fired terminated on June 28, 2002. He immediately reported to the DHB Audit Committee, and as a consequence a valuable Warrant was wrongfully taken from him. He then risked his life, his career, and his license to practice law trying to prevent Brooks wrongdoing against the publicly owned Debtor, and thereafter trying to preserve all of Debtor's claims against Brooks. No one has paid Cohen for (a) his loss of a $14,000 a month employment; (b) his continuing services to the entity without compensation for 18 years on a *quantum meruit* basis or otherwise; (c) his loss of the valuable warrant; (d) the destruction of the value of the 40,000 DHB Shares ($588,000) issued to him in January of 2005. The people who deny him compensation are the same people who wanted to give Brooks a release and indemnification in 2010. They were wrong and Cohen was right then. Cohen's claims remain to be heard, It is the Debtor's Estate which has been the beneficiary of Cohen's and CLM's work product, and at the same time it is those claims which have been relegated to last-in line for resolution.

5. Debtor's counsel and Class Counsel entered into the 2015 Amended Joint

Plan of Liquidation, They did so by choosing to give up, over Cohen's objections, all the Debtor's civil claims against Brooks and relying instead totally on criminal restitution for the Debtor and for the Class to fund their Plan. Brooks died n jail in 2017, resulting in the abatement of all possible criminal claims against him. The only claim for liability in favor of the Debtor which actually in fact survived Brook's death was the Commission's claims under Sarbanes Oxley 304 (and possibly other Commission claims against Brooks). The Equity Group argues that the Debtor's failure to pay or resolve the "Cohen Disputed Claims" is not a condition for a "change of control" because this Court has reserved $5 Million for the payment thereof. (Motion paragraphs 13 & 14), They argue that if "history is any guide, the Recovery Trust" will have partially paid the "Allowed Class 6 Interests well before the Cohen Disputed Claims are resolved." There is absolutely no basis given for that attempt by the Equity Group's to jump the line in priority over the "Cohen Disputed Claims." 18 years without decency, honesty and justice to Cohen (and obviously to CLM as well since 2010) is no excuse for that condition to be permitted to persist forever. The Equity Group shades it's true intentions. The Equity Group's true intention is to pay nothing at all to Cohen, not now and not ever. The Moving party appears to be actively hoping that the 80 year old claimant will die before Cohen's "Disputed Claims" are settled or tried. If that was not their strategic objective, the Motion would have come with a stipulation of value in the amount of the reserve at least for the CLM claims. Putting first things first requires resolution of the Cohen and CLM disputed claims before control of this case passes to Equity. That is especially so because the facts will show that almost all, if not all, of the Equity Group's shares were acquired, on information and belief, after Bankruptcy was filed and based on assertions of Brooks multi-million dollar, *undisclosed by the Petition* liabilities to the Debtor. In other words, Cohen's assertions that there was "hidden gold" in this case led them to believe that there was value here, and now that the hidden gold has turned up as Cohen predicted and CLM effectuated with the Second Circuit Appeal in 2010, they propose by this motion that Cohen and CLM continue to be unpaid until kingdom come, while the Equity Group collects a new set of fees and expenses

PLUS partial distributions.

    6. The Commission secured a $142 Million judgment against the Brooks Estate in 2019. The Commission's judgment was satisfied by a Settlement arrangement simultaneously made
in the Eastern District of New York ("EDNY") using Brooks assets which
were held by a unit of the Department of Justice ("DOJ"). In this case, the
Debtor pretends that saving the Debtor from the general release it was
proposing to grant to Brooks in 2010 and the Commission's 304 Judgment
in the amount of $142 Million in favor of the Debtor had NOTHING TO DO
with the Global Settlement Agreement the Brooks Estate and Brooks family made
with the DOJ in the EDNY. Cohen contends that the Debtor's pretensions are part
and parcel of a huge attempted in process fraud on this Court. Cohen makes such
assertion hoping to get the Debtor and the various affiliated and associated parties
to withdraw false assertions about the origin of the liability used for the Global
Settlement, and to work together with CLM and the Equity parties to bring
about a final result of this case which can bring honor to all involved.

