**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x
In re

SS Body Armor I, Inc., *et al.*, *f/k/a* Point Blank
Solutions, Inc., *et al.*[1]

                        Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 10-11255 (CSS)

Jointly Administered

**Hearing Date: TBD
Obj. Deadline: May 26, 2020 @ 4:00 p.m. (ET)**

**RECOVERY TRUST'S FIRST OMNIBUS NON-SUBSTANTIVE OBJECTION TO
PROOFS OF INTEREST PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1**

> **Interest holders receiving this Objection should locate their name(s) and Proof of Interest number(s) on <u>Exhibit A</u> to the Proposed Order attached to this Objection to learn the grounds for the objection pertaining to their interests and the relief being sought by the Recovery Trust.**

> **The relief sought herein is without prejudice to the Recovery Trust's rights to pursue further substantive or non-substantive objections against the Proofs of Interest listed on <u>Exhibit A</u> to the Proposed Order attached to this Objection.**

> **SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION THAT MAY BE FILED BY THE RECOVERY TRUST TO THE PROOFS OF INTEREST ON <u>EXHIBIT A</u> TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: SS Body Armor I, Inc. (9361) (f/k/a Point Blank Solutions, Inc.); SS Body Armor II, Inc. (4044) (f/k/a Point Blank Body Armor, Inc.); SS Body Armor III, Inc. (9051) (f/k/a Protective Apparel Corporation of America); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., et al., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

The Recovery Trust for SS Body Armor I, Inc., et al., f/k/a Point Blank Solutions, Inc., *et al.* (the "Recovery Trust"), through Brian K. Ryniker, as Recovery Trustee (the "Recovery Trustee"), by and through its undersigned counsel, hereby submits this first omnibus objection (the "Objection") to each of the proofs of interest identified on Exhibit A attached to the proposed order (the "Proposed Order") attached hereto as Exhibit 1.

As grounds for the Objection, the Recovery Trustee states that the proofs of interest on Exhibit A are duplicative because they were submitted directly by beneficial holders who held shares in "street name"[2] (the "Disputed Interests"), for which Brokers and Banks who held legal title to such shares as of the Distribution Record Date also filed proofs of interest. This Objection is made pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

By this Objection, the Recovery Trust requests entry of an order disallowing and expunging the Disputed Interests, as set forth in further detail below. Attached hereto as Exhibit 2 is the Recovery Trustee's declaration in support of the Objection (the "Ryniker Declaration"). In further support of this Objection, the Recovery Trustee, on behalf of the Recovery Trust, respectfully states as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

---

[2] The phrase "street name" is used to refer to securities of companies which are held electronically in the account of a stockbroker or custodian. The stockbroker or custodian is recorded as the legal owner of the securities and is known as the "nominee owner." The nominee owner holds those ownership rights on behalf of the true economic owner who is referred to as the "beneficial owner."

the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code Sections 502(b) and 558, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND

### A. The Plan

4. On April 14, 2010, Point Blank Solutions Inc. *n/k/a* SS Body Armor I, Point Blank Body Armor, Inc. *n/k/a* SS Body Armor II, Protective Apparel Corporation of America *n/k/a* SS Body Armor III, and PBSS (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner was or has been appointed in any of the Debtors' chapter 11 cases.

5. On September 1, 2015, the Plan Proponents[3] filed the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* [D.I. 3261] (the "Plan"). The Plan provides for liquidation and disposition of certain assets and is predicated on the Settlement Agreement, under which (1) the Debtors were provided with a $20 million, interest-free, non-recourse loan to fund certain claims, reserves, and Plan implementation, (2) various complex litigation matters pending in the Bankruptcy Court, the Delaware District Court, and the EDNY District Court were settled, and (3) certain parties were authorized to pursue recoveries in the Shared Recovery Matters.

---

[3] Capitalized terms not defined in this paragraph shall have the meaning ascribed to them in the Plan.

6.  On November 10, 2015, an order (the "Confirmation Order") was entered confirming the Plan and the Plan Supplement (including the Recovery Trust Agreement) dated October 2, 2015 (the "Plan Supplement"). The Plan was consummated on November 23, 2015 (the "Effective Date"). Section 6.8 of the Plan provides for the substantive consolidation of the Debtors' cases for distribution purposes.

