# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SS Body Armor I, Inc., *et al.*,[1] | Case No. 10-11255 (CSS) |
| Debtors. | (Jointly Administered) |

## STIPULATION OF FACTS

In connection with the hearing before this Court on the *Equity Group's Motion to Enforce the Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Regarding Class 3 and Class 4 Satisfactions* [D.I. 4377]; and the *Recovery Trust's Motion for Order Authorizing Holdback from First Interim Distribution to Interest Holders and Related Relief* [D.I. 4411], the Recovery Trust, Post Confirmation Debtor, and Equity Group hereby stipulate as follows:

1. On August 10, 2010, D. David Cohen ("Cohen") filed a claim in the amount of $1,886,850.00, denominated as Claim No. 402 on the Court's Claims Register. On September 29, 2015, Debtor Point Blank Solutions, Inc. ("Debtor") filed an *Objection* to Claim No. 402 [D.I. 3317]. Claim No. 402 remains outstanding and Cohen has not been paid on account of such claim.

2. On August 13, 2010, Carter Ledyard & Milburn LLP ("CLM") filed a claim in the amount of $402,716.86, denominated as Claim No. 434 on the Court's Claims Register. On September 29, 2015, the Debtor filed an *Objection* to Claim No. 434 [D.I. 3318]. Claim No. 434 remains outstanding and CLM has not been paid on account of such claim.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: SS Body Armor I, Inc. (9361) (f/k/a Point Blank Solutions, Inc.); SS Body Armor II, Inc. (4044) (f/k/a Point Blank Body Armor, Inc.); SS Body Armor III, Inc. (9051) (f/k/a Protective Apparel Corporation of America); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., *et al.*, c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

3.  On January 13, 2012, Cohen filed a claim in the amount of $736,285.42, denominated as Claim No. 568 on the Court's Claims Register. On September 29, 2015, the Debtor filed an *Objection* to Claim No. 568 [D.I. 3320]. Claim No. 568 remains outstanding and Cohen has not been paid on account of such claim.

4.  On September 25, 2015, Cohen and CLM filed an *Application for Fees and Expenses, and Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* [D.I. 3300], seeking an award of fees and expenses in the amount of $1,860,000.00 (the "Fee Claim"). On October 19, 2015, the Debtor filed an *Objection* to the Fee Claim [D.I. 3367] and the Official Committee of Unsecured Creditors filed a *Joinder to Debtors' Objection*. [D.I. 3370]. The Fee Claim remains outstanding and neither Cohen nor CLM has been paid on account of such claim.

5.  On February 23, 2018, the Bankruptcy Court entered an *Order Establishing Reserve*, which required "the Post-Confirmation Debtor to establish a reserve in the amount of $5 million pending the determination of the amount of D. David Cohen's and CLM's fee award . . . ." [D.I. 4049].

6.  On June 4, 2020, the Third Circuit issued an Opinion regarding the Fee Claim and held that "Cohen is entitled to attorneys' fees and expenses for his objection to the initial settlement in this case." Opinion at 3. The Third Circuit reversed in part the order that granted his fees on a contingent basis and remanded for a determination of the appropriate amount of the fee award. *Id*. The Third Circuit affirmed this Court's denial of Cohen's claim for substantial contribution.

7.  A reserve of $5 million is being maintained for potential payment of the Fee Claim and Claim No. 568.

8. In addition, the Recovery Trust is reserving such cash as it estimates to be reasonably necessary to satisfy the distributions that could be required to be made on account of Claim Nos. 402 and 434.

9. To the best of the parties' knowledge, payment in full has been rendered to the holders of all Class 3 Claims and Class 4 Claims, <u>except</u> Claim No. 402, Claim No. 434, Claim No. 568, and the Fee Claim.

Dated: July 7, 2020
Wilmington, Delaware

| **PACHULSKI STANG ZIEHL & JONES LLP** | **THE ROSNER LAW GROUP LLC** |
|---|---|
| */s/ James E. O'Neill* | */s/ Jason A. Gibson* |
| Laura Davis Jones (Bar No. 2346) | Frederick B. Rosner (DE 3995) |
| Alan J. Kornfeld (CA Bar No. 130063) | Scott J. Leonhardt (DE 4885) |
| James E. O'Neill (Bar No. 4042) | Jason A. Gibson (DE 6091) |
| 919 North Market Street, 17th Floor | 824 Market Street, Suite 810 |
| P.O. Box 8705 | Wilmington, Delaware 19801 |
| Wilmington, Delaware 18899-8705 | Telephone: (302) 777-1111 |
| (Courier 19801) | Email: rosner@teamrosner.com |
| Telephone: (302) 652-4100 | leonhardt@teamrosner.com |
| Email: ljones@pszjlaw.com | gibson@teamrosner.com |
| akornfeld@pszjlaw.com | |
| joneill@pszjlaw.com | -and- |
| *Counsel to the Post-Confirmation Debtor* | **ARENT FOX LLP** |
| | George P. Angelich (admitted *pro hac vice*) |
| | Beth Brownstein (admitted *pro hac vice*) |
| | 1301 Avenue of the Americas, 42nd Floor |
| | New York, New York 10019 |
| | Telephone: (212) 484-3900 |
| | Facsimile: (212) 484-3990 |
| | Email: george.angelich@arentfox.com |
| | beth.brownstein@arentfox.com |
| | *Counsel to the Recovery Trust* |

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Jeremy W. Ryan (Bar No. 4057)
R. Stephen McNeill (Bar No. 5210)
1313 North Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Counsel to the Equity Group*