**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| SS Body Armor I, Inc., *et al.*, *f/k/a* Point Blank Solutions, Inc., *et al.*[1] | Case No. 10-11255 (CSS) |
| Debtors. | Jointly Administered |
| | **Re: D.I. 4501, 4503, 4514 & 4520** |

------------------------------------------------------------x

**CERTIFICATION OF COUNSEL REGARDING**
**STIPULATION AND ORDER RESOLVING CLAIMS OF D. DAVID COHEN**

I, Jason A. Gibson, of The Rosner Law Group LLC, counsel for the Recovery Trust (the "Recovery Trust") for SS Body Armor I, Inc., *et al.*, f/k/a Point Blank Solutions, Inc., *et al.* in the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby certify as follows:

1. On April 14, 2010, the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

2. On August 9, 2010, D. David Cohen ("Cohen" and together with the Recovery Trust, the "Parties") filed Claim Number 390 ("Claim 390") as a general unsecured claim in the amount of $1,886,850.00.

3. On August 10, 2010, Cohen filed Claim Number 402 ("Claim 402") as a general unsecured claim in the amount of $1,886,850.00.

---

[1] The pre-confirmation debtors and the last four digits of each debtor's federal tax identification number were: SS Body Armor I, Inc. (9361); SS Body Armor II, Inc. (4044); SS Body Armor III, Inc. (9051); and PBSS, LLC (8203). All correspondence and pleadings must be sent to SS Body Armor I, Inc., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

{00029462. }

4. On February 11, 2011, the Debtors filed a complaint seeking to subordinate Claim 390 pursuant to section 510(b) of the Bankruptcy Code that was designated as Adversary Proceeding number 11-50338 (the "Adversary Proceeding").

5. On January 13, 2012, Cohen filed Claim Number 568 ("Claim 568") asserting administrative priority pursuant to section 503(b) of the Bankruptcy Code in the amount of $736,285.42.

6. On September 1, 2015, the Plan Proponents filed the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* [D.I 3261] (as amended, and collectively with all supplements, the "Plan").[2]

7. On September 25, 2015, Cohen and Carter Ledyard Milburn LLP ("CLM") filed a joint *Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses, And Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* [D.I. 3300], seeking an award (the "CLM Fee Claim") of $1,860,000 in fees and expenses (the "Fee Application").

8. On September 29, 2015, the Debtors filed (i) *Debtor's Objection to Proofs of Claim Nos. 390 and 402 Filed by D. David Cohen* [D.I 3317]; and (ii) *Debtor's Objection to Application of D. David Cohen for Payment of Attorneys' Fees and Expenses Pursuant to 11 U.S.C. § 503(b) for Substantial Contribution to the Debtors' Bankruptcy Estate (Proof Of Claim No. 568)* [D.I. 3320].

9. On November 10, 2015, the Confirmation Order was entered confirming the Plan.

---

[2] Capitalized terms used herein but otherwise not defined shall retain the meaning ascribed to them in the Plan.

10. Pursuant to the terms of the Plan, the Recovery Trust for SS Body Armor I, Inc., *et al., f/k/a* Point Blank Solutions, Inc., *et al*. was created, Brian K. Ryniker was appointed as Recovery Trustee (the "Recovery Trustee") and the Recovery Trustee, executed the Recovery Trust Agreement.

11. Section 5.5(b) of the Recovery Trust Agreement provides the Recovery Trustee with the right and power, without further Bankruptcy Court approval to:

> Settle, resolve and object to Claims and t file, prosecute, compromise and settle Estate Claims assigned and delivered to the Recovery Trust, whether or not the Estate Claims or objections to Claims have been commenced prior to the Effective Date, and shall be substituted as the real party in interest in any such action or objection by or against the Debtors, the Creditors' Committee or the Equity Committee . . .

12. Section 5.6(a) of the Recovery Trust Agreement provides:

> [N]otwithstanding Section 5.5, the Recovery Trustee shall procure approval by unanimous vote of the members of the Recovery Trust committee prior to settling any Disputed Claim for an amount of $500,000 or more; provided however, in the event the Recovery Trust Committee fails to approve such settlement proposed by unanimous vote, but does obtain approval of a majority of the Recovery Trust Committee, then the Recovery Trustee may submit the matter to the Bankruptcy Court for approval of such action and the non-consenting member of the Recovery Trust Committee shall have standing to be heard in opposition to such request.

13. On March 30, 2018, the Recovery Trust filed the *Recovery Trust's First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1* [D.I. 4068] (the "Omnibus Objection") which, among other things, sought to disallow and expunge Claim 390 on the basis it is duplicative of Claim 402.

14. On May 11, 2018, the Court entered an Order granting the Omnibus Objection and disallowing and expunging Claim 390.

15. Following good-faith, arm's-length negotiations, the Parties have negotiated and memorialized their agreement in the form of stipulation and order (the "Stipulated Order") [D.I.

4501; filed 10/16/2020] resolving all pending claims and litigation with Cohen individually, including the Recovery Trust's objections to Claims 402 and 568. The Stipulated Order was approved by unanimous consent of the Recovery Trust Committee in accordance with Section 5.6(a) of the Recovery Trust Agreement.

16. On October 16, 2020, Jon Jacks ("Jacks") filed a *Limited Objection to Stipulation and Order Resolving Claims of D. David Cohen* [D.I. 4503] (the "Jacks Objection"). In light of the Court's *Order Striking Pleadings* [D.I. 4516] filed by Jon Jacks entered on November 2, 2020, the Parties did not confer with Jacks prior to filing this certification.

17. On October 28, 2020, Cohen filed his *Affidavit in Support of Settlement Stipulation with Claimant D. David Cohen* [D.I. 4514].

18. On November 3, 2020, the Recovery Trust filed its Motion to strike the Jacks Objection. *See* D.I. 4520. In light of the Court's November 2 Order [D.I. 4516], the Recovery Trust believes the Jacks Objection should (and will) be stricken from the Court's docket.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Recovery Trust respectfully requests that the Court enter the Stipulated Order without further notice or hearing. A hard copy of this certification is being submitted to Chambers along with the Stipulated Order.

Dated: November 3, 2020
       Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
       leonhardt@teamrosner.com
       gibson@teamrosner.com

-and-

George P. Angelich (admitted *pro hac vice*)
Beth Brownstein (admitted *pro hac vice*)
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: george.angelich@arentfox.com
       beth.brownstein@arentfox.com

Jackson D. Toof (admitted *pro hac vice*)
1717 K Street, N.W.
Washington, DC 20006
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
Email: jackson.toof@arentfox.com

*Counsel to Recovery Trust*