## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re

SS Body Armor I, Inc., *et al.*, *f/k/a* Point Blank
Solutions, Inc., *et al.*[1]

                    Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 10-11255 (CSS)

Jointly Administered

## STIPULATION AND ORDER RESOLVING CLAIMS OF D. DAVID COHEN
### (Claim Nos. 402 and 568)

WHEREAS, on April 14, 2010, Point Blank Solutions Inc. *n/k/a* SS Body Armor I, Point Blank Body Armor, Inc. *n/k/a* SS Body Armor II, Protective Apparel Corporation of America *n/k/a* SS Body Armor III, and PBSS (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code; and

WHEREAS, on September 1, 2015, the Plan Proponents[2] filed the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* [Docket No. 3261] (as amended, and collectively with all supplements, the "<u>Plan</u>"); and

WHEREAS, on November 10, 2015, the Court entered the Confirmation Order confirming the Plan; and

---

[1] The pre-confirmation debtors and the last four digits of each debtor's federal tax identification number were:  SS Body Armor I, Inc. (9361); SS Body Armor II, Inc. (4044); SS Body Armor III, Inc. (9051); and PBSS, LLC (8203). All correspondence and pleadings must be sent to SS Body Armor I, Inc., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

{00029269. }

WHEREAS, pursuant to the terms of the Plan, the Recovery Trust for SS Body Armor I, Inc., *et al.*, f/k/a Point Blank Solutions, Inc., et al. (the "Recovery Trust") was created, Brian K. Ryniker was appointed as Recovery Trustee (the "Recovery Trustee") and the Recovery Trustee, executed the Recovery Trust Agreement; and

WHEREAS, Section 5.5(b) of the Recovery Trust Agreement provides the Recovery Trustee with the right and power, without further Bankruptcy Court approval to:

> Settle, resolve and object to Claims and file, prosecute, compromise and settle Estate Claims assigned and delivered to the Recovery Trust, whether or not the Estate Claims or objections to Claims have been commenced prior to the Effective Date, and shall be substituted as the real party in interest in any such action or objection by or against the Debtors, the Creditors' Committee or the Equity Committee . . .

WHEREAS, Section 5.6(a) of the Recovery Trust Agreement provides:

> [N]otwithstanding Section 5.5, the Recovery Trustee shall procure approval by unanimous vote of the members of the Recovery Trust committee prior to settling any Disputed Claim for an amount of $500,000 or more; provided however, in the event the Recovery Trust Committee fails to approve such settlement proposed by unanimous vote, but does obtain approval of a majority of the Recovery Trust Committee, then the Recovery Trustee may submit the matter to the Bankruptcy Court for approval of such action and the non-consenting member of the Recovery Trust Committee shall have standing to be heard in opposition to such request.

WHEREAS, on September 14, 2020, the Recovery Trustee obtained unanimous consent and authority from the Recovery Trust Committee for approval of this Stipulation and Order; and

WHEREAS, on August 9, 2010, D. David Cohen ("Cohen") filed Claim Number 390 ("Claim 390") as a general unsecured claim in the amount of $1,886,850.00; and

WHEREAS, on August 10, 2010, Cohen filed Claim Number 402 ("Claim 402") as a general unsecured claim in the amount of $1,886,850.00; and

WHEREAS, on February 11, 2011, the Debtors filed a complaint seeking to subordinate Claim 390 pursuant to section 510(b) of the Bankruptcy Code which was designated as Adversary Proceeding number 11-50338 (the "Adversary Proceeding"); and

WHEREAS, on January 13, 2012, Cohen filed Claim Number 568 ("Claim 568") asserting administrative priority pursuant to section 503(b) of the Bankruptcy Code in the amount of $736,285.42.

WHEREAS, on September 25, 2015, Cohen and Carter Ledyard Milburn LLP ("CLM") filed a joint *Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses, And Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* [Docket No. 3300], seeking an award (the "CLM Fee Claim") of $1,860,000 in fees and expenses (the "Fee Application"); and

WHEREAS, on September 29, 2015, the Debtors filed *Debtor's Objection to Proofs of Claim Nos. 390 and 402 Filed by D. David Cohen* [Docket No. 3317]; and

WHEREAS, on September 29, 2015, the Debtors filed the *Debtor's Objection to Proof of Claim No. 434 Filed By Carter Ledyard & Milburn LLP Counsel to D. David Cohen* [Docket No. 3318]; and

