# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x

In re

SS Body Armor I, Inc., *et al.*, *f/k/a* Point Blank Solutions, Inc., *et al.*[1]

Debtors.

---------------------------------------------------------x

Chapter 11

Case No. 10-11255 (CSS)

Jointly Administered

## SETTLEMENT AGREEMENT RESOLVING
## CARTER LEDYARD & MILBURN LLP FEE AWARD CONTESTED MATTER

WHEREAS, on April 14, 2010, Point Blank Solutions Inc. *n/k/a* SS Body Armor I, Point Blank Body Armor, Inc. *n/k/a* SS Body Armor II, Protective Apparel Corporation of America *n/k/a* SS Body Armor III, and PBSS (collectively, the "Debtor") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code; and

WHEREAS, on September 1, 2015, the Plan Proponents[2] filed the *Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors* [Docket No. 3261] (as amended, and collectively with all supplements, the "Plan"); and

---

[1] The pre-confirmation debtors and the last four digits of each debtor's federal tax identification number were: SS Body Armor I, Inc. (9361); SS Body Armor II, Inc. (4044); SS Body Armor III, Inc. (9051); and PBSS, LLC (8203). All correspondence and pleadings must be sent to SS Body Armor I, Inc., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

WHEREAS, on November 10, 2015, the Court entered the Confirmation Order confirming the Plan; and

WHEREAS, pursuant to the terms of the Plan, as of the Effective Date of the Plan, SS Body Armor I, Inc. transitioned into the "Post-Confirmation Debtor"; and

WHEREAS, pursuant to the terms of the Plan, the Recovery Trust for SS Body Armor I, Inc., *et al.*, f/k/a Point Blank Solutions, Inc., *et al.* (the "Recovery Trust") was created, Brian K. Ryniker was appointed as Recovery Trustee (the "Recovery Trustee") and the Recovery Trustee, executed the Recovery Trust Agreement; and

WHEREAS, Section 5.5(b) of the Recovery Trust Agreement provides the Recovery Trustee with the right and power, without further Bankruptcy Court approval to:

> Settle, resolve and object to Claims and file, prosecute, compromise and settle Estate Claims assigned and delivered to the Recovery Trust, whether or not the Estate Claims or objections to Claims have been commenced prior to the Effective Date, and shall be substituted as the real party in interest in any such action or objection by or against the Debtors, the Creditors' Committee or the Equity Committee . . .

WHEREAS, Section 5.6(a) of the Recovery Trust Agreement provides:

> [N]otwithstanding Section 5.5, the Recovery Trustee shall procure approval by unanimous vote of the members of the Recovery Trust committee prior to settling any Disputed Claim for an amount of $500,000 or more; provided however, in the event the Recovery Trust Committee fails to approve such settlement proposed by unanimous vote, but does obtain approval of a majority of the Recovery Trust Committee, then the Recovery Trustee may submit the matter to the Bankruptcy Court for approval of such action and the non-consenting member of the Recovery Trust Committee shall have standing to be heard in opposition to such request.

WHEREAS, on January 13, 2021, the Recovery Trustee obtained unanimous consent and authority from the Recovery Trust Committee for approval of this Settlement Agreement; and

WHEREAS, in the fall of 2005, several derivative and class action lawsuits were filed in the United States District Court for the Eastern District of New York (the "EDNY") and

2

AFDOCS/23660137.1
AFDOCS/23753745.1

consolidated into a single class action: *In re DHB Industries, Inc. Sec. Litig.,* Case No. 05-cv-4296 (JS) (the "Class Action"), and a single derivative action: *In re DHB Industries, Inc. Derivative Litig.*, Case No. 05-cv-4345 (JS) (the "Derivative Action"), alleging, *inter alia*, that certain of the officers and directors of SS Body Armor I (f/k/a DHB Industries, Inc.) (the "Company") unjustly enriched themselves and caused over $700 million in damages; and

