**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| SS Body Armor I, Inc., *et al.*,[1] | Case No. 10-11255 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 4547** |

**ORDER (I) APPROVING SETTLEMENT WITH
CARTER LEDYARD & MILBURN LLP; (II) AUTHORIZING
DISSOLUTION PROTOCOL; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of the Recovery Trust for Orders (I) Approving Settlements with Class Plaintiffs and Carter Ledyard & Milburn LLP; (II) Authorizing Dissolution Protocol; (III) Entering Final Decree; and (IV) Granting Related Relief* [D.I. 4547] (the "Closure Motion") and the briefs in support thereof and supporting exhibits[2], including the declaration of Brian K. Ryniker (the "Ryniker Declaration"), annexed to the Closure Motion as **Exhibit A**; and upon consideration of the Closure Motion and the arguments contained therein; any opposition thereto; and upon consideration of evidence admitted into the record or statements made on the record at the hearings conducted before this Court on March 24, 2021, April 12, 2021, and April 15, 2021 (collectively, the "Hearing") and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the parties having consented to the entry of a final order by this Court pursuant to Local

---

[1] The pre-confirmation debtors in these cases, along with the last four digits of each debtor's federal tax identification numbers were: SS Body Armor I, Inc. (9361) (f/k/a Point Blank Solutions, Inc.); SS Body Armor II, Inc. (4044) (f/k/a Point Blank Body Armor, Inc.); SS Body Armor III, Inc. (9051) (f/k/a Protective Apparel Corporation of America); and PBSS, LLC (8203). All correspondence and pleadings for the debtors must be sent to SS Body Armor I, Inc., et al., c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Closure Motion.

1

Bankruptcy Rule 9013(f); and it appearing that (i) due and adequate notice of the Closure Motion has been given, and that no other or further notice need be given, (ii) the legal and factual bases set forth in the Closure Motion and on the record at the Hearing establish just cause for the relief granted herein, (iii) the Recovery Trustee is authorized to undertake the relief sought in the Closure Motion, and (iv) the requested relief is reasonable, proper, and in the best interest of the Recovery Trust, the bankruptcy estate, and the beneficiaries; and being fully informed; and after due deliberation and sufficient cause appearing, it is hereby:

**ORDERED** that the Closure Motion is granted; and it is further

**ORDERED** that the CLM Settlement Agreement attached to the Closure Motion as **Exhibit D** is hereby approved in its entirety; and it is further

**ORDERED** that the Recovery Trust and the Post-Confirmation Debtor are authorized to enter into the CLM Settlement Agreement and the Recovery Trust, Post-Confirmation Debtor, and CLM are authorized to perform all of their obligations thereunder, and implement the actions contemplated thereby. The Court finds that the proposed compromise and resolution embodied in the CLM Settlement Agreement, including the releases and exculpation provisions set forth therein, are reasonable and appropriate, constitute a good faith exercise of reasonable business judgment by the Recovery Trustee, Recovery Trust Committee members, Post-Confirmation Debtor Oversight Committee members, Recovery Trust professionals, the Post-Confirmation Debtor and the Post-Confirmation Debtor professionals, are in the best interest of the estate and its stakeholders and consistent with, and authorized under, the Recovery Trust Agreement; and it is further

**ORDERED** that the Recovery Trust, Post-Confirmation Debtor, and CLM are authorized to take any and all actions, including without limitation, execution and delivery of documents,

2

certificates, instruments or other papers, each as may be reasonably necessary to perform their obligations arising under the CLM Settlement Agreement; and it is further

**ORDERED** that upon the (i) Effective Date of the CLM Settlement Agreement and (ii) the Class Plaintiff Settlement Order becoming a Final Order as set forth therein, and in order to ensure that the CLM Settlement and Class Plaintiff Settlement are utilized to maximize Final Distributions to the holders of Class 6 Interests, (a) each of the Settlement Parties and (b) all other persons that hold, have held, or may hold a claim, debt or liability, a right in law or equity, or other interest or right of an equity holder, against, in or relating to the Debtor, Post-Confirmation Debtor or Recovery Trust (together, (a) and (b), the "Barred Persons") shall be barred, enjoined and restrained from commencing, prosecuting, continuing or asserting, either derivatively or directly, in any court, arbitration proceeding, administrative agency, or any other forum in the United States or elsewhere, any actions, causes of action, claims, counterclaims, cross-claims, suits, proceedings, damages, punitive damages, costs, expenses, attorneys' fees, demands or liabilities whatsoever of any kind or nature, whether known or unknown, accrued or unaccrued, in law, equity or otherwise that the Barred Persons ever had, now have or may have against any of the Released Parties, which arises from or is related to the CLM Fee Claim or the Class Plaintiff Recovery Issues, or which seeks relief contrary to any order of this Court in the Bankruptcy Case or which is in any way connected to the negotiations, agreements and releases set forth in the Settlement Agreements; provided, however, that nothing herein shall preclude Beneficiaries of the Recovery Trust from receiving distributions of the proceeds of the Settlements in accordance with the terms of the Plan and Recovery Trust Agreement. The Court finds that the Recovery Trustee, the Recovery Trust Committee members and Recovery Trust professionals each diligently, and in good faith,

