# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| SS Body Armor I, Inc., *et al.*, | § Case No. 10-11255 (CSS) |
| | § Jointly Administered |
| | § |
| Debtors.[1] | § **Re: D.I. 4614** |

## NOTICE OF APPEAL

Jon Jacks, pro se, hereby appeals to the United States District Court for the District of Delaware pursuant to U.S.C. § 158(a)(1) and Rules 8001, 8002, and 8003 of the Federal Rules of Bankruptcy Procedure from the following order entered by the United States Bankruptcy Court for the District of Delaware:

A.  The *Order (I) Approving Settlement With Class Plaintiffs And (II) Granting Related Relief* dated June 10, 2021 [D.I. 4614] (the "Order") regarding the *Motion of the Recovery Trust for Orders (I) Approving Settlements with Class Plaintiffs and Carter Ledyard & Milburn LLP; (II) Authorizing Dissolution Protocol; (III) Entering Final Decree; and (IV) Granting Related Relief* [D.I. 4547]. A copy of the Order is attached hereto as Exhibit A.

The names, parties and respective counsel to this appeal are as follows:

**Appellant:**    Jon Jacks

Jon Jacks, Pro Se
1479 Ashford Ave. #912
San Juan, PR 00907
903-738-6202
jon@stockhub.com

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: SS Body Armor I, Inc. (9361); SS Body Armor II, Inc. (4044); SS Body Armor III, Inc. (9051); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., *et al.*, c/o Pachulski Stang Ziehl & Jones, LLP, 9191 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

**Appellee:**     The Recovery Trust for SS Body Armor I, Inc., et al.

**Arent Fox LLP**
George P. Angelich
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Email:  george.angelich@arentfox.com
        beth.brownstein@arentfox.com

**The Rosner Law Group LLC**
Jason A. Gibson
824 Market Street, Suite 810
Wilmington, Delaware 19801
Email:  rosner@teamrosner.com
        gibson@teamrosner.com

Dated:  June 22, 2021          Respectfully submitted,

Jon Jacks, Pro Se
1479 Ashford Ave. #912
San Juan, PR 00907
903-738-6202
jon@stockhub.com

## CERTIFICATE OF SERVICE

I, Jon Jacks, hereby certify that I am not less than 18 years of age and that on this 22nd day of

June 2021, I caused a true and correct copy of the foregoing *Notice of Appeal* to be served upon

the parties listed below via electronic mail.


Arent Fox LLP
George P. Angelich
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Email: george.angelich@arentfox.com
beth.brownstein@arentfox.com


Jane Leamy, Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Email: jane.m.leamy@usdoj.gov

Frederick B. Rosner
Scott James Leonhardt
Jason A. Gibson
The Rosner Law Group LLC
824 Market Street, Suite 810
Wilmington, Delaware 19801
Email: rosner@teamrosner.com
leonhardt@teamrosner.com
gibson@teamrosner.com

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SS Body Armor I, Inc., *et al.*,[1] | Case No. 10-11255 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 4547** |

## ORDER (I) APPROVING SETTLEMENT WITH
## CLASS PLAINTIFFS AND (II) GRANTING RELATED RELIEF

Upon consideration of the *Motion of the Recovery Trust for Orders (I) Approving Settlements with Class Plaintiffs and Carter Ledyard & Milburn LLP; (II) Authorizing Dissolution Protocol; (III) Entering Final Decree; and (IV) Granting Related Relief* [D.I. 4547] (the "Closure Motion") and the briefs in support thereof, including the independent request to approve the Class Plaintiffs Settlement, and supporting exhibits,[2] including the declaration of Brian K. Ryniker (the "Ryniker Declaration"), annexed to the Closure Motion as Exhibit A; any opposition thereto; and upon consideration of evidence admitted into the record or statements made on the record at the hearing conducted before this Court on March 24, 2021, April 12, 2021, and April 15, 2021 (collectively, the "Hearing") and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and the parties having consented to the entry of a final order by this Court pursuant to Local Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: SS Body Armor I, Inc. (9361) (f/k/a Point Blank Solutions, Inc.); SS Body Armor II, Inc. (4044) (f/k/a Point Blank Body Armor, Inc.); SS Body Armor III, Inc. (9051) (f/k/a Protective Apparel Corporation of America); and PBSS, LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc., *et al.*, c/o Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Closure Motion or the Class Plaintiff Settlement as applicable.