7. Cohen is a retired attorney who has been involved in all aspects of this case and
controversy for more than 18 years. Cohen has a multiplicity of interests in the
Debtor's Estate. He is, and has been a shareholder of the Debtor. He has an
unresolved unsecured creditor claim against the Debtor, and a claim as one of the
Additional Investor Victims ($92,000) in the EDNY List of individuals entitled to
criminal restitution, and as an a potential additional beneficiary of this
Court's reservation of $5 Million for the payment of professional fees in
respect of the litigation judgment secured against the Brooks Estate.

8. On April 15, 2020, this Court decided a Motion to Enforce the Second
Amended Joint Chapter 11 Plan of Liquidation, which Motion to Enforce
was filed by an Equity Group. Cohen is and has been throughout
sympathetic to the interests of Equity, as he himself is both a shareholder
and an Additional Investor Victim. But, Cohen strongly believes that the
interests of both the Shareholders and the Additional Investor Victims

would be best served by a round table negotiated conclusion of this case, with full participation by the Equity Group and not by additional litigation concerning "seats" at the table.

9, America is in a crisis much more important than the very important interests of the parties in this case. Cohen is elderly, fully retired for more than six years, and without an office or a secretary. Because of the covid 19 crisis, and the mandatory work stoppages in New York, Cohen respectfully requested a limited amount of additional time within which to respond to the Equity Group's current motion to change the composition of the Committees. On May 1, 2020, Equity Group's counsel professionally politely declined that request. On information and belief, I do not believe that was counsel's decision. It's client wants complete control of this case– without giving this Court and the parties full and fair opportunity to consider the likely delay and other consequences of making the Equity Group spokespersons for all of the Shareholders (when they are a 25% minority) and all of the Additional Investor Victims (when apparently they represent none of them.)

10., The Equity Group Members include Chong Sin, Daniel Khaykis (former Equity Committee Members), Rodney McFadden and Jeff Dardanian, among others. Cohen is NOT opposed to them, or any of them. Cohen is opposed to any party who for purely selfish and possibly biased reasons will be arguing that CLM is entitled to zero for the successful Second Circuit appeal, given the outcome of this case, and that Cohen also is entitled to zero.

11, The Equity Group motion also seeks a forced resignation of General Larry Ellis from the Committees, part of their blindness to the facts and history. General Ellis was the CEO of the Debtor after Brooks and before the "Bankruptcy Group" took over. As CEO he had direct line responsibility to all of the interest groups. To the best of my understanding, he has never served on any of the Committees solely for his own account. His continued participation is and likely would be a benefit to the Debtor and to the Estate. Cohen opposes his forced resignation.

**FOR ALL THE FOREGOING REASONS,** Cohen requests that the proposed hearing date be adjourned to a date which is at least thirty days later than the earlier of June 2, 2002 or the date that the work stoppages and separation rules in Delaware permit regular Court proceedings in Bankruptcy Court to take place; AND that unless a full resolution of all issues including the Cohen Disputed Claims is presented to this Court, that the Court permit and require on such adjourned date a full hearing with appropriate testimony and documentary evidence on the actual BACKGROUND of the case and controversy to be determined on a full record before determining whether a "change in control" necessary for change of composition of the Committees has taken place.

Respectfully Submitted

D. David Cohen

May 6, 2020
Roslyn, New York

D. David Cohen, *pro se*
P.O. Box 316
82 Tara Drive
Roslyn, NY 11576

**SERVICE LIST**

      **POTTER ANDERSON & CORROON LLP**
      Jeremy W. Ryan, Esq,
      R, Stephen McNeill, Esq,
      1313 North Market Street
      P.O. Box 951
      Wilmington, DE 19801

      **PACHULSKI STANG ZIEHL & JONES**
      laura Davis Jones, Esq.
919 North Market Street/17th Floor
      Wilmington, DE 19899-8705

      **ARENT FOX LLP**
      Beth M. Brownstein, Esq
      1301 Avenue of Anericas, 42d Floor
      New York, NY 10019

      **THE ROSNER GROUP, LLC**
      824 N Market Street
      Wilmington, DE 19801

      **CROSS & SIMON**
      913 North Market Street/11th Floor
      Wilmington, DE 19899-1380

      **LOWENSTEIN & SANDLER**
      Michael S. Etkin, Esq
      63 Livingston Avenue
      Roseland, New Jersey 07068