7.  The Plan sets forth the "Post-Confirmation Debtor Functions" and the "Recovery Trust Functions" and requires the Post-Confirmation Debtor Representative and Recovery Trustee to "cooperate and coordinate their efforts to implement the Plan." *See* Plan § 7.5. The Recovery Trust Functions include, (i) the filing, prosecution, settlement and/or other disposition of any and all objections to proofs of claim; (ii) the filing, prosecution, settlement and/or other disposition of any and all Estate Claims; (iii) the distribution of the proceeds of the Recovery Trust Assets to the Recovery Trust beneficiaries pursuant to the Recovery Trust agreement; and (iv) the liquidation or other disposition of any other Recovery Trust Asset.

### B. The Recovery Trust

8.  Interest Holders are beneficiaries of the Recovery Trust. Article 4.6(b) of the Plan provides:

> *Treatment*: On the Effective Date, the Old Common Stock Interests shall be deemed cancelled, null and void, and of no force and effect. Each holder of an Allowed Old Common Stock Interest shall receive, in full satisfaction, settlement, and release of, and in exchange for, such Old Common Stock Interest, an allocated Class 6 Trust Interest, which shall entitle the holder its *pro rata* share of funds available to holders of Class 6 Trust Interests pursuant to the Recovery Trust Agreement. The *pro rata* share of funds of a particular holder of a Class 6 Trust Interest shall be determined by multiplying (a) the total net funds available for distribution to holders of allowed Class 6 interests under the Recovery Trust Agreement and (b) the ratio of (x) the number of shares of Old Common Stock Interests held by the holder as of the [D]istribution [R]ecord [D]ate to (y) the aggregate number of all shares of Old Common Stock Interests outstanding as of the [D]istribution [R]ecord [D]ate. In accordance with the Recovery Trust Agreement, each holder of a Class 6 Trust Interest shall receive distribution(s) in Cash from the Recovery Trust of said holder's *pro rata* share of any Net Distributable Recovery Trust Proceeds (if any)

remaining *after and subject to* Class 3 Satisfaction and Class 4 Satisfaction. Class 6 Trust Interests shall be subordinated in right of payment to the Class 3 Trust Interests and Class 4 Trust Interests.[4]

9. The Plan defines the "Distribution Record Date" as the date that the Confirmation Order is entered by the Bankruptcy Court, November 10, 2015.

10. On November 5, 2018, the EDNY District Court entered a *Consent Final Decree of Forfeiture and Order for Delivery* [Case No. 10-cv-04750, D.I. 216] to effectuate the terms of a Global Settlement[5] entered into as of October 25, 2018 between Point Blank Solutions, Inc., the Recovery Trust, the DOJ, the Class Plaintiffs, and the estate of David Brooks, Jeffrey Brooks, and other members of the Brooks family resolving, among other things, the Class and Derivate Actions.

11. Pursuant to the Global Settlement, the estate of David Brooks, Jeffrey Brooks, and other Brooks-related parties (collectively, the "Excluded Parties") released all rights to receive distributions from the Recovery Trust, including distributions based on Old Common Stock Interests.

### C. The Equity Distribution Procedures

12. On September 13, 2019, the Recovery Trust filed the *Recovery Trust's Motion for an Order Approving Equity Distribution Procedures and Granting Related Relief* [D.I. 4330] (the "Equity Procedures Motion"). In the Equity Procedures Motion, the Recovery Trustee explained in detail the basis for establishing concrete and definitive procedures for administering distributions to Interest Holders, driven in large part by two problems: (i) the fact that there is no way to identify each and every individual beneficial owner of shares as of the Distribution Record Date; and (ii) the fact that various Interest Holders held shares on behalf of Excluded Parties.

---

[4] Pursuant to the terms of the Plan, there is no deadline for the Recovery Trust to file objections to Disputed Interests.

[5] Unless otherwise stated, capitalized terms not defined herein shall have the meaning ascribed to them in the *Recovery Trust's Motion for an Order Approving Equity Distribution Procedures and Granting Related Relief* [D.I. 4330].