WHEREAS, on September 29, 2015, the Debtors filed the *Debtor's Objection to Application of D. David Cohen for Payment of Attorneys' Fees and Expenses Pursuant to 11 U.S.C. § 503(B) for Substantial Contribution to the Debtors' Bankruptcy Estate (Proof Of Claim No. 568)* [Docket No. 3320]; and

WHEREAS, on October 19, 2015, the Debtor filed the *Debtor's Objection to Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses, and Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* [Docket No. 3367] (the

"Debtors' Objection") and the Official Committee of Unsecured Creditors (the "Committee") filed a Joinder to Debtors' Objection [Docket No. 3370]; and

WHEREAS, on October 26, 2015, Cohen and CLM filed their *Reply to Debtors' Objection* [Docket No. 3425]; and

WHEREAS, on December 3, 2015, the Court issued an Order granting in part and denying in part the Fee Application [Docket No. 3624] (the "Bankruptcy Court Initial Fee Order"); and

WHEREAS, on January 17, 2018, CLM filed the *Motion of Carter Ledyard & Milburn LLP to Establish Reserve to Pay Fee Award Pursuant to Order Dated December 3, 2015* [Docket No. 4019]; and

WHEREAS, on January 31, 2018, the Post-Confirmation Debtors and the Recovery Trustee filed the *Opposition of Post-Confirmation Debtor SS Body Armor I, Inc. and the Recovery Trustee to Motion of Carter Ledyard & Milburn LLP to Establish a $25 Million Reserve to Pay a Fee Award to D. David Cohen and Carter Ledyard & Milburn LLP* [Docket No. 4030]; and

WHEREAS, on February 23, 2018, the Court entered the Order Establishing Reserve [Docket No. 4049] which directed the Post-Confirmation Debtors to establish a reserve of $5 million; and

WHEREAS, CLM filed an appeal, on behalf of itself and Cohen, with respect to the Bankruptcy Court Initial Fee Order to the Third Circuit Court of Appeals (the "Third Circuit Appeal"); and

WHEREAS, on March 30, 2018, the Recovery Trust filed the *Recovery Trust's First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1* [Docket No. 4068] (the

"Omnibus Objection") which, among other things, sought to disallow and expunge Claim 390 on the basis it is duplicative of Claim 402; and

WHEREAS, on May 11, 2018, the Court entered an Order granting the Omnibus Objection and disallowing and expunging Claim 390; and

WHEREAS, Cohen filed a complaint in the New York Supreme Court, Nassau County, Index No. 08-19276 against one or more of the Debtors (the "State Court Action") in 2008; and

WHEREAS, on December 4, 2018, Cohen asserted claims against the Securities & Exchange Commission (the "Commission") which are considered as administrative tort claims pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 (the "Commission Claims"); and

WHEREAS, on  June 4, 2020, the Third Circuit issued an Opinion regarding the CLM Fee Claim reversing in part the Bankruptcy Court Initial Fee Order that granted fees on a contingent basis and remanding to the Bankruptcy Court for determination of the appropriate amount of the CLM Fee Claim (the "CLM Fee Claim Remand"); and

WHEREAS, Cohen and the Recovery Trust, after considerable good-faith arm's-length negotiations desire to consensually resolve all pending claims and litigation with Cohen individually, without incurring additional legal costs, which the parties believe will be substantial if they are forced to litigate fully this matter.

NOW, THEREFORE, it is agreed by and between Cohen and the Recovery Trustee, on behalf of the Recovery Trust, and hereby ORDERED as follows:

1.      Claim 402 shall be reduced and deemed an Allowed Class 3 Claim and fixed in the amount of $940,000.  In full satisfaction of Cohen's Claim 402, and any and all other rights, claims, demands, damages of any kind, and causes of action of every nature, whether known or unknown, asserted or unasserted, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or

otherwise, that Cohen may hold individually against the Debtors, Post-Confirmation Debtors, and/or the Recovery Trust, Cohen shall receive nine-hundred forty thousand dollars ($940,000.00) (the "Settlement Payment") three (3) business days after Court this Stipulation and Order becomes a final order, one which has not been reversed, stayed, modified or amended and to which the time to appeal has expired and no timely appeal having been taken (the "Settlement Effective Date").