WHEREAS, on or about November 30, 2006, the parties to the Class Action and the Derivative Action entered into a Stipulation and Agreement of Settlement (the "EDNY Settlement"), which purported to resolve both the Class Action and the Derivative Action in a single, combined settlement; and

WHEREAS, D. David Cohen ("Cohen"), a former shareholder of the Company, retained Carter Ledyard & Milburn LLP ("CLM") in January 2007 to represent him in connection with his objection to the EDNY Settlement (the "EDNY Settlement Objection"); and

WHEREAS, on June 25, 2008, the EDNY held a combined hearing in the Class Action and the Derivative Action to approve the EDNY Settlement, during which time the EDNY overruled Cohen's objection to the EDNY Settlement; and

WHEREAS, on July 8, 2008, the EDNY issued its *Final Judgment and Order of Dismissal of Class Action With Prejudice* in the Class Action [ECF No. 346] (the "Class Action Order Approving EDNY Settlement") and its *Final Judgment and Order of Dismissal of Derivative Action With Prejudice* in the Derivative Action [ECF No. 212] (the "Derivative Action Order Approving EDNY Settlement") approving the EDNY Settlement; and

WHEREAS, on August 6, 2008, Cohen, represented by CLM, filed a Notice of Appeal [ECF No. 214] appealing the Derivative Action Order Approving EDNY Settlement to the United States Court of Appeals for the Second Circuit ("Second Circuit"); and

3

WHEREAS, in September 2008, Cohen engaged CLM to represent Cohen with his appeal of the Derivative Action Order Approving EDNY Settlement to the Second Circuit (the "Second Circuit Appeal") and in any related subsequent proceedings (other than in connection with Cohen's personal claims[3]) (the "Cohen/CLM Engagement"); and

WHEREAS, pursuant to the Cohen/CLM Engagement Letter (defined below), other than $139,406.30,[4] which Cohen paid to CLM, CLM agreed to represent Cohen on a contingency-fee basis where, following reimbursement of CLM's out-of-pocket expenses, CLM is obligated to provide one-third of any proceeds to Cohen until Cohen's advance is reimbursed and then CLM will retain, pursuant to the Cohen/CLM Engagement Letter, the remaining proceeds; and

WHEREAS, on September 30, 2010, the Second Circuit vacated the Derivative Action Order Approving EDNY Settlement,[5] agreeing with Cohen and CLM that, *inter alia*, the EDNY Settlement impermissibly indemnified two former officers of the Company against liability under section 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243[6]; and

WHEREAS, on August 13, 2010, CLM filed Claim Number 434 as a general unsecured claim in the amount of $402,716.86 ("Claim 434") in connection with legal fees and expenses incurred in representing Cohen and prosecuting the EDNY Settlement Objection;

WHEREAS, on January 20, 2012, Cohen and CLM filed an *Application and Administration Claim Statement of D. David Cohen for Payment of Attorneys' Fees and Expenses*

---

[3] Cohen filed Claim Nos. 390, 402, and 568 asserting various personal claims against the Debtor's estate. The Recovery Trust and Cohen settled those claims by *Stipulation and Order Resolving Claims of D. David Cohen* entered November 4, 2020 [Docket No. 4522] (the "Cohen Settlement Order").

[4] The engagement letter between Cohen and CLM dated September 23, 2008 (the "Cohen/CLM Engagement Letter") states that Cohen will advance $131,000; however, Cohen actually advanced $139,406.30.

[5] *Cohen v. Viray*, 622 F.3d 188 (2d Cir. 2010) (the "Second Circuit Decision").

[6] *Cohen v. Viray*, 622 F.3d 188, 190 (2d Cir. 2010).