discharged their duties and obligations under the Recovery Trust Agreement and conducted themselves in a manner exercising reasonable business judgment; and it is further

**ORDERED** that upon (i) this Order and (ii) the Class Plaintiff Settlement Order each becoming a Final Order respectively, the Recovery Trust, in coordination with the Post-Confirmation Debtor, is authorized to complete the implementation of the Dissolution Protocol in accordance with the Plan, Disclosure Statement, Recovery Trust Agreement, and By-Laws, including: (a) issuance of final distributions; (b) deemed satisfaction of Claims and Interests; (c) payment of UST Fees; (d) termination of certain expenses; (e) payment of accrued wind-down expenses; (f) funding of prepaid indemnification reserves; (g) donation of *de minimis* residue, if any, to charity; (h) dissolution of Post-Confirmation Debtor; (i) dissolution of Recovery Trust; and (j) filing of final tax returns; and it is further

**ORDERED** that pursuant to sections 3.1, 3.5, 5.2, 5.5, and 7.1 of the Recovery Trust Agreement and upon (i) this Order becoming a Final Order and (ii) the Class Plaintiff Settlement Order becoming a Final Order, the Recovery Trust is authorized to and shall make distributions to the Beneficiaries of the Recovery Trust in accordance with the terms of the Plan, Confirmation Order, and Recovery Trust Agreement; and it is further

**ORDERED** that upon the issuance of the Final Distributions described in the Closure Motion, all allowed Class 3 Claims and Class 6 Interests of all Beneficiaries of the Recovery Trust, as identified in **Exhibit 6** and **Exhibit 7** to the Ryniker Declaration, respectively, will be deemed paid or otherwise satisfied in full; and it is further

**ORDERED** that the Recovery Trust shall pay all fees owed to the Office of the United States Trustee until the entry of the Final Decree, in accordance with Section 12.5 of the Recovery Trust Agreement; and it is further

**ORDERED** that following the issuance of Final Distributions as described in the Closure Motion, the Recovery Trust shall file with the Court a certification of counsel certifying that such Final Distributions have been made, that all fees owing to the Office of the United States Trustee have been paid in full, that the Recovery Trustee has conferred with the Office of the United States Trustee, and that a final report has been submitted, and enclosing a proposed form of Final Decree, upon which this Court will enter the Final Decree closing the Bankruptcy Case without further notice or a hearing; and it is further

**ORDERED** that upon (i) this Order becoming a Final Order; (ii) the Class Plaintiff Settlement Order becoming a Final Order; and (iii) the issuance of final distributions, the Recovery Trust and the Post-Confirmation Debtor are authorized to eliminate ongoing expenses as part of the Dissolution Protocol and as described in the Closure Motion to: (a) destroy records; (b) dispose of burdensome materials; and (c) disband the Oversight Committees; and it is further

**ORDERED** that pursuant to section 5.5(m) of the Recovery Trust Agreement, the Recovery Trust is authorized to pay all expenses and obligations of the Recovery Trust, and pursuant to section 6.4(d) of the Plan and Sections 3.3, 3.7, and 5.5(f) of the Recovery Trust Agreement, to reserve sufficient funds to pay the Recovery Trust's expenses and obligations, including the payment of professional fees, and it is further

**ORDERED** that, pursuant to section 5.5(cc) of the Recovery Trust Agreement, the Recovery Trust is authorized to take such actions as shall be necessary to wind down the affairs of the Recovery Trust and effect the closing of the Bankruptcy Case, including the creation of wind-down reserves. The Recovery Trust's established reserve for the payment of anticipated remaining expenses to wind down the Recovery Trust and close the Bankruptcy Case is reasonable and appropriate; and it is further

5

**ORDERED** that pursuant to sections 4.1(a) (dissolution of Post-Confirmation Debtor) 4.4 (cooperation with Post-Confirmation Debtor), and 5.5(cc) of the Recovery Trust Agreement, and section 6.3(c) (Fees/Expenses of Post-Confirmation Debtor Representative) of the Plan, the Recovery Trustee has worked with the Post-Confirmation Debtor Representative to identify the amounts needed to cover the anticipated wind-down expenses and fees of the Post-Confirmation Debtor, and the established reserve for such expenses and fees is reasonable and appropriate; and it is further