1

Rule 9013(f);  and it appearing that (i) due and adequate notice of the Closure Motion has been given, and that no other or further notice need be given, (ii) the legal and factual bases set forth in the Closure Motion and on the record at the Hearing establish just cause for the approval of the Class Plaintiff Settlement previously approved by the EDNY, (iii) the Recovery Trust is authorized to undertake the relief sought in connection with the Class Plaintiff Settlement, and (iv) the requested relief is reasonable, proper, and in the best interest of the Recovery Trust, the bankruptcy estate, and the beneficiaries; and being fully informed; and after due deliberation and sufficient cause appearing, it is hereby:

**ORDERED** that the Class Plaintiff Settlement attached hereto as **Exhibit 1** and previously approved by the EDNY is approved in its entirety, and it is further

**ORDERED** that the Recovery Trust and the Post-Confirmation Debtor are authorized to enter into the Class Plaintiff Settlement and the Recovery Trust, Post-Confirmation Debtor, and Class Plaintiffs are authorized to perform all of their obligations thereunder, and implement the actions contemplated thereby.  The Court finds that the proposed compromise and resolution embodied in the Class Plaintiff Settlement, including the releases and exculpation provisions set forth therein, are reasonable and appropriate, constitute a good faith exercise of reasonable business judgment by the Recovery Trust, the Recovery Trustee, Recovery Trust Committee members, Post-Confirmation Debtor Oversight Committee members, Recovery Trust professionals, the Post-Confirmation Debtor, the Post-Confirmation Debtor Representative, and the Post-Confirmation Debtor professionals, are in the best interest of the estate and its stakeholders and are consistent with, and authorized under, the Recovery Trust Agreement; and it is further

2

**ORDERED** that the Recovery Trust, Post-Confirmation Debtor, and Class Plaintiffs are authorized to take any and all actions, including without limitation, execution and delivery of documents, certificates, instruments or other papers, each as may be reasonably necessary to perform their obligations arising under the Class Plaintiff Settlement; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to any matters arising from or related to the interpretation and implementation of this Order.

**IT IS SO ORDERED.**

**Dated: June 10th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**
3

# EXHIBIT 1 TO ORDER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re DHB INDUSTRIES, INC. CLASS ACTION LITIGATION | Civil Action No. 05-cv-04296-JS-ETB |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | |

**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING**
**FINAL ALLOCATION OF SHARED PROCEEDS**

SS Body Armor I, Inc. ("SSBA I" or the "Debtor") f/k/a Point Blank Solutions, Inc. f/k/a

DHB Industries, Inc., the post-confirmation debtor in the Chapter 11 proceeding in the United

States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") captioned *In re SS*

*Body Armor I, Inc., et al.*, Case No. 10-bk-11255 (CSS) (the "Bankruptcy Case"); the Recovery

Trust created pursuant to the *Second Amended Joint Chapter 11 Plan of Liquidation* [Bankr.

ECF No. 3261][1] ("Chapter 11 Plan") of SS Body Armor I, Inc. *et al.* (the "Recovery Trust" and

together with the Debtor, the "Debtor Parties"); and lead plaintiffs George Baciu and the NECA-

IBEW Pension Fund (the "Lead Plaintiffs"), on behalf of the certified settlement class

(collectively, the "Class Plaintiffs," and together with the Debtor Parties, the "Parties"), by and

through undersigned counsel, hereby stipulate as follows:

WHEREAS, the Debtor and Class Plaintiffs are parties to that certain Amended

Settlement Agreement dated May 4, 2015, and Addendum to Amended Settlement Agreement

dated June 10, 2015 (together, the "Settlement"), approved by this Court by order dated August

18, 2015 and by the Bankruptcy Court by order dated July 9, 2015 [Bankr. ECF No. 3109]. The

---

[1] References to the Bankruptcy Case docket will be to "Bankr. ECF No. ___." References to this Court's docket
will be to ECF No. ___.