13. To solve these problems, the Recovery Trustee proposed procedures that would facilitate payment to all qualified Interest Holders by soliciting Proofs of Interest from two verified constituencies representing all such Interest Holders: (i) Registered Equity Holders who hold legal title to shares on their own behalf;[6] and (ii) Brokers and Banks who hold legal title to shares on behalf of beneficial owners.[7] Equity Procedures Motion, pp. 7-8 & n.6. The Proof of Interest Form then required the Interest Holder to identify whether and to what extent it held shares on behalf of an Excluded Party.

14. Importantly, the Recovery Trustee also requested that the Court expunge previously-filed Proofs of Interest in order to prevent double recoveries (not to mention the administrative and legal quagmire) that would result from beneficial owners filing their own Proofs of Interest while also being covered by Proofs of Interest filed by Brokers and Banks. Equity Procedures Motion, p. 12 & n.8.

15. On October 28, 2019, the Court entered an order approving the Equity Procedures Motion (the "Equity Procedures Order"), establishing December 27, 2019 as the Proof of Interest Bar Date [D.I. 4345]. The Equity Procedures Order was specifically limited to "Registered Holders, or Brokers and Banks, as the case may be." Id., p. 2. The Court disallowed and/or expunged any previously filed Proofs of Interest (including any filed by beneficial owners). Id.

16. The Court also ordered that the "Excluded Parties are not entitled to receive a distribution pursuant to any Class 6 Claims (Old Common Stock Interests) and the Recovery Trust shall redistribute such distributions in accordance with the Plan."

---

[6] The list of Registered Equity Holders was attached to the Equity Procedures Motion as Exh. B.

[7] The list of Banks and Brokers was attached to the Equity Procedures Motion as Exh. C.

17. Further, the Equity Procedures Order approved the Proof of Interest Form, which instructed: "The Recovery Trust will distribute *pro rata* to Registered Equity Holders as well as Brokers and Banks for beneficial owners of Point Blank Solutions, Inc. as of November 10, 2015." Equity Procedures Motion, Exh. D, p. 1. There was no invitation for beneficial owners to file their own Proofs of Interest, nor any indication that beneficial owners would be paid directly.

### D. The Disputed Proofs of Interest

18. Written notice of the Proof of Interest Bar Date (the "Bar Date Notice") was mailed to Registered Equity Holders and Brokers and Banks. Ryniker Declaration, ¶ 5.

19. Numerous Registered Equity Holders and Brokers and Banks filed Proofs of Interest. Four such Proofs of Interest filed by Brokers or Banks identified Excluded Shares held in street name by such Brokers or Banks on behalf of Excluded Parties, as beneficial owners, on the Distribution Record Date. These Excluded Shares are detailed on Exhibit 3 hereto, including information identifying the number of Excluded Shares and the corresponding Excluded Party and Broker or Bank, as applicable. Pursuant to the Equity Procedures Order, the Recovery Trustee will not distribute the Disputed Shares to such Brokers or Banks but will instead "redistribute such distributions in accordance with the Plan."[8] Ryniker Declaration, ¶ 7. After such redistribution, and the resolution of the Objection asserted herein, the Recovery Trustee anticipates the total equity pool will consist of approximately 33,282,841 allowed shares.

20. In addition, 15 purported beneficial owners (listed on Exhibit A to the Proposed Order) filed their own Proofs of Interest, notwithstanding the Equity Procedures Order and the directions on the Proof of Interest Form. Ryniker Declaration, ¶ 10.

---

[8] The Recovery Trustee does not believe he is required to object further to the Proofs of Interest of these Brokers and Bank because the Excluded Shares were already disallowed by the Equity Procedures Order. In an abundance of caution, however, the Recovery Trustee reserves all rights to object to such Proofs of Interest to the extent the Court deems necessary.

21. Twelve of the beneficial owner Proofs of Interest identified the corresponding Broker or Bank through which they held their shares. Each of those corresponding Brokers or Banks also filed a proof of interest. Ryniker Declaration, ¶ 10.

22. The remaining three beneficial owners did not identify the applicable Broker or Bank, nor did they provide supporting documentation from which such Broker or Bank could be identified. Ryniker Declaration, ¶ 11.