2.      The Recovery Trust has not and shall not object to the validity of any timely filed Class 6 Interests held by Cohen.  For the avoidance of doubt, the bar date for filing such Class 6 Interests has passed, and Cohen shall be barred from filing any additional proofs of interest on account of a Class 6 Interest.  Distributions on account of such Allowed Class 6 Interests shall be made in accordance with any applicable orders or procedures governing such respective distributions.

3.      Upon the Settlement Effective Date, Cohen and his agents, heirs, successors, and assigns fully, finally and forever releases, relinquishes and discharges the Debtors, Post-Confirmation Debtors, and Recovery Trust and their principals, officers, directors, agents, assigns, administrators, representatives and professionals (collectively, the "Released Estate Parties") from all rights, claims, demands, damages of any kind, and causes of action of every nature, whether known or unknown, asserted or unasserted, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, arising from any direct and any indirect claims against the Debtor, Post-Confirmation Debtors, and Recovery Trust asserted on behalf of Cohen.

4.      Upon the Settlement Effective Date, the Recovery Trust and its heirs, successors, and assigns for itself and the Released Parties fully, finally and forever releases, relinquishes and discharges Cohen from all rights, claims, demands, damages of any kind, and causes of action of

every nature, whether known or unknown, asserted or unasserted, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, related to or arising out of Claim 402.

5.     Upon execution of the Stipulation, and without further action by the parties, Claim 568 is waived, disallowed and withdrawn with prejudice and is of no further force or effect.  Unless expressly provided otherwise in the Stipulation and Order, any and all of Cohen's claims whether arising from the State Court Action, the Third Circuit Appeal, or any other proceedings, are expressly and knowingly dismissed, waived, released, withdrawn, deemed disallowed, and expunged.

6.     The Stipulation and Order shall not affect or alter, in any manner, CLM and any non-signatory party's rights with respect to the fee claim of CLM which is subject to the separate CLM Fee Claim Remand.  Cohen reserves any and all rights to obtain from CLM any and all monies paid by him to CLM in connection with the engagement agreement between Cohen and CLM dated September 23, 2008 or otherwise; provided however that Cohen acknowledges and agrees that to the extent Cohen individually receives greater than $139,600 in connection with the CLM Fee Claim Remand proceedings, such funds shall be promptly returned and turned over to the Recovery Trust without any defense, claim, counter-claim, opposition, right of setoff or offset to be redistributed in accordance with the Plan.  The Recovery Trust reserves all rights to prosecute and defend against the CLM Fee Claim Remand to the fullest extent, unaltered by this Stipulation and Order.

7.     The Stipulation shall not affect any action against the Commission including members of the Staff of the Commission and others acting together or in concert with them, excluding for the avoidance of doubt, the Debtors, Post-Confirmation Debtors, Recovery Trustee and any and all of the Released Parties.

8.      Cohen further expressly and knowingly waives all rights under Bankruptcy Rule 3008.

9.      Epiq Systems, Inc., the official claims agent appointed in these cases, is authorized and directed to update the official claims register as necessary to effectuate the terms of this Stipulation and Order.

10.      The Adversary Proceeding shall be closed and resolved in accordance with this Stipulation and Order.

11.      The individuals signing this Stipulation and Order represent and warrant that they are authorized to sign this Stipulation and Order on behalf of the entity or entities for which they have so signed.

12.      The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Order.

Dated: October 16, 2020
      Wilmington, Delaware

Dated: October 16, 2020
      Jericho, New York

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
     leonhardt@teamrosner.com
     gibson@teamrosner.com

-and-

**THE LAW OFFICES OF JOYCE, LLC**

*/s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
(302) 388-1944
mjoyce@mjlawoffices.com

-and-

**Mc BREEN & KOPKO**

*/s/ Richard A. Auerbach*
Richard A. Auerbach
366 North Broadway
Jericho, New York 11753
Telephone: (516) 364-1095

Email:  rauerbach@mklawnyc.com

*Counsel to D. David Cohen*

**D. DAVID COHEN**

*/s/ D. David Cohen*

**ARENT FOX LLP**

George P. Angelich (admitted *pro hac vice*)
Beth Brownstein (admitted *pro hac vice*)
1301 Avenue of the Americas, Floor 42
New York, New York 10019
Telephone: (212) 484-3900
Facsimile:  (212) 484-3990
Email:  George.angelich@arentfox.com
           beth.brownstein@arentfox.com

*Counsel to the Recovery Trust*

**SO ORDERED:**

**Dated: November 4th, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**