*Pursuant to 11 U.S.C. § 503(b) for Substantial Contribution to the Debtors' Bankruptcy Estate* [Docket No. 1961] ("Cohen/CLM Administrative Claim")[7] for payment of CLM's legal fees and expenses incurred since January 2007 as an administrative expense, and reserved all rights to seek payment of his fees arising from Cohen's objections to, and appealing the approval of, the EDNY Settlement "including an appropriate multiplier" pursuant to the Second Circuit Decision; and

WHEREAS, in total, Cohen and CLM have incurred fees and expenses in excess of $4 million through February 1, 2021, including amounts incurred in connection with preserving their rights to seek payment of his fees and expenses following the Second Circuit Decision; and

WHEREAS, on September 25, 2015, Cohen and CLM filed a joint *Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses, And Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* [Docket No. 3300], seeking an award (the "CLM Fee Claim") of $1,860,000 in fees and expenses (the "CLM Fee Application"); and

WHEREAS, on September 29, 2015, the Debtor filed the *Debtor's Objection to Proof of Claim No. 434 Filed By Carter Ledyard & Milburn LLP Counsel to D. David Cohen* [Docket No. 3318]; and

WHEREAS, on October 19, 2015, the Debtor filed the *Debtor's Objection to Application of D. David Cohen and Carter Ledyard Milburn LLP for Fees and Expenses, and Memorandum in Opposition to the Payment of Fees and Expenses to Derivative Counsel* [Docket No. 3367] (the

---

[7] On the same day, Cohen filed *pro se* a separate *Application of D. David Cohen for Payment Attorneys' Fees and Expenses Pursuant to 11 U.S.C. § 503(b)(3)(D) and (b)(4) for Substantial Contribution to the Debtors' Bankruptcy Estate* [Docket No. 1975] ("Cohen Administrative Claim"), which he noted "is separate and apart from . . . the separate claim being filed by Mr. Cohen's attorneys for the attorneys fees and expenses incurred by him with Carter Ledyard Milburn . . . ." *Id*. at 2, ¶ 2; *see also id*. at 21, ¶ 50 ("CLM, the attorneys for Mr. Cohen are filing a simultaneous Application to this Court for the payment to them, including reimbursement to Mr. Cohen for the portion thereof already advanced by Cohen to CLM . . . ."). The Cohen Administrative Claim was resolved through the Cohen Settlement Order.

5

"Debtor's Objection") and the Official Committee of Unsecured Creditors (the "Committee") filed a Joinder to Debtors' Objection [Docket No. 3370]; and

WHEREAS, on October 26, 2015, Cohen and CLM filed their *Reply to Debtors' Objection* [Docket No. 3425]; and

WHEREAS, on December 3, 2015, the Court issued an Order granting in part and denying in part the CLM Fee Application [Docket No. 3624] (the "Bankruptcy Court Initial Fee Order") and retained jurisdiction to hear and determine all matters arising from or related to the implementation of the Bankruptcy Court Initial Fee Order; and

WHEREAS, on December 15, 2015, Cohen filed a Notice of Appeal of the Bankruptcy Court Initial Fee Order [Docket No. 3672] (the "Cohen/CLM Fee Order Appeal")

WHEREAS, on January 17, 2018, CLM filed the *Motion of Carter Ledyard & Milburn LLP to Establish Reserve to Pay Fee Award Pursuant to Order Dated December 3, 2015* [Docket No. 4019] (the "Motion for Fee Reserve"), requesting a fee reserve of $25 million; and

WHEREAS, on January 31, 2018, the Post-Confirmation Debtor and the Recovery Trustee filed the *Opposition of Post-Confirmation Debtor SS Body Armor I, Inc. and the Recovery Trustee to Motion of Carter Ledyard & Milburn LLP to Establish a $25 Million Reserve to Pay a Fee Award to D. David Cohen and Carter Ledyard & Milburn LLP* [Docket No. 4030] (the "Opposition to Motion for Fee Reserve"); and

WHEREAS, on February 1, 2018, Cohen filed a *Reservation of Rights and Statement of D. David Cohen in Response to the Opposition to Motion for Fee Reserve* [Docket No. 4032]; and

WHEREAS, on February 12, 2018, CLM filed its *Reply in Response to the Opposition to Motion for Fee Reserve* [Docket No. 4035]; and