**ORDERED** that the establishment and funding of the indemnification reserves by Recovery Trustee and Post-Confirmation Debtor pursuant to the Recovery Trust Agreement and By-Laws, respectively, is reasonable and appropriate. The Recovery Trustee shall remain Recovery Trustee with respect to such reserves and any retainers; and it is further

**ORDERED** that, in accordance with the applicable undertaking, professionals holding indemnification reserves and retainers must transmit any unapplied indemnification funds or retainers to the appointed distribution agent who will then disburse the residue (minus any remaining or related costs, fees, or expenses) to holders of Class 6 Trust Interests pro rata, notwithstanding the deemed satisfaction of such Interests pursuant to this Order; <u>provided, however, that</u> in the event the cost of making such disbursements is likely to exceed the value of the residue to be disbursed, the distribution agent will be permitted to donate the residue to a charity, consistent with section 5.5(s) of the Recovery Trust Agreement; and it is further

**ORDERED** that pursuant to section 7.13 of the Recovery Trust Agreement, in the event the Recovery Trust has assets remaining that do not exceed $25,000 in value, the Recovery Trustee may donate assets to a charitable organization of his choice; and it is further

**ORDERED** that upon (i) this Order and the Class Plaintiff Settlement Order each becoming a Final Order respectively; (ii) the EDNY's February 23, 2021 approval of the final allocation in respect of the Class Plaintiff Recovery Issues becoming a Final Order; (iii) the receipt by the Recovery Trust of all consideration to be paid by the Class Plaintiffs pursuant to the Class Plaintiff Settlement; and (iv) receipt by the Recovery Trust of the $1,250,000 residue of the CLM Fee Claim reserve, which shall be released by the Post-Confirmation Debtor pursuant to the CLM Settlement Agreement, the Post-Confirmation Debtor Oversight Committee shall be disbanded and the Post-Confirmation Debtor Representative shall take such steps as are necessary to dissolve the Post-Confirmation Debtor within 90 days following such Orders becoming Final Orders; and it is further

**ORDERED** that upon (i) this Order and the Class Plaintiff Settlement Order each becoming a Final Order respectively; (ii) the EDNY's February 23, 2021 approval of the final allocation in respect of the Class Plaintiff Recovery Issues becoming a Final Order; (iii) the receipt by the Recovery Trust of all consideration to be paid by the Class Plaintiffs pursuant to the Class Plaintiff Settlement; (iv) receipt by the Recovery Trust of the $1,250,000 residue of the CLM Fee Claim reserve being released by the Post-Confirmation Debtor pursuant to the CLM Settlement Agreement; and (v) the issuance of final distributions, (a) the Recovery Trust shall dissolve and terminate, consistent with Section 11.1 of the Recovery Trust Agreement and (b) the Recovery Trust Agreement shall terminate except as to Sections 5.12 and 5.18; <u>provided</u>, <u>however</u>, and for the avoidance of doubt, that other provisions of the Recovery Trust Agreement unrelated to the administration of indemnification reserves, professional fees and expenses, and the limited administrative obligations surviving dissolution of the Recovery Trust (*e.g.*, the filing of the final tax return) will be deemed terminated and of no further force and effect. Upon the occurrence of

(i)-(v) referenced in this paragraph, Brian K. Ryniker shall remain in place as Recovery Trustee for the limited purpose of such surviving functions, the Recovery Trust Committee shall be disbanded and Article VIII of the Recovery Trust Agreement shall be terminated. Further and consistent with Article VIII of the Recovery Trust Agreement, Brian K. Ryniker may only be removed as Recovery Trustee by order of the Bankruptcy Court upon (x) a showing by clear and convincing evidence of willful misconduct, gross negligence, misappropriation, embezzlement, or inability to carry out his duties due to death, illness, or disability; or (y) his resignation, subject to a final accounting of any accrued unpaid fees, expenses, or other disbursements; and it is further

**ORDERED** that the Recovery Trustee and Post-Confirmation Debtor are authorized to file final tax returns; and it is further

**ORDERED** that the Recovery Trustee and its professionals and the Post-Confirmation Debtor and its professionals are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Closure Motion; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to any matters arising from or related to the interpretation and implementation of this Order.

**IT IS SO ORDERED**.

Dated: June 10th, 2021
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

8

AFDOCS/24233366.1
DOCS_DE:234825.1 70934/001