Settlement was also incorporated into the Chapter 11 Plan confirmed by the Bankruptcy Court by order dated November 10, 2015 (the "Confirmation Order"). These orders by this Court and the Bankruptcy Court as well as the Confirmation Order are now final and not subject to appeal.

WHEREAS, approximately $35,000,000 was placed in escrow (the "Escrow" or the "Escrowed Funds") pursuant to the Stipulation and Agreement of Settlement dated as of November 30, 2006 (the "EDNY Stipulation"), which settled the Class Action and was approved by the Court by order dated July 8, 2008.

WHEREAS, pursuant to the Settlement, the Class Plaintiffs loaned $20,000,000 to SSBA I to fund the Chapter 11 Plan (as defined in section 2(b) of the Settlement, "Plaintiffs' Loan").[2]

WHEREAS, the Class Plaintiffs also paid $9,923,635.65 in approved legal fees from the Escrow.[3]

WHEREAS, the Debtor Parties and Class Plaintiffs later entered into that certain Global Settlement Agreement dated as of October 25, 2018 (the "Global Settlement"), which resolved multiple issues as between the Estate of David Brooks, the family of David Brooks, the Debtor Parties, the Class Plaintiffs, the SEC, and the U.S. Department of Justice (the "DOJ"), including the forfeiture of restrained assets being held by the DOJ's Money Laundering and Asset Recovery Section ("MLARS").

WHEREAS, in accordance with the Global Settlement, the Class Plaintiffs filed a petition for remission with respect to their allocation of the Forfeited Funds.[4]

---

[2] *See* Bankr. Op. at 4.

[3] *See* ECF No. 457 (approving Settlement), ECF Nos. 460 and 465 (Second Circuit mandates dismissing appeals); *see also* Bankr. ECF No. 4423 (Third Circuit judgment affirming Bankruptcy Court approval of Settlement).

[4] *See, e.g.,* Bankr. Op. at 11-12, n. 26.

WHEREAS, MLARS, in a letter received by Class Counsel in July 2018, thereafter recognized losses to the Class in the amount of $81,540,718.81 in connection with its approved petition for remission (the "Class Remission").[5]

WHEREAS, MLARS calculated the total remission payment to members of the Class in the amount of $73,067,322.49 (the "Class Remission Payment").

WHEREAS, those remission payments have been made, as directed and required by MLARS; the recipients of returned checks are being located and contacted, and those checks are being reissued; and other reissue requests are being processed, where possible.

WHEREAS, the Debtor filed a petition for remission with respect to its allocation of the Forfeited Funds, and MLARS thereafter recognized losses to the Debtor in the amount of $78,815,232.06 in connection with its approved petition for remission (the "Debtor Remission").[6]

WHEREAS, MLARS made an actual remission payment to the Debtor in the total amount of $70,625,057.78 (the "Debtor Remission Payment").

WHEREAS, pursuant to the Addendum to section 3(a) of the Amended Settlement Agreement, the Parties are required to use reasonable best efforts consistent with their respective fiduciary duties to achieve the allocation of Shared Recovery Matters provided thereunder.

WHEREAS, pursuant to the terms of the Settlement, the Class Plaintiffs have (a) forgiven the Plaintiffs' Loan; and (b) at the request of the Debtor, transferred $5,333,168.17 to the Debtor Parties (the "Class Plaintiffs' Payment"), in an effort to achieve the agreed allocation of settlement proceeds.

---

[5] *Id.*; *see also Letter from Lead Plaintiffs* [ECF No. 4287-5]; Allocation Motion, at 10-12, § II.B.

[6] *See* Global Settlement Agreement, § 2(b)(ii); *see also* Bankr. Op. at 6-7. The actual Class Remission Payment was less than the Class Remission and the Debtor Remission Payment was less than the Debtor Remission because the parties received pro rata remission payments from MLARS which were not enough to satisfy each Remission in full.

WHEREAS, the Debtor Parties have claimed that the Class Plaintiffs owe the Debtor Parties an additional $4.773 million pursuant to the Settlement (the "Alleged Shortfall"), over and above the Class Plaintiffs' Payment previously paid by Class Plaintiffs.