23. The Proofs of Interest filed in these cases are maintained by Kurtzman Carson Consultants LLC, the administrative agent retained by the Recovery Trust to assist with distribution and maintenance of Proofs of Interests. Ryniker Declaration, ¶ 6.

## RELIEF REQUESTED

24. By this Objection, the Recovery Trust requests entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing and expunging the Disputed Proofs of Interest filed by beneficial holders who held shares as of the Distribution Record Date in "street name" for which Brokers and Banks who held legal title as of the Distribution Record Date also filed a proof of interest, as identified on Exhibit A to the Proposed Order. This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

25. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

{00028082.2}                                            8

11 U.S.C. § 502(b)(1).

26. As set forth above, the Recovery Trustee identified certain Proofs of Interest filed by beneficial owners who held shares in street name at a Broker or Bank on the Distribution Record Date and which are therefore duplicative of the shares identified in the Proofs of Interest filed by such Brokers and Banks. Ryniker Declaration, ¶¶ 10-11.

27. Allowing the Disputed Interests would result in a double recovery to such beneficial owners on account of the same shares, i.e., a distribution from the Recovery Trust and a distribution from the applicable Broker or Bank. Allowing these beneficial owners to receive a double recovery is unfair not only because it provides those beneficial owners with a windfall, but also because it will result in a corresponding reduction of distributions to other Interest Holders.

28. Beneficial owners were not afforded the right to file individual Proofs of Interest under the Equity Procedures Order for this very reason (indeed, the same reason why the Equity Procedures Order expunged the previously filed Proofs of Interest). Under the Equity Procedures Order, the Recovery Trustee is required to make distributions in accordance with the allowed Proofs of Interests of the Brokers and Banks—not unregistered beneficial owners who hold through Brokers or Banks.

29. The shares held by the Surviving Brokers and Banks identified on Exhibit A to the Proposed Order will remain on the Proofs of Interest register (except to the extent of any Excluded Party shares). The beneficial owners who filed the Disputed Interests must look to their Broker or Bank for any distribution to which they are entitled once the Recovery Trust makes a distribution to holders of Class 6 Claims (Old Common Stock Interest) in accordance with the Equity Procedures Order.

30. Accordingly, the Recovery Trust seeks entry of the Proposed Order disallowing and expunging the Disputed Interests filed by beneficial holders who held shares as of the Distribution Record Date in "street name" for which Brokers and Banks who held legal title as of the Distribution Record Date also filed a proof of interest, as identified on <u>Exhibit A</u> to the Proposed Order.

## RESERVATION OF RIGHTS

31. The Recovery Trust hereby reserves its right to object in the future to any of the Disputed Interests listed on <u>Exhibit A</u> to the Proposed Order on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed Proofs of Interest. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

## NOTICE

32. Notice of this Objection will be provided to: (i) the United States Trustee for the District of Delaware; (ii) the beneficial interest holders listed on <u>Exhibit A</u> the Proposed Order, at the notice addresses listed on their Proofs of Interest; (iii) the Brokers and Banks holding shares for Excluded Parties, as reflected on <u>Exhibit 3</u>, at the notice addresses listed on their Proofs of Interest; (iv) counsel to such Excluded Parties, if known; and (v) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Recovery Trust submits that no other or further notice is necessary.

## NO PRIOR REQUEST

33. The Recovery Trust has not previously sought the relief requested herein from this Court or any other court.

**PRAYER FOR RELIEF**

For the reasons set forth herein, the Recovery Trust respectfully requests that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing and expunging the Disputed Proofs of Interest filed by beneficial holders who held shares as of the Distribution Record Date in "street name" for which Brokers and Banks who held legal title as of the Distribution Record Date also filed a proof of interest, as identified on Exhibit A to the Proposed Order; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: May 11, 2020
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
       leonhardt@teamrosner.com
       gibson@teamrosner.comr

-and-

**ARENT FOX LLP**

George P. Angelich (admitted *pro hac vice*)
Beth Brownstein (admitted *pro hac vice*)
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone: (212) 484-3900
Facsimile:  (212) 484-3990
Email: george.angelich@arentfox.com
       beth.brownstein@arentfox.com

*Counsel to the Recovery Trust*