AFDOCS/23660137.1
AFDOCS/23753745.1

WHEREAS, on February 23, 2018, the Court entered the *Order Establishing Reserve* [Docket No. 4049], which directed the Post-Confirmation Debtor to establish a reserve of $5 million (the "CLM Fee Reserve"); and

WHEREAS, on March 2, 2018, CLM filed a Notice of Appeal [Docket No. 4051] of the Order Establishing Reserve; and

WHEREAS, on December 12, 2018, a consent judgment was entered in *Securities and Exchange Commission v. Jeffrey Brooks, as Personal Representative of the Estate of David H. Brooks*, S.D.Fla. Case No. 07-61526-CIV [ECF No. 181], stating: "[the Brooks estate] shall reimburse SS Body Armor I, Inc. f/k/a Point Blank Solutions, Inc. f/k/a DHB Industries Inc. ("DHB") $142,000,000 for bonuses and profits received from DHB stock sales, pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243(a)];" and

WHEREAS, on June 25, 2019, the United States Court of Appeals for the Third Circuit (the "Third Circuit"), in Case No. 18-2558, issued an Opinion regarding CLM's appeal of the Order Establishing Reserve, concluding, *inter alia*, that the CLM Fee Reserve is sufficient; and

WHEREAS, on June 4, 2020, the Third Circuit issued an Opinion [ECF No. 60] and Judgement [ECF No. 61-1] (collectively, the "Judgment"), in Case Nos. 19-2313, 19-2314, 19-2315, and 19-2316, regarding the CLM Fee Claim, reversing in part the Bankruptcy Court Initial Fee Order that granted fees on a contingent basis and remanding to the Bankruptcy Court for determination of the appropriate amount of the CLM Fee Claim (the "CLM Fee Claim Remand"); and

WHEREAS, the CLM Fee Claim Remand is back before this Court for further proceedings consistent with the Third Circuit's Judgment to determine the appropriate amount of fees and costs

to be awarded to CLM pursuant to the Bankruptcy Court Initial Fee Order as modified by the Judgment (the "CLM Fee Award Contested Matter"); and

WHEREAS, the Bankruptcy Court entered the Scheduling Order [Docket No. 4471] in the CLM Fee Award Contested Matter on July 23, 2020; and

WHEREAS, on June 25, 2020, CLM issued subpoenas *duces tecum* (the "Subpoenas") to the Post-Confirmation Debtor, counsel to the Post-Confirmation Debtor, the Recovery Trust, and counsel for the Recovery Trust (collectively, the "Subpoena Parties"); and

WHEREAS, on August 28, 2020, the Subpoena Parties filed their *Motion to Quash Subpoenas* [Docket No. 4486] (the "Motion to Quash"); and

WHEREAS, on September 15, 2020, CLM filed its *Opposition to Motion to Quash and in Support of Cross-Motion to Enforce Subpoenas and Compel Production of Documents* [Docket No. 4489] (the "Opposition to Motion to Quash"); and

WHEREAS, on September 22, 2020, the Subpoena Parties filed their *Reply in Support of Motion to Quash and Opposition to Cross-Motion to Enforce Subpoenas and Compel Production of Documents* [Docket No. 4491]; and

WHEREAS, on September 30, 2020, Cohen filed an *Affidavit in Opposition to Motion to Quash Subpoenas and in Further Support of Motion to Compel Production of Documents* [Docket No. 4494]; and

WHEREAS, the Motion to Quash and Cross-Motion to Enforce Subpoenas and Compel Production of Documents remain *sub judice* before the Court as the parties engaged in Mediation (defined below); and

WHEREAS, the Recovery Trust and CLM disagree over whether a fee award based on a high multiplier or a common fund theory is likely under applicable law; and

WHEREAS, over the course of several days in December 2020 and January 2021, the Post-Confirmation Debtor, the Recovery Trust, CLM, the Class Plaintiffs, and others participated in a consensual mediation (the "Mediation") led by the Honorable Kevin Gross (Ret.); and