WHEREAS, the Alleged Shortfall, to the extent actually owed, would be a Recovery Trust Asset.

WHEREAS, the Class Plaintiffs deny that they owe the Alleged Shortfall and take the position that they have satisfied all obligations under the terms of the Settlement.

WHEREAS, during the pendency of the Alleged Shortfall dispute, the Recovery Trust has withheld distributions owing to the Class Plaintiffs under the Settlement associated with their 50% share of the value of 3,184,713 shares of SSBA I common stock (the "Stock Share").

WHEREAS, the Recovery Trust estimates the economic value of the 50% Stock Share is between $414,000 and $621,000, although the final value of the Stock Share is dependent on risks, costs, and factors that will not be fully determined or known until final distributions are made.

WHEREAS, on April 15, 2020, the Bankruptcy Court issued an Opinion [Bankr. ECF No. 4374] (the "Bankruptcy Opinion") and Order [Bankr. ECF No. 4373] (the "Bankruptcy Order"), denying in part and granting in part the Equity Group's[7] *Motion to Enforce the Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Debtors and Official Committee of Unsecured Creditors Regarding Allocation of Remission Proceeds Among the Debtors and Class Plaintiffs* [Bankr. ECF No. 4285] (the "Enforcement Motion").

WHEREAS, the Bankruptcy Opinion required the Debtor to seek approval from this Court as to the "amounts to be distributed under the Bankruptcy Settlement" because "[t]he

---

[7] Capitalized terms not otherwise defined herein will have the meaning given in the Bankruptcy Opinion or the Turnover Motion (defined below), as applicable.

EDNY District Court has jurisdiction to oversee the combination of funds 'realized by any of the Parties' to distribute in accordance with the Bankruptcy Settlement."[8]

WHEREAS, on June 22, 2020, the Class Plaintiffs filed their *Motion to Approve Final Allocation of Shared Proceeds* [ECF Nos. 472-474] (the "Allocation Motion").

WHEREAS, on July 6, 2020, the Debtor Parties filed their *Partial Objection to Class Plaintiffs' Motion to Approve Final Allocation of Shared Proceeds* [ECF No. 477] (the "Partial Objection to Allocation Motion"), in which the Debtor Parties (i) did not dispute those portions of the Allocation Motion addressing the Bankruptcy Court's rejection of the Equity Group's arguments concerning the Additional Allocation Procedure under section 3(f) of the Settlement, and (ii) objected to the final allocation as sought by the Class Plaintiffs through the Allocation Motion because the Debtor Parties maintained that the Class Plaintiffs still owed them the Alleged Shortfall.

WHEREAS, no party opposed the Allocation Motion other than the Debtor Parties.

WHEREAS, on July 6, 2020, the Debtor Parties filed their *Motion to Enforce Settlement Agreement, Approve Final Allocation of Shared Proceeds, and Compel Turnover of Funds* [ECF Nos. 478-481] (the "Turnover Motion"), which requested that this Court order the Class Plaintiffs to (i) satisfy the Alleged Shortfall, and (ii) turn over to the Debtor Parties the Available Assets in order to immediately reduce the Alleged Shortfall.

WHEREAS, on July 22, 2020, the Class Plaintiffs filed their *Omnibus Memorandum of Law (1) in Further Support of Their Motion to Approve Final Allocation of Shared Proceeds, and (2) in Opposition to the Debtor Parties' Motion to Enforce, Approve and Compel* [ECF Nos. 485-486] (the "Class Plaintiffs' Omnibus Opposition").

---

[8] Bankr. Op. at 2, 13, 18.

WHEREAS, no party opposed the Turnover Motion other than the Class Plaintiffs.

WHEREAS, on August 6, 2020, the Debtor Parties filed their *Reply Memorandum in Further Support of Motion to Enforce Settlement Agreement, Approve Final Allocation of Shared Proceeds, and Compel Turnover of Funds* [ECF Nos. 487-488] (the "Debtor Parties' Reply").