WHEREAS, through the Mediation and after good-faith, arm's length negotiations, the Recovery Trust and CLM desire to consensually resolve the CLM Fee Award Contested Matter (the "CLM Fee Settlement"), in order to (i) save the parties substantial cost of litigating this matter fully and (ii) mitigate the uncertainties attendant to the uncertain outcome of such litigation, as follows:

   a. CLM will receive **three million seven hundred fifty thousand dollars ($3,750,000.00)** (the "CLM Fee Payment") from the CLM Fee Reserve within three (3) business days following the later of (i) entry by the Court of the Order (I) Approving Settlements with Class Plaintiffs and Carter Ledyard & Milburn LLP; (II) Authorizing Dissolution Protocol; (III) Entering Final Decree; and (IV) Granting Related Relief (the "Final Order"), and the expiration of time to appeal the Final Order, provided that the Final Order is not stayed and no appeal(s) has been taken from the Final Order, or (ii) resolution of any appeal(s) from the Final Order, provided that the Final Order is not reversed, stayed, modified or amended on appeal (the "CLM Settlement Effective Date"); and

   b. The CLM Fee Payment includes the $139,406.30 that CLM will pay to Cohen, pursuant to the Cohen/CLM Engagement Letter, from the CLM Fee Payment within seven (7) business days following receipt of the CLM Fee Payment; and

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, it is agreed by and between CLM and the Recovery Trust as follows:

1. Upon execution of this Settlement Agreement and receipt by CLM of the CLM Fee Payment, and without further action by the parties, Claim 434 and the Cohen/CLM Administrative Claim shall be deemed waived, disallowed, expunged, and withdrawn with prejudice and are of no further force or effect. Unless expressly provided otherwise in this Settlement Agreement, any and all of CLM's claims for fees and expenses arising in this Bankruptcy Case or any other related

9

proceeding are expressly and knowingly dismissed, waived, withdrawn, deemed disallowed, and/or expunged.

2. The CLM Fee Claim, which is the subject of the CLM Fee Award Contested Matter, shall be deemed an Allowed Class 3 Claim in the amount of $3,750,000.

3. In full satisfaction of the CLM Fee Award Contested Matter, which includes the CLM Fee Claim, and any and all other rights, claims, demands, damages of any kind, and causes of action of every nature, whether known or unknown, asserted or unasserted, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that CLM may hold individually against the Debtor, Post-Confirmation Debtor, and/or the Recovery Trust, CLM shall receive **three million seven hundred fifty thousand dollars ($3,750,000.00)** from the CLM Fee Reserve within three (3) business days following the CLM Settlement Effective Date.

4. Upon the CLM Settlement Effective Date, the $1,250,000 balance of the CLM Fee Reserve will be transferred to the Recovery Trust.

5. Within seven (7) business days following receipt of the CLM Fee Payment, CLM shall pay to Cohen, pursuant to the Cohen/CLM Engagement Letter, $139,406.30 from the CLM Fee Payment.

6. Upon the CLM Settlement Effective Date and receipt by CLM of the CLM Fee Payment, CLM and its heirs, agents, successors, and assigns fully, finally and forever releases, relinquishes and discharges the Debtor, Post-Confirmation Debtor, and Recovery Trust and their principals, officers, directors, agents, assigns, administrators, representatives, attorneys, oversight committee members and professionals (collectively, the "Released Estate Parties") from all rights, claims, demands, damages of any kind, and causes of action of every nature, whether known or unknown, asserted or unasserted, foreseen or unforeseen, in law, equity, or otherwise, arising from

or related to the Debtor, Post-Confirmation Debtor, the Recovery Trust, this Bankruptcy Case, the Plan, the Class Action, the Derivative Action, and/or the CLM Fee Claim, CLM Fee Award Contested Matter or any related proceeding.