WHEREAS, the Allocation Motion and the Turnover Motion have been *sub judice* before this Court as of August 6, 2020.

WHEREAS, over the course of several days in December 2020 and January 2021, the Debtor Parties and the Class Plaintiffs participated in a consensual mediation (the "Mediation") led by the Honorable Kevin Gross (Ret.),[9] in an effort to resolve the issues raised in the Allocation Motion and the Turnover Motion and otherwise resolve all disputes between the Debtor Parties and the Class Plaintiffs.

WHEREAS, through the Mediation and after good-faith, arm's length negotiations, the Debtor Parties and the Class Plaintiffs desire to consensually resolve the Allocation Motion and Turnover Motion pending before this Court and all issues and disputes that may remain between them in connection with the Settlement and otherwise (the "Allocation Settlement"), summarized as follows:

a.  The Class Plaintiffs (i) will turn over $750,000 in cash from the Escrow to the Recovery Trust within three (3) business days following the approval of the Allocation Settlement by this Court, and (ii) at the same time, will relinquish their interest in the Stock Share to the Recovery Trust (together, the "Allocation Settlement Consideration"), both as pursuant to the terms more specifically set forth below;

b.  The Recovery Trust will hold the Allocation Settlement Consideration in a separate reserve until the Bankruptcy Court approves the Allocation Settlement by a final order (the "Bankruptcy Court Approval Order") and the occurrence of (i) the expiration of time to appeal such order, provided that such order is not stayed and no appeal(s) has been taken from such order, or (ii) resolution of any

---

[9] Judge Gross is the former Chief Judge of the United States Bankruptcy Court for the District of Delaware.

appeal(s) from such order, provided that such order is not reversed, stayed, modified or amended on appeal (the satisfaction of conditions (i) or (ii) rendering any order described herein a "Final Order");

c.  The Recovery Trust will seek approval by the Bankruptcy Court of the Allocation Settlement by and through its *Motion of Recovery Trust for Orders (I) Approving Settlements with Class Plaintiffs and Carter Ledyard & Milburn LLP; (II) Authorizing Dissolution Protocol; (III) Entering Final Decree; and (IV) Granting Related Relief* (the "Bankruptcy Motion"), which the Recovery Trust will file in the Bankruptcy Court by or before February 24, 2021, to be heard on March 24, 2021;

d.  The Class Plaintiffs will support the approval of the Allocation Settlement sought by the Recovery Trust through the Bankruptcy Motion so long as such relief is consistent in all respects with this Stipulation and Order and is not in any way contingent upon or conditioned on any other relief sought by the Debtor Parties before the Bankruptcy Court, including other relief sought by the Debtor Parties in the Bankruptcy Motion;

e.  Upon this Court "so ordering" this Stipulation and the entry of the Bankruptcy Court Approval Order by the Bankruptcy Court, and both orders becoming Final Orders, the Class Plaintiffs' right, title, and interest in the Allocation Settlement Consideration shall be extinguished, as will any right, title, and interest of the Debtor Parties in the Alleged Shortfall, and the mutual releases described herein shall become effective.

WHEREAS, in consideration of the promises and mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Debtor Parties and the Class Plaintiffs agree as follows:

1.  The foregoing recitals are incorporated herein in their entirety as if restated in full and are expressly made a part of this Stipulation and Order.

2.  Pursuant to the Settlement, the Debtor and Class Plaintiffs agreed to use reasonable best efforts, consistent with their respective fiduciary duties, to achieve a 50/50 Division of the first \$128,400,000 of any Recoveries/Proceeds (as defined in the Settlement).[10] The Debtor and Class Plaintiffs also agreed to use reasonable best efforts, consistent with their respective fiduciary duties, to achieve a 63/37 Division of any Recoveries/Proceeds in excess of

---

[10] *See* Amended Settlement Agreement, § 3(a) and Addendum.