7. Upon the CLM Settlement Effective Date and receipt by CLM of the CLM Fee Payment, the Debtor, Post-Confirmation Debtor, and the Recovery Trust and their respective heirs, agents, successors, and assigns fully, finally and forever releases, relinquishes and discharges CLM and its principals, officers, directors, agents, assigns, administrators, representatives, attorneys, and professionals (collectively, the "Released CLM Parties") from all rights, claims, demands, damages of any kind, and causes of action of every nature, whether known or unknown, asserted or unasserted, foreseen or unforeseen, in law, equity, or otherwise, arising from or related to the Debtor, Post-Confirmation Debtor, the Recovery Trust, this Bankruptcy Case, the Plan, the Class Action, the Derivative Action, and/or the CLM Fee Claim, CLM Fee Award Contested Matter or any related proceeding.

8. The Settlement Agreement shall not affect or alter, in any manner, Cohen's rights with respect to the CLM Fee Payment or the CLM Fee Settlement.

9. Upon receipt by CLM of the CLM Fee Payment, CLM agrees to expressly and knowingly waive all rights under Bankruptcy Rule 3008.

10. Epiq Systems, Inc., the official claims agent appointed in these cases, is authorized and directed to update the official claims register as necessary to effectuate the terms of this Settlement Agreement.

11. The CLM Fee Award Contested Matter shall be closed and resolved upon receipt by CLM of the CLM Fee Payment.

AFDOCS/23660137.1
AFDOCS/23753745.1

12. The individuals signing this Settlement Agreement represent and warrant that they are authorized to sign this Settlement Agreement on behalf of the entity or entities for which they have so signed.

13. CLM agrees to support the approval of this Settlement Agreement and not to oppose the other relief sought by the Recovery Trust in the *Motion of Recovery Trust for Orders (I) Approving Settlements with Class Plaintiffs and Carter Ledyard & Milburn LLP; (II) Authorizing Dissolution Protocol; (III) Entering Final Decree; and (IV) Granting Related Relief.*

14. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to this Settlement Agreement.

*[Signatures on following page]*

Dated: February 23, 2021
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/Frederick B. Rosner*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email:  rosner@teamrosner.com
          leonhardt@teamrosner.com
          gibson@teamrosner.com

-and-

**ARENT FOX LLP**

*/s/George P. Angelich*
George P. Angelich (admitted *pro hac vice*)
Beth Brownstein (admitted *pro hac vice*)
1301 Avenue of the Americas, Floor 42
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email:  george.angelich@arentfox.com
         beth.brownstein@arentfox.com

Jackson D. Toof (admitted *pro hac vice*)
1717 K Street, N.W.
Washington, DC 20006
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
Email:  jackson.toof@arentfox.com

Justin A. Kesselman (admitted *pro hac vice*)
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone: (617) 973-6102
Facsimile: (617) 722-4993
Email:  justin.kesselman@arentfox.com
*Counsel to the Recovery Trust*

Dated: February 23, 2021
Wilmington, Delaware

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
Email:  mbusenkell@gsbblaw.com

-and-

**CARTER LEDYARD & MILBURN LLP**

*/s/Gary D. Sesser*
Gary D. Sesser (admitted *pro hac vice*)
Leonardo Trivigno (admitted *pro hac vice*)
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email:  sesser@clm.com
         trivigno@clm.com

*Counsel to Carter Ledyard & Milburn LLP*

13

AFDOCS/23660137.1
AFDOCS/23753745.1

**Solely As to Paragraph Nos. ¶¶ 4, 6-7 of this Settlement Agreement:**

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/Alan J. Kornfeld*
Laura Davis Jones (DE 2436)
Alan J. Kornfeld (admitted *pro hac vice*)
John Morris (admitted *pro hac vice*)
James E. O'Neill (DE 4042)
919 North Market Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:   ljones@pszjlaw.com
             akornfeld@pszjlaw.com
             jmorris@pszjlaw.com
             joneill@pszjlaw.com

*Counsel to the Post-Confirmation Debtor*

14