$128,400,000, with the Debtor receiving 63% of the Excess Recoveries and the Lead Plaintiffs, on behalf of the Class Plaintiffs, receiving 37% of the Excess Recoveries.[11]

3.      Pursuant to the Global Settlement Agreement, the Debtor was to immediately pay to Terry S. Brooks, on behalf of the Brooks Family, $9,545,531 upon receipt of the funds pursuant to Section 2(b)(ii) of the Global Settlement Agreement (the "Terry Brooks Payment").[12]

4.      The actual amounts received by the Debtor and the Class Plaintiffs, not including the Stock Share, were as follows:

     a.     The Debtor's actual remission payment was $70,625,057.78.

     b.     Upon making the Terry Brooks Payment, which was the same as the amount listed in the Global Settlement Agreement ($9,545,531), the Debtor was left with $61,079,526.78.

     c.     The Class Plaintiffs' actual remission payment was $73,067,322.49.

     d.     The actual Escrowed Funds received by the Class Plaintiffs pursuant to the EDNY Stipulation, including interest, totaled $37,087,214.94.

     e.     Thus, the actual settlement proceeds (prior to the payment of fees, costs, and expenses) realized by the Debtor and Class Plaintiffs, as determined pursuant to the Settlement and Global Settlement Agreement,[13] totaled $171,234,064 (comprised of: $70.625 million + $73.067 million + $37 million (escrow) – $9.5 million to the Brooks family), not including the Stock Share.

5.      Applying the terms set forth in the Settlement, the Debtor and Class Plaintiffs were required to use reasonable best efforts, consistent with their respective fiduciary duties, to achieve the following allocation of the $171,234,064 (not including the Stock Share) in total settlement proceeds (the "Agreed Separation of Shared Proceeds"):

---

[11] See id.; see also Bankr. Op. at 5-6.

[12] See Global Settlement Agreement, § 2(d)(vi); see also Bankr. Op. at 8, 13-15.

[13] See Bankr. Op. at 2.

|  |  | **Debtor's Share** | **Class Plaintiffs' Share** |
|---|---|---|---|
| Amount Subject to 50/50 Division | $128,400,000 | $64,200,000 | $64,200,000 |
| Amount Subject to 63/37 Division | $42,834,064.21 | $26,985,460.45 | $15,848,603.75 |
| **Total** | **$171,234,064.21** | **$91,185,460.45** | **$80,048,603.76** |

6.      Pursuant to section 3(a) of the Settlement, the Parties utilized their reasonable best efforts, consistent with their respective fiduciary duties, to effectuate the terms of the Settlement. On June 14, 2019, the Class Plaintiffs made the Class Plaintiffs' Payment.

7.      Although satisfying their obligation to utilize their reasonable best efforts consistent with their respective fiduciary duties, the Parties could not achieve the Agreed Separation of Shared Proceeds advocated by the Debtor Parties and disputed by Class Plaintiffs because: (i) the Class Remission Payment was made directly to members of the Class at the direction of and as required by MLARS, which barred the application of such funds to the payment of the Class Plaintiffs' costs and expenses or "any other Class obligations"; (ii) the Escrow had been reduced by $9,923,634.65 in approved legal fees and litigation expenses pursuant to a final and non-appealable ruling by this Court; (iii) the Escrow has been or will be reduced by additional payments of approved costs and expenses incurred to date in the amount of $2,717,458.45,[14] which includes $449,388.73 of the Escrow reserved by Class Plaintiffs for estimated additional costs and expenses pursuant to section 3(f) of the Settlement (including, without limitation, costs and expenses for administering the settlement fund, locating class members, and making and finalizing further distributions to class members), leaving insufficient

---

[14] This figure includes payments made for taxes on the interest earned on the Escrowed Funds, bank fees and tax preparation fees related to the funds, and payments made or additional amounts presently owed to Gilardi & Co. LLC ("Gilardi") for claims administration services.

funds to transfer to the Debtor Parties to achieve the Agreed Separation of Shared Proceeds and satisfy the Alleged Shortfall, to the extent the Recovery Trust is entitled to the Alleged Shortfall.

       8.     In light of the foregoing, the Alleged Shortfall shall be satisfied by the Allocation Settlement Consideration, to wit: (i) a cash payment of $750,000 by the Class Plaintiffs to the Recovery Trust, and (ii) the relinquishment of the Stock Share by the Class Plaintiffs to the Recovery Trust.

       9.     The Allocation Settlement Consideration will result in the following distributions under the Settlement arising from the Parties' reasonable best efforts, consistent with their respective fiduciary duties (the "Final Allocation"):

| | To Debtor | To Class Plaintiffs |
|---|---|---|
| Remission Payments | $70,625,057.78 | $73,067,322.49 |
| Terry Brooks Payment | ($ 9,545,531.00) | $ 0.00 |
| Escrowed Funds | $ 0.00 | $37,087,214.94 |
| Plaintiffs' Stock Share (est.) | $ 0.00 | $ 1,035,000.00 |
| 50/50 Division of Stock Share (est.) | $ 517,500.00 | ($ 517,500.00) |
| Class Plaintiffs' Loan | $20,000,000.00 | ($20,000,000.00) |
| Forgiveness of Class Plaintiffs' Loan | $ 0.00 | $ 0.00 |
| **Subtotal** | **$81,597,026.78** | **$90,672,037.43** |
| Class Plaintiffs' Payment | $ 5,333,168.17 | ($ 5,333,168.17) |
| **Subtotal** | **$86,930,194.95** | **$85,338,869.26** |
| Allocation Settlement Consideration | $ 750,000.00 | ($ 750,000.00) |
| Recovery Trust Stock Share Savings (est.) | $ 517,500.00 | ($ 517,500.00) |
| **Recoveries Before Costs & Expenses** | **$88,197,694.95** | **$84,071,369.26** |
| Plaintiff Costs and Expenses to Date | N/A | ($2,268,069.72)[15] |
| Reserve for Costs and Expenses (est.) | N/A | ( $449,388.73) |
| **Net Settlement Recoveries** | **$88,197,694.95** | **$81,353,910.81** |

      10.    After taking into account the payment of the Class Plaintiffs' losses as determined by MLARS, the payment of the Class Plaintiffs' Payment and the Allocation Settlement

---

[15] As noted, this figure does not include the attorneys' fees and expenses paid from the Escrowed Funds pursuant to the final orders of this Court and the Bankruptcy Court.

Consideration, and the payment of (and reasonable reserve for) costs and expenses pursuant to section 3(f) of the Settlement, there will be no "amount of the Plaintiffs' Share remaining"; therefore, the Additional Allocation Procedure pursuant to section 3(f) of the Settlement will not be triggered, and the Debtor has no reversionary interest in the Class Plaintiffs' remission award under section 3(f) of the Settlement.[16]

11.     Upon entry of this Stipulation and Order and the Bankruptcy Court Approval Order, and such orders becoming Final Orders, the Debtor and the Recovery Trust, including the Post-Confirmation Debtor Representative and the Recovery Trustee, and any of their respective heirs, successors, and assigns, fully, finally and forever release, relinquish and discharge the Class Plaintiffs and their respective agents, attorneys, successors, assigns, administrators, representatives, members, employees, and professionals from all rights, claims, demands, damages of any kind, and causes of action of every nature and description, whether known or unknown, asserted or unasserted, except as to the Debtor Parties' rights to the Allocation Settlement Consideration and any claims arising out of a breach of this Stipulation and Order.

12.     Upon entry of this Stipulation and Order and the Bankruptcy Court Approval Order, and such orders becoming Final Orders, the Class Plaintiffs and any of their respective heirs, successors, and assigns fully, finally and forever release, relinquish and discharge the Debtor and the Recovery Trust, including the Post-Confirmation Debtor Representative and the Recovery Trustee, and any of their respective agents, attorneys, successors, assigns, administrators, representatives, members, employees, oversight committee members, and professionals from all rights, claims, demands, damages of any kind, and causes of action of

---

[16] *See* Settlement § 3(f), Allocation Motion, § III.A; Partial Objection to Allocation Motion, at 2 (supporting sections III.A and III.B of the Allocation Motion); Bankr. Op. at 11-12, n.26.

every nature and description, whether known or unknown, asserted or unasserted, except as to any claims arising out of a breach of this Stipulation and Order.

13.    The individuals signing this Stipulation and Order represent and warrant that they are authorized to sign this Stipulation and Order on behalf of the entity or entities for which they have so signed, provided that the Recovery Trust shall seek Bankruptcy Court approval of the Allocation Settlement by having the Bankruptcy Motion heard on March 24, 2021.

14.    The Class Plaintiffs will support the approval of the Allocation Settlement sought by the Recovery Trust through the Bankruptcy Motion so long as such relief is consistent in all respects with this Stipulation and Order and is not in any way contingent upon or conditioned on any other relief sought by the Debtor Parties before the Bankruptcy Court.

15.    This Stipulation and Order shall become effective upon (i) this Stipulation and Order being entered by and becoming a Final Order of this Court; and (ii) the entry of the Bankruptcy Court Approval Order and such order becoming a Final Order of the Bankruptcy Court.

16.    Subject to Paragraphs 15, 17 and 18 herein, (i) the Class Plaintiffs shall relinquish any right to and interest in the Stock Share, and any distribution based thereon, upon this Court's entry of this Stipulation and Order; and (ii) the Class Plaintiffs shall make the cash payment of $750,000 to the Recovery Trust within three (3) business days after the entry of this Stipulation and Order by this Court. Counsel for the Recovery Trust shall provide wiring instructions and an executed W-9 form to counsel for the Class Plaintiffs within one (1) business day after the entry of this Stipulation and Order by this Court.

17.    The Recovery Trust shall hold the Allocation Settlement Consideration in a separate reserve pending this Stipulation and Order becoming a Final Order of this Court and the Bankruptcy Court Approval Order becoming a Final Order of the Bankruptcy Court.

18.    Upon this Stipulation and Order becoming a Final Order of this Court and the Bankruptcy Court Approval Order becoming a Final Order of the Bankruptcy Court, the Class Plaintiffs' right, title, and interest in the Allocation Settlement Consideration shall be extinguished, as will any right, title, and interest of the Debtor Parties in the Alleged Shortfall, and the mutual releases described herein shall become effective.

19.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Order.

Dated: February 22, 2021
       New York, New York

**PACHULSKI STANG ZIEHL**
**& JONES LLP**

*/s/ Alan J. Kornfeld* (with permission)
Alan J. Kornfeld
John Morris
780 Third Avenue
34th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: akornfeld@pszjlaw.com
        jmorris@pszjlaw.com

*Counsel to the Post-Confirmation Debtor*

**ARENT FOX LLP**

*/s/ George P. Angelich* (with permission)
George P. Angelich
Beth Brownstein

**ROBBINS GELLER RUDMAN & DOWD**
**LLP**

*/s/ Samuel H. Rudman*
Samuel H. Rudman
Mark T. Millkey
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
Email: srudman@rgrdlaw.com
        mmillkey@rgrdlaw.com

**LABATON SUCHAROW LLP**

Ira A. Schochet
Nicole M. Zeiss
140 Broadway, 34th Floor

13

1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: george.angelich@arentfox.com
        beth.brownstein@arentfox.com

Jackson D. Toof
1717 K Street, N.W.
Washington, DC 20006
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
Email: jackson.toof@arentfox.com

Justin A. Kesselman (admitted *pro hac vice*)
The Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone: (617) 973-6102
Facsimile: (617) 722-4993
Email: justin.kesselman@arentfox.com

*Counsel to the Recovery Trust*

New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: ischochet@labaton.com
       nzeiss@labaton.com

*Counsel to Class Plaintiffs*

**LOWENSTEIN SANDLER LLP**

Michael S. Etkin
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2313
Email: metkin@lowenstein.com

*Bankruptcy Counsel for Plaintiffs' Counsel
and Class Plaintiffs*

The letter motion pending at ECF No. 493 is GRANTED and this Joint Stipulation and Order is SO ORDERED. The Clerk of the Court is directed to terminate the motions pending at ECF Nos. 472 and 478. This action remains CLOSED. However, the Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Order.

**SO ORDERED:**

Dated: <u>February 23, 2021</u>                    <u>/s/ JOANNA SEYBERT</u>
       Central Islip, New York          **THE HONORABLE JOANNA SEYBERT**
                                         **UNITED STATES DISTRICT JUDGE**